IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> PAR PHARMACEUTICAL, INC. <br><br> Defendant. | Civil Action No. 06-774-JJF |

**ANSWER AND COUNTERCLAIMS OF**
**DEFENDANT-COUNTERCLAIMANT PAR PHARMACEUTICAL, INC.**

**Demand For Jury Trial**

Defendant Par Pharmaceutical, Inc. ("Par") by way of Answer to the Amended Complaint of Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") says:

**Parties**

1.   On information and belief, Par admits the allegations in paragraph 1 of the Amended Complaint.

2.   Par admits the allegations of paragraph 2 of the Amended Complaint.

**Nature of Action**

3.   In response to paragraph 3 of the Amended Complaint, Par admits that Reliant purports to assert an action for patent infringement based upon the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, but denies that the Amended Complaint properly states an action for patent infringement, and denies that Par infringes, has infringed, or will infringe U.S. Patent No. 5,681,588 ("the '588 patent").

## Jurisdiction and Venue

4.  In response to paragraph 4 of the Amended Complaint, Par admits that Reliant purports to base subject matter jurisdiction on 28 U.S.C. §§ 1331 and 1338(a), and states that Par does not contest subject matter jurisdiction.

5.  In response to paragraph 5 of the Amended Complaint, Par admits that it is a Delaware corporation, and states that it does not contest personal jurisdiction in this Court for the purpose of this action. Par denies the remaining allegations of paragraph 5 of the Amended Complaint.

6.  In response to paragraph 6 of the Amended Complaint, Par states that it does not contest venue in this district for purposes of this action.

## The Patent

7.  In response to paragraph 7 of the Amended Complaint, Par admits only (a) that U.S. Patent No. 5,681,588 ("the '588 patent") is entitled "Delayed Release Microtablet of β-phenylpropiophenone Derivatives," (b) that the assignment records at the Patent Office identify Reliant as the current assignee of the '588 patent, (c) that Reliant holds New Drug Application ("NDA") No. 21-416 on Rythmol® SR brand propafenone HCl extended-release capsules, and (d) that a document purporting to be the '588 patent is attached to the Amended Complaint. Par denies the remaining allegations in paragraph 7, and specifically denies that the Patent Office duly and legally issued the '588 patent.

## Acts Giving Rise to This Action

8.  In response to paragraph 8 of the Amended Complaint, Par admits (a) that it submitted ANDA No. 78-540 to FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), (b) that Par seeks FDA approval necessary for Par to engage in the

2

commercial manufacture, use and sale of generic 225 mg, 325 mg, and 425 mg propafenone HCl extended-release capsules, and (c) that FDA approval of Par's ANDA would permit Par to market generic 225 mg, 325 mg, and 425 mg propafenone HCl extended-release capsules prior to the expiration of the '588 patent. To the extent that paragraph 8 of the Amended Complaint contains any additional allegations, Par denies them.

9.  In response to paragraph 9 of the Amended Complaint, Par admits that it certified, under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, that in Par's opinion and to the best of its knowledge, the claims of the '588 patent are invalid, unenforceable and/or not infringed by the manufacture, use or sale of Par's generic 225 mg, 325 mg, and 425 mg propafenone HCl extended-release capsules. Par admits that it (a) provided to Reliant written notification of Par's ANDA concerning generic 325 mg propafenone HCl extended-release capsules and its § 505(j)(A)(vii)(IV) certification on November 7, 2006, and (b) provided to Reliant written notification of Par's ANDA concerning generic 225 mg, 325 mg, and 425 mg propafenone HCl extended-release capsules and its § 505(j)(A)(vii)(IV) certification on January 10, 2007. Par is without knowledge sufficient to admit or deny the remaining allegations of paragraph 9 of the Amended Complaint, and therefore denies them.

10. Par denies the allegations in paragraph 10 of the Amended Complaint.

11. Par denies the allegations in paragraph 11 of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

12. Par's propafenone HCl extended-release product that is the subject of ANDA No. 78-540 does not, has not, and would not, if marketed, infringe any claim of the '588 patent.

## SECOND AFFIRMATIVE DEFENSE

13.     The '588 patent and all its claims is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

14.     The '588 patent is invalid and unenforceable due to the patentee's inequitable conduct before the United States Patent and Trademark Office ("Patent Office").  On information and belief, the inventors of the '588 patent, the assignee of the '588 patent, and/or other persons associated with the filing and prosecution of the application maturing into the '588 patent, knowingly failed to disclose material information to the Patent Office with the intent to deceive the Patent Office.  Specifically, Knoll Aktiengesellshaft ("Knoll"), the assignee of record during the prosecution of the '588 patent, the named inventors, attorneys and/or others involved in the prosecution of the '588 patent, breached the duty of candor in dealing with the Patent Office by omitting highly material prior art during the course of the prosecution of the '588 patent.

15.     The prior art in question, U.S. Patent No. 4,797,287 ("the '287 patent"), reads on the claims of the '588 patent, and discloses, *inter alia*, cylindrical microtablets containing propafenone.  The '287 patent was not, however, disclosed to the Patent Office, despite the fact that BASF Aktiengesellschaft ("BASF"), the assignee of record during the prosecution of the '287 patent, was also the corporate parent of Knoll.

16.     Knoll, the named inventors, attorneys and/or others involved in the prosecution of the '588 patent, knew about the '287 patent at the time that the '588 patent was filed.  Court records indicate that Knoll licensed the '287 patent to a third party.  *See McNeilab, Inc. v. Scandipharm, Inc.*, 862 F. Supp. 1351, 1353 (E.D. Pa. 1994).  Knoll had knowledge of the '287 patent during the prosecution of the '588 patent.

17. Upon information and belief, those subject to the duty of candor were aware of the undisclosed prior art during the prosecution of the '588 patent, were aware of the materiality of the information, and did not disclose it to the Patent Office, with the intent to deceive the Patent Office.

18. As a result of the foregoing inequitable conduct, the '588 patent and all its claims are unenforceable.

### FOURTH AFFIRMATIVE DEFENSE

19. Reliant's Amended Complaint fails to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

20. Reliant's claims and requested relief are barred by the doctrine of estoppel.

WHEREFORE Defendant Par demands judgment dismissing Reliant's Amended Complaint with prejudice, for attorneys' fees and costs of suit, and for such other relief as the Court may deem just.

### COUNTERCLAIM

Counterclaim-Plaintiff Par Pharmaceutical, Inc. ("Par"), by way of Counterclaim against Counterclaim-Defendant Reliant Pharmaceuticals, Inc. ("Reliant"), alleges:

#### Parties

1. Counterclaim-Plaintiff Par is a Delaware corporation having its principal place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

2. On information and belief, Counterclaim-Defendant Reliant is a Delaware corporation having its principal place of business at 110 Allen Road, Liberty Corner, New Jersey 07938.

## Jurisdiction and Venue

3. These claims arise under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b), as Par resides in this judicial district, and because Reliant has consented to venue in this Court by filing the instant action in this jurisdiction.

## Nature of the Action

6. On information and belief, Reliant holds an approved new drug application ("NDA") No. 21-416 for propafenone HCl extended-release capsules ("Reliant's propafenone product"). Reliant sells 225 mg, 325 mg, and 425 mg propafenone HCl extended-release capsules under the brand name Rythmol® SR.

7. On information and belief, Reliant is the patent holder by assignment of U.S. Patent No. 5,681,588 ("the '588 patent").

8. Par submitted abbreviated new drug application ("ANDA") No. 78-540 to the United States Food and Drug Administration ("FDA") under 21 U.S.C. § 505(j) of the Federal Food, Drug and Cosmetic Act to sell generic 225 mg, 325 mg, and 425 mg propafenone HCl extended-release capsules ("Par's generic propafenone product").

9. In its ANDA, Par certified pursuant to 21 U.S.C § 505(j)(2)(A)(vii)(IV) ("Paragraph IV") of the Act that, in Par's opinion and to the best of its knowledge, the claims of

6

the '588 patent are invalid, unenforceable and/or not infringed by the manufacture, use or sale of Par's generic propafenone product.

10. On or about November 7, 2006, and again on January 10, 2007, Par sent Reliant a Notice of its Paragraph IV Certification concerning the '588 patent pursuant to 21 U.S.C. § 505(j)(2)(B).

## FIRST COUNT
### (Declaration of Noninfringement)

11. Par repeats the allegations contained in paragraphs 1 through 10 of the Counterclaim and paragraphs 12 through 20 of the Affirmative Defenses as if fully set forth herein.

12. Reliant has asserted the '588 patent against Par. Reliant maintains—and Par denies—that Par's making, use, sale, offer for sale, marketing, or importation of its generic propafenone HCl extended-release product constitutes infringement of the '588 patent claims.

13. There is an actual, substantial, and continuing justiciable controversy between Par and Reliant regarding infringement of the '588 patent.

14. Par's propafenone HCl extended-release product that is the subject of its ANDA does not, has not, and would not, if marketed, infringe any claim of the '588 patent.

15. Par is entitled to a judicial declaration that any making, use, sale, offer for sale, marketing, or importation of Par's generic propafenone product has not infringed, does not infringe, and would not, if marketed, infringe any claim of the '588 patent.

## SECOND COUNT
### (Declaration of Invalidity)

16. Par repeats the allegations contained in paragraphs 1 through 15 of the Counterclaim and paragraphs 12 through 20 of the Affirmative Defenses as if fully set forth herein.

17. The '588 patent and all its claims are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. Reliant maintains—and Par denies—that the '588 patent claims are valid.

19. There is an actual, substantial, and continuing justiciable controversy between Par and Reliant regarding the validity of the '588 patent claims.

20. Par is entitled to a judicial declaration that the '588 patent claims are invalid.

## THIRD COUNT
### (Declaration of Unenforceability)

21. Par repeats the allegations contained in paragraphs 1 through 20 of the Counterclaim and paragraphs 12 through 20 of the Affirmative Defenses as if fully set forth herein.

22. During the prosecution of the '588 patent before the United States Patent and Trademark Office ("Patent Office"), the inventors and/or other individuals subject to the duty of candor knowingly failed to disclose material prior art to the Patent Office.

23. Upon information and belief, those individuals subject to the duty of candor were aware of the undisclosed prior art during the prosecution of the '588 patent, were aware of the materiality of the information, and did not disclose it to the Patent Office, with the intent to deceive the Patent Office. The '588 patent and all its claims is therefore unenforceable due to inequitable conduct.

24. There is an actual, substantial, and continuing justiciable controversy between Par and Reliant with respect to whether the '588 patent and all its claims is unenforceable due to inequitable conduct.

25. Par is entitled to a judicial declaration that the '588 patent and all its claims are unenforceable due to inequitable conduct.

WHEREFORE, Par demands judgment in its favor against Reliant as follows:

a. Dismissing the Amended Complaint;

b. Denying all remedies and relief sought by Plaintiff in its Amended Complaint;

c. Declaring the '588 patent not infringed by the making, use, sale, offer for sale, marketing, or importation of Par's generic propafenone product;

d. Declaring the '588 patent and all its claims invalid and/or unenforceable;

e. Declaring that this case is an exceptional case under 35 U.S.C. § 285 and awarding Defendant its costs, attorneys' fees, and expenses; and

f. Such other relief as the Court deems just and proper.

YOUNG CONAWAY STARGATT & TAYLOR LLP

Dated: February 9, 2007

_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600

*Of Counsel:*

Edgar H. Haug
James K. Stronski
**FROMMER LAWRENCE & HAUG**
745 Fifth Avenue
New York, New York  10151
(212) 588-0800

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on February 9, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld [jblumenfeld@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

I further certify that on February 9, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

>*By E-Mail and Hand Delivery*
>
>Jack B. Blumenfeld [jblumenfeld@mnat.com]
>Maryellen Noreika [mnoreika@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>
>*By E-Mail*
>
>John Desmarais [jdesmarais@kirkland.com]
>Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
>Christine Willgoos [cwillgoos@kirkland.com]
>KIRKLAND & ELLIS LLP
>Citigroup Center
>153 E. 53rd Street
>New York, NY  10022
>(212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

          YOUNG CONAWAY STARGATT & TAYLOR LLP

*[signature]*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

2