# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

May 31, 2007

**BY E-FILING AND HAND DELIVERY**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 King Street
Wilmington, DE 19801

Re: *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*,
C.A. No. 06-774-JJF

Dear Judge Farnan:

We represent defendant Par Pharmaceutical, Inc. ("Par"), in the above-captioned case, and write respectfully to request that the Court (1) strike new material included in Reliant's reply papers filed last Friday, May 25, 2007 (see D.I. 56, 57) in support of Reliant's pending motion to disqualify Frommer Lawrence & Haug LLP ("FLH"), Par's lead counsel in this patent infringement action (the "Motion") (D.I. 29), or (2) grant Par leave to file surreply papers in response to this new material. The Motion was scheduled for oral argument on Motion Day this Friday, June 1, 2007, at 10:00 a.m., but we were advised late yesterday that oral argument had been cancelled.

1. The Court Should Strike or Ignore Reliant's New Material

In Reliant's Reply Brief (D.I. 56) and its Supplemental Declaration of Michael Lerner (Reliant's former Vice President, Legal Affairs) (D.I. 57), Reliant refers to and attaches a significant amount of new evidentiary material, including about a dozen e-mails and related strings. As set forth in Par's answering papers, FLH has none of this material available to it. Moreover, most of the materials are heavily redacted making it difficult or impossible to determine if Reliant's characterizations of their contents are accurate. Reliant's attempt to supplement the evidentiary record in its reply papers is untimely and in violation of D. Del. Local Rule 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."). The prejudice from Reliant's improper submission is particularly acute here because Par does not even have an opportunity to address the new material at oral argument. Accordingly, the Court should strike or ignore this new material and all references to it in Reliant's Reply Brief.

2. Request for Leave to File Surreply Papers

Par believes that based on the current record—even considering the improperly submitted new material—the Court should deny Reliant's Motion on the grounds that Par has established that no current FLH lawyer has confidential information material to the merits of this patent

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
May 31, 2007
Page 2

litigation and nothing in the new material contradicts this fact. In addition, an effective information wall exists separating the current FLH litigation team from those allegedly involved in the 2003 transaction that forms the basis for the Motion. If, however, Your Honor chooses not to strike or ignore the new evidentiary material and is inclined to credit arguments made by Reliant based on this redacted material, then Par respectfully submits that it should be afforded an opportunity to respond via a surreply.[1] Even with leave of Court, however, it would not be feasible at this point for Par to prepare and file a surreply prior to Friday's Motion Day.

   Par would be pleased to discuss these issues with Your Honor at any time convenient to the Court.

Respectfully submitted,

Karen L. Pascale (No. 2903)

Enclosures

cc: Jack B. Blumenfeld, Esquire (by CM/ECF and hand delivery) (w/encls.)
  Gerald J. Flattmann, Jr., Esquire (by e-mail) (w/encls.)
  Edgar H. Haug, Esquire (by e-mail) (w/encls.)
  John B. Harris, Esquire (by e-mail) (w/encls.)

---

[1] Par also believes that Reliant should be required to submit the unredacted e-mails to the Court for *in camera* inspection, and also to Par's non-FLH *pro hac vice* counsel defending against the Motion (John B. Harris, Esquire, of the law firm of Stillman, Friedman & Shechtman, P.C.). In its Reply Brief, Reliant offered to submit unredacted versions of the e-mails to the Court for *in camera* inspection and to FLH on a non-waiver, "FLH attorneys' eyes only" basis. *See* D.I. 56 at 3-4, n.3. On May 29, 2007, Mr. Harris asked Reliant's counsel to see the full text of the e-mails appended to the Supplemental Lerner Declaration, but Reliant's counsel expressed tentative objections to producing the documents to Mr. Harris. On May 30, 2007, Mr. Harris followed up his request with an e-mail addressing Reliant's counsel's concerns (copy enclosed). In a May 31, 2007 e-mail, Reliant's counsel rejected Mr. Harris' request to see the unredacted e-mails (copy enclosed).

# TAB 1

# John Harris

**From:** John Harris
**Sent:** Wednesday, May 30, 2007 1:14 PM
**To:** 'gflattmann@kirkland.com'
**Subject:** Reliant/Par: Review of unredacted e-mails

I write to reiterate my request of yesterday for prompt access to the unredacted e-mails attached to the Lerner Supplemental Declaration filed on May 25, 2007. As you know, I am counsel to the Frommer Lawrence & Haug ("FLH") law firm in connection with Reliant's pending motion to disqualify.

When we spoke yesterday, you advised me of your concerns that my review of the e-mails might constitute a waiver of the attorney-client privilege inasmuch as I might be considered a third party to the Reliant-FLH relationship. (You offered to make the e-mails available to lawyers at FLH, but that offer was problematic inasmuch as you declined to agree that such a review could be done without imputing the knowledge of the reviewing lawyer to FLH lawyers who are unaware of them).

We believe your concerns are unfounded. My review of the documents would be as the agent and representative of FLH. There is a clean chain of confidentiality and my obligation to FLH to maintain confidentiality of communications runs parallel to the FLH-Reliant obligation. The obvious analogies are to the ability of an insured's lawyer to share information with an insurer without breaking the privilege and the protections existing for communications between a lawyer and a non-lawyer expert under Kovel v. United States, 296 F.2d 918 (2d Cir. 1961). We have found no case where a disclosure permitted under Model Rule 1.6 between a law firm and its counsel for the purpose of assessing its obligations has been held to be a waiver. We are, of course, prepared to agree that disclosure of the unredacted copies to me does not effect a waiver and to take such steps as you may reasonably request to insure that disclosure of any information I receive in restricted.

## Pascale, Karen

| | |
|---|---|
| **From:** | Gerald J Flattmann Jr [GFlattmann@kirkland.com] |
| **Sent:** | Thursday, May 31, 2007 9:03 AM |
| **To:** | John Harris |
| **Cc:** | Jack B. Blumenfeld, Esq. |
| **Subject:** | Re: Reliant/Par: Review of unredacted e-mails |

Dear John:

Thank you for your email. After reflecting on your proposal, I still have concerns that a third party may later argue that disclosure of the unredacted emails to you (as opposed to Reliant's former counsel FLH) constitutes a waiver of attorney-client privilege. Accordingly, I think the course of action we proposed to the Court in our papers (i.e., offering to make unredacted copies of the emails available for in camera review by the Court and inspection solely by Reliant's former counsel) is still the most prudent approach until the Court has an opportunity to reflect on the issues and potentially provide the parties with further guidance on this point.

Best regards,

Gerald

---

```
----- Original Message -----
From: "John Harris" [jharris@stillmanfriedman.com]
Sent: 05/30/2007 01:13 PM AST
To: Gerald Flattmann Jr
Subject: Reliant/Par:  Review of unredacted e-mails
```

    I write to reiterate my request of yesterday for prompt access to the unredacted e-mails attached to the Lerner Supplemental Declaration filed on May 25, 2007. As you know, I am counsel to the Frommer Lawrence & Haug ("FLH") law firm in connection with Reliant's pending motion to disqualify.

    When we spoke yesterday, you advised me of your concerns that my review of the e-mails might constitute a waiver of the attorney-client privilege inasmuch as I might be considered a third party to the Reliant-FLH relationship. (You offered to make the e-mails available to lawyers at FLH, but that offer was problematic inasmuch as you declined to agree that such a review could be done without imputing the knowledge of the reviewing lawyer to FLH lawyers who are unaware of them).

    We believe your concerns are unfounded. My review of the documents would be as the agent and representative of FLH. There is a clean chain of confidentiality and my obligation to FLH to maintain confidentiality of communications runs parallel to the FLH-Reliant obligation. The obvious analogies are to the ability of an insured's lawyer to share information with an insurer without breaking the privilege and the protections existing for communications between a lawyer and a non-lawyer expert under Kovel v. United States, 296 F.2d 918 (2d Cir. 1961). We have found no case where a disclosure permitted under Model Rule 1.6 between a law firm and its counsel for the purpose of assessing its obligations has been held to be a waiver. We are, of course, prepared to agree that disclosure of the unredacted copies to me does not effect a waiver and to take such steps as you may reasonably request to insure that disclosure of any information I receive in restricted.

*************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*************************************************

---

Confidentiality Notice: The information contained in this e-mail and any
attachments may be legally privileged and confidential. If you are not an
intended recipient, you are hereby notified that any dissemination,
distribution or copying of this e-mail is strictly prohibited. If you have
received this e-mail in error, please notify the sender and permanently
delete the e-mail and any attachments immediately. You should not retain,
copy or use this e-mail or any attachment for any purpose, nor disclose all
or any part of the contents to any other person. Thank you.

5/31/2007