# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

June 6, 2007

The Honorable Joseph J. Farnan, Jr.            *VIA ELECTRONIC FILING*
United States District Court
   for the District of Delaware
844 North King Street
Wilmington, DE 19801

         Re:     *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
                 C.A. No. 06-774-JJF

Dear Judge Farnan:

       We represent Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") in this matter, and write in response to Par Pharmaceutical, Inc.'s ("Par") May 31, 2007 letter regarding Reliant's Motion For Disqualification of Frommer Lawrence & Haug LLP ("FLH").

       Par's May 31, 2007 letter violates Paragraph 8(a) of the March 28, 2007 Scheduling Order ("[t]he Court will not consider applications and requests submitted by letter or in a form other than a motion"). If, however, the Court is going to consider Par's letter, Reliant respectfully requests that the Court also consider this response.

       Par's request that the Court strike supposed "new matter" in Reliant's reply brief is unwarranted. In its opening brief, Reliant noted that it had e-mail correspondence with FLH that supported the statements made in Reliant's brief and in the supporting declaration of its former in-house counsel, Michael Lerner. Reliant offered to provide these e-mails to the Court for *in camera* inspection. Reliant also offered to provide them to its former counsel FLH on a non-waiver, "attorneys eyes' only" basis. FLH did not request (and still has not requested) these e-mails. Reliant's offers still stand.[1]

---

[1] Reliant offered to provide FLH, a party to the attorney-client privilege, a copy of the supporting e-mails, but did not extend that offer to FLH's counsel, Mr. Harris. Since Mr. Harris was not a party to the attorney-client privilege between FLH and Reliant, a third party could argue that such disclosure by Reliant constitutes a waiver of Reliant's privilege.

The Honorable Joseph J. Farnan, Jr.
June 6, 2007
Page 2

      Par's Opposition brief and the declarations submitted therewith by ten FLH attorneys and agents contained a great deal of unsupported and inaccurate information. Thus, with its Reply Brief, Reliant submitted certain e-mails to demonstrate that Par's declarations were unsupported and inaccurate. Reliant's e-mails demonstrate that FLH's current representation of Par is substantially related to its former representation of Reliant and that current FLH partners have knowledge of Reliant's confidences shared during that former representation. There is no basis for Par's request to strike e-mails submitted to correct inaccuracies in Par's brief and FLH's declarations.

      Par's request to submit a surreply should also be denied. The Court has already stated that it will decide Reliant's motion on the papers submitted to the Court. Par had a full and fair opportunity to respond to Reliant's motion in its Opposition brief. Any inequity alleged by Par is due to FLH's decision to ignore the clear evidence that establishes the substantial relationship between FLH's subsequent representations of Reliant and Par and demonstrates that Reliant's attorney-client confidences still exist at FLH.

      Respectfully,

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)

JBB/dlb
cc:    Clerk of Court (Via Hand Delivery)
       Josy W. Ingersoll, Esquire (Via Hand Delivery)
       Karen L. Pascale, Esquire (Via Hand Delivery)
       Edgar H. Haug, Esquire (Via Electronic Mail)
       Gerald J. Flattmann, Esquire (Via Electronic Mail)
851074.1