IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 06-774-JJF |
| ) | |
| PAR PHARMACEUTICAL, INC., ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in these above captioned action (the "Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of the plaintiff, Reliant Pharmaceuticals, Inc. ("Reliant"), the defendant, Par Pharmaceutical, Inc. ("Par"), or other persons, that constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development or commercial information, within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.");

WHEREAS such secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties or other persons;

WHEREAS the parties have, through counsel, stipulated to the entry of this Protective Order for the purpose of advancing the progress of this Action and to prevent unnecessary dissemination or disclosure of such secret, confidential, or proprietary information; and

WHEREAS the parties have established good cause for entry of this Protective Order;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this Action:

## DEFINITIONS

1. The term "Protected Information" shall mean any document or other tangible thing or oral testimony that contains or reveals what a party considers to be its trade secret, business confidential, or proprietary information. In designating information as "Protected Information," a party shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest. Each party shall act in good faith in designating information as "Protected Information."

2. This Protective Order establishes two categories of Protected Information. Information in the higher category is referred to as "Outside-Counsel-Only Confidential Information." Protected Information in the lower category is referred to as "Confidential Information."

3. As used herein, the designation "Outside-Counsel-Only Confidential Information" may be invoked in good faith by a producing party only with respect to highly sensitive information. Information appropriate for designation as Outside-Counsel-Only Confidential Information shall presumptively include customer, supplier and distributor identities; agreements with suppliers, distributors and customers; financial projections; sales volumes; pricing; costs; profit margins; financial trade secrets; pending patent applications; and research, development, testing and studies relating to proposed future products or new indications. Information not described in the preceding sentence shall be rebuttably presumed not to be appropriate for "Outside-Counsel-Only Confidential Information" designation. Protected Information that is designated "Outside-Counsel-Only Confidential Information" may not be disclosed to any of the individuals identified in paragraphs 5(d), (e) or (f). Protected Information that is designated

"Outside-Counsel-Only Confidential Information" may be disclosed to any of the individuals identified in paragraphs 5(a), (b) and (c).

4. The designation "Confidential Information" may be invoked in good faith by a producing party with respect to other information of the producing party that is not publicly known and which the producing party would not normally reveal to third parties, or if disclosed, would require such third parties to maintain in confidence. Protected Information that is designated "Confidential Information" may be disclosed to any of the individuals identified in paragraphs 5(a)-(f).

5. The term "Qualified Person" shall mean:

(a) Reliant's and Par's outside counsel, their legal assistants, and members of their support staffs;

(b) any independent expert or technical consultant who is retained by counsel in connection with the subject matter of this Action solely for the purpose of assisting in this Action to furnish expert services or to give expert testimony with regard to this Action. For purposes of this Protective Order, "Independent Expert or Technical Consultant" means a person who is not an employee of a party. All such independent experts and technical consultants shall be instructed not to disclose the Protected Information to any person, except as may be necessary within such person's organization to research, test, investigate or perform tasks associated solely with this Action. Disclosure of "Protected Information" to any independent expert or technical consultant shall be made pursuant to paragraph 16.

(c) any independent non-technical consultant (e.g., jury consultant) who is retained by counsel in connection with the subject matter of this Action solely for the purpose of assisting in this Action;

(d) three in-house attorneys or other personnel responsible for overseeing outside counsel in connection with this Action for each Reliant and Par. The individuals for Reliant are Eric Pomerantz, Jerome Jabbour, and Ariel Jasie. The individuals for Par are Thomas Haughey, Barry Gilman, and Lawrence Brown. Each such counselor personnel designated under this paragraph shall acknowledge receipt and understanding of this Protective Order and execute a declaration in the form attached hereto as Exhibit A, a copy of which will be forwarded to opposing counsel within ten (10) days of its execution;

(e) three employee technical representatives for each Reliant and Par who need to be consulted by outside counsel at the direction of such counsel, in preparation for proceedings in this Action, provided that each such technical representative shall acknowledge receipt and understanding of this Protective Order and execute a declaration in the form attached hereto as Exhibit A, a copy of which will be forwarded to opposing counsel within then (10) days of its execution.

(f) any other person who is designated as a "Qualified Person" by order of the Court or by written agreement of the parties.

## USE OF PROTECTED INFORMATION

6. Protected Information shall be used solely for the purpose of this action.

7. Nothing in this Protective Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Protected Information if such information:

(a) was lawfully in his or her possession prior to receipt under the provisions of this Protective Order;

(b) was or becomes available to the public through no fault of a receiving party;

(c) was or is obtained from a source not under an obligation of secrecy to the designating party; or

(d) is exempted from the operation of this Protective Order by written consent of the designating party.

If any person disputes or challenges the designation of any information as Protected Information based upon any ground specified in subparagraphs (a) through (c), such information shall nevertheless be treated as Protected Information in accordance with the provisions of this Protective Order until such designation is removed by order of the Court or by written consent of the designating party.

## DISCLOSURE OF PROTECTED INFORMATION

8. Protected Information shall not be made available to anyone other than a Qualified Person or the party who produced such Protected Information, except as otherwise provided in this Protective Order.

9. A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

10. A document that contains or reveals Protected Information may be translated by an independent translation service and may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.

11. Protected Information may be disclosed to stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings as are necessary for the preparation and trial of this action.

12. This Order shall not limit a party's examination, at a deposition, hearing or at trial, of persons who are not authorized to receive Protected Information under the terms of this Order, so long as such examination concerns Protected Information that the witness authored or previously had access to or knowledge of, as demonstrated by the Protected Information itself or by foundation testimony during a deposition, hearing or trial. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of Protected Information.

13. Protected Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Protected Information.

14. Protected Information may be disclosed to a witness testifying under oath if (a) the witness was formerly an officer, director, or employee of the party who produced such Protected Information and (b) the Protected Information was in existence during the period of his or her service or employment.

15. Nothing in this Protective Order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

16. Counsel desiring to disclose Protected Information to a person according to paragraph 5(b) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person. At least seven (7) business days in advance of the proposed disclosure of any Protected Information to that person, counsel shall serve that person's signed declaration and curriculum vitae or resume by facsimile on each other party. A party may object for cause to the proposed disclosure by serving a written objection setting forth with specificity the reasons for

such objection upon each other party within seven (7) business days after receiving the copy of the signed declaration. If there is no such objection within the seven-day period, the party seeking to disclose the Protected Information may do so to the extent permitted by this Protective Order. If there is such an objection within the seven-day period, and the parties in good faith are unable to resolve the issue of the intended disclosure, the objecting party may within seven (7) business days of making such objection seek an Order from the Court preventing such disclosure. If an objection is made, the proposed disclosure shall not be made until: (a) the Court decides the issue; (b) the objecting party provides written consent; or (c) the objecting party fails to seek an Order from the Court within the seven-day period after objecting. Failure to timely object to a proposed disclosure within seven (7) business days of receiving a copy of a signed declaration or to timely seek an Order from the Court within seven (7) business days of an objection shall operate as a waiver of the objection.

17. Counsel desiring to disclose Protected Information to a person according to paragraph 5(c) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.

18. In the event that a producing party's Protected Information is sought from a receiving party by any person not a party to this litigation, by subpoena, by service with any legal process, by order or otherwise, prompt written notice shall be given to the party who produced the Protected Information. Such notice shall include a copy of such subpoena, legal process or order and shall be provided within forty-eight hours of receipt of such subpoena, legal process or order. Any person seeking such Protected Information who takes action to enforce such subpoena or other legal process shall be apprised of this Protective Order by the party from whom the Protected Information is sought. Nothing herein shall be construed as requiring anyone

covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Protected Information covered by this Protective Order or to subject itself to penalties for non-compliance with any subpoena, legal process or order.

19. Should any Protected Information be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall: (a) use its best efforts to obtain the prompt return of any such Protected Information and to bind such person to the terms of this Order; (b) within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the producing party; and (c) request such person to sign an undertaking in the from of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the producing party within three (3) business days of its receipt by the receiving party. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

20. If the discovery process calls for the production of information, documents or tangible items that a party cannot produce because its disclosure would breach an agreement with a third party to maintain such information in confidence, the producing party shall, no less than ten (10) business days before the date scheduled for production, give written notice to the third party that its information is subject to discovery in this Action and provide the third party with a copy of this Order. At the same time such written notice is given to the third party, the producing party shall advise the putative receiving party of: (a) the fact that such notice has been given; (b) the type of information being withheld; and (c) the name and address of the third party. The requested information shall be produced unless the third party objects to production within 10 (ten) business days of written notice.

21. In the event that a receiving party desires to provide access to Protected Information to any person not entitled to such access under this Order, the receiving party shall first request in writing an agreement to do so from the producing party. If the producing party refuses to enter into such an agreement within ten (10) business days, the receiving party may move the Court for an order that such person be given access thereto. In the event that the motion is granted, such person may have access to Protected Information after first signing an undertaking in the from of Exhibit A attached hereto, a copy of which shall be forwarded promptly to counsel for the producing party, or under such other conditions as the parties to this Action may agree or this Court may order.

### IDENTIFICATION AND MARKING OF PROTECTED INFORMATION

22. Any document or other tangible thing that contains or reveals Protected Information shall be labeled with the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or the legend "OUTSIDE-COUNSEL-ONLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or a marking of like import. For a document, such marking shall appear on each page of the document that contains Protected Information. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this Protective Order. Any Protected Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party.

23. When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Outside-Counsel-Only Confidential Information. After the receiving party selects specified documents for copying, the producing party shall

appropriately mark the copies of the selected documents before they are provided to the receiving party.

24. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, or agents may be designated as Protected Information by that party either (a) on the record at the deposition or (b) by serving a written notification on each other party within fifteen (15) days of receipt of the transcript by counsel for the designating party. Such written notification shall identify the specific pages and lines of the transcript that contain Confidential Information or Outside-Counsel-Only Confidential Information. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. All information disclosed during a deposition shall be treated as Outside-Counsel-Only Confidential Information until at least twenty (20) days after a transcript of the deposition is received by counsel for each of the parties.

25. Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend any portion of a deposition in which Protected Information is used or elicited from the deponent.

### INADVERTENT FAILURE TO DESIGNATE

26. The disclosure and/or production of any information, document or tangible item without one of the designations provided by Paragraphs 3 or 4 of this Order shall constitute a waiver of any claim of confidentiality, except where such undesignated disclosure or production resulted from inadvertence or mistake on the part of the producing party and such inadvertence or mistake is brought to the attention of the receiving party promptly after its discovery. Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the

producing party shall provide properly designated documents and/or tangible items, if applicable. Upon receipt of such notice and properly designated documents and/or tangible items, if applicable, the receiving party shall substitute properly designated copies for those previously received and treat the information contained in or derived from said replaced documents and/or tangible items as Protected Information.

### INADVERTENT PRODUCTION OF PROTECTED DOCUMENTS

27.  If a producing party inadvertently or mistakenly produces information, documents or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege or work product immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity for such information, provided that the producing party, within three (3) business days of the date on which it becomes aware or should have become aware of the disclosure, makes a good faith representation that such production was inadvertent or mistaken and takes remedial action to withdraw the disclosure. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further disposition.

## CHALLENGES TO PROTECTED INFORMATION DESIGNATION

28.  A receiving party's acceptance of Protected Information by a producing party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(7). This Order shall not foreclose any party from moving for an order that materials designated Protected Information are not confidential within the meaning of Federal Rule of Civil Procedure 26(c)(7). Prior to bringing such a motion, however, the receiving party shall first request in writing that the producing party change or remove its confidentiality designation. If the producing party refuses to change its confidentiality designation within ten (10) business days, the receiving party may move for an order changing or removing the designation. On such a motion, the producing party shall have the burden of proving that the material it designated Protected Information embodies its trade secrets or other confidential research, development or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7).

## FILING OF PROTECTED INFORMATION

29.  The Clerk of the Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court that has been designated, in whole or in part, as containing or revealing Protected Information.

30.  In the event that a party wishes to use any Protected Information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court, such paper shall be enclosed in a sealed envelope or other appropriate container. The sealed envelope or other appropriate container shall:

(a) show the caption of this action;

(b) identify its contents; and

(c) include the following legend:

> **PROTECTED INFORMATION FILED UNDER**
> **SEAL PURSUANT TO PROTECTIVE ORDER**
>
> This envelope [or container] is sealed pursuant to court order and contains proprietary information. This envelope [or container] was filed by [name of party] and may not be opened, nor may its contents be displayed or revealed, except by court order or by written stipulation of the parties.

### ADVICE TO CLIENTS

31. Nothing in this Protective Order shall bar or otherwise restrict an attorney herein from rendering advice to his or her client with respect to this Action and, in the course thereof, referring to or relying upon his or her examination of Protected Information. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Protected Information if such disclosure would be contrary to the provisions of this Protective Order.

### MISCELLANEOUS

32. No party shall be responsible to another party for any use made of information that was produced and not designated as Protected Information.

33. Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

34. Nothing in this Protective Order shall prejudice the light of any party to seek at any time a further order modifying this Protective Order.

35. In the event that a new party is added, substituted, or brought in, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

36. Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Protected Information.

37. The terms of this Protective Order shall be applicable to any third party who produces information that the third party designates as Protected Information. In the event that a third party produces in formation pursuant to subpoena, other legal process or otherwise, that a party in good faith believes to be its Protected Information, that party may designate the documents or other tangible things produced by such third party as Protected Information pursuant to this Protective Order.

38. Within ninety (90) days after the termination of this litigation (including any appeals), each document and each other tangible thing that contains or reveals Protected Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Protected Information shall be either (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Notwithstanding the foregoing, outside counsel for a receiving party may retain Protected Information to the extent such Protected Information is contained in counsel's work product or in any materials filed with the Court.

39. The provisions of this Protective Order shall survive and remain in full force and effect after the termination of this litigation (including any appeals).

40. This Protective Order may be amended as need may arise by written agreement of the parties without prior leave of the Court.

The foregoing Protective Order is agreed to and accepted as to both form and substance.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
| /s/ *Maryellen Noreika* | /s/ *Karen L. Pascale* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3028)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200 | Josy W. Ingersoll (#1088)<br>Karen L. Pascale (#2903)<br>Karen E. Keller (#4489)<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899-0391<br>(302) 571-6600 |
| John M. Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 E. 53rd Street<br>New York, NY 10022<br>(212) 446-4800 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, NY 10151<br>(212) 588-0800 |
| *Attorney for Plaintiff,*<br>*Reliant Pharmaceuticals, Inc.* | *Attorneys for Defendant,*<br>*Par Pharmaceutical, Inc.* |

**SO ORDERED** this  14  day of August, 2007.

UNITED STATES DISTRICT JUDGE

-15-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RELIANT PHARMACEUTICALS, INC., )
)
        Plaintiff, )
)
v. ) C.A. No. 06-774-JJF
)
PAR PHARMACEUTICAL, INC., )
)
        Defendant. )

### DECLARATION AND AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1. My address is

2. My present employer is and the address of my present employer is

3. My present occupation or job description is

4. I have received a copy of the Stipulated Protective Order in these actions, which order was entered on

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of these actions, any Protected Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Protected Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding

-2-

the contents of any Protected Information to the attorney who provided such Protected Information to me.

9. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

10. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on: _____          _____
                [date]                           [signature]


                                         _____
                                           [print or type name]