## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |

## NOTICE OF SUBPOENA
## (DIRECTED TO ABBOTT LABORATORIES, INC. )

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil

Procedure, the defendant, Par Pharmaceutical, Inc. ("Par") is serving a subpoena duces tecum

upon Abbott Laboratories, Inc., in the form appended hereto, for the production on September 7,

2007 of the documents described in "Exhibit A" to the subpoena.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Fax: 302-571-1253

- and -

August 17, 2007

**FROMMER LAWRENCE & HAUG LLP**
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 17, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on August 17, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ### By E-Mail
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY  10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

# EXHIBIT A

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

RELIANT PHARMACEUTICALS, INC.

**V.**

**SUBPOENA IN A CIVIL CASE**

PAR PHARMACEUTICAL, INC.

**CASE NUMBER:** 06-774-JJF
Case pending in the District of Delaware

TO:     Abbott Laboratories, Inc.
        100 Abbott Park Road
        Abbott Park, Illinois 60064-3500

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
| | DATE AND TIME: |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|

☒     YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 9:30 a.m., September 7, 2007 |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) | Date: August 16, 2007 |
|---|---|
| ( ATTORNEY FOR DEFENDANT ) | |

Issuing Officer's Name, Address, and Phone Number

John G. Taylor, Esq., Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

00474265.DOC

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

As used herein, the following terms shall have the following meanings:

1.    The phrases "the '588 patent" or "patent in suit" means United States Patent No.

5,681,588 entitled "Delayed Release Microtablets of β-Phenylpropiophenone

Derivatives," which issued on October 28, 1997 to Karl Kolter et al.

2.    The phrase "the '287 patent" means United States Patent No. 4,797,287 entitled

"Cylindrical Microtablets," which issued on January 10, 1989 to Claus Pich et al.

3.    The term "Reliant" or "plaintiff" includes Reliant Pharmaceuticals, Inc., any

predecessor or successor company or individual, and any corporation or other

business entity (whether or not a separate legal entity) subsidiary to, or affiliated with

Reliant, as well as all present and former principals, partners, directors, owners,

officers, members, employees, agents, representatives, consultants, and attorneys of

Reliant or any affiliated corporation or business entity and any other persons under

the control of Reliant.

4.    The term "Abbott" includes Abbott Laboratories, Inc., any predecessor or successor

company or individual, and any corporation or other business entity (whether or not a

separate legal entity) subsidiary to, or affiliated with Abbott, as well as all present and

former principals, partners, directors, owners, officers, members, employees, agents,

representatives, consultants, and attorneys of Abbott or any affiliated corporation or

business entity and any other persons under the control of Abbott.

5.    The term "Knoll" includes Knoll Aktiengesellschaft, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Knoll, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Knoll or any affiliated corporation or business entity and any other persons under the control of Knoll.

6.    The term "BASF" includes BASF Aktiengesellschaft, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with BASF, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of BASF or any affiliated corporation or business entity and any other persons under the control of BASF.

7.    The term "FDA" means the United States Food and Drug Administration.

8.    The term "PTO" means the United States Patent and Trademark Office.

9.    The term "ANDA 78-540" means the Abbreviated New Drug Application No. 78-540 and any amendments thereto.

10.    The term "NDA 21-416" means the New Drug Application No. 21-416 and any amendments thereto.

11.    The term "Orange Book" means the publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations."

12.    The term "Rythmol® SR" means the propafenone HCl extended-release capsules sold by Reliant under the federally registered trademark Rythmol® SR.

2

13.    The term "document" will have the comprehensive meaning, in the broadest sense
available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and will
include each handwritten, typed, printed or otherwise recorded material, whether an
original or a copy of an original bearing any notation or marking not appearing on the
original (including but not limited to notes and underscoring), in the possession,
custody, or control of Abbott, including but not limited to electronically-stored
information, letters, cables, wires, messages, telexes, telecopies, memoranda, inter-
office and intra-corporate communications, reports, notes, minutes, bulletins,
circulars, pamphlets, instructions, work assignments, notebooks, drafts, work sheets,
appraisals, advertisements, catalogs, brochures, flyers, invoices, purchase orders,
acknowledgements, price lists, proposals, quotations, solicitations, and bids;
drawings, diagrams, blueprints, plans, sketches, charts, graphs, tracings, photographs,
audio tapes, videotapes, and motion pictures; printouts, recordings, tapes, disks,
ROMs, PROMs, EPROMs, data compilations, electronically stored information, and
other information from computers or other data storage and retrieval systems;
trademark registrations, copyright registrations, and registration applications; patents
and patent applications; assignments, deeds, contracts, agreements, licenses, and other
official documents and legal instruments; newspapers, magazines, books, periodicals,
and other published material of any kind; annual reports, reports to shareholders or
owners, and minutes or reports of meetings of owners or directors or executive boards
or committees; summaries of negotiations or meetings; quality control, operating,
service, repair, or maintenance manuals; technical specifications or requirements;
advertising and promotional material as well as sales literature; labels and packaging;

3

press releases and new product releases; engineering notebooks and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files; address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits, declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions will be considered to be separate original documents.

14.    The term "thing" means any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

15.    The term "concerning" means, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

16.    The term "communication" refers to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

17.    The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control by any one or a combination of the following persons or organizations:

    (a)    Abbott;

    (b)    Any corporation or other entity controlled by or affiliated with

Abbott or controlling Abbott as its wholly-owned subsidiary;

(c)  Any principal, officer, employee, agent, representative, or consultant of or for Abbott or any such controlled or affiliated corporation or entity; and

(d)  Counsel for Abbott or any such controlled or affiliated corporation or entity.

18.  The term "person" means any natural person.

19.  The term "organization" means any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

20.  The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

21.  The terms "and" or "or" will both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words will be interpreted to limit the scope of a discovery request. The use of a verb in any tense will be construed as the use of the verb in all other tenses, and the singular form will be deemed to include the plural and vice-versa.

22.  The term "date" means the exact date, month, and year if ascertainable; if not, then the closest approximation that can be made thereto in terms of months and years, seasons, or relation to other events and matter.

23.  The term "describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which the interrogatory refers, including, but not limited to, an identification of all persons, communications, acts, transactions, events,

5

agreements, recommendations, and documents used, necessary or desirable to make such statement or description complete.

24. The term "state" means to express the particulars in writing or set down and set forth in detail.

25. The term "identify" in the case of a document means to state:

    (a) The document's title and date, if any, as well as a brief description of its subject matter;

    (b) The type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.) and the number of pages in it;

    (c) The identity of any person who prepared the document (and, if different, the identity of any person who signed the document);

    (d) The date the document was drafted;

    (e) The identity of any person who received a copy of the document (whether an addressee or otherwise);

    (f) The present whereabouts of the document and the identity of its custodian; and

    (g) All other means of identifying the document with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

26. The term "identify" in the case of a thing means to state:

    (a) A brief description of the thing, including any product numbers, part numbers, model numbers, catalog numbers, style numbers, code numbers, brand names, trade names, trademarks, commercial or governmental designations, and any other identifying markings, features, or characteristics;

    (b) The present whereabouts of the thing;

    (c) The identity of the person having possession, custody, or control of the thing; and

    (d) All other means of identifying the thing with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

27.   The term "identify" in the case of a person or individual means to state:

    (a)   Home and business addresses (present or last known);

    (b)   The full name; and

    (c)   The time period and nature of each of his or her present and prior employment positions or affiliations with Abbott, if any.

28.   The term "identify" in the case of an organization means to state:

    (a)   The organization's full name;

    (b)   The organization's type (e.g., public or private corporation, partnership, etc.);

    (c)   The last known street and post office addresses of its principal place of business;

    (d)   The date(s) and state(s) or country(ies) of incorporation;

    (e)   The identity of each of its principals, officers, directors, partners, or members; and

    (f)   The date of dissolution, if applicable.

29.   The term "identify" in the case of a chemical compound (e.g., propafenone HCl extended-release capsules) or a method of using a chemical compound, means to state:

    (a)   The description and composition of the drug product (e.g., propafenone HCl extended-release capsules);

    (b)   The purpose of the use (e.g., method of, or use for, antiarrhythmia);

    (c)   The patient population that the use is directed to (e.g., patients suffering with arrhythmia); and

    (d)   The amount of the chemical compound (e.g., propafenone HCl extended-release capsules) taken by the patient and the frequency taken.

30.   If Abbott objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-

product immunity or otherwise, Par Pharmaceutical, Inc. ("Par") requests that Abbott

provide within thirty (30) days of service of these requests for documents and things a

privilege log identifying the specific grounds upon which the objection is based and

the particular request(s) objected to, and identifying any withheld documents, things,

or portions thereof as follows:

  (a)    Its date of creation;

  (b)    The identity of all persons who prepared and/or signed the
         document or thing;

  (c)    The general nature of the document or thing (i.e., whether it is a
         letter, chart, pamphlet, memorandum, etc.);

  (d)    A summary of its contents, or the general subject matter of the
         document or thing;

  (e)    Its present location and the identity of its current custodian;

  (f)    A listing of all persons, including but not limited to the addressee,
         to whom copies of the document or thing have been disclosed,
         including the date and means of disclosure; and

  (g)    The nature of the privilege or other rule of law relied upon to
         withhold the document or thing and the facts supporting Abbott's
         assertion thereof.

31.  If any documents or things requested to be produced herein have been lost, discarded,

destroyed, or are otherwise unavailable for any reason, they should be identified as

completely as possible, by stating without limitation: the pertinent information

requested in the preceding paragraph, the date of disposal, the manner of disposal, the

reason for disposal, any person, firm or corporation who has possession, custody, or

control of a partial or complete copy of such document, and the identity of all persons

who participated in the destruction or discarding or who have knowledge of the data

and circumstances surrounding the destruction or discarding of the document or thing.

32.  Par requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

33.  In responding to Par's requests for documents and things, if Abbott claims any ambiguity in interpreting either a request, a definition, or an instruction, Abbott shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of its response to the request the language deemed to be ambiguous and the interpretation that it has chosen to use in responding to the request.

## REQUESTS FOR PRODUCTION

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Abbott Laboratories, Inc. shall produce and permit inspection and copying of the following documents and things:

1.  All documents and things concerning the '588 patent, including but not limited to all documents and things concerning: (i) all prosecution leading to the '588 patent; (ii) conception; (iii) initial disclosure of any alleged invention; (iv) reduction to practice; (v) scope of any claim; (vi) meaning of any term, phrase, limitation, or element in any claim; (vii) level of ordinary skill in the art; (viii) relevant art; (ix) relevant technical field; (x) first use, sale, or offer for sale; (xi) motivation, or lack thereof, to combine any prior-art teachings; and (xii) best mode.

2.  All documents and things concerning the research, development, formulation, or testing of an invention claimed in the '588 patent (*e.g.*, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies).

3.  All documents and things concerning the prosecution of the '588 patent, including but not limited to: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents submitted to the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749; (iv) patents, publications, or other prior art that was cited, referred to, or relied upon during the prosecution of U.S. Patent Application Serial No. 08/525,749; (v) the preparation or prosecution of any foreign counterpart of the '588 patent or U.S. Patent Application Serial No. 08/525,749; (vi)

10

communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749; and (vii) billing and time records of professionals involved in the preparation or prosecution of U.S. Patent Application Serial No. 08/525,749 or any foreign counterpart of the '588 patent.

4.    All documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

5.    All documents and things concerning a license, release, covenant not to sue, or immunity from suit under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

6.    All documents and things concerning any investigation, report, opinion, state-of-the-art-search, study, or analysis, whether formal or informal, including but not limited to any patent, publication, or other document identified by any third party, that relates or refers to the: (i) '588 patent or U.S. Patent Application Serial No. 08/525,749, or any foreign counterpart; (ii) novelty of the '588 patent or U.S. Patent Application Serial No. 08/525,749, or any foreign counterpart; (iii) infringement or noninfringement of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart; (iv) validity or invalidity of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart; and (v)

11

enforceability or unenforceability of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart.

7. Documents and things concerning the '287 patent, including but not limited to: (i) documents comparing or contrasting any claim in the '588 patent with the '287 patent; (ii) any communication to or from an expert, consultant, or third-party concerning the '287 patent; and (iii) contracts, agreements, understandings, notes, memoranda, analyses, studies, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments concerning the '287 patent, currently, or at one time in the possession of the (1) inventors of the '588 patent, (2) Knoll, (3) BASF, (4) Abbott, and (5) any other persons associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749.

8. All documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest or right under the '287 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

9. All documents or things concerning the '287 patent related to the case *McNeilab, Inc. v. Scandipharm, Inc.*, Civil Action No. 92-7403 (E.D. Pa.).

10. All documents and things concerning any press release concerning the '588 patent.

11. All documents and things concerning NDA 21-416, including but not limited to documents and things concerning: (i) communication or contact with FDA; and (ii) testing procedure, protocol, or method for testing any product according to NDA 21-416.

12. All documents and things concerning whether the claims of the '588 patent cover Rythmol® SR.

13. All documents and things that may establish that any of the following secondary indicia of nonobviousness apply to the '588 patent:

   - commercial success;
   - commercial acquiescence;
   - copying;
   - long-felt need;
   - failure of others;
   - professional approval.

14. Each opinion of counsel concerning the '588 patent.

15. Each communication to or from an expert, consultant, or third-party concerning the '588 patent, the '287 patent, the relevant prior art, Par, Rythmol® SR, or this action.

16. All documents and things concerning any valuation of the '588 patent.

17. All documents and things concerning the organizational relationship of Abbott, including all parent divisions, subsidiaries or affiliates.

18. Documents sufficient to establish the organizational responsibilities of each person at Abbott who has or had at any time any involvement in the research, formulation, development, testing, manufacture, production, marketing, sale, distribution, or regulatory approval of any product according to NDA 21-416.

19. Documents sufficient to establish Abbott's organizational structure for research, formulation, development, testing, manufacture, production, marketing, sale, distribution, and regulatory approval of pharmaceutical products.

20. All documents and things concerning Abbott's practice, policy, or procedure for the retention of documents and/or classes or categories of documents, including but not limited to e-mail communications, spreadsheets, presentation materials, and word-processing materials; and if applicable, each document or thing concerning these subjects for each division/unit/subgroup within Abbott for which there is a different practice, policy, or procedure.

21. All documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including but not limited to documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott; (ii) Knoll; (iii) BASF; (iv) Reliant; and (v) any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

22. All documents or agreements whereby Abbott, Reliant, Knoll, and/or BASF can request the assistance or cooperation of a party and/or has agreed to assist or cooperate in the event of a litigation involving the '588 patent or Rythmol® SR, including but not limited to documents or agreements between, or among (1) Reliant; (2) Knoll; (3) BASF; (4) Abbott; (5) the '588 patent inventors; or (6) any other persons or parties associated with the'588 patent or Rythmol® SR, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

14

23.    Any English translation of any foreign-language document requested by this

subpoena.