## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-774-JJF |
| | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO COMPEL DISCOVERY

YOUNG CONAWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel: (302) 571-6600

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

August 23, 2007

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

SUMMARY OF ARGUMENT ................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 4

    A.    The Hatch-Waxman Act and Par's ANDA..............................................4

    B.    Discovery and Procedural Background .................................................7

ARGUMENT............................................................................................................ 12

    A.    Legal Standard .....................................................................................12

    B.    The Court Should Order Reliant to Supplement Immediately its Responses to Par's Interrogatory Nos. 3-5 and 7....................................................13

    C.    The Court Should Order Reliant to Produce Immediately All Documents Responsive to Par's Document Requests..............................................18

CONCLUSION.......................................................................................................... 21

DB02:6200122.1    066039.1001

# TABLE OF AUTHORITIES

## Cases

*Amgen, Inc. v. Ariad Pharm., Inc.*, No. 06-259,
2007 U.S. Dist. LEXIS 35076 (D. Del. May 14, 2007)....................................................20

*Antonious v. Spalding & Evenflo Cos, Inc.*, 275 F.3d 1066 (Fed. Cir. 2002)................................13

*Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573 (Fed. Cir. 1996)...........................16

*Bayer AG v. Betachem, Inc.*, 173 F.3d 188 (3rd Cir. 1999)...........................................................18

*Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241 (Fed. Cir. 2000) ...............................14

*Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273 (D. Wash. 2001).........................................16

*Conopco, Inc., v. Warner-Lambert Co.*, No. 99,
101 U.S. Dist. LEXIS 1601, at *5-6 (D.N.J. Jan. 26, 2000)...........................................15

*Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155 n.2 (D. Colo. 2000)....................................16

*View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981 (Fed. Cir. 2000).........................13, 15

*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) ....................................................16

*Nike, Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644 (Fed. Cir. 1994).....................................16

*Novartis Pharms. Corp. v. Eon Labs Mfg.*, 206 F.R.D. 392 (D. Del. 2002)................................18

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006) .................15

*Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295 (Fed. Cir. 2004)....................................13

*Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D. Del. 2007) .................12

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878 (Fed. Cir. 1998) .................13

*S.S. White Burs, Inc. v. Neo-Flo, Inc.*, No. 02-3656,
2003 U.S. Dist. LEXIS 7718, at *7 (E.D. Pa. May 2, 2003) .....................................15, 16

*Westchester Fire Ins. Co. v. Household Int'l, Inc.*, No. 02-1328,
2005 U.S. Dist. LEXIS 116, at *4 (D. Del. 2005) .........................................................12

DB02:6200122.1                                                                                          066039.1001

**Statutes**

21 U.S.C. § 355.................................................................................................................. 4

21 U.S.C. § 355(b)(1) ...................................................................................................... 4, 5

21 U.S.C. § 355(j)(2)(A)(vii)(IV) ....................................................................................... 5

21 U.S.C. § 355(j)(2)(B) ..................................................................................................... 5

21 U.S.C. § 355(j)(5)(B)(iii) ........................................................................................ 2, 5, 6

21 U.S.C. § 355(j)(5)(C)(i)(III)........................................................................................... 5

21 U.S.C. § 355(j)(7)(A)(ii) ................................................................................................ 5

21 U.S.C. § 355(j)(7)(A)(iii) ............................................................................................... 5

35 U.S.C. § 102(b) ............................................................................................................ 17

**Rules**

Federal Rules of Civil Procedure 26(b) ..................................................................... 12, 18

Federal Rules Civil Procedure 37 ....................................................................................... 1

Federal Rules of Civil Procedure 37(a)(2)(b) ................................................................... 12

**Regulations**

21 C.F.R. § 314.94(a)(12)(i)(A)(4)..................................................................................... 5

DB02:6200122.1

066039.1001

## NATURE AND STAGE OF PROCEEDINGS

This is an action for patent infringement brought by Reliant Pharmaceuticals, Inc. ("Reliant") against Par Pharmaceutical, Inc. ("Par") for alleged infringement of U.S. Patent No. 5,681,588 ("the '588 patent"). This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No. 78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA approval to market a generic version of Reliant's propafenone HCl extended-release products, which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia.

Par served its first set of interrogatories and first set of requests for the production of documents and things in March 2007. In June 2007, Reliant served its written responses to the discovery requests. To date, however, Reliant has not produced any documents and has not provided substantive answers to any of Par's contention interrogatories, despite repeated attempts by Par to obtain this discovery.

Accordingly, Par respectfully moves the Court, pursuant to Fed. R. Civ. P. 37, to compel Reliant to immediately:

(1)     provide complete and substantive answers to Par's interrogatory nos. 3-5 and 7; and

(2)     produce documents responsive to Par's requests for production of documents nos. 1 - 80.[1]

## SUMMARY OF ARGUMENT

Reliant commenced this patent infringement action against Par in December 2006. In March 2007, Reliant agreed to a case schedule that required document production and contention

---

[1]     In accordance with D. Del. LR 37.1, Reliant's responses to the interrogatory and document requests in question are attached as Exhibits A and B, respectively.

1

interrogatories to be completed by August 24, 2007. On August 1, 2007, this date was extended by one month to September 24, 2007. Par served its first set of document requests and first set of interrogatories on Reliant on March 23, 2007. Yet, as of the date of this filing—with only one month remaining before close of document and interrogatory discovery—Reliant has not produced a single document and has provided no substantive responses to Par's interrogatories. This despite numerous requests by Par that Reliant produce its overdue documents and amend its "non-responses" to Par's interrogatories, and Reliant's representations that it would do so shortly.

Reliant's conduct throughout fact discovery has been a series of delay tactics designed to prolong this action. Such behavior is not surprising because, as the brand-name drug company in a patent infringement action brought under the Hatch-Waxman Act, Reliant enjoys an automatic 30-month stay of FDA approval of Par's ANDA as long as this action continues. 21 U.S.C. § 355(j)(5)(B)(iii). This maintains Reliant's propafenone drug monopoly and allows it to reap monopoly profits every day the final resolution of this case is delayed.

An example of Reliant's non-responses to interrogatories is its answer to Par's interrogatory seeking Reliant's infringement contentions. After reciting numerous objections, Reliant dismissively states "Reliant preliminarily asserts that Par's proposed products according to ANDA 78-540 infringe claims 1-5 of the '588 patent." In response to complaints from Par concerning the inadequacy of Reliant's interrogatory answers, Reliant has acknowledged that supplementation of its answers is appropriate. But Reliant has not amended its answers. This indicates one of two things: (1) Reliant has failed to fulfill its Rule 11 obligation to conduct a pre-suit investigation of the bases for its infringement allegations; or (2) Reliant has conducted an infringement analysis and is improperly withholding the results of that analysis from Par.

Reliant's failure to provide substantive answers to Par's contention interrogatories at this late stage of discovery is indefensible. Reliant has had detailed information concerning Par's proposed propafenone products for months, including Par's ANDA, samples of its proposed products, and letters from Par explaining in detail the factual and legal bases for Par's belief that its proposed products do not infringe Reliant's patent.

With respect to document production, Reliant initially used its pending motion to disqualify Par's litigation counsel as an excuse to refuse to produce documents until the motion was resolved. Yet, when Reliant agreed to the case schedule in March 2007—after it had filed its disqualification motion—it did not inform Par or the Court of its intention to withhold document production until the motion was decided. Nor did Reliant move for a stay of discovery pending its disqualification motion. The Court denied Reliant's motion in an Order dated July 25, 2007. The Order, as Reliant has acknowledge, makes it clear that discovery on the merits should be moving forward. Despite Reliant's subsequent promises that it was "ready to start streaming documents" to Par and that it would commence document production "shortly," Reliant still has not produced a single document one month after the Court's July 25 Order. Even accepting Reliant's position regarding document production during the pendency of its disqualification motion—which Par does not—Reliant should have been collecting and preparing documents so that they could be produced immediately upon the resolution of the motion.

Reliant's failure to cooperate in discovery has prejudiced Par. It will preclude Par from pursuing follow-up discovery based on Reliant's document production and interrogatory answers within the discovery period. It will limit Par's ability to review documents, prepare for depositions, and consult with experts during the short period allotted for depositions and expert

3

discovery in the case schedule. It will also delay Par's trial preparation and filing of summary judgment motions.

Where, as here, Par has provided Reliant a detailed explanation of how it has designed around Reliant's '588 patent—a narrow formulation patent with numerous required claim limitations plainly not present in Par's proposed products—Reliant's non-responses to date and failure to begin producing documents serve only to improperly delay the Court's reaching the merits of Reliant's flawed case. Accordingly, the Court should order Reliant to produce immediately all documents responsive to Par's first set of document requests and to provide immediately substantive answers to Par's interrogatory nos. 3-5 and 7.

## STATEMENT OF FACTS

### A.    The Hatch-Waxman Act and Par's ANDA

Par's ANDA was submitted to FDA pursuant to procedures established in the Hatch-Waxman Act.[2] Under the Hatch-Waxman Act, an applicant may seek FDA approval to market a new (i.e., brand name) drug product by submitting a New Drug Application ("NDA") or a generic version of a previously-approved brand name drug product by submitting an ANDA. 21 U.S.C. § 355 *et seq.*

The NDA process requires applicants to submit the patent number and expiration date of any patents the applicant believes can form the basis of a patent infringement claim regarding the product for which the applicant seeks approval. 21 U.S.C. § 355(b)(1). FDA then lists the patent number and expiration date in a publication entitled "Approved Drug Products with Therapeutic

---

[2]    The Federal Food, Drug, and Cosmetic Act, as amended by the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified as amended at 21 U.S.C. § 355 (1994) and 35 U.S.C. § 271(d)-(h) (1995)). This legislation is often referred to as the Hatch-Waxman Act.

Equivalence Evaluations" (commonly known as the "Orange Book"). 21 U.S.C. § 355(b)(1), 21 U.S.C. § 355(j)(7)(A)(iii).

When filing an ANDA, a generic company must include one of four certifications with respect to each unexpired patent listed in the Orange Book for the previously-approved drug product. One of those certifications, commonly known as a Paragraph IV certification, is that the generic company believes the patent is invalid and/or not infringed by its generic product. 21 U.S.C. § 355(j)(2)(A)(vii)(IV); 21 C.F.R. § 314.94(a)(12)(i)(A)(4).

If the ANDA applicant submits a Paragraph IV certification, the ANDA applicant must also send a notice of certification letter to the NDA holder and patent owner that includes a detailed statement of the factual and legal bases for the applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed. 21 U.S.C. § 355(j)(2)(B). If the ANDA applicant's Paragraph IV certification alleges non-infringement of a listed patent, the ANDA applicant can also make an "offer of confidential access" to its ANDA to enable the patentee/NDA holder to investigate the ANDA applicant's non-infringement allegations. 21 U.S.C. § 355(j)(5)(C)(i)(III).

If the patent owner sues the ANDA applicant for patent infringement within 45 days of receiving the notice of certification letter, then the Hatch-Waxman Act automatically **prohibits** FDA from approving the ANDA for 30 months (commonly known as the "30-month stay") or until the infringement action is over, whichever is earlier. 21 U.S.C. § 355(j)(5)(B)(iii). Thus, by the mere expedient of filing a patent litigation suit, a patent owner or NDA holder—without a showing of a meritorious claim—can prevent a generic company from obtaining FDA approval of its ANDA for 30 months or until the litigation has ended. This provides an incentive to the brand company to delay the resolution of the litigation for as long as possible to maintain its

5

monopoly. For this reason, the Hatch-Waxman Act also provides that the parties in a Hatch-Waxman litigation must reasonably cooperate to expedite the action.

21 U.S.C. § 355(j)(5)(B)(iii). The Court may shorten or lengthen the 30-month stay if a party fails to do so. *Id.*

In this case, Reliant is the holder of approved NDA No. 21-416 for Rythmol® SR brand propafenone HCl extended release capsules. Reliant is also the current assignee of the '588 patent, which is listed in the Orange Book for Rythmol® SR. Par's ANDA No. 78-540 for a generic version of Rythmol® SR includes a paragraph IV certification for the '588 patent. As required, Par sent Reliant a Paragraph IV notice letter on November 7, 2006 after FDA accepted for filing Par's ANDA submission regarding 325 mg propafenone HCl extended release capsules. (Taylor Decl.[3] at ¶ 2.) Par sent Reliant another notice letter on January 10, 2007 after FDA accepted for filing Par's ANDA submission regarding 225 mg and 425 mg propafenone HCl extended release capsules. *Id.* Par's notice letters contained detailed explanations of the factual and legal bases for Par's belief that the '588 patent is invalid, unenforceable, and not infringed by Par's proposed product. *Id.*

Par's notice letters also included an Offer for Confidential Access ("OCA") to Par's ANDA. Reliant signed and returned the OCA to Par on November 22, 2006. (Taylor Decl. at ¶ 3.) While Par was preparing to send its ANDA to Reliant, and with approximately one week remaining in the 45-day statutory period, Reliant sued Par on December 19, 2006. *Id.* On April 25, 2007, Par sent Reliant a copy of its ANDA and samples of its proposed product in response to a letter request from Reliant's counsel. *Id.*

---

[3]   "Taylor Decl." refers to the August 23, 2007 Declaration of John G. Taylor in Support of Defendants' Motion to Compel Discovery, submitted herewith.

6

### B.    Discovery and Procedural Background

On March 23, 2007, the parties agreed on a proposed scheduling order and submitted it to the Court for approval. (D.I. 23.) Among other things, the proposed scheduling order provided for the exchange and completion of contention interrogatories and document production by August 24, 2007. *Id.* The Court entered a Rule 16 Scheduling Order on March 30, 2007, which included the August 24 deadline for completion of contention interrogatories and document production. (D.I. 27.)

On March 14, 2007—before it agreed to the dates in the proposed scheduling order— Reliant moved to disqualify Par's counsel, Frommer Lawrence & Haug LLP ("FLH"). (D.I. 18.) Due to the unavailability of counsel handling the disqualification motion for Par and FLH on the originally-noticed hearing date, however, by agreement of the parties, Reliant's disqualification motion was resubmitted on May 2, 2007 with a hearing date of June 1, 2007. (D.I. 29.) Briefing on the disqualification motion was completed on May 25, 2007 (D.I. 56) and the parties were subsequently notified by the Court that the motion would be decided on the papers without oral argument. (Taylor Decl. at ¶ 4.)

In the meantime, on March 23, 2007, Par served Reliant with its first set of document requests and first set of interrogatories. Reliant served its written responses to these discovery requests on June 11, 2007. (Exs. A and B.) Reliant served Par with its first set of document requests and first set of interrogatories on May 18, 2007 (D.I. 55), and Par served its written responses on June 18, 2007. (D.I. 63.)

Reliant's answers to Par's contention interrogatories were wholly inadequate, providing no substantive information. For example, in response to Par's Interrogatory No. 3 seeking Reliant's infringement contentions, Reliant answered as follows:

7

***Response to Interrogatory No. 3***:  Reliant objects to this interrogatory to the extent that it purports to seek a response not required by the Federal Rules of Civil Procedure or the Local Rules.  Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.  Reliant also objects to this interrogatory as premature in that it seeks Reliant's proposed claim constructions prior to the time set by the Scheduling Order for claim construction.  Reliant further objects to this interrogatory as premature in that it seeks expert opinions prior to the time set by the Scheduling Order for expert discovery.  Reliant will submit its claim construction statements and expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows. **Reliant preliminary asserts that Par's proposed products according to ANDA 78-540 infringe claims 1-5 of the '588 patent.** Reliant reserves the right to amend its answer to this interrogatory as fact and expert discovery proceed in this action.

(Ex. A. at p. 6) (emphasis added).  In stark contrast, Par provided detailed answers to Reliant's contention interrogatories concerning non-infringement, invalidity, and unenforceability, which extended over seven, five, and three pages, respectively.  (Taylor Decl., Ex. 1 at 5-12, 13-17, and 19-21.)

In a letter dated July 11, 2007, Par's counsel forwarded Reliant's counsel a draft protective order and advised Reliant's counsel that Par was prepared to begin producing documents—in addition to Par's ANDA and samples already produced in April—on an outside-counsel-only basis until a protective order was entered.  (Taylor Decl., Ex. 2.)  Par, in fact, resumed its document production on July 23, and to date has produced over 21,000 pages of documents.  (Taylor Decl., Exs. 3-5.)  In its July 11 letter, Par's counsel also asked Reliant's counsel when Reliant would be ready to begin its document production.  (Taylor Decl., Ex. 2.)

Reliant's counsel responded in a letter dated July 16, 2007.  (Taylor Decl., Ex. 6.)  In its letter, Reliant's counsel stated that "Reliant will not produce documents or things to FLH until final resolution of Reliant's Motion To Disqualify FLH." *Id.*  This was the first time Reliant's counsel informed Par of Reliant's position.  Reliant did not advise Par or the Court of its position

8

on document production when it agreed to the August 24, 2007 deadline for completion of document production, even though there was a possibility that its disqualification motion would not be decided until late in the discovery period. (Taylor Decl. at ¶ 5.)

In a letter dated July 23, 2007, Par's counsel objected to Reliant's improper refusal to produce documents until the disqualification motion was decided. (Taylor Decl., Ex. 7.) Par's counsel noted that Reliant had cited no authority to support its position and that Reliant had not moved for a stay of discovery. *Id.* Par's counsel also objected to the inadequacy of Reliant's answers to contention interrogatories and demanded that Reliant provide substantive responses. *Id.*

In a July 26, 2007 letter, Reliant's counsel reiterated Reliant's position that it would not produce documents before the final resolution of the disqualification motion. (Taylor Decl., Ex. 8.) Once again, Reliant provided no explanation and cited no authority to support this position. *Id.* With respect to interrogatory responses, Reliant's counsel stated that its non-substantive responses were "appropriate for this early stage of fact discovery." *Id.*

On July 25, 2007, the Court issued an Order denying Reliant's motion to disqualify FLH with leave to renew the motion after limited, agreed upon discovery on the disqualification issue. (D.I. 66.) The July 25 Order further provided that either party could extend the August 24 deadline for the completion of contention interrogatories and document production by 30 days without Court approval. *Id.* As Reliant's counsel later acknowledged, it was also clear from the Order that discovery on the merits of the case was to continue.

Counsel for Reliant and Par held a telephone conference on August 1, 2007 to discuss discovery issues and the Court's July 25 Order. (Taylor Decl. at ¶6.) During that call, Reliant's counsel stated that it was extending the deadline for completion of document production and

9

contention interrogatories by 30 days, as allowed by the Court's July 25 Order. *Id.* Reliant's counsel also stated that Reliant was "ready to start streaming documents" to Par. *Id.* When asked directly when Reliant would produce documents and amend its interrogatory answers, Reliant's counsel said that they would get back to Par "promptly." *Id.* Par's counsel specifically advised Reliant's counsel that Par needed to receive Reliant's documents and amended interrogatory answers by the middle of August to allow Par to move to compel, if necessary, in time to be heard on the Court's last motion hearing date before the September 24, 2007 discovery deadline. *Id.*

On August 8, 2007—having received no further information from Reliant regarding its document production and amended interrogatory answers—Par's counsel again wrote to Reliant's counsel. (Taylor Decl., Ex. 9.) Par's counsel reminded Reliant's counsel of the representations they had made during the August 1 telephone conference and asked Reliant's counsel to immediately advise Par when Reliant was going to start producing documents and amend its interrogatory answers. *Id.* Par's counsel noted that although Reliant had taken the unfounded position that it would not produce documents until the disqualification motion was decided, it nevertheless should have collected and prepared its documents so that they could be produced immediately upon the resolution of the motion. *Id.* Par's counsel further stated that there was no excuse for Reliant's failure to provide substantive responses to Par's contention interrogatories since Reliant had had Par's notice letters for over six months and Par's ANDA and product samples for over three months. *Id.*

In a letter dated August 10, 2007, Reliant's counsel stated that "Reliant will begin its document production shortly and supplement its interrogatory responses in order to timely meet its discovery obligations." (Taylor Decl., Ex. 10.) This was an admission by Reliant that

10

supplementation of its interrogatory answers is appropriate and necessary. Reliant also

complained—for the first time—that it had been hampered in its ability to provide complete

answers to interrogatories in the absence of a protective order (which was entered on August 15,

2007) because it could not disclose Par's ANDA and samples to experts under the terms of the

OCA. *Id.* As discussed below, this is no excuse for Reliant's apparent failure to fulfill its

obligation to investigate the bases for its infringement allegations before it commenced this

action.

Finally, on August 20, 2007, Par's counsel wrote to Reliant's counsel and advised them

that if Par did not "receive substantial and meaningful production of documents . . . and

substantive answers to . . . interrogatories" by August 22, 2007, Par would have no choice but to

move to compel on August 23, 2007—the last day a party can move to be heard on the Court's

September 21, 2007 motion hearing date. (Taylor Decl., Ex. 11.)

In a letter dated August 21, 2007, Reliant's counsel responded that Reliant had until

September 24, 2007 to comply with its discovery obligations and that it intends to meet its

obligations prior to that date. (Taylor Decl., Ex. 12.) It was apparent from this response that

Reliant intended to wait until the end of the discovery period to provide its overdue document

production and interrogatory responses. Then, on August 23, 2007—knowing that Par was filing

its motion to compel that day—Reliant's counsel sent Par's counsel an e-mail stating that

"Reliant expects to begin producing documents tomorrow." (Taylor Decl., Ex. 13.) The e-mail

did not state when Reliant will amend its interrogatory answers. *Id.*

Despite Par's repeated requests and Reliant's repeated assurances—both written and

oral—that documents and interrogatory answers were forthcoming, as of the filing of this motion

Reliant has produced no documents and has provided no substantive interrogatory answers in

11

response to discovery requests served back in March 2007. Reliant's refusal to produce any documents or provided substantive interrogatory answers until the end of the period for such discovery will deprive Par of the opportunity to move to compel and the opportunity to conduct follow up discovery based upon the document production and interrogatory answers. Moreover, under the March 28 Rule 16 Scheduling Order, fact depositions must be completed by March 7, 2008 and initial expert reports are due on March 31, 2008. (D.I. 23.) Accordingly, Reliant's late production of documents and interrogatory answers will severely prejudice Par in its ability to review Reliant's production, to prepare for depositions, and to consult with experts in a timely manner.[4]

## ARGUMENT

### A.    Legal Standard

Discovery under the Federal Rules broadly encompasses "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b). *See also Westchester Fire Ins. Co. v. Household Int'l, Inc.*, No. 02-1328, 2005 U.S. Dist. LEXIS 116, at *4 (D. Del. Jan. 5, 2005) (noting that "[i]n the Third Circuit, 'it is well recognized that the federal rules allow broad and liberal discovery'"). Where, as here, a party fails to answer an interrogatory or to produce documents, the court may compel production of the requested discovery. Fed. R. Civ. P. 37(a)(2)(b). *See, e.g., Royal Indemnity Co. v. Pepper Hamilton LLP*, 479 F. Supp. 2d 419 (D. Del. 2007) (granting party's motion to compel discovery).

---

[4]    Par served a second set of document requests, a second set of interrogatories, and a first set of requests for admissions on Reliant on July 25, 2007. (D.I. 65.) Responses to those requests are due on August 24, 2007, and to the extent they are also deficient, Par shall promptly raise with the Court any additional discovery deficiency issues that cannot be resolved among the parties.

12

**B.    The Court Should Order Reliant to Supplement Immediately its Responses
to Par's Interrogatory Nos. 3-5 and 7**

Interrogatory nos. 3 and 4 seek the bases for Reliant's infringement and claim
construction contentions, respectively. As set forth above, Reliant's response to Par's contention
interrogatory concerning infringement consists of a litany of objections, including prematurity,
and the one-line response: "Reliant preliminarily asserts that Par's proposed products according
to ANDA 78-540 infringe claims 1-5 of the '588 patent." (Ex. A at 6.)  Reliant's "non-response"
to Par's interrogatory regarding claim construction is virtually identical. (Ex. A at 7.)

Reliant's refusal to disclose its infringement contentions (or admit now that it has no
good faith basis to claim infringement on one or more of the asserted claims) on the ground that
they are premature is improper. The burden of proving infringement of the '588 patent rests with
Reliant, *see SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir.
1998), and Reliant, and its counsel, were legally and ethically required to have had a factual and
legal basis for commencing—and continuing—this case. The Federal Circuit has explained that
Rule 11 of the Federal Rules of Civil Procedure "require[s] that an attorney interpret the
pertinent claims of the patent in issue before filing a complaint alleging patent infringement."
*Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). This requires,
"at a bare minimum, apply[ing] the claims of each and every patent that is being brought into the
lawsuit to an accused device and conclud[ing] that there is a reasonable basis for a finding of
infringement of at least one claim of each patent so asserted." *View Eng'g Inc. v. Robotic Vision
Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000); *see also Q-Pharma, Inc. v. Andrew Jergens Co.*,
360 F.3d 1295, 1300-01 (Fed. Cir. 2004) (counsel for the patent holder is required "at a
minimum . . . [to] interpret the asserted patent claims and compare the accused device with those
claims before filing a claim alleging infringement") (citations omitted).

13

Here, Reliant has had Par's Paragraph IV notice letters—which contain detailed descriptions of Par's proposed products and the factual and legal bases for Par's non-infringement contentions—for over seven months. Reliant has had Par's ANDA and samples of its proposed products for four months. Accordingly, Reliant has long had the best evidence available to evaluate whether Par's proposed product infringes any claim of the '588 patent. Indeed, in the context of a patent infringement action arising under the Hatch-Waxman Act, any analysis of patent infringement is "grounded in the ANDA application" itself. *See Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d 1241, 1248-50 (Fed. Cir. 2000) (holding that the Hatch-Waxman Act "prohibits [the generic drug manufacturer] from selling any product that does not meet its ANDA's requirements"). Based on its interrogatory response and correspondence with Par's counsel, however, it is apparent that Reliant has undertaken no infringement analysis.

Reliant's eleventh-hour excuse that it could not conduct an infringement analysis because it could not consult with experts before a protective order was entered is unavailing. (Taylor Decl., Ex. 10.) Many of Reliant's counsel are technically trained and they also employ technically-trained non-lawyers to work on these matters, all of whom would have had access to Par's formulation and its non-infringement analysis (as set forth in its notice of certification letters) for over seven months. They could, and should, have conducted an infringement analysis just as Par and its counsel did before submitting Par's Paragraph IV certification, its notice letters, and its responses to Reliant's contention interrogatories. Indeed, conducting patent infringement analyses and providing infringement opinions is a routine part of the services provided by an intellectual property law firm like Reliant's counsel. Reliant certainly can, and should, supplement its contention interrogatory responses after it has consulted with experts. But

14

that does not relieve it of its obligations to conduct a meaningful pre-suit investigation and to provide substantive responses to contention interrogatories in a timely manner.

What Par seeks it is plainly entitled to under applicable law. In an action for patent infringement the patent holder "must be prepared to demonstrate to . . . the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement." *View Eng'g*, 208 F.3d at 986. Thus, Reliant either performed the required claim-by-claim analysis comparing the claims of the '588 patent to Par's proposed product, and is improperly withholding it from its responses, or failed to conduct this analysis, violating the strictures of Rule 11. Reliant's one-sentence "preliminary" assertion that Par's product "infringes claims 1-5 of the '588 patent" fails to satisfy its pre-suit investigative responsibilities. [5]

Reliant's posture makes it impossible for Par to discern Reliant's theories of infringement, which would allow it to confine discovery and trial preparation to information that is pertinent to the theories of the case. *See, e.g., O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). The Court should order Reliant to submit, at a minimum, a claim chart, showing how Reliant is applying limitations in its patent claims to the accused product on an element-by-element basis and explaining whether there is literal infringement or infringement under the doctrine of equivalents, and the bases for each such contention. *See Re: Conopco, Inc., v. Warner-Lambert Co.*, No. 99-101, 2000 U.S. Dist. LEXIS 1601, at *5-6 (D.N.J. Jan. 26, 2000) (requiring patentee to supplement inadequate interrogatory response by providing claim chart showing limitations in claim and whether accused device infringes either literally or under doctrine of equivalents); *see also S.S. White Burs, Inc. v. Neo-*

---

[5]    In stark contrast, Par served a substantive, 34-page set of responses to Reliant's first set of interrogatories, including a detailed, 7-page non-infringement analysis. (Taylor Decl., Ex. 1 at 5-12.)

15

*Flo, Inc.*, No. 02-3656, 2003 U.S. Dist. LEXIS 7718, at *3-9 (E.D. Pa. May 2, 2003) (granting defendant's motion to compel plaintiff to provide substantive responses to interrogatories seeking claim construction and infringement bases and directing plaintiff to prepare a claim chart). If Reliant does not fully disclose its infringement contentions, it should be precluded from asserting them at trial. *See Nike, Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 648 (Fed. Cir. 1994).

Reliant's refusal to provide a substantive answer Par's contention interrogatory no. 4 concerning claim construction is similarly improper. Since an infringement analysis begins with claim construction, *see Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996), Reliant should be prepared to offer a claim construction that supports its infringement position and does not need discovery, expert or otherwise, to do so. *Carver v. Velodyne Acoustics, Inc.*, 202 F.R.D. 273, 274 (D. Wash. 2001) (noting that claim construction "does not require discovery" and that claim charts are "standard discovery requests," relevant and discoverable) (citing *Athletic Alternatives, Inc. v. Prince Mfg., Inc.*, 73 F.3d 1573, 1578 (Fed. Cir. 1996) and *Ecrix Corp. v. Exabyte Corp.*, 95 F. Supp. 2d 1155, 1157 n.2 (D. Colo. 2000)); *see also S.S. White Burs*, 2003 U.S. Dist. LEXIS 7718, at *7 (granting defendant's motion to compel plaintiff to provide claim construction contentions and stating that that "argument that . . . claim construction is for the court obscures the fact that it is up to [the patent holder], and not to the court, to develop some theory as to how they were wronged").

Reliant's "non-responses" to Par interrogatory nos. 5 and 7 are similarly deficient. Reliant omits crucial information from its answer to interrogatory no. 5, which seeks the identification of specific dates and documents concerning the '588 patent and products claimed by it. Specifically, Reliant: (i) fails to describe when each claim in the '588 patent was first

16

described in a document; (2) fails to describe when each claim in the '588 patent was first described in a printed publication anywhere in the world; (3) fails to identify all supporting documents supporting each date; and (4) identifies only one individual most knowledgeable about when the inventions in the '588 patent were first sold or first offered for sale, first described in a printed publication, and first publicly used. (Ex. A at 7-8.) Without the specifically requested information, Par cannot conduct meaningful discovery about whether the '588 patent was duly and legally issued, and whether it is invalid under the public use or sale bars to patentability. *See* 35 U.S.C. § 102(b).

Interrogatory no. 7 asks Reliant to describe with particularity "all objective evidence of nonobviousness" concerning the claimed inventions of the '588 patent and asks Reliant to identify the most knowledgeable three people about the information requested. Again, Reliant provides a series of objections and a one-sentence "answer" reciting a list of indicia of non-obviousness found in the case law. Reliant does not even attempt to identify any persons in support of its contention. (Ex. A at 9-10.) Such information is critical to evaluating and conducting meaningful discovery regarding the validity of the '588 patent, particularly evidence of secondary considerations of nonobviousness.

Reliant's failure to provide adequate responses to Par's interrogatories materially delays discovery. The discovery schedule in this case is tight, and the parties must conduct depositions in a short time frame following completion of written discovery. Par requires the information sought in its interrogatories to notice and prepare for depositions, to consult with experts, and to guide its trial preparation. For this reason, Par respectfully requests that the Court compel Reliant to provide substantive and complete responses to all of Par's interrogatories immediately.

17

## C.    The Court Should Order Reliant to Produce Immediately All Documents Responsive to Par's Document Requests

Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Parties are able to obtain discovery that is relevant to the subject matter involved in the pending action if good cause is shown. *Novartis Pharms. Corp. v. Eon Labs Mfg.*, 206 F.R.D. 392, 394 (D. Del. 2002). Under the relevancy standard, "information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3rd Cir. 1999) ("the scope of discovery under the Federal Rules is unquestionably broad . . . .").

Reliant has steadfastly avoided providing Par responsive documents. As stated above, Reliant has produced no documents as of the date of this motion. Par's requests for documents nos. 1-80 are relevant under Rule 26(b). They relate directly to Par's theories of noninfringement, invalidity, and unenforceability, and are intimately related to Par's claims and defenses. (Ex. B.) Reliant's failure to produce documents until the end of the discovery period prejudices Par's defense of this action in several ways. It precludes Par from moving to compel and conducting follow-up discovery based on Reliant's document production within the discovery period. It also hampers Par in its efforts to review Reliant's documents, prepare for depositions, consult with experts, prepare summary judgment motions, and prepare its trial strategies and defenses in a timely manner.

A specific example of how Reliant's failure to produce any documents at this late stage of discovery has prejudiced Par relates to Par's efforts to obtain information about key foreign individuals and companies. The original owners of the '588 patent and an important prior art patent that bears on the '588 patent's validity and enforceability, BASF Aktiengesellschaft

18

("BASF") and Knoll Aktiengesellschaft ("Knoll"), are German companies. The inventors of those patents, all of whom are represented by Reliant's counsel, Kirkland & Ellis (Ex. A at 5; Taylor Decl., Ex. 8), are German nationals.

Accordingly, in its correspondence with Reliant's counsel, Par's counsel asked whether Reliant was collecting and would produce documents responsive to Par's requests from the inventors, BASF, and Knoll, and whether they would appear voluntarily for depositions. (Taylor Decl., Exs. 2, 7, and 9.) Par's counsel also asked Reliant to immediately produce requested documents relating to its acquisition of the '588 patent, particularly any agreements concerning Reliant's right to seek the assistance of the inventors, BASF, and Knoll in litigation concerning the '588 patent and those parties' obligations to cooperate and provide assistance to Reliant. (Taylor Decl., Exs. 7 and 9). Reliant's counsel initially ignored or provided evasive responses to Par's inquiries regarding these issues. (Taylor Decl., Exs. 6, 8, and 10).

Finally, in its August 10, 2007 letter, Reliant's counsel advised Par that Reliant does not have control over the inventors, but would ask them if they would voluntarily appear for depositions and produce documents in response to subpoenas Par had provided to Reliant's counsel on August 8. (Taylor Decl., Ex. 10.) Reliant's counsel also informed Par that it did not represent BASF or Knoll. *Id.* Finally, Reliant's counsel stated that Reliant would "begin its document production shortly . . . includ[ing] the agreements you request." *Id.* In its August 21, 2007 letter—after another inquiry from Par's counsel regarding the inventors voluntary submission to discovery and Reliant's production of the requested agreements (Taylor Decl., Ex. 14)—Reliant's counsel informed Par that the inventors would not voluntarily appear for depositions. (Taylor Decl., Ex. 12). Although not stated in the August 21 letter, Par assumes the inventors also will not voluntarily produce documents. The August 21 letter did not address

19

Reliant's production of the requested documents relating to Reliant's acquisition of the '588 patent and no such documents have been produced.

Without the requested documents relating to Reliant's acquisition of the '588 patent, Par cannot determine whether Reliant has the right to ask for and whether the inventors, BASF, and Knoll have the contractual obligation to provide assistance in the form of documents and/or testimony. *See Amgen, Inc. v. Ariad Pharm., Inc.*, No. 06-259, 2007 U.S. Dist. LEXIS 35076 (D. Del. May 14, 2007) (holding that an assignment provision required inventors to testify in any legal proceeding involving the invention and ordering patentee to produce foreign-based, non-employee inventors in the United States for deposition). As a result, Par must now go through the costly and cumbersome—and possibly unnecessary—procedures of the Hague Convention to try to secure discovery from the inventors, BASF, and Knoll.[6]

Reliant's conduct prejudices Par and creates avoidable delay. The discovery end date for document production and interrogatories, which has been extended once by Reliant, is September 24, 2007. Yet, ten months after it was first sued by Reliant and five months after it served Reliant with document requests Par has not received a single document. As a result, Par's ability to prepare for depositions, pursue follow-up discovery, consult with experts, prepare summary judgment motions, and prepare its defenses and strategies for trial has been

---

[6]    Par intends to move shortly pursuant to Fed. R. Civ. P. 28(b) to ask the Court to issue Letters of Request for International Judicial Assistance to the German authorities pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. In the Letters of Request, Par will seek documents and depositions of the inventors, BASF, and Knoll. Par's counsel asked Reliant's counsel whether Reliant will consent to such a motion. (Taylor Decl., Ex. 15.) In its August 23, 2007 e-mail, Reliant's counsel stated that Reliant "will not oppose [Par's] motion if the request is reasonable," but that they would have to review the proposed request before deciding whether to oppose it. (Taylor Decl., Ex. 13.)

20

066039.1001

substantially impaired.  The Court should order the immediate production of all responsive

documents and end Reliant's repeated and willful delays in document production.

## CONCLUSION

For the foregoing reasons, Par respectfully requests the Court to order Reliant to produce

immediately all documents responsive to Par's first set of document requests and to supplement

its "non-responses" to Par's interrogatory nos. 3-5 and 7 with substantive answers.


YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

August 23, 2007

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600
Fax:  302-571-1253

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500
*Attorneys for Defendant, Par Pharmaceutical, Inc.*

21

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on August 23, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner and on the date indicated:

> ### *By E-Mail and Hand Delivery on August 23, 2007*
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> ### *By E-Mail on August 23, 2007 and By FedEx on August 24, 2007*
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY 10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

_____

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,
Par Pharmaceutical, Inc.*

2

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-774 (JJF) |
| | ) | |
| PAR PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S RESPONSE TO PAR PHARMACEUTICAL, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1, Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") makes the following objections and responses to Defendant Par Pharmaceutical, Inc.'s ("Par") First Set Of Interrogatories.

Pursuant to Federal Rule of Civil Procedure 26(e), Reliant reserves the right to supplement its responses if it learns additional information.

## OBJECTIONS

Reliant makes the following general objections to Par's First Set Of Interrogatories ("General Objections"), which General Objections are hereby incorporated by reference and made part of its response to each and every interrogatory:

1.    Reliant objects to Par's "Definitions and Instructions" to the extent that they purport to impose obligations or requirements in addition to or different from those imposed by the Federal Rules of Civil Procedure or Local Rules.

2.    Reliant objects to Par's "Definitions and Instructions" to the extent that they purport to alter the plain meaning or scope of any interrogatory, on the ground that such alteration renders the interrogatory vague, ambiguous, and uncertain.

3.    Reliant objects to Par's definition of "Reliant" and "Plaintiff" as overly broad to the extent that it purports to include individuals, corporations or entities over which Reliant has no control.

4.    Reliant objects to Par's definition of "document" to the extent that it purports to impose obligations or requirements in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

5.    Reliant objects to Par's definition of "thing" to the extent that it purports to impose obligations or requirements in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

6.    Reliant objects to Par's definition of "possession," "custody" and "control" as overly broad to the extent that it purports to include individuals, corporations or entities over which Reliant has no control.

7.    Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

8.    Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that are not in Reliant's possession, custody or control.

9.    Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that contain trade secret or other confidential, research, development or commercial information prior to the issuance of a Protective Order in this action.

2

10.     Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents and things that are confidential information of third parties.

11.     Reliant objects to Par's First Set of Interrogatories as vague, ambiguous and uncertain to the extent that they seek information, documents or things that are not described with reasonable particularity.

12.     Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

13.     Reliant objects to Par's First Set of Interrogatories to the extent that they seek "each," "every," "all," or "any" document or thing requested, and thus purport to impose obligations in addition to, or different from, those imposed by the Federal Rules of Civil Procedure or the Local Rules.

14.     Reliant objects to Par's First Set of Interrogatories to the extent that they purport to seek information generated after November 7, 2006.  Except for information related to secondary indicia of non-obviousness, Reliant will not provide any information generated after November 7, 2006 unless and until Par demonstrates the purported relevance of such information and/or how it is reasonably calculated to lead to the discovery of admissible evidence.

15.     Reliant objects to Par's First Set of Interrogatories to the extent that they contain discrete subparts which should be counted as separate interrogatories pursuant to Federal Rule of Civil Procedure 33.  Plaintiffs reserve the right to object to further interrogatories from Par as in excess of the number allowed by the Court's Rule 16 Scheduling Order.

16.     Reliant objects to Par's First Set of Interrogatories to the extent that they purport to require Reliant to produce information to Frommer Lawrence & Haug LLP, Reliant's

3

former counsel and counsel to Par in this substantially related matter, prior to the Court's decision on Reliant's Motion for Disqualification.

17.    Reliant incorporates herein by reference the objections made in response to Par's First Set Of Requests For The Production Of Documents And Things.

## RESPONSE TO INTERROGATORIES

### Interrogatory No. 1

Identify each person who has knowledge or information concerning the conception, testing, analysis, investigation, examination, research, formulation, development, measurement, analysis, inspection, manufacture, production, marketing, sale, distribution, or regulatory history of any invention in the '588 patent or any product according to NDA 21-416, including but not limited to each person who has knowledge or information about any amendments, supplements, additions, or annual reports for NDA 21-416.

### Response to Interrogatory No. 1

Reliant objects to this interrogatory as overly broad and unduly burdensome in that it seeks information, documents or things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this interrogatory to the extent that it seeks information, documents and things that are not in Reliant's possession, custody or control. Reliant objects to this interrogatory as vague and ambiguous as to the terms "measurement" and "inspection." Reliant also objects to this interrogatory to the extent that it purports to impose burdens on Reliant that are greater than, or different from, those set forth in the Federal Rules of Civil Procedure or the Local Rules. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

Reliant acquired the '588 patent from Abbott Laboratories in or about December 2003. On information and belief, persons with knowledge of the conception, formulation, development and testing of the inventions of the '588 patent include Karl Kolter, Helmut Frike,

4

Volker Bueller and/or Herbert Mueller-Peltzer. Drs. Kolter, Frike, Bueller and Mueller-Peltzer should be contacted solely through counsel for Reliant.

Reliant acquired NDA 21-416 from Abbott Laboratories in or about December 2003. Persons with knowledge concerning the regulatory aspects of NDA 21-416 include Reliant's Senior Vice President of Medical Affairs, Steven Ketchum. Persons with knowledge concerning the marketing and sale of Rythmol® SR, the trade name of the products described in NDA 21-416, include Reliant's Senior Vice President of Sales & Marketing, Vince Angotti. Persons with knowledge concerning the manufacturing and production of Rythmol® SR include Reliant's Senior Director of QA/QC, Godfrey Baker.

## Interrogatory No. 2

Identify each person who has knowledge or information concerning any testing, analysis, investigation, inspection, examination, or measurement of (i) any product according to ANDA 78-540, (ii) any method of using a product according to ANDA 78-540, or (iii) any other product, or method of using any other product, accused of infringing the '588 patent.

## Response to Interrogatory No. 2

Reliant objects to this interrogatory as overly broad, vague and ambiguous to the extent that it purports to seek information that is not within Reliant's possession, custody or control. Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Reliant further objects to this interrogatory as premature in that it seeks expert opinions prior to the time set by the Scheduling Order for expert discovery. Reliant will submit its expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

**Interrogatory No. 3**

Describe (by way of a claim chart) the bases for Reliant's infringement assertions at the time it filed the Complaint and, if different, at the present time, as follows: Identify each claim of the '588 patent that Reliant contends any product according to ANDA 78-540 has infringed or is infringing either directly or indirectly, state whether such alleged infringement is literal or under the doctrine of equivalents, and describe the complete factual basis and evidentiary support for the presence of each element of each asserted claim either literally or by way of a substantial equivalent and identify the three individuals most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 3**

Reliant objects to this interrogatory to the extent that it purports to seek a response in a form not required by the Federal Rules of Civil Procedure or the Local Rules. Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Reliant also objects to this interrogatory as premature in that it seeks Reliant's proposed claim constructions prior to the time set by the Scheduling Order for claim construction. Reliant further objects to this interrogatory as premature in that it seeks expert opinions prior to the time set by the Scheduling Order for expert discovery. Reliant will submit its claim construction statements and expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows. Reliant preliminarily asserts that Par's proposed products according to ANDA 78-540 infringe claims 1-5 of the '588 patent. Reliant reserves the right to amend its answer to this interrogatory as fact and expert discovery proceed in this action.

**Interrogatory No. 4**

Describe (by way of a claim chart) Reliant's construction of the claims of the '588 patent, as follows: For each claim of the '588 patent that Reliant contends any product according to ANDA 78-540 has infringed or is infringing either literally or under the doctrine of

6

equivalents, state Reliant's interpretation of each claim limitation, identify all evidence intrinsic to the '588 patent that supports Reliant's interpretation, and identify all evidence extrinsic to the '588 patent that either supports or refutes Reliant's interpretation. For each claim term, phrase, and element that Reliant asserts should be assigned its ordinary meaning, state that meaning, specify all bases for Reliant's assertion, identify all supporting evidence, and identify the three individuals most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 4**

        Reliant objects to this interrogatory to the extent that it purports to seek a response in a form not required by the Federal Rules of Civil Procedure or the Local Rules. Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Reliant also objects to this interrogatory as premature in that it seeks Reliant's proposed claim constructions prior to the time set by the Scheduling Order for claim construction. Reliant further objects to this interrogatory as premature in that it seeks expert opinions prior to the time set by the Scheduling Order for expert discovery. Reliant will submit its claim construction statements and expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

        Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows. Reliant preliminarily asserts that Par's proposed products according to ANDA 78-540 infringe claims 1-5 of the '588 patent. Reliant reserves the right to amend its answer to this interrogatory as fact and expert discovery proceed in this action.

**Interrogatory No. 5**

        For each claim in the '588 patent, specify the dates on which the claimed subject matter was (i) conceived, (ii) reduced to practice, (iii) first described in a document, and (iv) first disclosed to a person other than the inventors; (v) first sold; (vi) first offered for sale; (vii) first described in a printed publication anywhere in the world; and (viii) first publicly used in the United States. Identify all supporting documents, samples, investigations, tests, measurements, analyses, opinions, and testimony supporting each date, and identify the three individuals most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 5**

Reliant objects to this interrogatory as overly broad and unduly burdensome in that it seeks information, documents or things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this interrogatory to the extent that it seeks information, documents and things that are not in Reliant's possession, custody or control. Reliant also objects to this interrogatory to the extent that it purports to impose burdens on Reliant that are greater than, or different from, those set forth in the Federal Rules.

Reliant objects to this interrogatory as improperly requesting Reliant to disprove invalidity when Par bears the burden of proving invalidity by clear and convincing evidence. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004); *see also Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576-77 (Fed. Cir. 1996) (explaining that patentee bears burden to prove dates of conception and reduction to practice only after opponent offers evidence alleging prior art under 35 U.S.C. § 102(a)). Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

The inventions of the '588 patent were conceived and reduced to practice at least as of April 3, 1993. On information and belief, persons with knowledge of the conception, reduction to practice and first disclosures of the inventions of the '588 patent include Karl Kolter, Helmut Frike, Volker Bueller and/or Herbert Mueller-Peltzer.

Rythmol® SR, the commercial embodiment of the inventions of the '588 patent, was first offered for sale and sold in the United States in or about February 2004. Persons with knowledge of the first sale and offer for sale of Rythmol® SR in the U.S. include Reliant's Senior Vice President of Sales & Marketing, Vince Angotti.

8

## Interrogatory No. 6

Describe the technical area(s) to which the '588 patent pertains including, but not limited to, a description of the level of schooling, experience, expertise, and relevant technical skill that a person having ordinary skill in the art would have had at the time the claimed invention was made. Identify the three individuals most knowledgeable about the information requested in this interrogatory.

## Response to Interrogatory No. 6

Reliant objects to this interrogatory as improperly requesting Reliant to disprove invalidity when Par bears the burden of proving invalidity by clear and convincing evidence. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004); *see also TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1266 (6th Cir. 1983) ("As with all the elements of the *John Deere* test, [defendant] has the burden of proof on the issue of ordinary skill."); *Water Techs. Corp. v. Calco, Ltd.*, 658 F. Supp. 961, 972 (N.D. Ill. 1986) ("The defendants have the burden of proving what is a person of ordinary skill in the art…it has been recognized to be the burden of the alleged infringer who asserts the affirmative defense to demonstrate to the court this level of skill."), *aff'd in pertinent part*, 850 F.2d 660 (Fed. Cir. 1988). Reliant also objects to this interrogatory as premature to the extent that it seeks expert testimony prior to the beginning of expert discovery in this action. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

The '588 patent is presumed by statute to be valid and Par cannot meet its burden of proof on invalidity. Reliant will submit its expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

## Interrogatory No. 7

Describe fully and with particularity all objective evidence of non obviousness (secondary indicia of non obviousness) concerning the claimed inventions of the '588 patent; specify all facts and all evidence supporting Reliant's contention that a nexus exists between the objective evidence of nonobviousness and the claimed subject matter; identify all supporting

9

documents, samples, investigations, tests, measurements, analyses, opinions, and testimony; and identify the three people most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 7**

Reliant objects to this interrogatory as improperly requesting Reliant to disprove invalidity when Par bear the burden of proving invalidity by clear and convincing evidence. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004). Reliant further objects to this interrogatory as premature. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

The '588 patent is presumed by statute to be valid and Par cannot meet its burden of proof on invalidity. The claims of the '588 patent cover Reliant's commercially successful Rythmol® SR products. Reliant preliminarily identifies secondary indicia of non-obviousness concerning the claimed inventions of the '588 patent as commercial success, failure of others, long-felt need, acquiescence and copying.

**Interrogatory No. 8**

Identify all validity, infringement, or prior art searches or investigations that have ever been conducted by or on behalf of Reliant relating to the '588 patent including, but not limited to, who conducted the search or investigation, when it occurred, an identification of what was discovered in such search(es) or investigation(s), who received that information, when the search(es) were done, and any documents memorializing the search or investigation, conclusion, findings or documents relating thereto. Identify the three individuals most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 8**

Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

Reliant's counsel at the time, Frommer, Lawrence & Haug, conducted prior art searches on Reliant's behalf in or about June through October 2003. The results of those searches are protected by the attorney-client privilege.

**Interrogatory No. 9**

Identify each person who had knowledge or information concerning the '287 patent prior to October 28, 1997, including, but not limited to, (i) the named inventors of the '588 patent; (ii) the attorneys and individuals associated with or representing Knoll Aktiengesellshaft during the prosecution of the '588 patent; (iii) the attorneys and individuals associated with or representing BASF Aktiengesellschaft during the prosecution of the '287 patent; (iv) individuals now employed, or at one time employed, by Reliant; (v) and any other persons associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749.

**Response to Interrogatory No. 9**

Reliant objects to this interrogatory as overly broad to the extent that it seeks information, documents and things of third parties over which Reliant has no possession, custody or control. Reliant further objects to this interrogatory to the extent that it purports to seek information or knowledge of every person ever employed by Reliant. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

Reliant acquired the '588 patent in or about December 2003, after the patent was issued, and was not involved in the filing or prosecution of U.S. Patent Application Serial No. 08/525,749.

Reliant did not exist prior to October 28, 1997, and therefore, had no knowledge of the '287 patent prior to that date.

11

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (# 1014)
Maryellen Noreika (# 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

June 11, 2007

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to

be served on June 11, 2007 upon the following in the manner indicated:

### VIA ELECTRONIC MAIL
### and HAND DELIVERY

Josy W. Ingersoll, Esquire
Karen L. Pascale, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE  19801

### BY ELECTRONIC MAIL
### and FEDERAL EXPRESS

Edgar H. Haug, Esquire
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY  10151

John B. Harris, Esquire
Stillman, Friedman & Shectman, P.C.
425 Park Avenue
New York, NY  10022

_____
Maryellen Noreika (# 3208)
mnoreika@mnat.com

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-774 (JJF) |
| | ) |
| PAR PHARMACEUTICAL, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO PAR PHARMACEUTICAL, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rule of Civil Procedure 33 and Local Rules 26.1 and 26.2,

Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant" or "Plaintiff") makes the following objections

and responses to Defendant Par Pharmaceutical, Inc.'s ("Par's") First Set Of Requests For The

Production Of Documents And Things To Plaintiff.

Pursuant to Federal Rule of Civil Procedure 26(e), Reliant reserves the right to

supplement its responses if it learns of additional information.

## PLAINTIFF'S GENERAL OBJECTIONS TO PAR'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Reliant makes the following general objections to Defendant's First Set Of

Requests For The Production Of Documents And Things ("General Objections"), which General

Objections are hereby incorporated by reference and made part of its response to each such

request:

1.    Reliant objects to each request to the extent that it seeks to impose

requirements or obligations on Reliant in addition to or different from those imposed by the

Federal Rules Of Civil Procedure or the Local Civil Rules For The District Of Delaware.

2.        Reliant objects to Par's "Definitions and Instructions" to the extent that they purport to impose obligations or requirements in addition to or different from those imposed by the Federal Rules Of Civil Procedure or the Local Rules For The District Of Delaware.

3.        Reliant objects to Par's "Definitions and Instructions" to the extent that they purport to alter the plain meaning or scope of any request, on the ground that such alteration renders the request vague, ambiguous and uncertain.

4.        Reliant objects to Par's definition of "Reliant" and "Plaintiff" as overly broad to the extent that it purports to include individuals, corporations or entities over which Reliant has no control.

5.        Reliant objects to Par's definition of "document" to the extent that it purports to impose obligations or requirements in addition to or different from those imposed by the Federal Rules Of Civil Procedure or the Local Rules For The District Of Delaware.

6.        Reliant objects to Par's definition of "thing" to the extent that it purports to impose obligations or requirements in addition to or different from those imposed by the Federal Rules Of Civil Procedure or the Local Rules For The District Of Delaware.

7.        Reliant objects to Par's definition of "possession," "custody" and "control" as overly broad to the extent that it purports to include individuals, corporations or entities over which Reliant has no control.

8.        Reliant objects to Par's First Set Of Requests For The Production Of Documents And Things to the extent that they seek information, documents or things that are protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or immunity. Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

9.      Reliant objects to Par's First Set Of Requests For The Production Of Documents And Things to the extent that they seek information, documents or things that are not in Reliant's possession, custody or control.

10.     Reliant objects to Par's First Set Of Requests For The Production Of Documents And Things to the extent that they seek information, documents and things that contain confidential information of third parties.

11.     Reliant objects to Par's First Set Of Requests For The Production Of Documents And Things as vague, ambiguous and uncertain to the extent that they seek information, documents or things that are not described with reasonable particularity.

12.     Reliant objects to Par's First Set Of Requests For The Production Of Documents And Things to the extent that they seek information, documents or things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

13.     Reliant objects to Par's First Set Of Requests For The Production Of Documents And Things to the extent that they seek "each," "every," "all," or "any" document or thing requested, and thus purport to impose obligations in addition to, or different from, those imposed by the Federal Rules of Civil Procedure or the Local Rules.

14.     Reliant objects to Par's First Set Of Requests For The Production Of Documents And Things to the extent that they purport to seek documents, things or information generated after November 7, 2006. Except for information related to secondary indicia of non-obviousness, Reliant will not provide any information generated after November 7, 2006 unless and until Par demonstrates the purported relevance of such information and/or how it is reasonably calculated to lead to the discovery of admissible evidence.

3

15.    Reliant objects to Par's First Set Of Requests For The Production Of

Documents And Things to the extent that they purport to require Reliant to produce information

to Frommer Lawrence & Haug LLP, Reliant's former counsel and counsel to Par in this

substantially related matter, prior to the Court's decision on Reliant's Motion for

Disqualification.

16.    Reliant incorporates herein by reference the objections made in response

to Par's First Set of Interrogatories.

### PLAINTIFF'S SPECIFIC OBJECTIONS AND RESPONSES TO PAR'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

#### Production Request No. 1

Each document or thing identified in any of Reliant's responses to interrogatories
served by Par in this action; each document relied on by Reliant in responding to interrogatories
served by Par in this action; and each document or thing the identification of which is requested
in interrogatories served by Par in this action.

#### Response to Production Request No. 1

Reliant objects to this request to the extent that it calls for the production of

documents and things that are protected from discovery by the attorney-client privilege and/or

work-product doctrine.  Subject to this objection and its General Objections, Reliant will produce

responsive, non-privileged documents within its possession, custody or control that are located

after a reasonable search.

#### Production Request No. 2

Each document or thing concerning a conception of any alleged invention claimed
in U.S. Patent No. 5,681,588 ("the '588 patent").

#### Response to Production Request No. 2

Reliant objects to this request as overly broad, unduly burdensome and calling for

the production of documents and things that are neither relevant to any claim or defense in this

4

action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 3**

Each document or thing concerning an initial disclosure of any alleged invention claimed in the '588 patent.

**Response to Production Request No. 3**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 4**

Each document or thing concerning a reduction to practice of any alleged invention claimed in the '588 patent.

**Response to Production Request No. 4**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's

5

possession, custody or control. Subject to these objections and its General Objections, Reliant

will produce any responsive, non-privileged documents within its possession, custody or control

that are located after a reasonable search.

## Production Request No. 5

Each document or thing concerning the research, development, formulation, or
testing of an invention claimed in the '588 patent, including but not limited to research
notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies,
experiments, reports, sketches, interview reports or summaries, clinical data, descriptions of tests
or studies, and results or conclusions reached from such tests or studies.

## Response to Production Request No. 5

Reliant objects to this request as overly broad, unduly burdensome and calling for

the production of documents and things that are neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further

objects to this request to the extent that it seeks documents and things outside Reliant's

possession, custody or control. Subject to these objections and its General Objections, Reliant

will produce any responsive, non-privileged documents within its possession, custody or control

that are located after a reasonable search.

## Production Request No. 6

Each document or thing concerning any data, test results, tables, formulations,
compositions, or pharmaceutical preparations disclosed in the '588 patent.

## Response to Production Request No. 6

Reliant objects to this request to the extent that it seeks documents and things

outside Reliant's possession, custody or control. Subject to this objection and its General

Objections, Reliant will produce any responsive, non-privileged documents within its possession,

custody or control that are located after a reasonable search.

**Production Request No. 7**

Each document or thing concerning the first use, sale, or offer for sale of any alleged invention claimed in the '588 patent.

**Response to Production Request No. 7**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are publicly available and therefore are of no greater burden for Defendant to obtain than for Plaintiff to obtain and produce. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 8**

Each document or thing concerning a novelty, patentability, validity, infringement, or state-of-the-art search or study that pertains to the '588 patent or U.S. Patent Application Serial No. 08/525,749.

**Response to Production Request No. 9**

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

7

## Production Request No. 9

Each document or thing including, but not limited to, patents and publications, found or discovered as a result of a novelty, patentability, validity, infringement, or state-of-the-art search or study pertaining to the '588 patent or U.S. Patent Application Serial No. 08/525,749.

## Response to Production Request No. 9

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 10

Each document or thing concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

## Response to Production Request No. 10

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control.

8

Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 11

Each document or thing concerning a transfer, grant, conveyance, assignment, or license of any interest or right under U.S. Patent No. 4,797,287 ("the '287 patent"), including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

## Response to Production Request No. 11

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control.

## Production Request No. 12

Each document or thing concerning the '287 patent, including, but not limited to any contracts, agreements, understandings, notes, memoranda, analyses, studies, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments currently, or at one time in the possession of (i) the inventors of the '588 patent; (ii) all attorneys and individuals associated with or representing Knoll Aktiengesellshaft during the prosecution of the '588 patent; (iii) all attorneys and individuals associated with or representing BASF Aktiengesellschaft during the prosecution of the '287 patent; (iv) individuals now employed, or at one time employed by Reliant; (v) and any other persons associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749.

## Response to Production Request No. 12

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this

9

litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control.

## Production Request No. 13

Each document or thing concerning a license, release, covenant not to sue, or immunity from suit under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

## Response to Production Request No. 13

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control.

## Production Request No. 14

Each document or thing concerning an attempt by Reliant to license the '588 patent.

10

### Response to Production Request No. 14

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### Production Request No. 15

Each document or thing concerning a threat to sue or a charge of infringement under the '588 patent including, but not limited to, letters threatening suit or charging infringement and notes or memos concerning telephone conversations in which infringement was alleged.

### Response to Production Request No. 15

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### Production Request No. 16

Each document or thing concerning the decision to sue Par or any other person or organization for infringement of the '588 patent, including any notes, memoranda, results of investigations or analyses, letters, e-mails, messages, facsimiles, telecopies, or other communications as well as any enclosures or attachments to any communications.

### Response to Production Request No. 16

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this objection and its General Objections, Reliant will produce any

11

responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 17

Each document or thing concerning the decision to not sue a person or organization for infringement of the '588 patent, including any notes, memoranda, results of investigations or analyses, letters, e-mails, messages, facsimiles, telecopies, or other communications as well as any enclosures or attachments to any communications.

### Response to Production Request No. 17

Reliant objects to this request as overly broad and irrelevant to the extent that it seeks documents or things concerning parties or products not involved to this action. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 18

Each document or thing concerning a meeting, conference, or telephone conversation during which the decision to sue Par was discussed or mentioned, including but not limited to meetings of Reliant's officers or directors.

### Response to Production Request No. 18

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 19

Each document or thing concerning a Par product, brochure, manual, magazine, description, investigation, analysis, meeting, conference, correspondence, or telephone conversation regarding the decision to sue Par.

## Response to Production Request No. 19

Reliant objects to this request as overly broad to the extent that it requests documents or things concerning parties or products not relevant to this action. Reliant further objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 20

Each document or thing concerning any press release concerning this action.

## Response to Production Request No. 20

Reliant objects to this request as calling for the production of documents and things that are publicly available and/or already in the custody of Defendant and therefore are of no greater burden for Defendant to obtain than for Plaintiffs to obtain and produce. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Subject to this objection and its General

13

Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 21**

Each document or thing concerning any press release concerning the '588 patent.

**Response to Production Request No. 21**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are publicly available and/or already in the custody of Defendant and therefore are of no greater burden for Defendant to obtain than for Plaintiffs to obtain and produce. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 22**

Each document or thing concerning any press release concerning any action in which infringement of the '588 patent was alleged.

**Response to Production Request No. 21**

Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are

14

publicly available and/or already in the custody of Defendant and therefore are of no greater burden for Defendant to obtain than for Plaintiffs to obtain and produce. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 23**

Each document or thing concerning the preparation or prosecution of any foreign counterpart of the '588 patent.

**Response to Production Request No. 23**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Production Request No. 24**

Any patent, publication, or other document identified by any third party who has ever questioned or disputed the validity or the enforceability of the '588 patent or any foreign counterpart.

**Response to Production Request No. 24**

Reliant objects to this request, to the extent it seeks documents concerning foreign counterparts, as overly broad and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as vague, ambiguous and uncertain as the terms "questioned" and "disputed" are undefined. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 25**

    Each document or thing concerning U.S. Patent Application Serial No. 08/525,749.

**Response to Production Request No. 25**

    Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 26**

    Each document or thing concerning the preparation or prosecution of U.S. Patent Application Serial No. 08/525,749, and including but not limited to official actions, responses, and references cited during prosecution.

**Response to Production Request No. 26**

    Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 27**

      All drafts of any declarations or other documents submitted to the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749.

**Response to Production Request No. 27**

      Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 28**

      Any patent, publication, or other prior art that was cited, referred to, or relied upon during the prosecution of U.S. Patent Application Serial No. 08/525,749.

**Response to Production Request No. 28**

      Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 29**

Each United States Patent Application relating to propafenone HCl extended-release capsules or methods of using propafenone HCl extended-release capsules, other than U.S. Patent Application Serial No. 08/525,749, including but not limited to:

- complete copies of each file history;
- any initial or preliminary draft of any such patent application;
- drafts of any declarations or other documents submitted to the U.S. Patent Office;
- any patent, publication, or other prior art that was cited, referred to, or relied upon during the prosecution of such patent applications; and
- the preparation or prosecution of any foreign counterpart of any such patent application.

**Response to Production Request No. 29**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents outside Reliant's possession, custody or control. Reliant further objects to this request as calling for the production of documents that are publicly available and therefore are of no greater burden for Defendant to obtain than for Plaintiffs to obtain and produce.

**Production Request No. 30**

Each document or thing concerning an analysis, investigation, inspection, examination, measurement, or test of any product, or use of any product, alleged to infringe the '588 patent, including but not limited to any product according to ANDA 78-540.

18

#### Response to Production Request No. 30

Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks disclosure of third-party, confidential information. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

#### Production Request No. 31

Each document or thing concerning any product alleged to infringe the '588 patent, including but not limited to any product according to ANDA 78-540.

#### Response to Production Request No. 31

Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks disclosure of third-party, confidential information. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Subject to these objections and its General Objections, Reliant will produce responsive, non-

19

privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 32

Each document or thing concerning any communication, understanding, or agreement between Reliant and any third party regarding the validity, infringement, or enforceability of the '588 patent or any foreign counterpart.

## Response to Production Request No. 32

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and irrelevant to the extent that it seeks documents concerning foreign counterparts. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 33

Each document or thing concerning the research, formulation, development, testing, manufacture, production, marketing, sale, distribution, or regulatory approval of Rythmol® SR.

## Response to Production Request No. 33

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents and things concerning the testing, manufacture, production, distribution or regulatory approval of Rythmol® SR. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections, objections to duplicative requests seeking the same documents, and its General Objections, Reliant will produce relevant, responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to demonstrate any relevant aspects of the marketing, sale and regulatory approval of Rythmol® SR.

## Production Request No. 34

A complete copy of NDA 21-416, including but not limited to all amendments, supplements, additions, and annual reports.

## Response to Production Request No. 34

Subject to its General Objections, Reliant will produce relevant excerpts of NDA 21-416 and documents relating to NDA 21-416 that were submitted to the FDA to the extent that such documents or excepts do not include individual patient data.

## Production Request No. 35

A copy of the Chemistry, Manufacturing and Controls section of NDA 21-416.

21

**Response to Production Request No. 35**

           Subject to its General Objections, Reliant will produce relevant excerpts of NDA 21-416 and documents relating to NDA 21-416 that were submitted to the FDA to the extent that such documents or excepts do not include individual patient data.

**Production Request No. 36**

           Each document or thing concerning the preparation or filing of NDA 21-416.

**Response to Production Request No. 36**

           Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce relevant excerpts of NDA 21-416 and documents relating to NDA 21-416 that were submitted to the FDA to the extent that such documents or excepts do not include individual patient data.

**Production Request No. 37**

           Each document or thing concerning a communication or contact with FDA concerning NDA 21-416.

**Response to Production Request No. 37**

           Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as overly broad and unduly burdensome to the extent that it seeks "each"

22

document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce relevant excerpts of NDA 21-416 and documents relating to NDA 21-416 that were submitted to the FDA to the extent that such documents or excepts do not include individual patient data.

## Production Request No. 38

Each document or thing concerning the research, formulation, development, testing, manufacture, production, marketing, sale, distribution, or regulatory approval of any product according to NDA 21-416.

## Response to Production Request No. 38

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as overly broad and irrelevant to the extent that it requests documents and things concerning the testing, manufacture, production, distribution or regulatory approval of Rythmol® SR. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce relevant excerpts of NDA 21-416 and documents relating to NDA 21-416 that were

23

submitted to the FDA to the extent that such documents or excerpts do not reflect or reveal individual patient data.

**Production Request No. 39**

Each document or thing concerning a notice under 21 U.S.C. § 355(j)(2)(B) or 21 C.F.R. § 314.95 that mentions the '588 patent.

**Response to Production Request No. 39**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant further objects to this request to the extent that it seeks disclosure of third-party, confidential information. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 40**

Each document or thing concerning any testing procedure, protocol, or method for testing any product claimed in the '588 patent, including but not limited to any product according to NDA 21-416.

**Response to Production Request No. 40**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects

24

to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 41

Each document or thing concerning any investigation, report, opinion, study, or analysis, whether formal or informal, that relates or refers to the infringement or noninfringement of any claim in the '588 patent.

## Response to Production Request No. 41

Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant also objects to this request as vague and ambiguous as to the phrase "formal or informal." Subject to these objections and its General Objections, Reliant will

25

produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 42**

Each document or thing concerning any investigation, report, opinion, study, or analysis, whether formal or informal, that relates or refers to the validity or invalidity of any claim in the '588 patent.

**Response to Production Request No. 42**

Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant also objects to this request as vague and ambiguous as to the phrase "formal or informal." Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that and are located after a reasonable search.

**Production Request No. 43**

Each document or thing concerning any investigation, report, opinion, study, or analysis, whether formal or informal, that relates or refers to the enforceability or unenforceability of any claim in the '588 patent.

**Response to Production Request No. 43**

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product

26

doctrine. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant also objects to this request as vague and ambiguous as to the phrase "formal or informal." Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### Production Request No. 44

Each document or thing concerning the scope of any claim in the '588 patent.

### Response to Production Request No. 44

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### Production Request No. 45

Each document or thing concerning the meaning of any term, phrase, limitation, or element in any claim in the '588 patent.

### Response to Production Request No. 45

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### Production Request No. 46

Each document or thing concerning the level of ordinary skill in the art to which the '588 patent pertains, including but not limited to patents and publications.

### Response to Production Request No. 46

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### Production Request No. 47

Each document or thing concerning the relevant art for the '588 patent, including but not limited to patents and publications.

### Response to Production Request No. 47

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant objects to this request as overly broad and unduly burdensome to the extent

28

that it seeks "each" document or thing concerning the categories requested. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 48

Each document or thing concerning the relevant technical field for the '588 patent, including but not limited to patents and publications.

## Response to Production Request No. 48

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as vague, ambiguous and uncertain as the phrase "relevant technical field" is undefined. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this objection and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 49

Each document or thing concerning any motivation, or lack thereof, to combine any prior-art teachings to yield an invention claimed in the '588 patent.

## Response to Production Request No. 49

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant objects to this request as overly broad and unduly burdensome to the extent

29

that it seeks "each" document or things concerning the categories requested. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 50**

Each document or thing that Reliant may rely on to establish that any of the following secondary indicia of non obviousness apply to the '588 patent:

- commercial success;

- commercial acquiescence;

- copying;

- long-felt need;

- failure of others;

- professional approval.

**Response to Production Request No. 50**

Subject to its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 51**

Each document or thing concerning whether the claims of the '588 patent cover Rythmol® SR.

**Response to Production Request No. 51**

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General

30

Objections, Reliant will produce any responsive, non-privileged documents within its possession,

custody or control that are located after a reasonable search.

**Production Request No. 52**

          Each document or thing concerning any data or other information showing sales of or prescriptions for Rythmol® SR or propafenone HCl extended-release capsules related medications, including but not limited to:

        (a)     National Drug and Therapeutic Index (NDTI) data;

        (b)     Xponent data and/or Xponent PlanTrak data;

        (c)     Formulary Focus data;

        (d)     IMS data;

        (e)     Scott-Levin data;

        (f)     Calls, Samples, and Details data;

        (g)     Integrated Promotional Services (IPS) data;

        (h)     Early View data.

**Response to Production Request No. 52**

          Reliant objects to this request as overly broad, unduly burdensome and calling for

the production of documents and things that are neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects

to this request as overly broad and unduly burdensome to the extent that it seeks "each"

document or thing concerning the categories requested. Reliant further objects to this request to

the extent that it seeks documents and things outside Reliant's possession, custody or control.

Reliant further objects to this request as calling for the production of documents and things that

are publicly available and therefore are of no greater burden for Defendant to obtain than for

Plaintiff to obtain and produce. Reliant further objects to this request to the extent that it seeks

documents and things located outside of the U.S. Subject to these objections and its General

31

Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to establish Rythmol® SR sales and prescriptions in the U.S. over time.

**Production Request No. 53**

Each document or thing concerning any of the following:

(a)     the total amount of revenue from sales of Rythmol® SR;

(b)     the amount of revenue each month from sales of Rythmol® SR;

(c)     the total gross profit and/or net profit from sales of Rythmol® SR;

(d)     the gross profit and/or net profit each month from sales of Rythmol® SR;

(e)     the total amount spent on marketing or advertising or sales promotion for Rythmol® SR;

(f)     the amount spent each month on marketing or advertising or sales promotion for Rythmol® SR.

**Response to Production Request No. 53**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or things concerning the categories requested. Reliant objects to requests (c), (d), (e), and (f) as irrelevant and overbroad. Reliant further objects to this request as calling for the production of documents and things that are publicly available and therefore are of no greater burden for Defendant to obtain than for Plaintiff to obtain and produce. Reliant further objects to this request to the extent that it seeks documents and things located outside of the U.S. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged

documents within its possession, custody or control, located after a reasonable search, sufficient

to establish total and periodic Rythmol® SR revenue, sales and prescriptions in the U.S. over

time.

## Production Request No. 54

Any report, summary, compilation, or abstract concerning Rythmol® SR prescriptions, sales, revenues, or profits.

## Response to Production Request No. 54

Reliant objects to this request as overly broad, unduly burdensome and calling for

the production of documents that are neither relevant to any claim or defense in this action nor

reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to

this request to the extent that it seeks documents outside Reliant's possession, custody or control.

Reliant further objects to this request as calling for the production of documents that are publicly

available and therefore are of no greater burden for Defendant to obtain than for Plaintiff to

obtain and produce. Subject to these objections and its General Objections, Reliant will produce

responsive, non-privileged documents within its possession, custody or control, located after a

reasonable search, sufficient to establish Rythmol® SR sales and prescriptions in the U.S. over

time.

## Production Request No. 55

Each document or thing concerning the marketing, advertising, or sales promotion of Rythmol® SR.

## Response to Production Request No. 55

Reliant objects to this request as overly broad, unduly burdensome and calling for

the production of documents and things that are neither relevant to any claim or defense in this

action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects

33

to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant further objects to this request as calling for the production of documents and things that are publicly available and therefore are of no greater burden for Defendant to obtain than for Plaintiff to obtain and produce. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, sufficient to establish Rythmol® SR sales and prescriptions in the U.S. over time.

**Production Request No. 56**

All notes, memoranda, and other written records of communications (including "call notes") between Reliant or its agents and any managed-care organization, pharmacy-benefit manager, physician, nurse, pharmacist, or other medical or medical-office personnel concerning Rythmol® SR.

**Response to Production Request No. 56**

Reliant further objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it seeks documents outside Reliant's possession, custody or control.

**Production Request No. 57**

All marketing, sales, or promotional materials concerning Rythmol® SR, including but not limited to:

    (a)    all display booth panels;

(b)    all detail pieces or aids used by and/or provided to sales representatives or detail personnel, including but not limited to ad slicks, flash cards, and shelf-talkers;

(c)    all telemarketing scripts, tele-detailing scripts, selling scripts, detailing scripts and/or verbatims used by and/or provided to sales representatives or detail personnel;

(d)    all materials provided to physicians, managed-care organizations, pharmacy-benefit managers, pharmacists, and/or consumers;

(e)    all advertisements appearing in journals, magazines, and/or newspapers;

(f)    all physician-education materials;

(g)    all patient-education materials;

(h)    copies of any articles published by third-parties (sometimes referred to as reprints) used by and/or provided to sales representatives or detail personnel;

(i)    all press releases, new product releases, catalogs, catalog sheets, price lists, and brochures.

## Response to Production Request No. 57

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "all" document or things concerning the categories requested. Reliant objects to this request as vague, ambiguous and uncertain to the extent that the terms "ad slicks," "flash cards," "shelf-talkers," "tele-detailing scripts," "selling scripts," "detailing scripts" and "verbatims" are undefined. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant further objects to this request as calling for the production of documents and things that are publicly available and therefore are of no greater burden for Defendant to obtain than for Plaintiff to obtain and produce. Subject to these

35

objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 58**

Each document or thing concerning the marketing of Rythmol® SR, including but not limited to:

(a)    all tactical plans, strategic plans, marketing plans, distribution plans, and launch plans;

(b)    all manuals, presentations, product monographs, brochures, and other sales-training materials provided to or used to train sales representatives or detail personnel;

(c)    all market-research materials (including but not limited to surveys conducted by or on behalf of Reliant, scripts used, and results obtained);

(d)    all communications between or among any persons at corporate headquarters, persons in district or regional offices, and sales representatives or detail personnel;

(e)    all notes, handouts, slides, and other presentation materials used at any plan-of-action (POA), launch, and/or other meeting, including but not limited to any launch binders;

(f)    all product forecasts and sales forecasts;

(g)    all launch budgets and marketing budgets;

(h)    all field bulletins from Reliant to its sale representatives or detail personnel.

**Response to Production Request No. 58**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "all" document or things concerning the categories requested. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to

these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control, located after a reasonable search, that are sufficient to demonstrate relevant aspects of the marketing and sale of Rythmol® SR.

**Production Request No. 59**

Each document comparing or contrasting any claim in the '588 patent with any prior art, including, but not limited to the '287 patent.

**Response to Production Request No. 59**

Reliant objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 60**

Each document comparing or contrasting any claim in the '588 patent with any product according to ANDA 78-540.

**Response to Production Request No. 60**

Reliant objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

37

**Production Request No. 61**

Each document comparing or contrasting any claim in the '588 patent with any product according to NDA 21-416.

**Response to Production Request No. 61**

Reliant objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 62**

Each document or thing concerning the best mode known to the inventors for practicing the inventions claimed in the '588 patent, as of the filing date for each patent.

**Response to Production Request No. 62**

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 63**

Each opinion of counsel concerning the '588 patent.

38

**Response to Production Request No. 63**

Reliant objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540.

**Production Request No. 64**

Each document or thing that Reliant may rely on at a hearing or trial of this action.

**Response to Production Request No. 64**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as premature. Subject to these objections and its General Objections, and if appropriate and at the time provided under the Court's Orders, Reliant will produce documents it intends to rely on at hearing or trial.

**Production Request No. 65**

Each document or thing provided to an expert, consultant, or third-party by Reliant or its agent(s) in connection with this action.

**Response to Production Request No. 65**

Reliant objects to this request as premature. Reliant further objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the

discovery of admissible evidence. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search in accordance with the Scheduling Order set by the court.

**Production Request No. 66**

Each communication to or from an expert, consultant, or third-party concerning the '588 patent, the '287 patent, the relevant prior art, Par, Rythmol® SR, or this action.

**Response to Production Request No. 66**

Reliant objects to this request as premature. Reliant further objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant further objects to this request as calling for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search in accordance with the Scheduling Order set by the court.

**Production Request No. 67**

Each document or thing concerning the infringement or non-infringement of the '588 patent.

40

**Response to Production Request No. 67**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request as irrelevant and overbroad to the extent that it seeks documents and things concerning products other than those described by ANDA 78-540. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 68**

Each document or thing evidencing, supporting, contradicting, tending to prove or disprove, or bearing upon any of the allegations in the Amended Complaint.

**Response to Production Request No. 68**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

41

**Production Request No. 69**

Each document or thing concerning the use of Par's product alleged to infringe a claim of the '588 patent.

**Response to Production Request No. 69**

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to this objection and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 70**

Each document or thing concerning the validity or invalidity of the '588 patent, including but not limited to patents and publications.

**Response to Production Request No. 70**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 71**

Each document or thing concerning the enforceability or unenforceability of the '588 patent, including but not limited to patents and publications.

**Response to Production Request No. 71**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 72**

Each document concerning delaying generic competition in the market for propafenone HCl extended-release capsules.

**Response to Production Request No. 72**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request as vague, ambiguous and uncertain to the extent that the phrase "delaying generic competition" is undefined. Reliant further objects to this request to the extent that it calls for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine.

43

**Production Request No. 73**

Each document or thing concerning any aspect of the United States market or segment thereof for any product, service, method, or combination thereof that Reliant contends embodies the subject matter claimed in the '588 patent, including but not limited to the identification of competitors and their offerings, market potential, market size, market shares, market segments, and current or anticipated trends affecting demand.

**Response to Production Request No. 73**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

**Production Request No. 74**

Each document concerning any valuation of the '588 patent.

**Response to Production Request No. 74**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it calls for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents outside Reliant's possession, custody or control.

**Production Request No. 75**

Each document concerning the organizational relationship of Reliant, including all parent divisions, subsidiaries or affiliates.

**Response to Production Request No. 75**

        Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and its General Objections, Reliant will produce representative organizational charts.

**Production Request No. 76**

        Documents sufficient to establish the organizational responsibilities of each person at Reliant who has or had at any time any involvement in the research, formulation, development, testing, manufacture, production, marketing, sale, distribution, or regulatory approval of any product according to NDA 21-416.

**Response to Production Request No. 76**

        Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and its General Objections, Reliant will produce representative organizational charts.

**Production Request No. 77**

        Documents sufficient to establish Reliant's organizational structure for research, formulation, development, testing, manufacture, production, marketing, sale, distribution, and regulatory approval of pharmaceutical products.

**Response to Production Request No. 77**

        Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and its General Objections, Reliant will produce representative organizational charts.

**Production Request No. 78**

Each document concerning Reliant's practice, policy, or procedure for the retention of documents and/or classes or categories of documents, including but not limited to e-mail Communications, spreadsheets, presentation materials, and word-processing materials; and if applicable, each document or thing concerning these subjects for each division/unit/subgroup within Reliant for which there is a different practice, policy, or procedure.

**Response to Production Request No. 78**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it calls for the production of documents that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Subject to these objections and its General Objections, and to the extent that any such documents exist, Reliant will produce responsive, non-privileged documents within its possession, custody or control sufficient to demonstrate its document retention policies.

**Production Request No. 79**

A copy of each page that is or has been posted on any of the following websites:

- www.Reliant.com
- www.reliantrx.com/health/rythmol.html

**Response to Production Request No. 79**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant further objects to this request to the extent that it seeks documents outside Reliant's possession, custody or control. Reliant further objects to this request as calling for the production of documents that are publicly

46

available and therefore are of no greater burden for Defendant to obtain than for Plaintiff to obtain and produce. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 80

Any English translation of any foreign-language document requested in Par's production requests.

## Response to Production Request No. 80

Subject to its General Objections and the specific objections to each of Par's document requests, Reliant will produce responsive, non-privileged translations of foreign language documents within its possession, custody or control to the extent that those documents exist and are located after a reasonable search.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (# 1014)
Maryellen Noreika (# 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Plaintiff*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

June 11, 2007

47

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to

be served on June 11, 2007 upon the following in the manner indicated:

### VIA ELECTRONIC MAIL
### and HAND DELIVERY

Josy W. Ingersoll, Esquire
Karen L. Pascale, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801

### BY ELECTRONIC MAIL
### and FEDERAL EXPRESS

Edgar H. Haug, Esquire
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

John B. Harris, Esquire
Stillman, Friedman & Shectman, P.C.
425 Park Avenue
New York, NY 10022

Maryellen Noreika (# 3208)
mnoreika@mnat.com