REDACTED VERSION – PUBLICLY FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |

## DECLARATION OF JOHN G. TAYLOR IN SUPPORT OF
## DEFENDANT'S MOTION TO COMPEL DISCOVERY

I, John G. Taylor, declare:

1.      I am a partner in the law firm of Frommer Lawrence & Haug LLP ("FLH"),

counsel for defendant Par Pharmaceutical, Inc. ("Par"). I submit this declaration in support of

Par's motion to compel discovery from plaintiff Reliant Pharmaceuticals, Inc. ("Reliant"). I

have personal knowledge of the facts set forth in this declaration, or I believe them to be true

based upon my investigation and information provided to me by other knowledgeable persons.

2.      Reliant is the holder of approved NDA No. 21-416 for Rythmol® SR brand

propafenone HCl extended release capsules. Reliant is also the current assignee of the '588

patent, which is listed in the Orange Book for Rythmol® SR. Par's ANDA No. 78-540 for a

generic version of Rythmol® SR includes a paragraph IV certification for the '588 patent. As

required, Par sent Reliant a Paragraph IV notice letter on November 7, 2006 after FDA accepted

for filing Par's ANDA submission regarding 325 mg propafenone HCl extended release

capsules. Par sent Reliant another notice letter on January 10, 2007 after FDA accepted for filing

Par's ANDA submission regarding 225 mg and 425 mg propafenone HCl extended release

capsules. Par's notice letters contained detailed explanations of the factual and legal bases for

Par's belief that the '588 patent is invalid, unenforceable, and not infringed by Par's proposed

product.

3.      Par's notice letters also included an Offer for Confidential Access ("OCA") to

Par's ANDA. Reliant signed and returned the OCA to Par on November 22, 2006. While Par

was preparing to send its ANDA to Reliant, and with approximately one week remaining in the

45-day statutory period, Reliant sued Par on December 19, 2006. On April 25, 2007, Par sent

Reliant a copy of its ANDA and samples of its proposed product in response to a letter request

from Reliant's counsel.

4.      On May 30, 2007, I was advised by Karen Pascale, an attorney at Par's local

counsel, Young Conaway Stargatt & Taylor LLP, that she had received a call from Judge

Farnan's chambers informing her that Reliant's motion for disqualification would be decided on

the papers without oral argument.

5.      In a letter dated July 16, 2007, Reliant's counsel stated that "Reliant will not

produce documents or things to FLH until final resolution of Reliant's Motion To Disqualify

FLH." This was the first time Reliant's counsel informed Par of Reliant's position. Reliant did

not advise Par or the Court of its position on document production when it agreed to the August

24, 2007 deadline for completion of document production, even though there was a possibility

that its disqualification motion might not be decided until near the end of the discovery period.

6.      Counsel for Reliant and Par held a telephone conference on August 1, 2007 to

discuss discovery issues and the Court's July 25, 2007 Order denying Reliant's motion to

disqualify FLH. During that call, Reliant's counsel, Gerald J. Flattmann, Jr., stated that Reliant

was extending the deadline for completion of document production and contention
interrogatories by 30 days, as allowed by the Court's July 25 Order. Mr. Flattmann also stated
that Reliant was "ready to start streaming documents" to Par. When asked directly by Par's
counsel, James K. Stronski, when Reliant would produce documents and amend its interrogatory
answers, Mr. Flattmann said that they would get back to Par "promptly." Mr. Stronski
specifically advised Reliant's counsel that Par needed to receive Reliant's documents and
amended interrogatory answers by the middle of August to allow Par to move to compel, if
necessary, in time to be heard on the Court's last motion hearing date before the September 24,
2007 discovery deadline.

7.      Attached hereto as Exhibit 1 is a true and complete copy of Defendant's
Objections and Responses to Plaintiff's First Set of Interrogatories, served June 18, 2007.

8.      Attached hereto as Exhibit 2 is a true and complete copy of a letter from John G.
Taylor to Gerald Flattmann, Jr., dated July 11, 2007 (without enclosure).

9.      Attached hereto as Exhibit 3 is a true and complete copy of a letter from John G.
Taylor to Christine Willgoos, dated April 25, 2007 (without enclosures).

10.      Attached hereto as Exhibit 4 is a true and complete copy of a letter from James K.
Stronski to Christine Willgoos, dated July 23, 2007 (without enclosures).

11.      Attached hereto as Exhibit 5 is a true and complete copy of a letter from James K.
Stronski to Christine Willgoos, dated August 3, 2007 (without enclosures).

12.      Attached hereto as Exhibit 6 is a true and complete copy of a letter from Christine
Willgoos to John G. Taylor, dated July 16, 2007.

13.      Attached hereto as Exhibit 7 is a true and complete copy of a letter from James K.
Stronski to Gerald Flattmann, Jr., dated July 23, 2007.

14. Attached hereto as Exhibit 8 is a true and complete copy of a letter from Christine Willgoos to James K. Stronski, dated July 26, 2007.

15. Attached hereto as Exhibit 9 is a true and complete copy of a letter from John G. Taylor to Gerald Flattmann, Jr., dated August 8, 2007 (without enclosures).

16. Attached hereto as Exhibit 10 is a true and complete copy of a letter from Christine Willgoos to John G. Taylor, dated August 10, 2007.

17. Attached hereto as Exhibit 11 is a true and complete copy of a letter from John G. Taylor to Gerald Flattmann, Jr., dated August 20, 2007.

18. Attached hereto as Exhibit 12 is a true and complete copy of a letter from Christine Willgoos to John G. Taylor, dated August 21, 2007.

19. Attached hereto as Exhibit 13 is a true and complete copy of an e-mail from Christine Willgoos to John G. Taylor, dated August 23, 2007.

20. Attached hereto as Exhibit 14 is a true and complete copy of a letter from John G. Taylor to Christine Willgoos, dated August 13, 2007.

21. Attached hereto as Exhibit 15 is a true and complete copy of an e-mail from John G. Taylor to Gerald Flattmann, Jr. and Christine Willgoos, dated August 22, 2007.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this _23rd_ day of August, 2007, at New York, New York.

John G. Taylor

4

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on August 30, 2007, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on August 30, 2007, I caused a copy of the foregoing document to be

served on the above-listed counsel and on the following non-registered participants in the

manner indicated:

### *By E-Mail and Hand Delivery*

> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

### *By E-Mail and FedEx*

> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY 10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,
Par Pharmaceutical, Inc.*

# EXHIBIT 1

# REDACTED

# EXHIBIT 2

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York                    www.flhlaw.com
745 Fifth Avenue
New York, NY 10151          Washington, DC
Telephone: (212) 588-0800   Tokyo
Fax: (212) 588-0500

July 11, 2007

**John G. Taylor**
JTaylor@flhlaw.com

<u>**VIA E-MAIL**</u>

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF (D. Del)

Dear Gerald:

        Enclosed is a proposed stipulated protective order to govern the conduct of discovery and
the handling of protected information in this action. Please review the proposed order and let us
know if it is acceptable to Reliant as soon as possible.

        In order to move document production along, we propose that the parties produce
documents while a protective order is negotiated and treat all confidential documents produced
as outside-counsel-only material until a protective order is entered. Please let us know if Reliant
will agree to proceed in this manner. Par expects to be in a position to begin producing
documents responsive to Reliant's requests—in addition to the samples and ANDA already
produced in April—next week. Please advise us when Reliant will be in a position to begin its
document production.

        Finally, we note that Reliant's responses to Par's first set of interrogatories state that your
firm will be representing the inventors of U.S. Patent No. 5,681,588 ("the '588 patent"). *See*
Response to Interrogatory No. 1. We intend to take the depositions of the inventors this Fall.
Please confirm that Reliant is collecting and will produce responsive documents in the
possession, custody and control of the inventors of the '588 patent and will make them available
for depositions in New York this Fall. We also intend to take the depositions of the prosecuting
attorneys and individuals at Knoll, BASF and Abbott who the documents reveal to have
knowledge relevant to issues in this action. Please advise us immediately whether your firm
represents any of these parties and, if so, confirm that Reliant is collecting and will produce

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
July 11, 2007
Page 2

responsive documents in the possession, custody and control of these parties and will make them
available for depositions in New York at mutually convenient times.

Sincerely,

John G. Taylor

Encl.

Cc:    Jack B. Blumenfeld, Esq.
       Christine Willgoos, Esq.
       Josy E. Ingersoll, Esq.
       Karen L. Pascale, Esq.

00461399.DOC

# EXHIBIT 3

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

April 25, 2007

**John G. Taylor**
JTaylor@flhlaw.com

**VIA E-MAIL (w/o encls.) AND FEDERAL EXPRESS**

Christine Willgoos, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No 06-774-JJF

Dear Christine:

In response to your November 22, 2006 letter to Par's Steven Engel, and as part of Par's initial disclosures pursuant to Fed. R. Civ. P 26(a)(1) and D. Del. LR 16.2, we enclose a copy of Par's ANDA No. 78-540 for Propafenone Hydrochloride SR Capsules, 225 mg, 325 mg, and 425 mg (Bates Nos. PAR000001 - PAR002016), and the following samples:

1.    60 Propafenone HCl SR capsules for each dosage strength of Par's proposed capsules: 225 mg (Lot#: 18235306; Bates No. PAR002017), 325 mg (Lot#: 18287201; Bates No. PAR002018), and 425 mg (Lot#: 18209706; Bates No. PAR002019);

2.    10 g from each of three lots of the Active Pharmaceutical Ingredient (API) to be used in Par's proposed capsules (Lots# 502949, 505340, and 504159; Bates Nos. PAR002020, PAR002021, and PAR002022, respectively); and

3.    80 g Propafenone HCl SR granules (Batch # RB062 S 087; Bates No PAR002023).

Christine Willgoos, Esq.
April 25, 2007
Page 2

The enclosed ANDA and samples are being produced subject to the terms of Par's Offer of Confidential Access and Confidentiality Agreement ("OCA") until a protective order governing the handling of discovery materials is entered in this case. The OCA, among other things, restricts access to the enclosed materials to: (i) outside counsel engaged by Reliant; (ii) no more than two in-house counsel or members of the Intellectual Property Department who have no patent prosecution responsibilities and who are identified to Par; and (iii) independent consultants and experts assisting in the evaluation of the ANDA and samples on behalf of Reliant. If you intend to provide Reliant in-house counsel with access to the enclosed materials, please notify us of their names and respective positions within Reliant before doing so.

Very truly yours,

John G. Taylor

Encls.

cc:     Gerald J. Flattmann, Jr., Esq. (via e-mail w/o encls.)
        Jack B. Blumenfeld, Esq. (via e-mail w/o encls.)
        Josy W. Ingersoll, Esq. (via e-mail w/o encls.)
        Karen L. Pascale, Esq. (via e-mail w/o encls.)

# EXHIBIT 4

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                   www.flhlaw.com
745 Fifth Avenue
New York, NY 10151         Washington, DC
Telephone: (212) 588-0800  Tokyo
Fax: (212) 588-0500

July 23, 2007

**James K. Stronski**
JStronski@flhlaw.com

## VIA E-MAIL (w/o encls.) AND HAND DELIVERY (w/ encls.)

Christine Willgoos, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF

Dear Christine:

    Enclosed are Par production documents bearing Bates Nos. PAR002024-006361. As discussed in our July 11, 2007 letter to Gerald Flattmann, Par produces these documents on an outside-counsel-only basis until a protective order is entered in this action. Please let us know immediately if this is unacceptable to Reliant.

Very truly yours,

James K. Stronski

Encls.

cc:    Gerald J. Flattmann, Jr., Esq. (via e-mail w/o encls.)
       William T. Vuk, Esq. (via e-mail w/o encls.)
       Jack B. Blumenfeld, Esq. (via e-mail w/o encls.)
       Josy W. Ingersoll, Esq. (via e-mail w/o encls.)
       Karen L. Pascale, Esq. (via e-mail w/o encls.)

00466774.DOC

# EXHIBIT 5

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

August 3, 2007

**James K. Stronski**
JStronski@flhlaw.com

### VIA E-MAIL (w/o encls.) AND HAND DELIVERY (w/ encls.)

Christine Willgoos, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF

Dear Christine:

Enclosed are Par production materials bearing Bates Nos. PAR006362-008481. As discussed in our July 11, 2007 letter to Gerald Flattmann and agreed during our August 1, 2007 telephone conference, Par produces these materials on an outside-counsel-only basis until a protective order is entered in this action

Very truly yours,

James K. Stronski

Encls.

cc:    Gerald J. Flattmann, Jr., Esq. (via e-mail w/o encls.)
       William T. Vuk, Esq. (via e-mail w/o encls.)
       Jack B. Blumenfeld, Esq. (via e-mail w/o encls.)
       Josy W. Ingersoll, Esq. (via e-mail w/o encls.)
       Karen L. Pascale, Esq. (via e-mail w/o encls.)

00470477.DOC

# EXHIBIT 6

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

July 16, 2007

<u>VIA EMAIL</u>

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

I write in response to your July 11, 2007 letter to Gerald Flattmann and attached Proposed Protective Order.

As you are well aware, Reliant objects to Frommer Lawrence & Haug's ("FLH") representation of Par in this matter that is substantially related to FLH's previous representation of Reliant regarding the acquisition of Rythmol® SR and the patent-in-suit. Accordingly, as set forth in Reliant's Objections and Responses to Par's First Set of Requests For the Production of Documents and Things, Reliant will not produce responsive documents or things to FLH until final resolution of Reliant's Motion To Disqualify FLH.

However, to avoid further delay once the motion is decided, Reliant is willing to negotiate the terms of the Protective Order to be entered in this action. Par's proposed Protective Order contains several provisions of concern to Reliant. I will send you a redline version of the proposed Protective Order with Reliant's modifications shortly.

Your reference to "prosecuting attorneys and individuals at Knoll, BASF, and Abbott who the documents reveal to have knowledge relevant to issues in this action" is uninformative. Please identify the individuals to whom you refer so that I may respond to your inquiry as to whether or not they are represented by Kirkland & Ellis.

Sincerely,

Christine Willgoos

CW/lesr

Attachment

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

# EXHIBIT 7

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

July 23, 2007

**James K. Stronski**
JStronski@flhlaw.com

BY FACSIMILE AND EMAIL

**Confidential**

Gerald J. Flattman, Jr.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
       Civil Action No. 06-774-JJF (D.Del.)

Dear Gerald:

        This letter addresses Reliant's unilateral refusal to produce documents or substantively answer interrogatories.

        **Reliant's Failure to Answer Discovery Is Improper**

        Your colleague's July 16 letter states "Reliant will not produce responsive documents or things until the motion to disqualify is resolved."[1] No authority is cited for Reliant's refusal to produce documents. No stay of discovery has been sought or obtained, and none would be appropriate here. And as you are well aware, Reliant agreed to the current schedule, which was incorporated in the Court's March 28, 2007 Rule 16 Scheduling Order. Not only is Reliant's continuing refusal to provide written discovery improper, but it represents a course of conduct that is contemptuous of that order, which requires that "[e]xchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by August 24, 2007."[2]

        Reliant also has not substantively answered Par's interrogatories, including those seeking information and contentions directed to infringement (Interrogatory 3), claim construction (Interrogatory 4), the identification of specific dates and documents concerning the '588 patent[3] and product claimed by it (Interrogatory 5), the identification of the technical areas and level of ordinary skill in the art for the '588 patent (Interrogatory 6), and the identification of objective indicia of non-obviousness concerning the '588 patent (Interrogatory 7). As an example, Reliant's failure to provide any substantive information regarding or explanation of its infringement contentions is particularly improper because Reliant has had Par's notice letters for

---

[1] July 16, 2007 letter from Christine Willgoos to John Taylor, responding to July 11, 2007 letter from John Taylor.

[2] March 28, 2007 Rule 16 Scheduling Order, ¶ 3(a).

[3] U.S. Patent No. 5,681,588.

Gerald J. Flattman, Jr.                                         **Confidential**
July 23, 2007
Page 2 of 3

over six months and Par's ANDA and samples of its product for over three months. Par is
entitled to substantive answers to all its interrogatories now and well in advance of the August 24
cutoff.

Reliant also has failed to provide basic information about the identification and
representation of witnesses central to this case, and their documents. Your colleague's July 16
letter failed to respond to our July 11 letter asking that you confirm that your firm is collecting
and will produce responsive documents in the possession, custody and control of the inventors of
the '588 patent and that you will make them available for depositions in New York. We assume
from your silence that you are collecting those documents, that you will produce them as
provided by this Court's Rule 16 Scheduling Order, and then make these witnesses available in
New York for their depositions.

Our July 11 letter also asked whether your firm represents the attorneys who prosecuted
the '588 patent and individuals at Knoll, BASF, and Abbott with relevant information, and
whether you would be producing their documents and making them available for depositions in
New York. Reliant's July 16 response was that you can not respond to our inquiry because our
"reference to 'prosecuting attorneys and individuals at Knoll, BASF, and Abbott who the
documents reveal to have knowledge relevant to issues in this action' is uninformative." The
identity of the "prosecuting attorneys" is a matter of public record and are known to you:
Norman F. Oblon, Esq. and C. Irvin McClelland of Oblon, Spivak, McClelland, Maier &
Neustad, P.C. Please advise whether you represent them, and whether you are collecting and
producing their documents as provided by this Court's Rule 16 Scheduling Order and making
them available for depositions.

Regarding the "individuals at Knoll, BASF, and Abbott" referenced in our July 11 letter,
Reliant has improperly withheld all documents responsive to our document requests, making it
impossible for us to determine who at those companies might have relevant information.
Accordingly, we ask that you advise us immediately whether you represent anyone at these
companies and whether you are collecting and producing their documents in response to our
requests. In this regard, please also immediately produce all agreements relating to Reliant's
acquisition of Rythmol® and the '588 patent from Abbott, including specifically any agreement

00467384

Gerald J. Flattman, Jr.                                    **Confidential**
July 23, 2007
Page 3 of 3

that concerns any right of Reliant to seek the assistance of Abbott, BASF or Knoll (or any related
person or entity) on patent, regulatory or litigation matters concerning Rythmol® or the '588
patent, and/or the obligation of Abbott, BASF or Knoll (or any related person or entity) to
cooperate or provide assistance to Reliant on such matters.

Very truly yours,

James K. Stronski

cc:    Christine Willgoos, Esq. (via e-mail)
       Jack B. Blumenfeld, Esq. (via e-mail)
       Josy W. Ingersoll, Esq. (via e-mail)
       Karen L. Pascale, Esq. (via e-mail)

3                                                          00467384

# EXHIBIT 8

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

July 26, 2007

**VIA EMAIL**

Jim Stronski, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York  10151

> Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
>        Civil Action No. 06-774-JJF (D. Del.)

Dear Jim:

I write in response to your July 23, 2007 letter to Gerald Flattmann.

Your letter mischaracterizes Reliant's position with regard to discovery in this action and misquotes my July 16, 2007 letter to John Taylor. Reliant objects to FLH's continued violation of its ethical duties to its former client Reliant. Accordingly, as stated in my July 16th letter, "Reliant will not produce responsive documents or things *to FLH* until final resolution of Reliant's Motion To Disqualify FLH." *See* July 16, 2007 letter from Christine Willgoos to John Taylor (emphasis added). If Par and FLH are truly interested in timely resolution of this matter, FLH should honor its ethical obligations to its former client Reliant and withdraw from representing Par in this substantially related matter.

Indeed, Reliant has recently discovered additional contemporaneous documentary evidence that demonstrates the inaccuracy of FLH's declarations to the Court regarding its former representation of Reliant. I attach a non-privileged document[1] that sets forth the agenda for a June 30-July 1, 2003 meeting between Reliant and Abbott regarding Reliant's potential acquisition of the patent and drug at issue in this litigation. Arthur Hoag is listed as an attendee and described as Reliant's "IP Counsel." This document supports Reliant's assertions that FLH

---

[1]    The non-privileged meeting agenda attaches a Confidential Descriptive Memorandum provided to Reliant by Abbott pursuant to a confidentiality agreement. This memorandum was previously provided in redacted form to Par as an exhibit to Reliant's briefing of the disqualification motion.

## KIRKLAND & ELLIS LLP

Jim Stronski, Esq.
July 26, 2007
Page 2


began its representation of Reliant with respect to the Rythmol® acquisition at least as early as June 2003 and that current FLH partners were involved in and have confidential information regarding that acquisition.

Moreover, your request for agreements relating to Reliant's acquisition of Rythmol® and the '588 patent from Abbott further demonstrates the ethical conflict inherent in FLH's representation of Par in this matter. As admitted in Ed Haug's May 9, 2007 declaration, FLH is already in possession of a draft of at least one such agreement, the Assignment of Patents between Reliant and Abbott. *See* May 9, 2007 Declaration of Edgar H. Haug In Opposition To Reliant Pharmaceuticals Inc.'s Motion to Disqualify Frommer Lawrence & Haug LLP, 21.

Thus, Reliant once again requests that FLH resolve its ethical conflict by immediately withdrawing from its representation of Par. If FLH continues in its refusal to do so, Reliant may bring its newly discovered document evidencing this conflict to the Court's attention.

Regarding Reliant's responses to Par's interrogatories, Reliant maintains that its responses are appropriate for this early stage of fact discovery. As asserted in Reliant's responses, Reliant will supplement its answers to Par's discovery requests as discovery progresses.

Further to your inquiries regarding Kirkland & Ellis' representation of third parties to this action, as set forth in Reliant's Initial Disclosures, Kirkland & Ellis will represent Karl Kolter, Helmut Frike, Volker Bueller, Herbert Mueller-Peltzer, Thomas Moest and Claus Pich. Reliant has not represented that it has control over any of these third parties or the ability to compel their attendance at depositions in the U.S. or abroad.

Mr. Oblon has indicated that his firm will not appear voluntarily in this action. If Par chooses to subpoena any attorneys from Oblon Spivak, Kirkland & Ellis will represent them jointly with Mr. Michael McCabe of Oblon Spivak.

Sincerely,

Christine Willgoos

CW/lesr

# Abbott Laboratories
## Rythmol Due Diligence

| Date | June 30-July 1 | Location | Abbott Park, IL. |
|------|----------------|----------|-------------------|

**Attendees**

**Reliant**

| | |
|---|---|
| Joseph Krivulka | President |
| Stefan Aigner | EVP Business Development |
| Kip Martin | Director Business Development |
| George Bobotas | VP, Scientific Affairs |
| Keith Rotenberg | SVP, R&D |
| Tony DePadova | VP, Clinical Development |
| Michael Lerner | General Counsel |
| Jim Misner | Executive Director, Marketing |
| Arthur Hoag | IP Counsel (3rd Party) |

**Abbott**

| | |
|---|---|
| Jeff Drajesk | Global Operations Director, Out Patient Cardiovascular |
| John Fitz Gerald | Senior Manager, Licensing & New Business Development, Americas |
| Fran Jagla | Senior Counsel, Trademark |
| Quintin Noble | Manager, Financial Planning and Analysis |
| Larry Pope | Senior Counsel, IP |
| Deniz Razon | Senior Product Manager, Cardiovascular |
| Marcel Reid | Operations Project Manager |
| Marilou Reed | Associate Director Regulatory Affairs |
| Allen Rosenston | Manager, Contract Manufacturing Services |
| Sue Semla, PhD | Senior Project Manager, Pharmaceutical Analytical Research & Development |
| James Steck | Senior Manager, Scientific and Technical Assessment |
| Bob Stewart | Director of Operations |
| Jerald Wenker | Divisional Vice President, Licensing & New Business Development, Americas |

| Time | Subject | Presenter | Room |
|------|---------|-----------|------|
| **Monday June 30** | | | |
| 12.30 | Open / Introductions | All | AP6D – Corporate Licensing Conf Room |
| 12.40 | CMC/Formulation/Manufacturing | Sue Semla/Bob Stewart | |
| 01.30 | Clinical Development | Jeff Drajesk | |
| 02.00 | Break | | |
| 02.15 | Regulatory | Marilou Reed | |
| 02.40 | Commercial and Marketing | Deniz Razon | |
| 03.40 | Trademark | Fran Jagla | |
| 04.00 | Intellectual Property | Larry Pope | |
| 04.15 | Close | | |
| | | | |
| **Tuesday July 1** | | | |
| 08.30 | Open / Data room | | AP34-2 Global Licensing Conf Room |
| 05.00 | Follow-up / Close | | |

CONFIDENTIAL

# EXHIBIT 9

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC

Tokyo

**John G. Taylor**
JTaylor@flhlaw.com

August 8, 2007

<u>**BY E-MAIL AND HAND DELIVERY**</u>

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       <u>Civil Action No. 06-774-JJF (D. Del)</u>

Dear Gerald:

Further to our August 1, 2007 telephone conference, enclosed are document subpoenas for the following individuals and companies:

1. Karl Kolter;

2. Helmut Fricke;

3. Volker Bueller;

4. Herbert Mueller-Peltzer;

5. Thomas Moest;

6. Claus Pich;

7. Abbott Laboratories, Inc.;

8. Knoll Aktiengesellschaft; and

9. BASF Aktiengesellschaft.

With respect to each of these parties, please advise us immediately whether Kirkland & Ellis represents them, whether Kirkland & Ellis accepts service of the subpoenas on their behalf, and whether they will voluntarily produce documents sought in the subpoenas and appear for depositions at mutually convenient times and places. In this regard, we repeat the request in our July 23, 2007 letter that Reliant immediately produce all agreements and related documents concerning Reliant's acquisition of Rythmol® and the '588 patent from Abbott, including specifically any agreement that concerns any right of Reliant to seek the assistance of the inventors, Abbott, BASF or Knoll (or any related person or entity) on patent, regulatory or litigation matters concerning Rythmol® or the '588 patent, and/or the obligation of the inventors,

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
August 8, 2007
Page 2

Abbott, BASF or Knoll (or any related person or entity) to cooperate or provide assistance to
Reliant on such matters.

Finally, please advise us immediately when Reliant is going to begin producing
documents and when it is going to provide amended responses to Par's first set of interrogatories.
At the beginning of our August 1 telephone conference, you said that Reliant was "ready to start
streaming documents" to us. When we asked you later during the telephone conference when
Reliant would produce documents and amend its interrogatory responses, you stated that you
would get back to us promptly. Although Reliant took the unfounded position that it would not
produce documents until the motion to disqualify was decided, it nevertheless should have
collected and prepared documents in response to Par's requests so that they could be produced
consistent with the Court's scheduling orders. With respect to interrogatory responses, Reliant
has not provided substantive responses to any of Par's contention interrogatories. The statement
in Christine Willgoos' July 26, 2007 letter that Reliant's "responses are appropriate for this early
stage of discovery" is unsatisfactory. Although Reliant may supplement its responses as
discovery progresses, Par is entitled to substantive responses now. As we pointed out in our July
23 letter, Reliant has had Par's notice letters for over six months and has had Par's ANDA and
samples for more than 3 months. There is no excuse for Reliant not providing substantive
information in response to Par's interrogatories seeking infringement contentions.

Sincerely,

John G. Taylor

Encls.

Cc:    Jack B. Blumenfeld, Esq. (via e-mail only)
       Christine Willgoos, Esq. (via e-mail only)
       Josy E. Ingersoll, Esq. (via e-mail only)
       Karen L. Pascale, Esq. (via e-mail only)

# EXHIBIT 10

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

Facsimile:
(212) 446-4900

August 10, 2007

**VIA EMAIL**

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

I write in response to your August 8, 2007 letter to Gerald Flattmann.

Thank you for providing courtesy copies of the subpoenas you intend to serve. Kirkland & Ellis represents Drs. Kolter, Frike, Bueller, Mueller-Peltzer, Moest and Pich. We are not, however, authorized to accept subpoenas on their behalf.

None of Drs. Kolter, Frike, Bueller, Mueller-Peltzer, Moest and Pich are currently, or ever have been, employees of Reliant. Reliant has no control over them. However, in an effort to facilitate discovery, Kirkland & Ellis will ask them if they would be willing to voluntarily produce documents or appear for deposition in this action in the United States.

Kirkland & Ellis does not represent Abbott Laboratories, Inc., Knoll AG, or BASF AG in this action.

Pursuant to the Court's July 25, 2007 Order, either party may extend, without leave of Court, the time to comply with paragraph 3 of the March 28, 2007 Scheduling Order by 30 days. Reliant advised you during our August 1, 2007 teleconference that it was extending that date, and thus has until September 24, 2007 to comply with paragraph 3 of the Scheduling Order. Reliant will begin its document production shortly and supplement its interrogatory responses in order to timely meet its discovery obligations. Reliant's document production will include the agreements you request, subject to the objections made in its June 11, 2007 Objections and Responses.

Chicago    Hong Kong    London    Los Angeles    Munich    San Francisco    Washington, D.C.

KIRKLAND & ELLIS LLP

John Taylor, Esq.
August 10, 2007
Page 2


        Moreover, although Par produced its ANDA and samples, it did so pursuant to the Offer of
Confidential Access, which does not permit disclosure to experts for purposes of litigation preparation.
Reliant will be in a better position to provide more complete substantive answers to Par's interrogatories
once it is able to consult with its experts. Now that the Protective Order has been filed, we should be able
to do that shortly.

                                    Sincerely,

                                    Christine Willgoos

CW/lesr

# EXHIBIT 11

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

August 20, 2007

**John G. Taylor**
JTaylor@flhlaw.com

## BY E-MAIL AND FIRST CLASS MAIL

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF (D. Del)

Dear Gerald:

        We write concerning Reliant's failure to produce any documents or to provide substantive answers to any interrogatories despite Par's repeated requests and Reliant's repeated assurances—both written and oral—that documents and interrogatory answers were forthcoming. *See* Frommer Lawrence & Haug letters dated July 11, July 23, August 8, and August 13, 2007 and Kirkland & Ellis letters dated July 16, July 26, and August 10, 2007.

        During our August 1 telephone conference, we specifically advised you that we needed to receive Reliant's responsive documents and substantive interrogatory answers by the middle of August so that Par could, if necessary, make a motion to compel in time to be heard before the September 23 deadline for completion of document production and contention interrogatories. Judge Farnan's last motion hearing date before the September 23 deadline is September 21. Under Judge Farnan's individual rules, the last day a motion can be filed to be heard on the September 21 hearing date is Thursday, August 23. Accordingly, if we do not receive substantial and meaningful production of documents responsive to Par's first set of document requests and substantive answers to Par's first set of interrogatories by Wednesday, August 22, we will have no choice but to file a motion to compel on August 23.

Sincerely,

John G. Taylor

cc:    Jack B. Blumenfeld, Esq. (via e-mail only)    Josy E. Ingersoll, Esq. (via e-mail only)
       Christine Willgoos, Esq. (via e-mail only)    Karen L. Pascale, Esq. (via e-mail only)

# EXHIBIT 12

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

Facsimile:
(212) 446-4900

August 21, 2007

**VIA EMAIL**

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

    Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

        I write in response to your August 13, 2007 letter to me and your August 20, 2007 letter to Gerald Flattmann.

        Pursuant to the Court's July 25, 2007 Order, Reliant has an additional 30 days - until September 24, 2007 -- to comply with its discovery obligations set forth in paragraph 3 of the Rule 16 Scheduling Order. Reliant has repeatedly informed you that it intends to meet its discovery obligations prior to that date. *See, e.g.,* August 10, 2007 letter from Christine WIllgoos to John Taylor.

        Accordingly, any motion to compel filed by Par prior to the September 24, 2007 deadline is premature. In particular, should Par file any motions to compel on August 23, 2007, as indicated in your letter to Gerald Flattmann, such motions would be frivolous, and Reliant will move for its costs incurred in defending them.

        Regarding the inquiries made in your August 13, 2007 letter, Drs. Kolter, Frike, Bueller, Mueller-Peltzer, Moest and Pich have indicated that they will not appear voluntarily in this action.

                                    Sincerely,

                                    Christine Willgoos

CW/lesr

# EXHIBIT 13

## Jabri, Omar

| | |
|---|---|
| **From:** | Christine Willgoos [CWillgoos@kirkland.com] |
| **Sent:** | Thursday, August 23, 2007 11:47 AM |
| **To:** | Taylor, John |
| **Cc:** | gflattmann@kirkland.com; jblumenfeld@mnat.com; Ingersoll, Josy; Stronski, James; Pascale, Karen; Jabri, Omar |

**Subject:** Re: Reliant v. Par

John --

The current addresses for Drs. Frike, Kolter, Mueller-Peltzer, Bueller, Pich and Moest are set forth in Reliant's initial disclosures.

Regarding your intent to seek the Court's assistance to proceed under the Hague convention, we would like to review your proposed request prior to determining whether or not to oppose it.  We will not oppose your motion if the request is reasonable.

Further, Reliant expects to begin producing documents tomorrow.

Regards,
Christine


"Taylor, John" <JTaylor@fihlaw.com>

08/22/2007 09:04 PM

To <gflattmann@kirkland.com>, "Christine Willgoos" <CWillgoos@kirkland.com>

cc <jblumenfeld@mnat.com>, "Ingersoll, Josy" <jingersoll@ycst.com>, "Pascale, Karen" <kpascale@ycst.com>, "Stronski, James" <JStronski@fihlaw.com>, "Jabri, Omar" <OJabri@fihlaw.com>

Subject Reliant v. Par


Dear Gerald and Christine,

In light of Reliant's position that it has no control over BASF and Knoll and the inventors' refusal to appear voluntarily for depositions and, we presume, to produce documents, Par intends to move the Court for judicial assistance.  In particular, Par will ask the Court to issue a Request for International Judicial Assistance to the German authorities pursuant to the Hague Convention seeking documents and depositions of the inventors, BASF and Knoll.  Please advise us whether Reliant will consent to such a motion.  Please also provide us with the addresses of the inventors represented by Kirkland & Ellis, as requested in our August 13 letter.

Sincerely,

John G. Taylor


8/23/2007

Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Tel: 212-588-0800
Fax: 212-588-0500

E-Mail: JTaylor@FLHlaw.com

***********************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
***********************************************************

# EXHIBIT 14

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                              www.flhlaw.com
745 Fifth Avenue
New York, NY 10151           Washington, DC
Telephone: (212) 588-0800   Tokyo
Fax: (212) 588-0500

August 13, 2007

**John G. Taylor**
JTaylor@flhlaw.com

## VIA E-MAIL AND FIRST CLASS MAIL

Christine Willgoos, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF

Dear Christine:

We write in response to your August 10, 2007 letter.

Please advise us on or before Monday, August 20, 2007, whether Messrs. Kolter, Fricke, Bueller, Mueller-Peltzer, Moest, and Pich (collectively "the inventors") will produce voluntarily all documents responsive to the subpoenas we delivered to Kirkland & Ellis on August 8, 2007 and whether the inventors will appear voluntarily for depositions in the United States or elsewhere. If any of the inventors will produce documents responsive to some, but not all, of the requests in the August 8 subpoenas, please identify the requests to which they will not respond and the bases for their refusal to produce the requested documents. Please also provide us with the inventors' current addresses on or before August 20.

Lastly, you state in your August 10 letter that "Reliant will begin its document production shortly" and that its document production will include the agreements Par has requested concerning any right of Reliant to seek the assistance of the inventors, Abbott, BASF or Knoll (or any related person or entity) on patent, regulatory or litigation matters concerning Rythmol® or the '588 patent, and/or the obligation of the inventors, Abbott, BASF or Knoll (or any related person or entity) to cooperate or provide assistance to Reliant on such matters. These documents are responsive to at least Interrogatory Nos. 10 and 13 of Par's first set of document requests,

00473022.DOC

Christine Willgoos, Esq.
August 13, 2007
Page 2

which were served on March 23, 2007. We request that these documents be produced on or
before August 20.

Very truly yours,

John G. Taylor

cc:    Gerald J. Flattmann, Jr., Esq. (via e-mail only)
       Jack B. Blumenfeld, Esq. (via e-mail only)
       Josy W. Ingersoll, Esq. (via e-mail only)
       Karen L. Pascale, Esq. (via e-mail only)

00473022.DOC

# EXHIBIT 15

## Jabri, Omar

**From:** Taylor, John

**Sent:** Wednesday, August 22, 2007 9:05 PM

**To:** gflattmann@kirkland.com; Christine Willgoos

**Cc:** jblumenfeld@mnat.com; Ingersoll, Josy; Pascale, Karen; Stronski, James; Jabri, Omar

**Subject:** Reliant v. Par

Dear Gerald and Christine,

In light of Reliant's position that it has no control over BASF and Knoll and the inventors' refusal to appear voluntarily for depositions and, we presume, to produce documents, Par intends to move the Court for judicial assistance. In particular, Par will ask the Court to issue a Request for International Judicial Assistance to the German authorities pursuant to the Hague Convention seeking documents and depositions of the inventors, BASF and Knoll. Please advise us whether Reliant will consent to such a motion. Please also provide us with the addresses of the inventors represented by Kirkland & Ellis, as requested in our August 13 letter.

Sincerely,

John G. Taylor

Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Tel: 212-588-0800
Fax: 212-588-0500

E-Mail: JTaylor@FLHlaw.com