# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |

## DEFENDANT'S APPLICATION FOR ISSUANCE OF FIVE LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE APPROPRIATE JUDICIAL AUTHORITY OF GERMANY PURSUANT TO THE HAGUE CONVENTION

Defendant, Par Pharmaceutical, Inc. ("Par") respectfully requests that the Court issue five Letters of Request for International Judicial Assistance, attached hereto as Exhibits A – E, pursuant to Article I of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and Federal Rule of Civil Procedure 28(b) ("Rule 28(b)").

Par has learned, through its own investigation and discovery obtained from plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") to date, that the following German nationals and entity have information relevant to this litigation:

1. Karl Kolter;
2. Helmut Fricke;
3. Volker Bueller;
4. Herbert Mueller-Peltzer;
5. Claus Pich;
6. Thomas Moest; and
7. BASF Aktiengesellschaft.

00476791.DOC
066039.1001

Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer are the named inventors of the patent-in-suit, U.S. Patent No. 5,681,588 ("the '588 patent"). Thomas Moest and Claus Pich are the named inventors of U.S. Patent No. 4,797,287 ("the '287 patent"). The '287 patent is prior art to the '588 patent and it was not disclosed to the U.S. Patent and Trademark Office during prosecution of the '588 patent. Par believes that the '287 patent alone, or in combination with other prior art, invalidates and renders unenforceable the '588 patent. Messrs. Kolter, Fricke, Bueller, Mueller-Peltzer, Moest, and Pich are likely to have relevant information concerning the '588 and '287 patents, including the conception, development and testing of any alleged inventions claimed in the patents, the scope of the claims of the patents, the meaning of claim terms, and the filing and prosecution of the patents and/or any foreign counterparts. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial.

Reliant has advised Par that Messrs. Kolter, Fricke, Bueller, Mueller-Peltzer, Pich, and Moest are German nationals residing in Germany. Reliant has further advised Par that Reliant's counsel, Kirkland & Ellis LLP, will represent these German nationals for purposes of this litigation. Reliant's counsel has also advised Par that Reliant has no control over these individuals and that these individuals will not voluntarily produce documents or appear for deposition under the Federal Rules of Civil Procedure.

Knoll Aktiengesellschaft ("Knoll") was the assignee of record during the prosecution of the patent-in-suit. BASF Aktiengesellschaft ("BASF"), the corporate parent of Knoll during the prosecution of the patent-in-suit, was the assignee of record during prosecution of the '287 patent. BASF is likely to have relevant information concerning the '588 and '287 patents, including the conception, development and testing of any alleged inventions claimed in the

patents, the scope of the claims of the patents, the meaning of claim terms, and the filing and prosecution of the patents and/or any foreign counterparts. In particular, BASF is likely to have relevant information relating to whether the applicants of the patent-in-suit were aware of the '287 patent during prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial. Reliant's counsel does not represent BASF in this action.

Par understands that Messrs. Kolter, Fricke, Bueller, Mueller-Peltzer, Moest and Pich, and corporate entity BASF cannot be compelled to provide evidence, in the absence of compliance with the Hague Convention. Par and Reliant have met and conferred in compliance with D. Del. LR 7.1.1. Reliant has advised Par that it does not oppose this motion to the extent it seeks the discovery previously identified to Reliant and set forth in paragraphs 10 and 12 of the accompanying Letters of Request. Reliant has reserved the right to oppose Par's motion to the extent that it seeks anything other than a request for judicial assistance to seek discovery through the Hague Convention. Accordingly, Par requests that this Court issue the accompanying Letters of Request, and that the executed Letters of Request be returned to counsel for Par for delivery to the proper German authorities. Upon receipt of the executed Letters of Request, counsel for Par will have them translated into German and will have the German versions of the Letters of Request delivered to the proper German authorities with the English versions as a courtesy.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

September 7, 2007

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.: (302) 571-6600
Fax: (302) 571-1253

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

4

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 7, 2007, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on September 7, 2007, I caused a copy of the foregoing sealed document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

### *By E-Mail and Hand Delivery*

> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

### *By E-Mail and FedEx*

> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY 10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

2

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS (KARL KOLTER)

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named individual to give evidence pertinent to the defendant's defenses in this matter.

1.    **Sender:**

The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

2. **Central Authority of the Receiving State:**

Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

3. **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

The executed request should be returned to the Sender as expeditiously as possible.

4. **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

The requesting judicial authority is the United States District Court for the District of

Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5. **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

6. **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

| Reliant Pharmaceuticals, Inc. | Jack B. Blumenfeld |
|---|---|
| 110 Allen Road | Maryellen Noreika |
| Liberty Corner, New Jersey 07938 | MORRIS, NICHOLS, ARSHT & TUNNELL |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, Delaware 19899 |
| | |
| | John Desmarais |
| | Gerald J. Flattmann, Jr. |
| | Christine Willgoos |
| | William T. Vuk |
| | KIRKLAND & ELLIS LLP |
| | Citigroup Center |
| | 153 East 53rd Street |
| | New York, New York 10022-4611 |

7.    **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") against defendant Par. The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588 patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors. Knoll subsequently assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No. 78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA approval to market a generic version of Reliant's propafenone HCl extended-release products, which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia. Reliant has brought this action contending that the commercial sale of Par's proposed product as described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq.*

8.  **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following individual to produce for inspection the documents identified and described in paragraph 12 and to appear for a deposition in this case. The party affiliation and counsel for the designated individual is also given:

| Witness | Affiliation | Represented by Counsel |
|---|---|---|
| Karl Kolter<br>BASF AG<br>G-MEP/ML – H 201<br>67056 Ludwigshafen<br>Germany | Named inventor of the patent-in-suit | John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

The above individual appears to have information relevant to this case. This Court requests that the deposition of the above individual be scheduled to take place at the American Consulate General Munich, Koeniginstrasse 5, 80539 Muenchen, Federal Republic of Germany, or at such other place as the German Court may direct. This Court also requests that the abovementioned individual produce the documents identified and described in paragraph 12 for inspection thirty (30) days prior to the date scheduled for his deposition at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the American Consulate General Munich, at the address listed above, or at such other place as the German Court may direct.

This Court requests that the German Court set a date and time for the above deposition as soon as practicable.

**9.    Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that Dr. Kolter has information relevant to this litigation. Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer are the named inventors of the patent-in-suit. Dr. Kolter is likely to have relevant information concerning the patent-in-suit, including the conception, development, and testing of any alleged invention claimed in the patent-in-suit, the scope of the claims of the patent-in-suit, the meaning of claim terms, and the filing and prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel Dr. Kolter to appear for a deposition in this case and produce for inspection the documents identified and described in paragraph 12.

**10.    Methods and Procedures to be Followed for Deposition of Dr. Kolter:**

This Court requests, pursuant to Article 3 of the Hague Convention, that the testimony given pursuant to this letter of request be given under oath.

The conduct of the deposition will be under the supervision of the German judge and subject to the control of the German prosecutor, and should be conducted with due regard to German practice and procedure, the authority of the German Court, and the witness' language preference. This Court understands that the procedures to be followed will be determined in the exercise of discretion of the German Court. Within those limitations, however, this Court makes

the following requests pursuant to Article 9 of the Hague convention for additional procedures to be followed:

a.      Counsel for defendant Par has informed this Court that Germany's Code of Civil Procedure ("ZPO") permits a German Judge to authorize that questioning of the witness at a deposition taken under the Hague Convention may be conducted by the parties, counsel for whom may ask questions in the nature of direct, cross and redirect examination. It is this Court's understanding that such procedures may be requested by the Requesting Authority in the Letter of Request.[1]

This Court believes that the most effective way to obtain the witness' testimony in a form that will be useful to the Court would be to follow that procedure. Counsel for the defendant is familiar with the documents and the issues and it would be very advantageous to allow them to conduct the questioning rather than to have the questioning done by the German judge or other official of the German government. This Court requests that such a procedure be followed.

b.      Defendant Par's attorneys, Frommer Lawrence & Haug LLP, request, under authorization of this Court, permission to attend and participate in the oral deposition of the abovementioned individual. Defendant Par's attorneys, Frommer Lawrence & Haug LLP, further request, under authorization of this Court, that the attorneys for the abovementioned witness, Kirkland & Ellis LLP, be permitted to attend and participate in the oral deposition of the witness. If permission to attend and participate is granted, it is requested that Frommer Lawrence & Haug LLP be provided with the date, time and place of the deposition as soon as convenient, which information they will promptly provide to Kirkland & Ellis LLP.

---

[1]     In particular, counsel for defendant Par has brought to the Court's attention ZPO § 357, supporting the view that cross examination by the parties' counsel is permitted.

c.      Sometimes during depositions counsel raise objections to the admissibility in court of certain testimony or the manner in which questions are asked or answers are given. The usual practice in depositions in this country is that such objections are "reserved," which means that they are noted for the record but not resolved at the deposition. They are resolved by the trial court when the testimony is presented to the court. This Court requests that this procedure be followed in connection with this deposition to the extent objections are raised based on issues of United States law.

d.      This Court requests that a full stenographic record (verbatim transcript) be taken of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the deposition. This Court further requests that a full videographic record be taken of the proceedings, which also will be arranged by and paid for by defendant Par as the party taking the deposition.

e.      It is fully acceptable to this Court that all questions be asked in German, or asked in English by counsel and translated into German, and that the witness hear and respond to all questions in German, unless the witness is comfortable responding in English. There should be continuous translation of the responses into English, so that United States counsel may follow the proceedings and so that a full record of the deposition in English will exist which may be understood by this Court. This Court requests that the German Court allow defendant Par to arrange for such simultaneous translation of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the deposition.

f.      After the written transcript of each deposition is prepared the witness shall have the opportunity to review it and make any corrections required, stating the reasons therefore in an errata sheet to be affixed to the original transcript of the deposition. The witness should be

required to sign an acknowledgement of the accuracy of the transcript (as corrected) before a notary or comparable official, and the transcript so executed should be returned to the judicial officer appointed to conduct the proceedings, who should then forward it to the Sender.

   g.    If the Responding Authority denies the procedure requested in paragraphs (a)-(f) above, and instead orders that the questioning of the witness be done by the German judge or other official of the German government, then this Court respectfully requests that the Responding Authority notify this Court and defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above, as soon as possible of the denial and to allow Par to submit specific written questions to be asked by the German judge or other official of the German government.

**11.    Request for Notification of Examination:**

   This Court respectfully requests, pursuant to Article 7 of the Hague Convention, that it be informed in writing of the time when, and the place where, the proceeding will take place, and that such information should also be sent to the parties' representatives at the addresses listed in paragraph 6 above.

**12.    Identification and Description of Documents Sought From Dr. Kolter:**

   a.    Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patents and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

   b.    Documents and things concerning the prosecution of the '588 patent, including: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii)

official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 08/525,749; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749.

c.    Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including, for example, any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

d.    Documents and things concerning U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, notes, memoranda, analyses, studies, and correspondence concerning the '287 patent and any documents comparing or contrasting any claim in the '588 patent with the '287 patent.

e.    Documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott Laboratories, Inc.; (ii) Knoll Aktiengesellschaft; (iii) BASF Aktiengesellschaft; (iv) Reliant Pharmaceuticals, Inc.; and (v) any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

f.      English translations of any foreign-language document requested above, if they exist.

This Court requests that the German Court order Dr. Kolter to produce all documents identified above thirty (30) days prior to the date scheduled for his deposition.

**13.    Reciprocity:**

The courts of the United States are authorized by statute (see section 1782 of title 28 of the United States Code) to extend similar assistance to the courts of Germany and will gladly reciprocate the courtesies shown by the courts of Germany.

**14.    Responsibility for Reimbursable Fees and Costs:**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 of the Convention will be borne by defendant Par in the first instance. Statements for the amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above. Further, the United States Court for the District of Delaware is prepared to reimburse the Responding Authority for all costs incurred in executing this letter of request. The United States Court for the District of Delaware extends to the judicial authorities of Germany the assurance of its highest consideration.

**WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District Court for the District of Delaware, this _____ day of _____, 2007.**

_____

**Joseph J. Farnan, Jr.**
**United States District Judge**

[seal of court]

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-774-JJF |
| | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | |
| Defendant. | : | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS (HELMUT FRICKE)

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named individual to give evidence pertinent to the defendant's defenses in this matter.

1.    **Sender:**

The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

2.     **Central Authority of the Receiving State:**

Justizminister des Landes Schleswig-Holstein, Lorentzendamm 35, 24103 Kiel,

Schleswig-Holstein, Federal Republic of Germany.

3.     **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

The executed request should be returned to the Sender as expeditiously as possible.

4.     **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

The requesting judicial authority is the United States District Court for the District of

Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5.     **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

Justizminister des Landes Schleswig-Holstein, Lorentzendamm 35, 24103 Kiel,

Schleswig-Holstein, Federal Republic of Germany.

6.     **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|-------|----------------|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

| Reliant Pharmaceuticals, Inc. | Jack B. Blumenfeld |
|---|---|
| 110 Allen Road | Maryellen Noreika |
| Liberty Corner, New Jersey 07938 | MORRIS, NICHOLS, ARSHT & TUNNELL |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, Delaware 19899 |
| | |
| | John Desmarais |
| | Gerald J. Flattmann, Jr. |
| | Christine Willgoos |
| | William T. Vuk |
| | KIRKLAND & ELLIS LLP |
| | Citigroup Center |
| | 153 East 53rd Street |
| | New York, New York 10022-4611 |

7.    **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") against defendant Par. The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588 patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors. Knoll subsequently assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No. 78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA approval to market a generic version of Reliant's propafenone HCl extended-release products, which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia. Reliant has brought this action contending that the commercial sale of Par's proposed product as described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq.*

8.  **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

    To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following individual to produce for inspection the documents identified and described in paragraph 12 and to appear for a deposition in this case. The party affiliation and counsel for the designated individual is also given:

| Witness | Affiliation | Represented by Counsel |
|---|---|---|
| Helmut Fricke<br>Klinkerstrasse 37<br>25436 Moorrege<br>Germany | Named inventor of the patent-in-suit | John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

The above individual appears to have information relevant to this case. This Court requests that the deposition of the above individual be scheduled to take place at the American Consulate General Hamburg, Alsterufer 27/28, 20354 Hamburg, Federal Republic of Germany, or at such other place as the German Court may direct. This Court also requests that the abovementioned individual produce the documents identified and described in paragraph 12 for inspection thirty (30) days prior to the date scheduled for his deposition at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the American Consulate General Hamburg, at the address listed above, or at such other place as the German Court may direct.

This Court requests that the German Court set a date and time for the above deposition as soon as practicable. This Court also requests that the above deposition be scheduled together in a coordinated fashion with the depositions of Claus Pich and Thomas Moest, requested contemporaneously by this Court, so as to allow counsel traveling from the United States to attend all depositions in a single trip, if possible.

**9.    Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that Dr. Fricke has information relevant to this litigation. Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer are the named inventors of the patent-in-suit. Dr. Fricke is likely to have relevant information concerning the patent-in-suit, including the conception, development and testing of any alleged invention claimed in the patent-in-suit, the scope of the claims of the patent-in-suit, the meaning of claim terms, and the filing and prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel Dr. Fricke to appear for a deposition in this case and produce for inspection the documents identified and described in paragraph 12.

**10.    Methods and Procedures to be Followed for Deposition of Dr. Fricke:**

This Court requests, pursuant to Article 3 of the Hague Convention, that the testimony given pursuant to this letter of request be given under oath.

The conduct of the deposition will be under the supervision of the German judge and subject to the control of the German prosecutor, and should be conducted with due regard to

German practice and procedure, the authority of the German Court, and the witness' language preference. This Court understands that the procedures to be followed will be determined in the exercise of discretion of the German Court. Within those limitations, however, this Court makes the following requests pursuant to Article 9 of the Hague convention for additional procedures to be followed:

a.      Counsel for defendant Par has informed this Court that Germany's Code of Civil Procedure ("ZPO") permits a German Judge to authorize that questioning of the witness at a deposition taken under the Hague Convention may be conducted by the parties, counsel for whom may ask questions in the nature of direct, cross and redirect examination. It is this Court's understanding that such procedures may be requested by the Requesting Authority in the Letter of Request.[1]

This Court believes that the most effective way to obtain the witness' testimony in a form that will be useful to the Court would be to follow that procedure. Counsel for the defendant is familiar with the documents and the issues and it would be very advantageous to allow them to conduct the questioning rather than to have the questioning done by the German judge or other official of the German government. This Court requests that such a procedure be followed.

b.      Defendant Par's attorneys, Frommer Lawrence & Haug LLP, request, under authorization of this Court, permission to attend and participate in the oral deposition of the abovementioned individual. Defendant Par's attorneys, Frommer Lawrence & Haug LLP, further request, under authorization of this Court, that the attorneys for the abovementioned witness, Kirkland & Ellis LLP, be permitted to attend and participate in the oral deposition of the witness. If permission to attend and participate is granted, it is requested that Frommer

---

[1]    In particular, counsel for defendant Par has brought to the Court's attention ZPO § 357, supporting the view that cross examination by the parties' counsel is permitted.

Lawrence & Haug LLP be provided with the date, time and place of the deposition as soon as convenient, which information they will promptly provide to Kirkland & Ellis LLP.

c.    Sometimes during depositions counsel raise objections to the admissibility in court of certain testimony or the manner in which questions are asked or answers are given. The usual practice in depositions in this country is that such objections are "reserved," which means that they are noted for the record but not resolved at the deposition. They are resolved by the trial court when the testimony is presented to the court. This Court requests that this procedure be followed in connection with this deposition to the extent objections are raised based on issues of United States law.

d.    This Court requests that a full stenographic record (verbatim transcript) be taken of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the deposition. This Court further requests that a full videographic record be taken of the proceedings, which also will be arranged by and paid for by defendant Par as the party taking the deposition.

e.    It is fully acceptable to this Court that all questions be asked in German, or asked in English by counsel and translated into German, and that the witness hear and respond to all questions in German, unless the witness is comfortable responding in English. There should be continuous translation of the responses into English, so that United States counsel may follow the proceedings and so that a full record of the deposition in English will exist which may be understood by this Court. This Court requests that the German Court allow defendant Par to arrange for such simultaneous translation of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the deposition.

f.     After the written transcript of each deposition is prepared the witness shall have the opportunity to review it and make any corrections required, stating the reasons therefore in an errata sheet to be affixed to the original transcript of the deposition. The witness should be required to sign an acknowledgement of the accuracy of the transcript (as corrected) before a notary or comparable official, and the transcript so executed should be returned to the judicial officer appointed to conduct the proceedings, who should then forward it to the Sender.

g.     If the Responding Authority denies the procedure requested in paragraphs (a)-(f) above, and instead orders that the questioning of the witness be done by the German judge or other official of the German government, then this Court respectfully requests that the Responding Authority notify this Court and defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above, as soon as possible of the denial and to allow Par to submit specific written questions to be asked by the German judge or other official of the German government.

11.     **Request for Notification of Examination:**

This Court respectfully requests, pursuant to Article 7 of the Hague Convention, that it be informed in writing of the time when, and the place where, the proceeding will take place, and that such information should also be sent to the parties' representatives at the addresses listed in paragraph 6 above.

12.     **Identification and Description of Documents Sought From Dr. Fricke:**

a.     Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patents and scientific literature reviewed, experiments, data, reports, sketches,

interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

b.    Documents and things concerning the prosecution of the '588 patent, including: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 08/525,749; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749.

c.    Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including, for example, any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

d.    Documents and things concerning U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, notes, memoranda, analyses, studies, and correspondence concerning the '287 patent and any documents comparing or contrasting any claim in the '588 patent with the '287 patent.

e.    Documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott Laboratories, Inc.; (ii) Knoll Aktiengesellschaft; (iii) BASF Aktiengesellschaft; (iv) Reliant Pharmaceuticals, Inc.; and (v) any other persons or parties associated with the filing

and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or

assigns of such persons in any litigation or regulatory matter concerning such patent or a product

covered by it.

      f.    English translations of any foreign-language document requested above, if they

exist.

    This Court requests that the German Court order Dr. Fricke to produce all documents

identified above thirty (30) days prior to the date scheduled for his deposition.

**13.    Reciprocity:**

    The courts of the United States are authorized by statute (see section 1782 of title 28 of

the United States Code) to extend similar assistance to the courts of Germany and will gladly

reciprocate the courtesies shown by the courts of Germany.

**14.    Responsibility for Reimbursable Fees and Costs:**

    The fees and costs incurred that are reimbursable under the second paragraph of Article

14 of the Convention will be borne by defendant Par in the first instance. Statements for the

amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the

address listed in paragraph 6 above. Further, the United States Court for the District of Delaware

is prepared to reimburse the Responding Authority for all costs incurred in executing this letter

of request. The United States Court for the District of Delaware extends to the judicial

authorities of Germany the assurance of its highest consideration.

        [SIGNATURE OF JUDGE AND SEAL OF COURT ON FOLLOWING PAGE]

WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District

Court for the District of Delaware, this _____ day of _____, 2007.

_____

**Joseph J. Farnan, Jr.**
**United States District Judge**

[seal of court]

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-774-JJF |
| | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | |
| Defendant. | : | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS (VOLKER BUELLER AND HERBERT MUELLER-PELTZER)

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named individuals to give evidence pertinent to the defendant's defenses in this matter.

1.    **Sender:**

The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

2.    **Central Authority of the Receiving State:**

Justizministerium Baden-Wuerttemberg Schillerplatz, 4 70173 Stuttgart, Baden-

Wuerttemberg, Federal Republic of Germany.

3.    **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

The executed request should be returned to the Sender as expeditiously as possible.

4.    **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

The requesting judicial authority is the United States District Court for the District of

Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5.    **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

Justizministerium Baden-Wuerttemberg Schillerplatz, 4 70173 Stuttgart, Baden-

Wuerttemberg, Federal Republic of Germany.

6.    **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

| Reliant Pharmaceuticals, Inc.<br>110 Allen Road<br>Liberty Corner, New Jersey 07938 | Jack B. Blumenfeld<br>Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br><br>John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

7.    **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") against defendant Par. The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588 patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors. Knoll subsequently assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No. 78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA approval to market a generic version of Reliant's propafenone HCl extended-release products, which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia. Reliant has brought this action contending that the commercial sale of Par's proposed product as described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq.*

8.  **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following individuals to produce for inspection the documents identified and described in paragraph 12 and to appear for a deposition in this case. The party affiliation and counsel for the designated individuals are also given:

| Witness | Affiliation | Represented by Counsel |
| --- | --- | --- |
| Volker Bueller<br>Jagdrain 12a<br>76316 Malsch<br>Germany<br><br>Herbert Mueller-Peltzer<br>Uferstr.38<br>69120 Heidelberg<br>Germany | Named inventors of the patent-in-suit | John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

The above individuals appear to have information relevant to this case. This Court requests that the deposition of the above individuals be scheduled to take place at the American Consulate General Frankfurt, Siesmayerstrasse 21, 60323 Frankfurt am Main, Federal Republic of Germany, or at such other place as the German Court may direct. This Court also requests that the abovementioned individuals produce the documents identified and described in paragraph 12 for inspection thirty (30) days prior to the date scheduled for their depositions at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the American Consulate General Frankfurt, at the address listed above, or at such other place as the German Court may direct.

This Court requests that the German Court set dates and times for the above depositions as soon as practicable. This Court also requests that the above depositions be scheduled together in a coordinated fashion, so as to allow counsel traveling from the United States to attend all depositions in a single trip, if possible.

9.    **Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that Drs. Bueller and Mueller-Peltzer have information relevant to this litigation. Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer are the named inventors of the patent-in-suit. Drs. Bueller and Mueller-Peltzer are likely to have relevant information concerning the patent-in-suit, including the conception, development and testing of any alleged invention claimed in the patent-in-suit, the scope of the claims of the patent-in-suit, the meaning of claim terms, and the filing and prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel Drs. Bueller and Mueller-Peltzer to appear for a deposition in this case and produce for inspection the documents identified and described in paragraph 12.

10.    **Methods and Procedures to be Followed for Depositions of Drs. Bueller and Mueller-Peltzer:**

This Court requests, pursuant to Article 3 of the Hague Convention, that the testimony given pursuant to this letter of request be given under oath.

The conduct of the depositions will be under the supervision of the German judge and subject to the control of the German prosecutor, and should be conducted with due regard to

German practice and procedure, the authority of the German Court, and the witnesses' language preference. This Court understands that the procedures to be followed will be determined in the exercise of discretion of the German Court. Within those limitations, however, this Court makes the following requests pursuant to Article 9 of the Hague convention for additional procedures to be followed:

a.    Counsel for defendant Par has informed this Court that Germany's Code of Civil Procedure ("ZPO") permits a German Judge to authorize that questioning of the witness at a deposition taken under the Hague Convention may be conducted by the parties, counsel for whom may ask questions in the nature of direct, cross and redirect examination. It is this Court's understanding that such procedures may be requested by the Requesting Authority in the Letter of Request.[1]

This Court believes that the most effective way to obtain the witnesses' testimony in a form that will be useful to the Court would be to follow that procedure. Counsel for the defendant is familiar with the documents and the issues and it would be very advantageous to allow them to conduct the questioning rather than to have the questioning done by the German judge or other official of the German government. This Court requests that such a procedure be followed.

b.    Defendant Par's attorneys, Frommer Lawrence & Haug LLP, request, under authorization of this Court, permission to attend and participate in the oral depositions of the abovementioned individuals. Defendant Par's attorneys, Frommer Lawrence & Haug LLP, further request, under authorization of this Court, that the attorneys for the abovementioned witnesses, Kirkland & Ellis LLP, be permitted to attend and participate in the oral depositions of

---

[1]    In particular, counsel for defendant Par has brought to the Court's attention ZPO § 357, supporting the view that cross examination by the parties' counsel is permitted.

the witnesses. If permission to attend and participate is granted, it is requested that Frommer Lawrence & Haug LLP be provided with the date, time and place of the deposition as soon as convenient, which information they will promptly provide to Kirkland & Ellis LLP.

      c.     Sometimes during depositions counsel raise objections to the admissibility in court of certain testimony or the manner in which questions are asked or answers are given. The usual practice in depositions in this country is that such objections are "reserved," which means that they are noted for the record but not resolved at the deposition. They are resolved by the trial court when the testimony is presented to the court. This Court requests that this procedure be followed in connection with these depositions to the extent objections are raised based on issues of United States law.

      d.     This Court requests that a full stenographic record (verbatim transcript) be taken of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the depositions. This Court further requests that a full videographic record be taken of the proceedings, which also will be arranged by and paid for by defendant Par as the party taking the depositions.

      e.     It is fully acceptable to this Court that all questions be asked in German, or asked in English by counsel and translated into German, and that the witness hear and respond to all questions in German, unless the witness is comfortable responding in English. There should be continuous translation of the responses into English, so that United States counsel may follow the proceedings and so that a full record of the deposition in English will exist which may be understood by this Court. This Court requests that the German Court allow defendant Par to arrange for such simultaneous translation of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the depositions.

f.    After the written transcript of each deposition is prepared the witness shall have the opportunity to review it and make any corrections required, stating the reasons therefore in an errata sheet to be affixed to the original transcript of the deposition. The witness should be required to sign an acknowledgement of the accuracy of the transcript (as corrected) before a notary or comparable official, and the transcript so executed should be returned to the judicial officer appointed to conduct the proceedings, who should then forward it to the Sender.

g.    If the Responding Authority denies the procedure requested in paragraphs (a)-(f) above, and instead orders that the questioning of the witnesses be done by the German judge or other official of the German government, then this Court respectfully requests that the Responding Authority notify this Court and defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above, as soon as possible of the denial and to allow Par to submit specific written questions to be asked by the German judge or other official of the German government.

11.    **Request for Notification of Examination:**

This Court respectfully requests, pursuant to Article 7 of the Hague Convention, that it be informed in writing of the time when, and the place where, the proceeding will take place, and that such information should also be sent to the parties' representatives at the addresses listed in paragraph 6 above.

12.    **Identification and Description of Documents Sought From Drs. Bueller and Mueller-Peltzer:**

a.    Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patents and scientific literature reviewed, experiments, data, reports, sketches,

interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

b.      Documents and things concerning the prosecution of the '588 patent, including: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 08/525,749; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749.

c.      Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including, for example, any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

d.      Documents and things concerning U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, notes, memoranda, analyses, studies, and correspondence concerning the '287 patent and any documents comparing or contrasting any claim in the '588 patent with the '287 patent.

e.      Documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott Laboratories, Inc.; (ii) Knoll Aktiengesellschaft; (iii) BASF Aktiengesellschaft; (iv) Reliant Pharmaceuticals, Inc.; and (v) any other persons or parties associated with the filing

and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or

assigns of such persons in any litigation or regulatory matter concerning such patent or a product

covered by it.

      f.     English translations of any foreign-language document requested above, if they

exist.

     This Court requests that the German Court order Drs. Bueller and Mueller-Peltzer to

produce all documents identified above thirty (30) days prior to the date scheduled for their

depositions.

**13.    Reciprocity:**

     The courts of the United States are authorized by statute (see section 1782 of title 28 of

the United States Code) to extend similar assistance to the courts of Germany and will gladly

reciprocate the courtesies shown by the courts of Germany.

**14.    Responsibility for Reimbursable Fees and Costs:**

     The fees and costs incurred that are reimbursable under the second paragraph of Article

14 of the Convention will be borne by defendant Par in the first instance. Statements for the

amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the

address listed in paragraph 6 above. Further, the United States Court for the District of Delaware

is prepared to reimburse the Responding Authority for all costs incurred in executing this letter

of request. The United States Court for the District of Delaware extends to the judicial

authorities of Germany the assurance of its highest consideration.

          [SIGNATURE OF JUDGE AND SEAL OF COURT ON FOLLOWING PAGE]

WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District

Court for the District of Delaware, this _____ day of _____, 2007.

 

 

_____

Joseph J. Farnan, Jr.
United States District Judge

[seal of court]

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS (CLAUS PICH AND THOMAS MOEST)

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named individuals to give evidence pertinent to the defendant's defenses in this matter.

1.     **Sender:**

The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

2.    **Central Authority of the Receiving State:**

Justizminister des Landes Schleswig-Holstein, Lorentzendamm 35, 24103 Kiel,

Schleswig-Holstein, Federal Republic of Germany.

3.    **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

The executed request should be returned to the Sender as expeditiously as possible.

4.    **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

The requesting judicial authority is the United States District Court for the District of

Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5.    **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

Justizminister des Landes Schleswig-Holstein, Lorentzendamm 35, 24103 Kiel,

Schleswig-Holstein, Federal Republic of Germany.

6.    **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

| Reliant Pharmaceuticals, Inc. | Jack B. Blumenfeld |
|---|---|
| 110 Allen Road | Maryellen Noreika |
| Liberty Corner, New Jersey 07938 | MORRIS, NICHOLS, ARSHT & TUNNELL |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| | Wilmington, Delaware 19899 |
| | |
| | John Desmarais |
| | Gerald J. Flattmann, Jr. |
| | Christine Willgoos |
| | William T. Vuk |
| | KIRKLAND & ELLIS LLP |
| | Citigroup Center |
| | 153 East 53rd Street |
| | New York, New York 10022-4611 |

7.    **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc.

("Reliant") against defendant Par. The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588

patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut

Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors. Knoll subsequently

assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the

patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No.

78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA

approval to market a generic version of Reliant's propafenone HCl extended-release products,

which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia. Reliant

has brought this action contending that the commercial sale of Par's proposed product as

described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will

not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq.*

8.  **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following individuals to produce for inspection the documents identified and described in paragraph 12 and to appear for a deposition in this case. The party affiliation and counsel for the designated individuals are also given:

| Witness | Affiliation | Represented by Counsel |
|---------|-------------|------------------------|
| Claus Pich Werftweg 4 23436 Moorrege Germany  Thomas Moest Nordmark Arzneimittel GmbH & Co. KG Pinnauallee 4 25436 Uetersen Germany | Named inventors of a material prior-art patent | John Desmarais Gerald J. Flattmann, Jr. Christine Willgoos William T. Vuk Kirkland & Ellis LLP Citigroup Center 153 East 53rd Street New York, New York 10022-4611 |

The above individuals appear to have information relevant to this case. This Court requests that the deposition of the above individuals be scheduled to take place at the American Consulate General Hamburg, Alsterufer 27/28, 20354 Hamburg, Federal Republic of Germany, or at such other place as the German Court may direct. This Court also requests that the abovementioned individuals produce the documents identified and described in paragraph 12 for inspection thirty (30) days prior to the date scheduled for their depositions at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the

American Consulate General Hamburg, at the address listed above, or at such other place as the German Court may direct.

This Court requests that the German Court set dates and times for the above depositions as soon as practicable. This Court also requests that the above depositions be scheduled together in a coordinated fashion with the deposition of Helmut Fricke, requested contemporaneously by this Court, so as to allow counsel traveling from the United States to attend all depositions in a single trip, if possible.

9.    **Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that Drs. Pich and Moest have information relevant to this litigation. Knoll was the assignee of record during the prosecution of the patent-in-suit. BASF was the corporate parent of Knoll during the prosecution of the patent-in-suit. BASF was also the assignee of record of a material prior-art patent, U.S. Patent No. 4,797,287 ("the '287 patent"), during prosecution of the patent-in-suit. Thomas Moest and Claus Pich are the named inventors of the '287 patent. Defendant contends that the '287 patent, not disclosed by the applicants to the United States Patent and Trademark Office during prosecution of the patent-in-suit, renders the patent-in-suit invalid and unenforceable under the Patent Laws of the United States.

Drs. Pich and Moest are likely to have relevant information concerning the '287 patent, including the prosecution of the '287 patent, the conception, development and testing of any alleged invention claimed in the '287 patent, the scope of the claims of the '287 patent, and the meaning of claim terms. Drs. Pich and Moest may also have relevant information concerning the prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent enforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel Drs. Pich and Moest to appear for a deposition in this case and produce for inspection the documents identified and described in paragraph 12.

10.   **Methods and Procedures to be Followed for Depositions of Drs. Pich and Moest:**

This Court requests, pursuant to Article 3 of the Hague Convention, that the testimony given pursuant to this letter of request be given under oath.

The conduct of the depositions will be under the supervision of the German judge and subject to the control of the German prosecutor, and should be conducted with due regard to German practice and procedure, the authority of the German Court, and the witnesses' language preference. This Court understands that the procedures to be followed will be determined in the exercise of discretion of the German Court. Within those limitations, however, this Court makes the following requests pursuant to Article 9 of the Hague convention for additional procedures to be followed:

a.   Counsel for defendant Par has informed this Court that Germany's Code of Civil Procedure ("ZPO") permits a German Judge to authorize that questioning of the witness at a deposition taken under the Hague Convention may be conducted by the parties, counsel for whom may ask questions in the nature of direct, cross and redirect examination. It is this Court's understanding that such procedures may be requested by the Requesting Authority in the Letter of Request.[1]

This Court believes that the most effective way to obtain the witnesses' testimony in a form that will be useful to the Court would be to follow that procedure. Counsel for the

---

[1]   In particular, counsel for defendant Par has brought to the Court's attention ZPO § 357, supporting the view that cross examination by the parties' counsel is permitted.

defendant is familiar with the documents and the issues and it would be very advantageous to allow them to conduct the questioning rather than to have the questioning done by the German judge or other official of the German government. This Court requests that such a procedure be followed.

b.      Defendant Par's attorneys, Frommer Lawrence & Haug LLP, request, under authorization of this Court, permission to attend and participate in the oral depositions of the abovementioned individuals. Defendant Par's attorneys, Frommer Lawrence & Haug LLP, further request, under authorization of this Court, that the attorneys for the abovementioned witnesses, Kirkland & Ellis LLP, be permitted to attend and participate in the oral depositions of the witnesses. If permission to attend and participate is granted, it is requested that Frommer Lawrence & Haug LLP be provided with the date, time and place of the deposition as soon as convenient, which information they will promptly provide to Kirkland & Ellis LLP.

c.      Sometimes during depositions counsel raise objections to the admissibility in court of certain testimony or the manner in which questions are asked or answers are given. The usual practice in depositions in this country is that such objections are "reserved," which means that they are noted for the record but not resolved at the deposition. They are resolved by the trial court when the testimony is presented to the court. This Court requests that this procedure be followed in connection with these depositions to the extent objections are raised based on issues of United States law.

d.      This Court requests that a full stenographic record (verbatim transcript) be taken of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the depositions. This Court further requests that a full videographic record be taken of the

proceedings, which also will be arranged by and paid for by defendant Par as the party taking the depositions.

e.    It is fully acceptable to this Court that all questions be asked in German, or asked in English by counsel and translated into German, and that the witness hear and respond to all questions in German, unless the witness is comfortable responding in English. There should be continuous translation of the responses into English, so that United States counsel may follow the proceedings and so that a full record of the deposition in English will exist which may be understood by this Court. This Court requests that the German Court allow defendant Par to arrange for such simultaneous translation of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the depositions.

f.    After the written transcript of each deposition is prepared the witness shall have the opportunity to review it and make any corrections required, stating the reasons therefore in an errata sheet to be affixed to the original transcript of the deposition. The witness should be required to sign an acknowledgement of the accuracy of the transcript (as corrected) before a notary or comparable official, and the transcript so executed should be returned to the judicial officer appointed to conduct the proceedings, who should then forward it to the Sender.

g.    If the Responding Authority denies the procedure requested in paragraphs (a)-(f) above, and instead orders that the questioning of the witnesses be done by the German judge or other official of the German government, then this Court respectfully requests that the Responding Authority notify this Court and defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above, as soon as possible of the denial and to allow Par to submit specific written questions to be asked by the German judge or other official of the German government.

11.    **Request for Notification of Examination:**

This Court respectfully requests, pursuant to Article 7 of the Hague Convention, that it be informed in writing of the time when, and the place where, the proceeding will take place, and that such information should also be sent to the parties' representatives at the addresses listed in paragraph 6 above.

12.    **Identification and Description of Documents Sought From Drs. Pich and Moest:**

a.    Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patent and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

b.    Documents and things concerning the prosecution of the '287 patent, including: (i) U.S. Patent Application Serial No. 07/045,194, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 07/045,194; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 07/045,194; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 07/045,194.

c.    Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '287 patent, including but not limited to any

contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

d.    Documents and things concerning U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, notes, memoranda, analyses, studies, and correspondence concerning the '588 patent and any documents comparing or contrasting any claim in the '287 patent with the '588 patent.

e.    English translations of any foreign-language document requested above, if they exist.

This Court requests that the German Court order Drs. Pich and Moest to produce all documents identified above thirty (30) days prior to the date scheduled for their depositions.

13.    **Reciprocity:**

The courts of the United States are authorized by statute (see section 1782 of title 28 of the United States Code) to extend similar assistance to the courts of Germany and will gladly reciprocate the courtesies shown by the courts of Germany.

14.    **Responsibility for Reimbursable Fees and Costs:**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 of the Convention will be borne by defendant Par in the first instance. Statements for the amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above. Further, the United States Court for the District of Delaware is prepared to reimburse the Responding Authority for all costs incurred in executing this letter of request. The United States Court for the District of Delaware extends to the judicial authorities of Germany the assurance of its highest consideration.

[SIGNATURE OF JUDGE AND SEAL OF COURT ON FOLLOWING PAGE]

WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District

Court for the District of Delaware, this _____ day of _____, 2007.

_____

Joseph J. Farnan, Jr.
United States District Judge

[seal of court]

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-774-JJF |
| | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | |
| Defendant. | : | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS (BASF AKTIENGESELLSCHAFT)

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named entity to give evidence pertinent to the defendant's defenses in this matter.

1.    **Sender:**

The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

2.    **Central Authority of the Receiving State:**

Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

3.    **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

The executed request should be returned to the Sender as expeditiously as possible.

4.    **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

The requesting judicial authority is the United States District Court for the District of

Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5.    **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

6.    **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|-------|---------------|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

| Reliant Pharmaceuticals, Inc.<br>110 Allen Road<br>Liberty Corner, New Jersey 07938 | Jack B. Blumenfeld<br>Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br><br>John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

7.    **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc.

("Reliant") against defendant Par. The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588

patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut

Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors. Knoll subsequently

assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the

patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No.

78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA

approval to market a generic version of Reliant's propafenone HCl extended-release products,

which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia. Reliant

has brought this action contending that the commercial sale of Par's proposed product as

described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will

not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq*.

8.  **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following entity to produce for inspection the documents identified and described in paragraph 10. The party affiliation and counsel for the designated entity is also given:

| Witness | Affiliation | Represented by Counsel |
|---|---|---|
| BASF Aktiengesellschaft Carl-Bosch-Strasse 38 67056 Ludwigshafen Germany | Parent corporation of Knoll Aktiengesellschaft, the assignee of record during the prosecution of the patent-in-suit | N/A |

BASF Aktiengesellschaft ("BASF") appears to have information relevant to this case. This Court requests that BASF produce the documents identified and described in paragraph 10 for inspection as soon as practicable at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the American Consulate General Munich, at Koeniginstrasse 5, 80539 Muenchen, Federal Republic of Germany, or at such other place as the German Court may direct.

9.  **Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that BASF has information relevant to this litigation. Knoll was the assignee of record during the prosecution of the patent-in-suit. BASF was the corporate parent of Knoll during the prosecution of the patent-in-suit. BASF was also the assignee of record of a material prior-art patent, U.S. Patent No. 4,797,287 ("the '287 patent"), during prosecution of the patent-in-suit.

Defendant contends that the '287 patent, not disclosed by the applicants to the United States Patent and Trademark Office during prosecution of the patent-in-suit, renders the patent-in-suit invalid and/or unenforceable under the Patent Laws of the United States.

BASF is likely to have relevant information concerning the patent-in-suit, including the conception, development and testing of any alleged invention claimed in the patent-in-suit, the scope of the claims of the patent-in-suit, the meaning of claim terms, and the filing and prosecution of the patent-in-suit. BASF is also likely to have relevant information concerning the '287 patent, including the prosecution of the '287 patent, the conception, development and testing of the '287 patent, the scope of the claims of the '287 patent, and the meaning of the claim terms. In particular, BASF is likely to have relevant information relating to whether the applicants of the patent-in-suit were aware of the '287 patent during prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel BASF to produce for inspection the documents identified and described in paragraph 10.

**10.    Identification and Description of Documents Sought From BASF:**

a.      Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patents and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

b.    Documents and things concerning the prosecution of the '588 patent, including:  (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 08/525,749; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749.

c.    Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including, for example, any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

d.    Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patent and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

e.    Documents and things concerning the prosecution of the '287 patent, including:  (i) U.S. Patent Application Serial No. 07/045,194, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 07/045,194; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the

prosecution of U.S. Patent Application Serial No. 07/045,194; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 07/045,194.

    f.      Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '287 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

    g.      Memoranda, analyses, studies, and correspondence concerning the '588 patent and the '287 patent, including any documents comparing or contrasting any claim in the '588 patent with the '287 patent.

    h.      Documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott Laboratories, Inc.; (ii) Knoll Aktiengesellschaft; (iii) BASF Aktiengesellschaft; (iv) Reliant Pharmaceuticals, Inc.; and (v) any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

    i.      Documents or agreements whereby BASF Aktiengesellschaft can request the assistance or cooperation of a party and/or has agreed to assist or cooperate in the event of a litigation involving the '588 patent or Rythmol® SR, including but not limited to documents or agreements between, or among (1) Reliant Pharmaceuticals, Inc.; (2) Knoll Aktiengesellschaft; (3) BASF Aktiengesellschaft; (4) Abbott Laboratories, Inc.; (5) the '588 patent inventors; or (6)

any other persons or parties associated with the'588 patent or Rythmol® SR, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

j.    All documents or agreements whereby Knoll Aktiengesellschaft can request the assistance or cooperation of a party and/or has agreed to assist or cooperate in the event of a litigation involving the '588 patent or Rythmol® SR, including but not limited to documents or agreements between, or among (1) Reliant Pharmaceuticals, Inc.; (2) Knoll Aktiengesellschaft; (3) BASF Aktiengesellschaft; (4) Abbott Laboratories, Inc.; (5) the '588 patent inventors; or (6) any other persons or parties associated with the'588 patent or Rythmol® SR, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

k.    English translations of any foreign-language document requested above, if they exist.

This Court requests that the German Court order BASF to produce all documents identified above as soon as practicable.

**11.    Reciprocity:**

The courts of the United States are authorized by statute (see section 1782 of title 28 of the United States Code) to extend similar assistance to the courts of Germany and will gladly reciprocate the courtesies shown by the courts of Germany.

**12.    Responsibility for Reimbursable Fees and Costs:**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 of the Convention will be borne by defendant Par in the first instance.  Statements for the amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above.  Further, the United States Court for the District of Delaware is prepared to reimburse the Responding Authority for all costs incurred in executing this letter

of request.  The United States Court for the District of Delaware extends to the judicial

authorities of Germany the assurance of its highest consideration.

**WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District**

**Court for the District of Delaware, this _____ day of _____, 2007.**

 

 

 

 

_____

**Joseph J. Farnan, Jr.**
**United States District Judge**

[seal of court]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-774-JJF |
| v. | : | |
| | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## NOTICE OF MOTION

TO:  Jack B. Blumenfeld, Esq.                John Desmarais, Esq.
     Maryellen Noreika, Esq.                Gerald J. Flattmann, Jr., Esq.
     MORRIS, NICHOLS, ARSHT & TUNNELL LLP    Christine Willgoos, Esq.
     1201 North Market Street               KIRKLAND & ELLIS LLP
     P.O. Box 1347                          Citigroup Center
     Wilmington, DE 19899                   153 E. 53rd Street
     (302) 658-9200                         New York, NY  10022
                                            (212) 446-4800

PLEASE TAKE NOTICE that Defendant, Par Pharmaceutical, Inc. ("Par"), will present "Defendant's Application for Issuance of Five Letters of Request for International Judicial Assistance to the Appropriate Judicial Authority of Germany Pursuant to the Hague Convention" to the Court on Friday, October 5, 2007 at 10:00 a.m., or as soon thereafter as is convenient to the Court.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

September 7, 2007

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.: (302) 571-6600
Fax: (302) 571-1253

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 7, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on September 7, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ### *By E-Mail and Hand Delivery*
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> ### *By E-Mail and FedEx*
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY 10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,
Par Pharmaceutical, Inc.*

2

066039.1001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | : |
| Plaintiff, | : |
| v. | :   C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : |
| Defendant. | : |

### RULE 7.1.1. STATEMENT

Pursuant to 7.1.1 of the Local Rules of the United States District Court for the District of Delaware, I hereby certify that counsel for Defendant Par Pharmaceutical, Inc. ("Par") has made a reasonable effort to reach agreement with counsel for Reliant Pharmaceuticals, Inc. ("Reliant") on the matters set forth in Par's Motion to Issue Letters of Request for International Judicial Assistance. Reliant has advised Par that it does not oppose Par's motion to the extent it seeks the discovery previously identified to Reliant and set forth in paragraphs 10 and 12 of the accompanying Letters of Request. Reliant has reserved its right to oppose Par's motion to the extent it seeks anything other than a request for judicial assistance to seek discovery through the Hague Convention.

September 7, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*
_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.:  (302) 571-6600
Fax:  (302) 571-1253

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

### CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 7, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on September 7, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

> #### *By E-Mail and Hand Delivery*
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> #### *By E-Mail and FedEx*
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY  10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

2