IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-774 (JJF) |
| PAR PHARMACEUTICAL, INC., | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that copies of the attached subpoena directed to Elizabeth Carbide Die Co., Inc. were caused to be served on September 17, 2007 upon the following in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Karen L. Pascale, Esquire<br>Karen Keller, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-1253 | *VIA ELECTRONIC -MAIL<br>AND FACSIMILE* |
| Edgar Haug, Esquire<br>James Stronski, Esquire<br>John Taylor, Esquire<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, NY 10151<br>(212) 558-0500 | *VIA ELECTRONIC MAIL<br>AND FACSIMILE* |

2

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Maryellen Noreika*
                                      Jack B. Blumenfeld (# 1014)
                                      Maryellen Noreika (# 3208)
                                      1201 North Market Street
                                      P.O. Box 1347
                                      Wilmington, DE  19899-1347
                                      (302) 658-9200
                                      jblumenfeld@mnat.com
                                      mnoreika@mnat.com

                                      *Attorneys for Plaintiff*

*Of Counsel*:

John Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

September 17, 2007


1235372

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>Josy W. Ingersoll, Esquire
>YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on September 17, 2007 upon the following in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>Karen L. Pascale, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Edgar H. Haug, Esquire<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, NY  10151 | *VIA ELECTRONIC MAIL* |

>*/s/ Maryellen Noreika*
>Maryellen Noreika (#3208)

# EXHIBIT A

≫AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Pennsylvania |
|---|---|---|

| RELIANT PHARMACEUTICALS, INC. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| PAR PHARMACEUTICAL, INC. | Case Number:[1] 066-774 (JJF) Dist. of Delaware |

TO: Elizabeth Carbide Die Co., Inc.
601 Linden Street
McKeesport, PA 15132

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule A.

| PLACE | Kirkland & Ellis LLP c/o Holiday Inn, Pittsburgh International Airport 8256 University Blvd., Coraopolis, PA 15108 | DATE AND TIME 10/2/2007 9:30 am |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Plaintiff | DATE 9/17/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Shane Cortesi, Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
              DATE                    SIGNATURE OF SERVER

                                      _____
                                      ADDRESS OF SERVER

                                      _____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## **DEFINITIONS AND INSTRUCTIONS**

1. As used herein, "Elizabeth Carbide" shall mean Elizabeth Carbide Die Co., Inc., and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2. As used herein, "Par" shall mean defendant Par Pharmaceutical, Inc. and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. As used herein, "Reliant" shall mean plaintiff Reliant Pharmaceuticals, Inc. and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

4. As used herein, the term "ANDA 78-540" means Par's Abbreviated New Drug Application No. 78-540 directed to generic propafenone HCl capsules in 225 mg, 325 mg, and 425 mg strengths and any amendments thereto.

5. As used herein, the term "propafenone" means class Ic anti-arrhythmic medication propafenone HCl also known as Rythmol® SR.

6. As used herein, the term "Rythmol® SR" means the propafenone HCl extended-release capsules sold by Reliant under the federally registered trademark Rythmol® SR.

7. As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules Of Civil Procedure, and shall include any means for retaining information.

8. As used herein, "communication" shall mean any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda and face-to-face conversations.

9. As used herein, "concerning" shall mean concerning, referring to, relating to, describing, evidencing, discussing, identifying, comprising or constituting.

10. As used herein, "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

11. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

12. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

13. As used herein, "person" shall mean any natural person or any business, legal, or governmental entity or association.

14. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

15. All requested documents shall be produced in the same file or other organizational environment in which they are kept by you, including any labels, files, folders and/or containers in which such documents are located in or associated with. For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original. Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

16. The requests herein shall be deemed to include any and all relevant documents within Elizabeth Carbide's possession, custody or control, including documents located in the personal files of any and all of your past and present managers, agents, representatives, employees, attorneys, consultants and accountants.

17. If Elizabeth Carbide objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work product immunity or otherwise, Reliant requests that Elizabeth Carbide provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is based and the particular request(s) objected to, and identifying any withheld documents, things, or portions thereof as follows:

   (i)   Its date of creation;

   (ii)  The identity of all persons who prepared and/or signed the document or thing;

   (iii) The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

   (iv)  A summary of its contents, or the general subject matter of the document or thing;

   (v)   Its present location and the identity of its current custodian;

   (vi)  A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

3

- (vii) The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Elizabeth Carbide's assertion thereof.

18. If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

19. Reliant requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion redacted.

20. In responding to Reliant's requests for documents and things, if Elizabeth Carbide claims any ambiguity in interpreting either a request, a definition, or an instruction, Elizabeth Carbide shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of his response to the request the language deemed to be ambiguous and the interpretation that he has chosen to use in responding to the request.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

**DOCUMENT REQUEST NO. 1:**

All documents and things dated between January 1, 2004 and December 31, 2006 concerning Par.

**DOCUMENT REQUEST NO. 2:**

All documents and things concerning any communications between Elizabeth Carbide and Par dated between January 1, 2004 and December 31, 2006.

**DOCUMENT REQUEST NO. 3:**

All product manuals, design specifications, design proposals, and drawings sent by Elizabeth Carbide to Par between January 1, 2004 and December 31, 2006.

**DOCUMENT REQUEST NO. 4:**

All documents and things concerning any communications between Elizabeth Carbide and Par related to any product manuals, design specifications, design proposals, or drawings between January 1, 2004 and December 31, 2006.

**DOCUMENT REQUEST NO. 5:**

All product manuals concerning, discussing or incorporating any aspect of:

    a)     Elizabeth Carbide production drawing P-20780-A;

    b)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20780AR1;

    c)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20780AR1;

d)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20780AR1;

e)   Elizabeth Carbide production drawing P-20788-A;

f)   Elizabeth Carbide production drawing P-20789-A;

g)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20788A;

h)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20789A;

i)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20789A;

j)   any equipment, presses, tools, tips or dies referenced in any of the drawings from a-i;

k)   press type BB2 KIKUSI VIRGO 12 STA.;

l)   press type BB2 KIKUSI VIRGO 12 ST.;

m)   press type BB2 KIKUST VIRGO 12 STA.;

n)   press type BB2 KIKUST VIRGO 12 ST.;

o)   press type BB2 MANESTY BETAPRESS 16 STA.; or

p)   any equipment, tools, tips, or dies that may be used with any of the presses from k-o.

**DOCUMENT REQUEST NO. 6:**

All documents and things concerning, discussing or incorporating any aspect of:

a)   Elizabeth Carbide production drawing P-20780-A;

    b)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20780AR1;

    c)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20780AR1;

    d)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20780AR1;

    e)     Elizabeth Carbide production drawing P-20788-A;

    f)     Elizabeth Carbide production drawing P-20789-A;

    g)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20788A;

    h)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20789A;

    i)     Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20789A;

or any of the equipment, presses, tools, tips or dies referenced therein, including but not limited to all documents and things provided or related to Par.

**DOCUMENT REQUEST NO. 7:**

All documents and things concerning, discussing or incorporating any aspect of press types:

    a)     BB2 KIKUSI VIRGO 12 STA.;

    b)     BB2 KIKUSI VIRGO 12 ST.;

    c)     BB2 KIKUST VIRGO 12 STA.;

    d)     BB2 KIKUST VIRGO 12 ST.; or

   e)  BB2 MANESTY BETAPRESS 16 STA.,

including but not limited to all documents and things provided or related to Par.

**DOCUMENT REQUEST NO. 8:**

  All documents and things concerning any communications between Elizabeth Carbide and Par related to production drawings, presses, dies, tools, tips, or punches, including but not limited to:

   a)  Elizabeth Carbide production drawing P-20780-A;

   b)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20780AR1;

   c)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20780AR1;

   d)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20780AR1;

   e)  Elizabeth Carbide production drawing P-20788-A;

   f)  Elizabeth Carbide production drawing P-20789-A;

   g)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20788A;

   h)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20789A;

   i)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20789A;

   j)  any equipment, presses, tools, tips or dies referenced in any of the drawings from a-i;

    k)      press type BB2 KIKUSI VIRGO 12 STA.;

    l)      press type BB2 KIKUSI VIRGO 12 ST.;

    m)     press type BB2 KIKUST VIRGO 12 STA.;

    n)      press type BB2 KIKUST VIRGO 12 ST.;

    o)      press type BB2 MANESTY BETAPRESS 16 STA.; or

    p)      any equipment, tools, tips, or dies that may be used with any of the presses from k-o.

## DOCUMENT REQUEST NO. 9:

All documents and things concerning any communications between Elizabeth Carbide and Par related to microtablets, microtabletting, slugs, beadlets, bidlets, granules or any process or equipment, including but not limited to any presses, dies, tools, tips, or punches, used to prepare, form, manufacture or create microtablets, slugs, beadlets, bidlets, or granules.

## DOCUMENT REQUEST NO. 10:

All documents and things concerning any request by Par for Elizabeth Carbide to manufacture, design, or prepare unique, custom or specially designed presses, dies, tools, tips, or punches including but not limited to any requests related to microtablets, slugs, bidlets, beadlets, granules, propafenone, Rythmol®, Reliant or ANDA 78-540.

## DOCUMENT REQUEST NO. 11:

All documents and things concerning any communications between Par and Elizabeth Carbide related to manufacturing, designing, or preparing unique, custom or specially designed presses, dies, tools, tips, or punches including but not limited to any requests related to

8

microtablets, slugs, bidlets, beadlets, granules, propafenone, Rythmol®, Reliant or ANDA 78-540.

**DOCUMENT REQUEST NO. 12:**

All documents and things concerning any Elizabeth Carbide invoice or bill sent to Par for work, services or products provided to, designed for, or performed on behalf of Par, including but not limited to invoices or bills related to:

  a)  Elizabeth Carbide production drawing P-20780-A;

  b)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20780AR1;

  c)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20780AR1;

  d)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20780AR1;

  e)  Elizabeth Carbide production drawing P-20788-A;

  f)  Elizabeth Carbide production drawing P-20789-A;

  g)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20788A;

  h)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20789A;

  i)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20789A;

  j)  any equipment, presses, tools, tips or dies referenced in any of the drawings from a-i;

  k)  press type BB2 KIKUSI VIRGO 12 STA.;

  l)  press type BB2 KIKUSI VIRGO 12 ST.;

  m)  press type BB2 KIKUST VIRGO 12 STA.;

  n)  press type BB2 KIKUST VIRGO 12 ST.;

  o)  press type BB2 MANESTY BETAPRESS 16 STA.; or

  p)  any equipment, tools, tips, or dies that may be used with any of the presses from k-o.

**DOCUMENT REQUEST NO. 13:**

All documents and things concerning any order forms, requests, or design instructions by Par to Elizabeth Carbide to perform work, render services or prepare products, including but not limited to:

  a)  Elizabeth Carbide production drawing P-20780-A;

  b)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20780AR1;

  c)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20780AR1;

  d)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20780AR1;

  e)  Elizabeth Carbide production drawing P-20788-A;

  f)  Elizabeth Carbide production drawing P-20789-A;

  g)  Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20788A;

h)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20789A;

i)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20789A;

j)   any equipment, presses, tools, tips or dies referenced in any of the drawings from a-i;

k)   press type BB2 KIKUSI VIRGO 12 STA.;

l)   press type BB2 KIKUSI VIRGO 12 ST.;

m)   press type BB2 KIKUST VIRGO 12 STA.;

n)   press type BB2 KIKUST VIRGO 12 ST.;

o)   press type BB2 MANESTY BETAPRESS 16 STA.; or

p)   any equipment, tools, tips or dies that may be used with any of the presses from k-o.

**DOCUMENT REQUEST NO. 14:**

All documents and things concerning any Elizabeth Carbide price quotes or proposals to Par related to any Elizabeth Carbide products, tools, tips, dies, machines, presses or punches, including but not limited to:

a)   Elizabeth Carbide production drawing P-20780-A;

b)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20780AR1;

c)   Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20780AR1;

- d) Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20780AR1;
- e) Elizabeth Carbide production drawing P-20788-A;
- f) Elizabeth Carbide production drawing P-20789-A;
- g) Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGUPA-P20788A;
- h) Elizabeth Carbide production drawing 1575-KIKVIRMAN-LGLP-P20789A;
- i) Elizabeth Carbide production drawing 1575-KIKVIRMAN-DIE-P20789A;
- j) any equipment, presses, tools, tips, or dies referenced in any of the drawings from a-i;
- k) press type BB2 KIKUSI VIRGO 12 STA.;
- l) press type BB2 KIKUSI VIRGO 12 ST.;
- m) press type BB2 KIKUST VIRGO 12 STA.;
- n) press type BB2 KIKUST VIRGO 12 ST.;
- o) press type BB2 MANESTY BETAPRESS 16 STA.; or
- p) any equipment, tools, tips, or dies that may be used with any of the presses from k-o.

**DOCUMENT REQUEST NO. 15:**

All documents and things concerning any work, services or products performed, rendered or prepared by Elizabeth Carbide on behalf of Par related to preparing, manufacturing, or

forming 18 or 20 granules, beadlets or bidlets from a slug, including but not limited to any documents concerning any equipment, tools, tips, presses or dies.

**DOCUMENT REQUEST NO. 16:**

All documents and things concerning any communications between Elizabeth Carbide and Par related to preparing, manufacturing, or forming 18 or 20 granules, beadlets or bidlets from a slug, including but not limited to any communications concerning any equipment, tools, tips, presses or dies.