UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
RELIANT PHARMACEUTICALS, INC.,                                 :
                                                               :
    Plaintiff,                                               :
                                                               :  **Civil Action No. 06-774-JJF**
    v.                                                        :
                                                               :
PAR PHARMACEUTICAL, INC.,                                      :
                                                               :
    Defendant.                                                :
                                                               :
---------------------------------------------------------------x

**DECLARATION OF DANIEL BROWN IN SUPPORT OF PAR PHARMACEUTICAL,
INC.'S OPPOSITION TO RELIANT PHARMACEUTICALS, INC.'S
<u>MOTION TO DISQUALIFY FROMMER LAWRENCE & HAUG LLP</u>**

I, Daniel Brown, hereby declare:

1.    I am a partner in the law firm of Frommer Lawrence and Haug LLP ("FLH" or "the Firm") and have been so since the founding of the firm in 1997. I submit this declaration in opposition to the motion by Reliant Pharmaceuticals, Inc. ("Reliant") to disqualify FLH as counsel for Par in this matter. I have personal knowledge of the facts set forth in this Declaration.

2.    I have been advised that Michael Lerner, the former Vice President, Legal Affairs, of Reliant has submitted a declaration on this motion stating that I "provided legal advice and assistance on Reliant matters." (Declaration of Michael Lerner, dated March 9, 2007, at ¶7.) He further states his "understanding" that, with respect to Reliant's 2003 acquisition of certain patents from Abbott GmbH & Co. KG ("Abbott"), I conducted an analysis under the supervision of Andrew M. Berdon "concerning infringement issues such as the potential ability

to design around the patents." (Id. at ¶13.) Finally, he states that Reliant relied upon my advice and investigation regarding the "scope, validity, infringement and enforceability" in deciding to acquire a patent for Rhythmol®. (Id. at ¶16.)

3. I now write to advise the Court that I conducted no such analysis or investigation at any time for Reliant. In fact, in the approximately two years that I am advised Reliant was an FLH client, I did not bill **even one minute** to that client and have no recollection of ever providing any advice or counsel regarding Rhythmol® to that client, to Mr. Berdon or anyone else. Nor, as a long-time partner of FLH, was I ever working "under the supervision" of Mr. Berdon.

4. There is no potential for misunderstanding on this subject. For me to provide an opinion and analysis regarding the value, scope, validity, enforceability or potential for design around of a patent would have been very time-consuming, detailed, and certainly in writing. Such an analysis would involve meetings with paralegals and/or scientific advisors, organization and review of materials, and many days of work that would be billed by myself and other personnel working at my direction, who would likewise keep records and bill their time. If such an analysis took place, there would exist billing entries referencing, e.g., my work on the matter, other individuals meeting with me, ordering materials under my direction, and other similar documentation.

5. To the best of my recollection, I have never met or spoken to Mr. Lerner or communicated with him or anyone else at Reliant orally or by e-mail. I am confident that I never received confidential information about that client and I knew nothing about Rhythmol® or its acquisition by Reliant. I do not know how Mr. Lerner came to state, under oath, that I did such an analysis or investigation of the Rhythmol® patent. He surely received the FLH invoices of

work performed, which not only list no time for me (on **any** matter at **any** time), but do not even contain a single reference to anyone consulting me.

6.  If I ever dealt with Mr. Lerner on any subject (which I do not recall), it would have been in passing and not for a formal purpose. For example, absent the sort of detailed study referenced above, I would never have said anything specific about a patent, especially if a client was relying upon my opinion in making business decisions, such as an acquisition.

7.  I was first advised late last year or early this year that Reliant claimed that I had been somehow substantively involved in representing it. Although I believed this statement to be false, the Firm has erected an Information Wall between me and the rest of the Firm concerning this case to avoid even a suggestion of impropriety.

8.  I note that on February 9, 2007, I was copied on an e-mail from Par's local Delaware counsel to Reliant's counsel forwarding a copy of Par's answer to Reliant's amended complaint. I did not open the attachment, and have not seen this document. I understand that Par's local counsel was instructed not to communicate with me any further on this matter and I have received nothing from them since the February 9 e-mail.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on: May 7, 2007

_____
Daniel Brown

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 21, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>   Jack B. Blumenfeld [jbbefiling@mnat.com]
>   Maryellen Noreika [menefiling@mnat.com]
>   MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>   1201 North Market Street
>   P.O. Box 1347
>   Wilmington, DE 19899
>   (302) 658-9200

I further certify that on September 21, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ***By E-Mail and Hand Delivery***
>
>   Jack B. Blumenfeld [jblumenfeld@mnat.com]
>   Maryellen Noreika [mnoreika@mnat.com]
>   MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>   1201 North Market Street
>   P.O. Box 1347
>   Wilmington, DE 19899
>   (302) 658-9200
>
> ***By E-Mail***
>
>   John Desmarais [jdesmarais@kirkland.com]
>   Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
>   Christine Willgoos [cwillgoos@kirkland.com]
>   KIRKLAND & ELLIS LLP
>   Citigroup Center
>   153 E. 53rd Street
>   New York, NY 10022
>   (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

**YOUNG CONAWAY STARGATT & TAYLOR LLP**

/s/ Karen L. Pascale
_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

   *Attorneys for Defendant-Counterclaimant,*
   *Par Pharmaceutical, Inc.*

2