UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
RELIANT PHARMACEUTICALS, INC., :
:
Plaintiff, :
: **Civil Action No. 06-774-JJF**
v. :
:
PAR PHARMACEUTICAL, INC., :
:
Defendant. :
:
------------------------------------------------------------x

**DECLARATION OF ARTHUR HOAG IN SUPPORT OF PAR PHARMACEUTICAL, INC.'S OPPOSITION TO RELIANT PHARMACEUTICALS, INC.'S MOTION TO DISQUALIFY FROMMER LAWRENCE & HAUG LLP**

I, Arthur Hoag, hereby declare:

1. I am an attorney at the law firm of Frommer Lawrence and Haug LLP ("FLH" or "the Firm") and have been so since April 2002. I submit this declaration in opposition to the motion by Reliant Pharmaceuticals, Inc.'s ("Reliant") to disqualify FLH as counsel for Par in this matter. I have personal knowledge of the facts set forth in this Declaration.

2. I am advised that Reliant asserts that I obtained confidential information from it in 2003 relating to the validity and enforceability of a patent that Reliant acquired as part of its acquisition of the drug product Rythmol®. I very infrequently worked on Reliant matters during the two years it was a client of FLH (specifically of Andrew Berdon). I had no knowledge of the value or properties of Rythmol®, or the scope, validity or enforceability of any patents related to Rythmol®, including U.S. Patent No. 5,681,588 ("the '588 patent"), and I have no such knowledge today.

3. I am a 1997 graduate of New York University School of Law. My practice includes primarily intellectual property transactions. In October 2003 I was an associate at FLH. I became a partner on July 11, 2004.

4. On or about October 21, 2003, I was asked by Andrew Berdon to take a look at an asset purchase agreement between Abbott GmbH & Co. KG ("Abbott") and Reliant. Prior to this conversation with Mr. Berdon, I was unaware of the substance of this transaction or of Reliant's interest in whatever intellectual property was being acquired.

5. The asset purchase agreement was not drafted by FLH and appeared to have already been the subject of negotiation between Reliant and Abbott. I understood from Mr. Berdon that I was to assess whether the agreement appeared to contain the types of clauses a transactional lawyer would expect to see in connection with a transfer of ownership rights in intellectual property. My review was completely unrelated to any particulars of the intellectual property being transferred. I believe I gave Mr. Berdon some comments regarding the location of a grant-back clause in an attachment to the agreement rather than in the agreement itself.

6. I billed a total of 2 ½ hours on October 21 to this task. I performed no other work on this transaction.

7. I was not asked to provide -- nor was I in any position to provide -- any analysis or opinion regarding the value, scope, validity or enforceability of any of the patents being assigned. My work was limited to reviewing portions of a transaction that had apparently already been negotiated. I recall no discussions with anyone at any time regarding Rythmol® itself. I do not recall communicating directly with anyone at Reliant, orally or by e-mail, concerning Rythmol® or the Abbott transaction. Nor do I recall receiving any documents other than the drafts I reviewed.

8. Based on what I actually did, the statement at page 10 of Reliant's legal memorandum that I advised Reliant "regarding the nature and scope of the patent rights granted to Reliant, including the rights to the '588 patent" is inaccurate and misleading.

9. Although I know nothing about the '588 patent, and was involved solely in the review of a portion of the Reliant-Abbott transaction described above, the Firm has erected an Information Wall between me and the rest of the Firm concerning this case.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on: May 8, 2007

_____
Arthur Hoag

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on September 21, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld [jbbefiling@mnat.com]
>Maryellen Noreika [menefiling@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

I further certify that on September 21, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

>***By E-Mail and Hand Delivery***
>
>Jack B. Blumenfeld [jblumenfeld@mnat.com]
>Maryellen Noreika [mnoreika@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>
>***By E-Mail***
>
>John Desmarais [jdesmarais@kirkland.com]
>Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
>Christine Willgoos [cwillgoos@kirkland.com]
>KIRKLAND & ELLIS LLP
>Citigroup Center
>153 E. 53rd Street
>New York, NY 10022
>(212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

              **YOUNG CONAWAY STARGATT & TAYLOR LLP**

              /s/ Karen L. Pascale
              _____
              Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
              Karen L. Pascale (No. 2903) [kpascale@ycst.com]
              The Brandywine Building
              1000 West Street, 17th Floor
              P.O. Box 391
              Wilmington, Delaware 19899-0391

                *Attorneys for Defendant-Counterclaimant,*
                *Par Pharmaceutical, Inc.*