IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : |
| Defendant. | : |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE,
PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS
(CLAUS PICH AND THOMAS MOEST)**

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named individuals to give evidence pertinent to the defendant's defenses in this matter.

1.   **Sender:**

The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

2. **Central Authority of the Receiving State:**

   Justizminister des Landes Schleswig-Holstein, Lorentzendamm 35, 24103 Kiel,

   Schleswig-Holstein, Federal Republic of Germany.

3. **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

   The executed request should be returned to the Sender as expeditiously as possible.

4. **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

   The requesting judicial authority is the United States District Court for the District of

   Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5. **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

   Justizminister des Landes Schleswig-Holstein, Lorentzendamm 35, 24103 Kiel,

   Schleswig-Holstein, Federal Republic of Germany.

6. **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

| | |
|---|---|
| Reliant Pharmaceuticals, Inc.<br>110 Allen Road<br>Liberty Corner, New Jersey 07938 | Jack B. Blumenfeld<br>Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br><br>John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

7. **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") against defendant Par. The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588 patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors. Knoll subsequently assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No. 78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA approval to market a generic version of Reliant's propafenone HCl extended-release products, which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia. Reliant has brought this action contending that the commercial sale of Par's proposed product as described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq.*

8. **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following individuals to produce for inspection the documents identified and described in paragraph 12 and to appear for a deposition in this case. The party affiliation and counsel for the designated individuals are also given:

| Witness | Affiliation | Represented by Counsel |
|---|---|---|
| Claus Pich<br>Werftweg 4<br>23436 Moorrege<br>Germany<br><br>Thomas Moest<br>Nordmark Arzneimittel GmbH & Co. KG<br>Pinnauallee 4<br>25436 Uetersen<br>Germany | Named inventors of a material prior-art patent | John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

The above individuals appear to have information relevant to this case. This Court requests that the deposition of the above individuals be scheduled to take place at the American Consulate General Hamburg, Alsterufer 27/28, 20354 Hamburg, Federal Republic of Germany, or at such other place as the German Court may direct. This Court also requests that the abovementioned individuals produce the documents identified and described in paragraph 12 for inspection thirty (30) days prior to the date scheduled for their depositions at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the

American Consulate General Hamburg, at the address listed above, or at such other place as the German Court may direct.

This Court requests that the German Court set dates and times for the above depositions as soon as practicable. This Court also requests that the above depositions be scheduled together in a coordinated fashion with the deposition of Helmut Fricke, requested contemporaneously by this Court, so as to allow counsel traveling from the United States to attend all depositions in a single trip, if possible.

9.  **Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that Drs. Pich and Moest have information relevant to this litigation. Knoll was the assignee of record during the prosecution of the patent-in-suit. BASF was the corporate parent of Knoll during the prosecution of the patent-in-suit. BASF was also the assignee of record of a material prior-art patent, U.S. Patent No. 4,797,287 ("the '287 patent"), during prosecution of the patent-in-suit. Thomas Moest and Claus Pich are the named inventors of the '287 patent. Defendant contends that the '287 patent, not disclosed by the applicants to the United States Patent and Trademark Office during prosecution of the patent-in-suit, renders the patent-in-suit invalid and unenforceable under the Patent Laws of the United States.

Drs. Pich and Moest are likely to have relevant information concerning the '287 patent, including the prosecution of the '287 patent, the conception, development and testing of any alleged invention claimed in the '287 patent, the scope of the claims of the '287 patent, and the meaning of claim terms. Drs. Pich and Moest may also have relevant information concerning the prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent enforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel Drs. Pich and Moest to appear for a deposition in this case and produce for inspection the documents identified and described in paragraph 12.

10. **Methods and Procedures to be Followed for Depositions of Drs. Pich and Moest:**

This Court requests, pursuant to Article 3 of the Hague Convention, that the testimony given pursuant to this letter of request be given under oath.

The conduct of the depositions will be under the supervision of the German judge and subject to the control of the German prosecutor, and should be conducted with due regard to German practice and procedure, the authority of the German Court, and the witnesses' language preference. This Court understands that the procedures to be followed will be determined in the exercise of discretion of the German Court. Within those limitations, however, this Court makes the following requests pursuant to Article 9 of the Hague convention for additional procedures to be followed:

a.   Counsel for defendant Par has informed this Court that Germany's Code of Civil Procedure ("ZPO") permits a German Judge to authorize that questioning of the witness at a deposition taken under the Hague Convention may be conducted by the parties, counsel for whom may ask questions in the nature of direct, cross and redirect examination. It is this Court's understanding that such procedures may be requested by the Requesting Authority in the Letter of Request.[1]

This Court believes that the most effective way to obtain the witnesses' testimony in a form that will be useful to the Court would be to follow that procedure. Counsel for the

---

[1] In particular, counsel for defendant Par has brought to the Court's attention ZPO § 357, supporting the view that cross examination by the parties' counsel is permitted.

defendant is familiar with the documents and the issues and it would be very advantageous to allow them to conduct the questioning rather than to have the questioning done by the German judge or other official of the German government. This Court requests that such a procedure be followed.

b.      Defendant Par's attorneys, Frommer Lawrence & Haug LLP, request, under authorization of this Court, permission to attend and participate in the oral depositions of the abovementioned individuals. Defendant Par's attorneys, Frommer Lawrence & Haug LLP, further request, under authorization of this Court, that the attorneys for the abovementioned witnesses, Kirkland & Ellis LLP, be permitted to attend and participate in the oral depositions of the witnesses. If permission to attend and participate is granted, it is requested that Frommer Lawrence & Haug LLP be provided with the date, time and place of the deposition as soon as convenient, which information they will promptly provide to Kirkland & Ellis LLP.

c.      Sometimes during depositions counsel raise objections to the admissibility in court of certain testimony or the manner in which questions are asked or answers are given. The usual practice in depositions in this country is that such objections are "reserved," which means that they are noted for the record but not resolved at the deposition. They are resolved by the trial court when the testimony is presented to the court. This Court requests that this procedure be followed in connection with these depositions to the extent objections are raised based on issues of United States law.

d.      This Court requests that a full stenographic record (verbatim transcript) be taken of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the depositions. This Court further requests that a full videographic record be taken of the

proceedings, which also will be arranged by and paid for by defendant Par as the party taking the depositions.

  e.  It is fully acceptable to this Court that all questions be asked in German, or asked in English by counsel and translated into German, and that the witness hear and respond to all questions in German, unless the witness is comfortable responding in English. There should be continuous translation of the responses into English, so that United States counsel may follow the proceedings and so that a full record of the deposition in English will exist which may be understood by this Court. This Court requests that the German Court allow defendant Par to arrange for such simultaneous translation of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the depositions.

  f.  After the written transcript of each deposition is prepared the witness shall have the opportunity to review it and make any corrections required, stating the reasons therefore in an errata sheet to be affixed to the original transcript of the deposition. The witness should be required to sign an acknowledgement of the accuracy of the transcript (as corrected) before a notary or comparable official, and the transcript so executed should be returned to the judicial officer appointed to conduct the proceedings, who should then forward it to the Sender.

  g.  If the Responding Authority denies the procedure requested in paragraphs (a)-(f) above, and instead orders that the questioning of the witnesses be done by the German judge or other official of the German government, then this Court respectfully requests that the Responding Authority notify this Court and defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above, as soon as possible of the denial and to allow Par to submit specific written questions to be asked by the German judge or other official of the German government.

11. **Request for Notification of Examination:**

This Court respectfully requests, pursuant to Article 7 of the Hague Convention, that it be informed in writing of the time when, and the place where, the proceeding will take place, and that such information should also be sent to the parties' representatives at the addresses listed in paragraph 6 above.

12. **Identification and Description of Documents Sought From Drs. Pich and Moest:**

   a. Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patent and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

   b. Documents and things concerning the prosecution of the '287 patent, including: (i) U.S. Patent Application Serial No. 07/045,194, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 07/045,194; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 07/045,194; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 07/045,194.

   c. Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '287 patent, including but not limited to any

contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

    d.    Documents and things concerning U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, notes, memoranda, analyses, studies, and correspondence concerning the '588 patent and any documents comparing or contrasting any claim in the '287 patent with the '588 patent.

    e.    English translations of any foreign-language document requested above, if they exist.

This Court requests that the German Court order Drs. Pich and Moest to produce all documents identified above thirty (30) days prior to the date scheduled for their depositions.

**13.  Reciprocity:**

The courts of the United States are authorized by statute (see section 1782 of title 28 of the United States Code) to extend similar assistance to the courts of Germany and will gladly reciprocate the courtesies shown by the courts of Germany.

**14.  Responsibility for Reimbursable Fees and Costs:**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 of the Convention will be borne by defendant Par in the first instance. Statements for the amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above. Further, the United States Court for the District of Delaware is prepared to reimburse the Responding Authority for all costs incurred in executing this letter of request. The United States Court for the District of Delaware extends to the judicial authorities of Germany the assurance of its highest consideration.

[SIGNATURE OF JUDGE AND SEAL OF COURT ON FOLLOWING PAGE]

WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District Court for the District of Delaware, this ᛞ١ day of SEPTEMBER, 2007.

_____
Joseph J. Farnan, Jr.
United States District Judge

[seal of court]