IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---

RELIANT PHARMACEUTICALS, INC., :
:
    Plaintiff, :
:
    v. : C.A. No. 06-774-JJF
:
PAR PHARMACEUTICAL, INC., :
:
    Defendant. :

---

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE,
PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS
(BASF AKTIENGESELLSCHAFT)**

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named entity to give evidence pertinent to the defendant's defenses in this matter.

1. **Sender:**

    The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

2. **Central Authority of the Receiving State:**

Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

3. **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

The executed request should be returned to the Sender as expeditiously as possible.

4. **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

The requesting judicial authority is the United States District Court for the District of

Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5. **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

6. **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

| Reliant Pharmaceuticals, Inc.<br>110 Allen Road<br>Liberty Corner, New Jersey 07938 | Jack B. Blumenfeld<br>Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br><br>John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |
|---|---|

7. **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") against defendant Par. The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588 patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors. Knoll subsequently assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No. 78-540 with the U.S. Food and Drug Administration ("FDA"). Par's ANDA seeks FDA approval to market a generic version of Reliant's propafenone HCl extended-release products, which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia. Reliant has brought this action contending that the commercial sale of Par's proposed product as described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq*.

8. **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following entity to produce for inspection the documents identified and described in paragraph 10. The party affiliation and counsel for the designated entity is also given:

| Witness | Affiliation | Represented by Counsel |
|---|---|---|
| BASF Aktiengesellschaft<br>Carl-Bosch-Strasse 38<br>67056 Ludwigshafen<br>Germany | Parent corporation of Knoll Aktiengesellschaft, the assignee of record during the prosecution of the patent-in-suit | N/A |

BASF Aktiengesellschaft ("BASF") appears to have information relevant to this case. This Court requests that BASF produce the documents identified and described in paragraph 10 for inspection as soon as practicable at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the American Consulate General Munich, at Koeniginstrasse 5, 80539 Muenchen, Federal Republic of Germany, or at such other place as the German Court may direct.

9. **Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that BASF has information relevant to this litigation. Knoll was the assignee of record during the prosecution of the patent-in-suit. BASF was the corporate parent of Knoll during the prosecution of the patent-in-suit. BASF was also the assignee of record of a material prior-art patent, U.S. Patent No. 4,797,287 ("the '287 patent"), during prosecution of the patent-in-suit.

Defendant contends that the '287 patent, not disclosed by the applicants to the United States Patent and Trademark Office during prosecution of the patent-in-suit, renders the patent-in-suit invalid and/or unenforceable under the Patent Laws of the United States.

BASF is likely to have relevant information concerning the patent-in-suit, including the conception, development and testing of any alleged invention claimed in the patent-in-suit, the scope of the claims of the patent-in-suit, the meaning of claim terms, and the filing and prosecution of the patent-in-suit. BASF is also likely to have relevant information concerning the '287 patent, including the prosecution of the '287 patent, the conception, development and testing of the '287 patent, the scope of the claims of the '287 patent, and the meaning of the claim terms. In particular, BASF is likely to have relevant information relating to whether the applicants of the patent-in-suit were aware of the '287 patent during prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel BASF to produce for inspection the documents identified and described in paragraph 10.

10.    **Identification and Description of Documents Sought From BASF:**

a.    Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patents and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

b. Documents and things concerning the prosecution of the '588 patent, including: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 08/525,749; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749.

c. Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including, for example, any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

d. Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patent and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

e. Documents and things concerning the prosecution of the '287 patent, including: (i) U.S. Patent Application Serial No. 07/045,194, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 07/045,194; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the

prosecution of U.S. Patent Application Serial No. 07/045,194; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 07/045,194.

 f. Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '287 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

 g. Memoranda, analyses, studies, and correspondence concerning the '588 patent and the '287 patent, including any documents comparing or contrasting any claim in the '588 patent with the '287 patent.

 h. Documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott Laboratories, Inc.; (ii) Knoll Aktiengesellschaft; (iii) BASF Aktiengesellschaft; (iv) Reliant Pharmaceuticals, Inc.; and (v) any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

 i. Documents or agreements whereby BASF Aktiengesellschaft can request the assistance or cooperation of a party and/or has agreed to assist or cooperate in the event of a litigation involving the '588 patent or Rythmol® SR, including but not limited to documents or agreements between, or among (1) Reliant Pharmaceuticals, Inc.; (2) Knoll Aktiengesellschaft; (3) BASF Aktiengesellschaft; (4) Abbott Laboratories, Inc.; (5) the '588 patent inventors; or (6)

any other persons or parties associated with the '588 patent or Rythmol® SR, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

    j.    All documents or agreements whereby Knoll Aktiengesellschaft can request the assistance or cooperation of a party and/or has agreed to assist or cooperate in the event of a litigation involving the '588 patent or Rythmol® SR, including but not limited to documents or agreements between, or among (1) Reliant Pharmaceuticals, Inc.; (2) Knoll Aktiengesellschaft; (3) BASF Aktiengesellschaft; (4) Abbott Laboratories, Inc.; (5) the '588 patent inventors; or (6) any other persons or parties associated with the '588 patent or Rythmol® SR, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

    k.    English translations of any foreign-language document requested above, if they exist.

This Court requests that the German Court order BASF to produce all documents identified above as soon as practicable.

**11.   Reciprocity:**

The courts of the United States are authorized by statute (see section 1782 of title 28 of the United States Code) to extend similar assistance to the courts of Germany and will gladly reciprocate the courtesies shown by the courts of Germany.

**12.   Responsibility for Reimbursable Fees and Costs:**

The fees and costs incurred that are reimbursable under the second paragraph of Article 14 of the Convention will be borne by defendant Par in the first instance. Statements for the amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above. Further, the United States Court for the District of Delaware is prepared to reimburse the Responding Authority for all costs incurred in executing this letter

of request. The United States Court for the District of Delaware extends to the judicial authorities of Germany the assurance of its highest consideration.

**WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District Court for the District of Delaware, this** 21 **day of** SEPTEMBER , 2007.

                                                 _____
                                                 Joseph J. Farnan, Jr.
                                                 **United States District Judge**

[seal of court]