REDACTED VERSION – PUBLICLY FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | : |
| | : |
| Plaintiff, | : |
| | : C.A. No. 06-774-JJF |
| v. | : |
| | : *** **FILED UNDER SEAL** *** |
| PAR PHARMACEUTICAL, INC., | : |
| | : *Contains Confidential and/or* |
| Defendant. | : *Highly Confidential Information* |
| | : |

## DECLARATION OF JAMES K. STRONSKI IN SUPPORT OF
## DEFENDANT'S MOTION TO COMPEL DISCOVERY OF FOREIGN INVENTORS

YOUNG CONAWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.: (302) 571-6600
Fax: (302) 571-1253

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

December 19, 2007

00508204.DOC

REDACTED VERSION – PUBLICLY FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-774-JJF |
| v. | : | |
| | : | *** **FILED UNDER SEAL** *** |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | *Contains Confidential and/or* |
| Defendant. | : | *Highly Confidential Information* |
| | : | |

## DECLARATION OF JAMES K. STRONSKI IN SUPPORT OF
## DEFENDANT'S MOTION TO COMPEL DISCOVERY OF FOREIGN INVENTORS

I, James K. Stronski, declare:

1.    I am a partner in the law firm of Frommer Lawrence & Haug LLP ("FLH"),

counsel for defendant Par Pharmaceutical, Inc. ("Par"). I submit this declaration in support of

Defendant's Motion to Compel Discovery of Foreign Inventors. I have personal knowledge of

the facts set forth in this declaration, or I believe them to be true based upon my investigation

and information provided to me by other knowledgeable persons.

2.    In a letter dated July 16, 2007, Reliant refused to produce any documents in this

litigation—including any assignment-type documents concerning the '588 patent—until final

resolution of Reliant's motion to disqualify Frommer Lawrence & Haug as Par's counsel. In this

way and without seeking a discovery stay, Reliant sought a de facto stay of any discovery due to

its pending disqualification motion, even though it had agreed to the case schedule and the

discovery cut off dates after first filing that motion.

3.    On or about October 24, 2007, Par's German local counsel submitted the original

Letters of Request and associated documents to the respective German authorities.

REDACTED VERSION – PUBLICLY FILED

4.      I have been recently informed by Par's German local counsel that the German authorities found that the issued Letters of Request were not in compliance with the Hague Convention as applied under German law and practice and would, therefore, need to be revised. Par now expects that any revised Letters of Request, even if accepted and processed by the German authorities, likely will not result in the giving of testimony and evidence before May 2008.

5.      On December 19, 2007, counsel for the parties discussed this motion. Reliant's counsel advised me that Reliant was not yet in a position to respond substantively to my December 14, 2007 letter concerning the subject matter of this motion. I advised Reliant's counsel that Par would file its motion and the parties agreed to discuss this motion further, if appropriate, if and when Reliant does substantively respond.

6.      Attached hereto as Exhibit 1 is a true and correct copy of a patent assignment agreement signed by Karl Kolter, Helmut Fricke, Volker Buehler, and Herbert Mueller-Peltzer, dated February 17, 1994.

7.      Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff Reliant's Initial Disclosures Pursuant to Rule 26(a)(1), dated May 11, 2007.

8.      Attached hereto as Exhibit 3 is a true and correct copy of Defendant's Initial Disclosures Pursuant to Fed. R. Civ. P.26(a)(1), dated May 11, 2007.

9.      Attached hereto as Exhibit 4 is a true and correct copy of an excerpt from Plaintiff Reliant's Supplemental Responses to Par's First Set of Interrogatories, dated September 24, 2007.

2

REDACTED VERSION – PUBLICLY FILED

      10.     Attached hereto as Exhibit 5 is a true and correct copy of an excerpt from Plaintiff Reliant Pharmaceuticals, Inc.'s Objections and Responses to Par Pharmaceutical, Inc.'s First Set of Requests for the Production of Documents and Things, dated June 11, 2007.

      11.     Attached hereto as Exhibit 6 is a true and correct copy of a July 16, 2007 letter from Christine Willgoos to John Taylor.

      12.     Attached hereto as Exhibit 7 is a true and correct copy of a July 23, 2007 letter from James K. Stronski to Gerald J. Flattmann, Jr.

      13.     Attached hereto as Exhibit 8 is a true and correct copy of a July 26, 2007 letter from Christine Willgoos to James K. Stronski (without enclosures).

      14.     Attached hereto as Exhibit 9 is a true and correct copy of Plaintiff Reliant Pharmaceuticals, Inc.'s Objections and Responses to Par Pharmaceutical, Inc.'s Second Set of Requests for the Production of Documents and Things, dated August 24, 2007.

      15.     Attached hereto as Exhibit 10 is a true and correct copy of an August 8, 2007 letter from John G. Taylor to Gerald J. Flattmann, Jr., including one of nine enclosed subpoenas for documents (directed to Karl Kolter), dated August 8, 2007.

      16.     Attached hereto as Exhibit 11 is a true and correct copy of an August 10, 2007 letter from Christine Willgoos to John G. Taylor.

      17.     Attached hereto as Exhibit 12 is a true and correct copy of an August 13, 2007 letter from John G. Taylor to Christine Willgoos.

      18.     Attached hereto as Exhibit 13 is a true and correct copy of an August 21, 2007 letter from Christine Willgoos to John G. Taylor.

      19.     Attached hereto as Exhibit 14 is a true and correct copy of a September 12, 2007 letter from James K. Stronski to William T. Vuk.

REDACTED VERSION – PUBLICLY FILED

20.    Attached hereto as Exhibit 15 is a true and correct copy of a September 13, 2007 letter from William T. Vuk to John G. Taylor.

21.    Attached hereto as Exhibit 16 is a true and correct copy of a subpoena duces tecum served upon Abbott Laboratories, Inc, dated August 16, 2007.

22.    Attached hereto as Exhibit 17 is a true and correct copy of a Request for International Judicial Assistance, Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Karl Kolter), issued on September 19, 2007.  This is one of five such Requests issued by the Court on September 19 and 21, 2007.

23.    Attached hereto as Exhibit 18 is a true and correct copy of a December 14, 2007 letter from James K. Stronski to William T. Vuk (without enclosures).

24.    Attached hereto as Exhibit 19 is a true and correct copy of an excerpt from Defendant's Objections and Responses to Plaintiff's First Set of Interrogatories, dated June 18, 2007.


I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 19th day of December, 2007, at New York, New York.

James K. Stronski

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on December 26, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on December 26, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ### *By E-Mail and Hand Delivery*
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> ### *By E-Mail*
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY  10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY  10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

2

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 1

REDACTED VERSION – PUBLICLY FILED
**USA**

# ASSIGNMENT

*O. Z. 0480/01123*

WHEREAS, we

*Karl Kolter, Sachsenweg 12, 67117 Limburgerhof*
*Helmut Fricke, Pfalzring 159, 67112 Mutterstadt*
*Volker Buehler, Lieblgsstrasse 2, 76135 Karlsruhe*
*Herbert Mueller-Peltzer, Uferstrasse 36, 69120 Heidelberg*
*Federal Republic of Germany*
*citizens of the Federal Republic of Germany*

have invented certain new and useful improvements in

```
Delayed release microtablet of ß-phenylpropiophenone derivatives
```

as fully set forth and described in the specification executed by us on

February 17, 1994

Serial No. 08/525,749                    , filed 03 October 1995

preparatory to obtaining Letters Patent of the United States therefor; and

WHEREAS, *Knoll Aktiengesellschaft*, having a place of business at *67061 Ludwigshafen, Rheinland Pfalz, Federal Republic of Germany*, is desirous of acquiring said invention and application and the exclusive right in and to the Letters Patent to be granted therefor:

NOW, THEREFORE, in consideration of the sum of One Dollar ($1.00) to us in hand paid, the receipt whereof is hereby acknowledged, and other valuable consideration, we, the said

*Karl Kolter*
*Helmut Fricke*
*Volker Buehler*
*Herbert Mueller-Peltzer*

have sold, assigned and transferred, and by these presents do sell, assign and transfer unto said *Knoll Aktiengesellschaft* the full and exclusive right to the said invention and application and the entire right, title and interest in and to any and all Letters Patent which may be granted therefor, and in and to any and all divisions, reissues, continuations and extensions thereof.

We hereby authorize and request the Commissioner of Patents to issue the said Letters Patent, when granted, to said *Knoll Aktiengesellschaft*, as the assignee of our entire right, title and interest in and to the same, for the sole use and behoof of said *Knoll Aktiengesellschaft*, its successors and assigns.

FURTHER, we agree that we will communicate to said *Knoll Aktiengesellschaft*, or its representatives, any facts known to us respecting said invention, and testify in any legal proceeding, sign all lawful papers, execute all divisional, continuation, substitution, renewal and reissue applications, make all rightful oaths and generally do everything possible to aid said *Knoll Aktiengesellschaft*, its successors and assigns to obtain and enforce proper protection for said invention in the United States.

The undersigned hereby grant(s) the firm of Oblon, Spivak, McClelland, Maier & Nenstadt, P.C. of Fourth Floor, 1755 Jefferson Davis Highway, Arlington, Virginia 22202 the power to insert on this assignment any further identification, including the application number and filing date, which may be necessary or desirable in order to comply with the rules of the United States Patent and Trademark Office for recordation of this document.

IN TESTIMONY WHEREOF, we hereunto set our hands.

Febr. 17, 1994
Date:
*Karl Kolter*

Febr. 17, 1994
Date:
*Helmut Fricke*

Febr. 17, 1994
Date:
*Volker Buehler*

Febr. 17, 1994
Date:
*Herbert Mueller-Peltzer*

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 2

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-774-JJF |
| ) | |
| PAR PHARMACEUTICAL, INC. ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF RELIANT'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)

Pursuant to Federal Rule Of Civil Procedure 26(a)(1), Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant"), based upon information reasonably available to it, hereby provides its initial disclosures to Defendant Par Pharmaceutical, Inc.

Reliant reserves the right to amend and/or supplement these disclosures as its investigation and discovery proceeds in this action.

### Initial Disclosures

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**Response:** Reliant identifies the following individuals, each of whom should be contacted solely through counsel for Reliant. Reliant reserves the right to supplement and/or amend this list as its investigation and discovery proceeds in this action.

1.    Karl Kolter
      Head of Development Pharma Ingredients
      BASF AG
      G-MEP/ML - H 201
      67056 Lugwigshafen
      Germany
      + 49 621 60 41664
      Subject: Certain scientific aspects of U.S. Patent No. 5,681,588

REDACTED VERSION – PUBLICLY FILED

2.    Helmut Frike
      Klinkerstrasse 37
      25436  Moorege
      Germany
      + 49 4122 999 438
      Subject:  Certain scientific aspects of U.S. Patent No. 5,681,588

3.    Volker Bueller
      Jagdrain 12a
      76316 Malsch
      Germany
      + 49 7246 7100
      Subject:  Certain scientific aspects of U.S. Patent No. 5,681,588

4.    Herbert Mueller-Peltzer
      Uferstr.38 ,
      69120 Heidelberg
      Germany
      + 49 6221 436284
      Subject:  Certain scientific aspects of U.S. Patent No. 5,681,588

5.    Claus H. Pich
      Werftweg 4
      25436 Moorrege
      Germany
      + 49 4122 81611
      Subject:  Certain scientific aspects of U.S. Patent No. 4,797,287

6.    Thomas Moest
      Coordination QA and Validation
      Nordmark Arzneimittel GmbH & Co. KG
      Pinnauallee 4
      Germany
      + 49 4122 712 294
      Subject:  Certain scientific aspects of U.S. Patent No. 4,797,287

      B.    A copy of, or description by category and location of, all documents, electronically stored information and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

      **Response:**  The documents and things listed below will be produced by counsel for Reliant.  Reliant reserves the right to supplement and/or amend this list as its investigation and discovery proceeds in this action.

REDACTED VERSION – PUBLICLY FILED

1.    The patent, application, and prosecution history for U.S. Patent No. 5,681,588.

2.    Title, assignment and maintenance documents for U.S. Patent No. 5,681,588.

3.    Certain clinical data regarding Rythmol® SR.

4.    Data and/or summaries regarding U.S. sales of Rythmol® SR.

5.    Certain of Reliant's other business records.

C.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Response:**  Under 35 U.S.C. § 271(e)(4)(C), damages are not available with respect to the patent claims in this action unless Par violates applicable laws and regulations and engages in any commercial manufacture, use, importation, offer to sell or sale of the generic products described by ANDA No. 78-540 within the United States.  To Reliant's knowledge, Par has not engaged in any such commercial activity and, as a result, damages are not available with respect to the patent claims in this action at this time.  Accordingly, Reliant is unable to calculate any damages at this time.

D.    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response:**  Reliant states that it is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

3

REDACTED VERSION – PUBLICLY FILED

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (No. 1014)
Maryellen Noreika (No. 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Attorneys for Plaintiff*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

May 11, 2007

824516.1

4

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 3

REDACTED VERSION – PUBLICLY FILED

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC.,     : <br><br>       Plaintiff,                 : <br><br>          v.                     : <br><br> PAR PHARMACEUTICAL, INC.,      : <br><br>       Defendant.            : | Civil Action No. 06-774-JJF |

## DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant Par Pharmaceutical, Inc. ("Par") provides the following disclosures to plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") based on information now reasonably available to Par. Par reserves the right to supplement, amend, or modify these disclosures as it obtains information through discovery or otherwise and becomes aware of additional documents, data compilations, or things. Par also reserves the right to object to the use of these disclosures, in whole or in part, at any time (including at trial of this or any other action) and for any purpose on the grounds of relevancy, competency, materiality, admissibility, hearsay, privilege, work-product immunity, or for any other reason. Further, Par provides these disclosures without waiving in any way any claim of privilege or work-product immunity.

By making these disclosures, Par does not represent that it is identifying every witness, document, data compilation, or thing that it may use to support its defenses or counterclaims. Rather, these disclosures represent a good-faith effort to furnish information falling within the

REDACTED VERSION – PUBLICLY FILED

scope of Rule 26(a)(1). Accordingly, these disclosures do not include, for example, information that may be used for impeachment.

All of the disclosures set forth below are made subject to the above objections and qualifications.

### A.    Identification of Individuals Likely to Have Discoverable Information

Based upon information reasonably available at this time, Par identifies the following individuals who are likely to have discoverable information that Par may use to support its defenses or counterclaims. Since discovery has not yet begun, Par is not in a position to identify all individuals—including Reliant and third party employees, agents, or attorneys—likely to have discoverable information that Par may use to support its defenses or counterclaims. Par reserves the right to identify additional persons if it learns that others have knowledge or information that it may use to support its defenses or counterclaims. Par also reserves the right to rely on any individuals identified by Reliant or any third party witnesses. Moreover, Par reserves the right to seek discovery from other persons once their identities become known through discovery or otherwise.

By identifying the following individuals, however, Par does not authorize Reliant or anyone acting on Reliant's behalf to (a) contact or otherwise communicate with Par's current or former officers or employees—who may have confidential or privileged information—or (b) take any action prohibited by any rules of professional conduct. Any individual identified in this or any supplemental disclosure as a current or former employee or representative of Par shall be contacted only through Par's undersigned attorneys.

REDACTED VERSION – PUBLICLY FILED

1.   Eric Mittleberg, Ph.D.
     Executive Vice President, Pharmaceutical Research and Development
     Par Pharmaceutical, Inc.
     300 Tice Boulevard
     Woodcliff Lake, NJ 07677

     Ping He - former Par employee

     The research development and formulation of the propafenone HCl extended-
     release capsules that are the subject of Par's Abbreviated New Drug Application
     ("ANDA") No. 78-540.

2.   Michelle Bonomi, Executive Director, Generic Regulatory
     Janis Picurro, Director, Regulatory Affairs
     Par Pharmaceutical, Inc.
     100 A Rusten Corporate Park
     Spring Valley, NY 10977

     The preparation, filing and approval process for Par's ANDA No. 78-540.

3.   The inventors of U.S. Patent No. 5,681,588 ("the '588 patent") and other
     individuals, including but not limited to Reliant's employees, consultants, and
     agents, with knowledge of the conception, reduction to practice, research,
     development, and testing of inventions claimed in the '588 patent.

4.   Individuals, including but not limited to Reliant's employees, consultants, and
     agents, who participated in the research, development, formulation,
     manufacturing, or testing of the products and methods disclosed in the '588
     patent.

5.   Individuals, including but not limited to Reliant's employees, consultants, and
     agents, who participated in the preparation, filing, or prosecution of the '588
     patent, and the prosecution of any related U.S. application and foreign
     counterparts.

6.   Individuals, including but not limited to Reliant's employees, consultants, and
     agents, who participated in the research, development, formulation,
     manufacturing, testing, or regulatory approval of products according to Reliant's
     New Drug Application ("NDA") No. 21-416.

7.   Individuals, including but not limited to Reliant's employees, consultants, and
     agents, with knowledge of the preparation of, and regulatory approval process for,
     Reliant's NDA No. 21-416.

DB02:5970982.1                                                              066039.1001

REDACTED VERSION – PUBLICLY FILED

8.  Individuals, including but not limited to Reliant's employees, consultants, and agents, who participated in the planning, marketing, sales, and advertising of Rythmol SR®.

9.  Individuals with knowledge of the bases for Reliant's infringement claims and decision to commence this action.

The above disclosure does not identify or otherwise include information concerning attorneys whose knowledge or information is based on or derived from their work on this lawsuit. Also, the above disclosure does not identify or otherwise include information concerning experts because Rule 26(a)(1) does not cover the disclosure of expert testimony.

**B.    Description by Category of Documents, Data Compilations, and Tangible Things**

Based upon information reasonably available at this time, Par identifies the following documents, data compilations, and things in its possession, custody, or control that it may use to support its defenses or counterclaims. This list excludes documents that may be used solely for impeachment. Moreover, although Rule 26(a)(1)(B) concerns documents and other tangible things that are in the possession, custody, or control of the disclosing party, Par describes below several documents, data compilations, and things that it reasonably believes are in the possession, custody, or control of Reliant or any third party that Par may use to support its defenses or counterclaims. Par reserves the right to identify additional documents, data compilations, and things in the possession, custody or control of Par, Reliant, or any third party that it may use to support its defenses or counterclaims. Par does not waive its right to object at any time, including at trial or this or any other action, to the production of any document or tangible thing disclosed on the basis of privilege, work-product immunity, relevancy, undue burden, or any other valid objection.

– 4 –

REDACTED VERSION – PUBLICLY FILED

1. The '588 patent, and any related U.S. patents and applications and foreign counterparts, their respective prosecution histories, and prior art cited by or provided to the United States Patent and Trademark Office ("PTO") and the relevant foreign patent offices.

   These documents are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; (b) the inventors of the patents; or (c) the PTO or the relevant foreign patent offices.

2. Invention records, notes, research, studies, data, abstracts, samples, prototypes, etc., relating to the conception, reduction to practice, first description in a document, research, development, testing, and first disclosure of the alleged inventions claimed in the '588 patent.

   These documents are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; or (b) the inventors of the patents.

3. NDA 21-416 for propafenone HCl extended-release capsules, including all amendments, supplements, correspondence, or annual reports to the U.S. Food and Drug Administration ("FDA").

   These documents are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; or (b) the FDA.

4. Samples of Rythmol SR®.

   These materials are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; or (b) the FDA.

5. Documents concerning the commercial success of Rythmol SR® and other issues concerning the secondary considerations of nonobviousness, including materials relating to the marketing, sales, and profits of Rythmol SR®, as well as documents relating to prescriptions for Rythmol SR® and other products for treating arrhythmia in patients with arrhythmia.

   These documents are believed to be in the possession, custody, or control of Reliant or their counsel.

6. Licenses and agreements concerning Rythmol SR® and the '588 patent.

   These documents are believed to be in the possession, custody, or control of Reliant or their counsel.

REDACTED VERSION – PUBLICLY FILED

7.    Research, development and formulation documentation relating to the propafenone HCl extended-release capsules that are the subject of Par's ANDA No. 78-540.

These documents are in the possession, custody, or control of Par or their counsel.

8.    Par's ANDA No. 78-540 for propafenone HCl extended-release capsules.

These documents are in the possession, custody, or control of: (a) Par or their counsel; and (b) the FDA. These documents have also been produced to Reliant in this litigation.

9.    Samples of the propafenone HCl extended-release capsules that are the subject of Par's ANDA No. 78-540.

These materials are in the possession, custody, or control of Par or their counsel and have been produced to Reliant in this litigation.

10.    Par's November 7, 2006 and January 10, 2007 notice of paragraph IV certification letters to Reliant regarding Par's noninfringing propafenone HCl extended-release capsules.

These documents are in the possession, custody, or control of: (a) Par or their counsel; and (b) Reliant or their counsel.

### C.    Statement as to Damages

Under 35 U.S.C. § 271(e)(4)(C), damages or other monetary relief may be awarded in this action only if Par commercially manufactures, uses, offers for sale, or sells within the United States or imports into the United States a product that infringes the patents in suit. Par has not engaged in any such commercial activity.

At this time, the only damages claimed by Par are attorneys' fees under 35 U.S.C. § 285, costs and expenses, and such other and further relief as the Court deems just and proper. The amounts of these damages cannot be determined at this time.

DB02:5970982.1    066039.1001

REDACTED VERSION – PUBLICLY FILED

**D.    Insurance Agreements**

Par is not aware of any insurance agreement under which any person carrying on an

insurance business may be liable to satisfy part or all of a judgment which may be entered in this

action or to indemnify or reimburse for payments made to satisfy the judgment.  However, Par

reserves the right to supplement these disclosures if any pertinent insurance agreements are

identified.

Dated: May 11, 2007

> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
>
> *Karen E Keller*
> Josy W. Ingersoll (No. 1088)
> Karen L. Pascale (No. 2903)
> Karen E. Keller (No. 4489)
> The Brandywine Building
> 1000 West St., 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Tel: (302) 571-6600
> Fax: (302) 571-1253
> kkeller@ycst.com

OF COUNSEL:

Edgar H. Haug
James K. Stronski
John G. Taylor
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

066039.1001

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 4

# REDACTED IN ITS ENTIRETY

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 5

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-774 (JJF) |
| | ) | |
| PAR PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S OBJECTIONS AND
RESPONSES TO PAR PHARMACEUTICAL, INC.'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rules 26.1 and 26.2,

Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant" or "Plaintiff") makes the following objections

and responses to Defendant Par Pharmaceutical, Inc.'s ("Par's") First Set Of Requests For The

Production Of Documents And Things To Plaintiff.

Pursuant to Federal Rule of Civil Procedure 26(e), Reliant reserves the right to

supplement its responses if it learns of additional information.

**PLAINTIFF'S GENERAL OBJECTIONS TO PAR'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS**

Reliant makes the following general objections to Defendant's First Set Of

Requests For The Production Of Documents And Things ("General Objections"), which General

Objections are hereby incorporated by reference and made part of its response to each such

request:

1.    · Reliant objects to each request to the extent that it seeks to impose

requirements or obligations on Reliant in addition to or different from those imposed by the

Federal Rules Of Civil Procedure or the Local Civil Rules For The District Of Delaware.

REDACTED VERSION – PUBLICLY FILED

**Production Request No. 9**

Each document or thing including, but not limited to, patents and publications, found or discovered as a result of a novelty, patentability, validity, infringement, or state-of-the-art search or study pertaining to the '588 patent or U.S. Patent Application Serial No. 08/525,749.

**Response to Production Request No. 9**

Reliant objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Subject to these objections and its General Objections, Reliant will produce any responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

**Production Request No. 10**

Each document or thing concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

**Response to Production Request No. 10**

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control.

8

REDACTED VERSION – PUBLICLY FILED

Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 11

Each document or thing concerning a transfer, grant, conveyance, assignment, or license of any interest or right under U.S. Patent No. 4,797,287 ("the '287 patent"), including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

## Response to Production Request No. 11

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control.

## Production Request No. 12

Each document or thing concerning the '287 patent, including, but not limited to any contracts, agreements, understandings, notes, memoranda, analyses, studies, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments currently, or at one time in the possession of (i) the inventors of the '588 patent; (ii) all attorneys and individuals associated with or representing Knoll Aktiengesellshaft during the prosecution of the '588 patent; (iii) all attorneys and individuals associated with or representing BASF Aktiengesellschaft during the prosecution of the '287 patent; (iv) individuals now employed, or at one time employed by Reliant; (v) and any other persons associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749.

## Response to Production Request No. 12

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this

REDACTED VERSION – PUBLICLY FILED

available and therefore are of no greater burden for Defendant to obtain than for Plaintiff to obtain and produce. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## Production Request No. 80

Any English translation of any foreign-language document requested in Par's production requests.

## Response to Production Request No. 80

Subject to its General Objections and the specific objections to each of Par's document requests, Reliant will produce responsive, non-privileged translations of foreign language documents within its possession, custody or control to the extent that those documents exist and are located after a reasonable search.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_Maryellen Noreika_

Jack B. Blumenfeld (# 1014)
Maryellen Noreika (# 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Plaintiff*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

June 11, 2007

47

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 6

REDACTED VERSION – PUBLICLY FILED

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

Facsimile:
(212) 446-4900

July 16, 2007

<u>VIA EMAIL</u>

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

I write in response to your July 11, 2007 letter to Gerald Flattmann and attached Proposed Protective Order.

As you are well aware, Reliant objects to Frommer Lawrence & Haug's ("FLH") representation of Par in this matter that is substantially related to FLH's previous representation of Reliant regarding the acquisition of Rythmol® SR and the patent-in-suit. Accordingly, as set forth in Reliant's Objections and Responses to Par's First Set of Requests For the Production of Documents and Things, Reliant will not produce responsive documents or things to FLH until final resolution of Reliant's Motion To Disqualify FLH.

However, to avoid further delay once the motion is decided, Reliant is willing to negotiate the terms of the Protective Order to be entered in this action. Par's proposed Protective Order contains several provisions of concern to Reliant. I will send you a redline version of the proposed Protective Order with Reliant's modifications shortly.

Your reference to "prosecuting attorneys and individuals at Knoll, BASF, and Abbott who the documents reveal to have knowledge relevant to issues in this action" is uninformative. Please identify the individuals to whom you refer so that I may respond to your inquiry as to whether or not they are represented by Kirkland & Ellis.

Sincerely,

Christine Willgoos

CW/lesr

Attachment

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 7

REDACTED VERSION – PUBLICLY FILED

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

July 23, 2007

**James K. Stronski**
JStronski@flhlaw.com

<u>BY FACSIMILE AND EMAIL</u>

**Confidential**

Gerald J. Flattman, Jr.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
       Civil Action No. 06-774-JJF (D.Del.)

Dear Gerald:

       This letter addresses Reliant's unilateral refusal to produce documents or substantively answer interrogatories.

       **Reliant's Failure to Answer Discovery Is Improper**

       Your colleague's July 16 letter states "Reliant will not produce responsive documents or things until the motion to disqualify is resolved."[1] No authority is cited for Reliant's refusal to produce documents. No stay of discovery has been sought or obtained, and none would be appropriate here. And as you are well aware, Reliant agreed to the current schedule, which was incorporated in the Court's March 28, 2007 Rule 16 Scheduling Order. Not only is Reliant's continuing refusal to provide written discovery improper, but it represents a course of conduct that is contemptuous of that order, which requires that "[e]xchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by August 24, 2007."[2]

       Reliant also has not substantively answered Par's interrogatories, including those seeking information and contentions directed to infringement (Interrogatory 3), claim construction (Interrogatory 4), the identification of specific dates and documents concerning the '588 patent[3] and product claimed by it (Interrogatory 5), the identification of the technical areas and level of ordinary skill in the art for the '588 patent (Interrogatory 6), and the identification of objective indicia of non-obviousness concerning the '588 patent (Interrogatory 7). As an example, Reliant's failure to provide any substantive information regarding or explanation of its infringement contentions is particularly improper because Reliant has had Par's notice letters for

---

[1] July 16, 2007 letter from Christine Willgoos to John Taylor, responding to July 11, 2007 letter from John Taylor.

[2] March 28, 2007 Rule 16 Scheduling Order, ¶ 3(a).

[3] U.S. Patent No. 5,681,588.

REDACTED VERSION – PUBLICLY FILED

Gerald J. Flattman, Jr.                                      **Confidential**
July 23, 2007
Page 2 of 3

over six months and Par's ANDA and samples of its product for over three months.  Par is entitled to substantive answers to all its interrogatories now and well in advance of the August 24 cutoff.

Reliant also has failed to provide basic information about the identification and representation of witnesses central to this case, and their documents.  Your colleague's July 16 letter failed to respond to our July 11 letter asking that you confirm that your firm is collecting and will produce responsive documents in the possession, custody and control of the inventors of the '588 patent and that you will make them available for depositions in New York.  We assume from your silence that you are collecting those documents, that you will produce them as provided by this Court's Rule 16 Scheduling Order, and then make these witnesses available in New York for their depositions.

Our July 11 letter also asked whether your firm represents the attorneys who prosecuted the '588 patent and individuals at Knoll, BASF, and Abbott with relevant information, and whether you would be producing their documents and making them available for depositions in New York.  Reliant's July 16 response was that you can not respond to our inquiry because our "reference to 'prosecuting attorneys and individuals at Knoll, BASF, and Abbott who the documents reveal to have knowledge relevant to issues in this action' is uninformative."  The identity of the "prosecuting attorneys" is a matter of public record and are known to you: Norman F. Oblon, Esq. and C. Irvin McClelland of Oblon, Spivak, McClelland, Maier & Neustad, P.C.  Please advise whether you represent them, and whether you are collecting and producing their documents as provided by this Court's Rule 16 Scheduling Order and making them available for depositions.

Regarding the "individuals at Knoll, BASF, and Abbott" referenced in our July 11 letter, Reliant has improperly withheld all documents responsive to our document requests, making it impossible for us to determine who at those companies might have relevant information.  Accordingly, we ask that you advise us immediately whether you represent anyone at these companies and whether you are collecting and producing their documents in response to our requests.  In this regard, please also immediately produce all agreements relating to Reliant's acquisition of Rythmol® and the '588 patent from Abbott, including specifically any agreement

00467384

REDACTED VERSION – PUBLICLY FILED

Gerald J. Flattman, Jr.                                           **Confidential**
July 23, 2007
Page 3 of 3

that concerns any right of Reliant to seek the assistance of Abbott, BASF or Knoll (or any related person or entity) on patent, regulatory or litigation matters concerning Rythmol® or the '588 patent, and/or the obligation of Abbott, BASF or Knoll (or any related person or entity) to cooperate or provide assistance to Reliant on such matters.

Very truly yours,

James K. Stronski

cc:    Christine Willgoos, Esq.  (via e-mail)
       Jack B. Blumenfeld, Esq. (via e-mail)
       Josy W. Ingersoll, Esq. (via e-mail)
       Karen L. Pascale, Esq. (via e-mail)

3

00467384

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 8

REDACTED VERSION – PUBLICLY FILED

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

July 26, 2007

**VIA EMAIL**

Jim Stronski, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

Re:     Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
        Civil Action No. 06-774-JJF (D. Del.)

Dear Jim:

I write in response to your July 23, 2007 letter to Gerald Flattmann.

Your letter mischaracterizes Reliant's position with regard to discovery in this action and misquotes my July 16, 2007 letter to John Taylor. Reliant objects to FLH's continued violation of its ethical duties to its former client Reliant. Accordingly, as stated in my July 16th letter, "Reliant will not produce responsive documents or things *to FLH* until final resolution of Reliant's Motion To Disqualify FLH." *See* July 16, 2007 letter from Christine Willgoos to John Taylor (emphasis added). If Par and FLH are truly interested in timely resolution of this matter, FLH should honor its ethical obligations to its former client Reliant and withdraw from representing Par in this substantially related matter.

Indeed, Reliant has recently discovered additional contemporaneous documentary evidence that demonstrates the inaccuracy of FLH's declarations to the Court regarding its former representation of Reliant. I attach a non-privileged document[1] that sets forth the agenda for a June 30-July 1, 2003 meeting between Reliant and Abbott regarding Reliant's potential acquisition of the patent and drug at issue in this litigation. Arthur Hoag is listed as an attendee and described as Reliant's "IP Counsel." This document supports Reliant's assertions that FLH

---

[1]    The non-privileged meeting agenda attaches a Confidential Descriptive Memorandum provided to Reliant by Abbott pursuant to a confidentiality agreement. This memorandum was previously provided in redacted form to Par as an exhibit to Reliant's briefing of the disqualification motion.

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

REDACTED VERSION – PUBLICLY FILED

## KIRKLAND & ELLIS LLP

Jim Stronski, Esq.
July 26, 2007
Page 2


began its representation of Reliant with respect to the Rythmol® acquisition at least as early as June 2003 and that current FLH partners were involved in and have confidential information regarding that acquisition.

Moreover, your request for agreements relating to Reliant's acquisition of Rythmol® and the '588 patent from Abbott further demonstrates the ethical conflict inherent in FLH's representation of Par in this matter. As admitted in Ed Haug's May 9, 2007 declaration, FLH is already in possession of a draft of at least one such agreement, the Assignment of Patents between Reliant and Abbott. *See* May 9, 2007 Declaration of Edgar H. Haug In Opposition To Reliant Pharmaceuticals Inc.'s Motion to Disqualify Frommer Lawrence & Haug LLP, 21.

Thus, Reliant once again requests that FLH resolve its ethical conflict by immediately withdrawing from its representation of Par. If FLH continues in its refusal to do so, Reliant may bring its newly discovered document evidencing this conflict to the Court's attention.

Regarding Reliant's responses to Par's interrogatories, Reliant maintains that its responses are appropriate for this early stage of fact discovery. As asserted in Reliant's responses, Reliant will supplement its answers to Par's discovery requests as discovery progresses.

Further to your inquiries regarding Kirkland & Ellis' representation of third parties to this action, as set forth in Reliant's Initial Disclosures, Kirkland & Ellis will represent Karl Kolter, Helmut Frike, Volker Bueller, Herbert Mueller-Peltzer, Thomas Moest and Claus Pich. Reliant has not represented that it has control over any of these third parties or the ability to compel their attendance at depositions in the U.S. or abroad.

Mr. Oblon has indicated that his firm will not appear voluntarily in this action. If Par chooses to subpoena any attorneys from Oblon Spivak, Kirkland & Ellis will represent them jointly with Mr. Michael McCabe of Oblon Spivak.

Sincerely,

Christine Willgoos

CW/lesr

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 9

REDACTED VERSION – PUBLICLY FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RELIANT PHARMACEUTICALS, INC.,       )
                                     )
                 Plaintiff,          )
                                     )
        v.                           )      C.A. No. 06-774 (JJF)
                                     )
PAR PHARMACEUTICAL, INC.,            )
                                     )
                 Defendant.          )

### PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO PAR PHARMACEUTICAL, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Federal Rule of Civil Procedure 33 and Local Rules 26.1 and 26.2, Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") makes the following objections and responses to Defendant Par Pharmaceutical, Inc.'s ("Par's") Second Set Of Requests For The Production Of Documents And Things To Plaintiffs.

Pursuant to Federal Rule of Civil Procedure 26(e), Reliant reserves the right to supplement its responses if it learns of additional information.

### PLAINTIFFS' GENERAL OBJECTIONS TO PAR'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Reliant makes the following general objections to Defendant's Second Set Of Requests For The Production Of Documents And Things ("General Objections"), which General Objections are hereby incorporated by reference and made part of its response to each such request:

1.    Reliant incorporates herein by reference the objections made in response to Par's First Set Of Requests For The Production Of Documents And Things and Par's First and Second Sets of Interrogatories.

REDACTED VERSION – PUBLICLY FILED

## PLAINTIFF'S SPECIFIC OBJECTIONS AND RESPONSES TO PAR'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 81:

Each document or thing identified in any of Reliant's responses to interrogatories served by Par in this action, or in any of Reliant's responses to Par's requests to admit served by Par in this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

Reliant objects to this request to the extent that it calls for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request as improper to the extent it calls for the production of documents and things identified in Reliant's responses to Par's requests to admit. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as duplicative of Par's Request For Production No. 1. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

### REQUEST FOR PRODUCTION NO. 82:

Each document or thing relied on by Reliant in responding to interrogatories served by Par in this action, or in responding to a request to admit served by Par in this action.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Reliant objects to this request to the extent that it calls for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request as improper to the extent it calls for the production of documents and things relied on in Reliant's responses to Par's requests to admit. Reliant objects to this request as overly broad and unduly burdensome to the extent that it

REDACTED VERSION – PUBLICLY FILED

seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as duplicative of Par's Request For Production No. 1. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 83:

Each document or agreement concerning the '588 patent or Rythmol® wherein Reliant was a party, including but not limited to communications or agreements between Reliant and Abbott Laboratories, Inc.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 83:

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant further objects to this request as duplicative of Par's Request For Production No. 10. Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 84:

Each document or agreement in which the inventors of the '588 patent agreed to provide assistance or cooperation to a party, including but not limited to documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate: (1) Abbott

REDACTED VERSION – PUBLICLY FILED

Laboratories, Inc.; (2) Knoll Aktiengesellshaft; (3) BASF Aktiengesellschaft; (4) Reliant; (5) and any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any litigation or regulatory matter concerning such patent or a product covered by it.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 84:

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant further objects to this request as duplicative of Par's Request For Production No. 10.

## REQUEST FOR PRODUCTION NO. 85:

Each document or agreement whereby Reliant can request the assistance or cooperation of a party in the event Reliant is party to a litigation involving '588 patent or Rythmol®, including but not limited to documents or agreements between, or among (1) Reliant, (2) Abbott Laboratories, Inc., (3) Knoll Aktiengesellshaft, (3) BASF Aktiengesellschaft, or (5) the '588 patent inventors and any other persons or parties associated with the '588 patent or Rythmol®.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Reliant objects to this request as overly broad, unduly burdensome and calling for the production of documents and things that are neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this request as overly broad and unduly burdensome to the extent that it seeks "each" document or thing concerning the categories requested. Reliant further objects to this request as

4

REDACTED VERSION – PUBLICLY FILED

calling for the production of documents and things that are protected from discovery by the attorney-client privilege and/or work-product doctrine. Reliant further objects to this request to the extent that it seeks documents and things outside Reliant's possession, custody or control. Reliant further objects to this request as duplicative of Par's Request For Production No. 10.

Subject to these objections and its General Objections, Reliant will produce responsive, non-privileged documents within its possession, custody or control that are located after a reasonable search.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*[signature]*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

*Attorneys for Plaintiff*

August 24, 2007

5

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 10

REDACTED VERSION – PUBLICLY FILED

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

August 8, 2007

John G. Taylor
JTaylor@flhlaw.com

**BY E-MAIL AND HAND DELIVERY**

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:   Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
      Civil Action No. 06-774-JJF (D. Del)

Dear Gerald:

    Further to our August 1, 2007 telephone conference, enclosed are document subpoenas for the following individuals and companies:

1.  Karl Kolter;

2.  Helmut Fricke;

3.  Volker Bueller;

4.  Herbert Mueller-Peltzer;

5.  Thomas Moest;

6.  Claus Pich;

7.  Abbott Laboratories, Inc.;

8.  Knoll Aktiengesellschaft; and

9.  BASF Aktiengesellschaft.

    With respect to each of these parties, please advise us immediately whether Kirkland & Ellis represents them, whether Kirkland & Ellis accepts service of the subpoenas on their behalf, and whether they will voluntarily produce documents sought in the subpoenas and appear for depositions at mutually convenient times and places. In this regard, we repeat the request in our July 23, 2007 letter that Reliant immediately produce all agreements and related documents concerning Reliant's acquisition of Rythmol® and the '588 patent from Abbott, including specifically any agreement that concerns any right of Reliant to seek the assistance of the inventors, Abbott, BASF or Knoll (or any related person or entity) on patent, regulatory or litigation matters concerning Rythmol® or the '588 patent, and/or the obligation of the inventors,

00469960.DOC

REDACTED VERSION – PUBLICLY FILED

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
August 8, 2007
Page 2

Abbott, BASF or Knoll (or any related person or entity) to cooperate or provide assistance to
Reliant on such matters.

Finally, please advise us immediately when Reliant is going to begin producing
documents and when it is going to provide amended responses to Par's first set of interrogatories.
At the beginning of our August 1 telephone conference, you said that Reliant was "ready to start
streaming documents" to us. When we asked you later during the telephone conference when
Reliant would produce documents and amend its interrogatory responses, you stated that you
would get back to us promptly. Although Reliant took the unfounded position that it would not
produce documents until the motion to disqualify was decided, it nevertheless should have
collected and prepared documents in response to Par's requests so that they could be produced
consistent with the Court's scheduling orders. With respect to interrogatory responses, Reliant
has not provided substantive responses to any of Par's contention interrogatories. The statement
in Christine Willgoos' July 26, 2007 letter that Reliant's "responses are appropriate for this early
stage of discovery" is unsatisfactory. Although Reliant may supplement its responses as
discovery progresses, Par is entitled to substantive responses now. As we pointed out in our July
23 letter, Reliant has had Par's notice letters for over six months and has had Par's ANDA and
samples for more than 3 months. There is no excuse for Reliant not providing substantive
information in response to Par's interrogatories seeking infringement contentions.

Sincerely,

John G. Taylor

Encls.

Cc:    Jack B. Blumenfeld, Esq. (via e-mail only)
       Christine Willgoos, Esq. (via e-mail only)
       Josy E. Ingersoll, Esq. (via e-mail only)
       Karen L. Pascale, Esq. (via e-mail only)

REDACTED VERSION – PUBLICLY FILED

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT COURT OF NEW YORK

RELIANT PHARMACEUTICALS, INC.

V.

PAR PHARMACEUTICAL, INC.

### SUBPOENA IN A CIVIL CASE

**CASE NUMBER:** 06-774-JJF
Case pending in the District of Delaware

TO:    Karl Kolter
       C/O Kirkland & Ellis LLP
       Citigroup Center
       153 East 53rd Street
       New York, New York 10022

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
| --- | --- |
| | DATE AND TIME: |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF PRODUCTION | DATE AND TIME: |
| --- | --- |

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
| --- | --- |
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 9:30 a.m., August 24, 2007 |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
| --- | --- |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) ( ATTORNEY FOR DEFENDANT ) | Date:  August 8, 2007 |
| --- | --- |

Issuing Officer's Name, Address, and Phone Number

John G. Taylor, Esq., Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

Subpoena Re  Karl Kolter (00471570).DOC

REDACTED VERSION – PUBLICLY FILED

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

00471615.DOC

REDACTED VERSION – PUBLICLY FILED

## EXHIBIT A

### DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the following meanings:

1.  The phrases "the '588 patent" or "patent in suit" means United States Patent No. 5,681,588 entitled "Delayed Release Microtablets of β-Phenylpropiophenone Derivatives," which issued on October 28, 1997 to Karl Kolter et al.

2.  The phrase "the '287 patent" means United States Patent No. 4,797,287 entitled "Cylindrical Microtablets," which issued on January 10, 1989 to Claus Pich et al.

3.  The term "Reliant" or "plaintiff" includes Reliant Pharmaceuticals, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Reliant, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Reliant or any affiliated corporation or business entity and any other persons under the control of Reliant.

4.  The term "Abbott" includes Abbott Laboratories, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Abbott, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Abbott or any affiliated corporation or business entity and any other persons under the control of Abbott.

1

REDACTED VERSION – PUBLICLY FILED

5.  The term "Knoll" includes Knoll Aktiengesellschaft, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Knoll, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Knoll or any affiliated corporation or business entity and any other persons under the control of Knoll.

6.  The term "BASF" includes BASF Aktiengesellschaft, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with BASF, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of BASF or any affiliated corporation or business entity and any other persons under the control of BASF.

7.  The term "FDA" means the United States Food and Drug Administration.

8.  The term "PTO" means the United States Patent and Trademark Office.

9.  The term "ANDA 78-540" means the Abbreviated New Drug Application No. 78-540 and any amendments thereto.

10. The term "NDA 21-416" means the New Drug Application No. 21-416 and any amendments thereto.

11. The term "Orange Book" means the publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations."

12. The term "Rythmol® SR" means the propafenone HCl extended-release capsules sold by Reliant under the federally registered trademark Rythmol® SR.

2

REDACTED VERSION – PUBLICLY FILED

13.    The term "document" will have the comprehensive meaning, in the broadest sense

available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and will

include each handwritten, typed, printed or otherwise recorded material, whether an

original or a copy of an original bearing any notation or marking not appearing on the

original (including but not limited to notes and underscoring), in the possession,

custody, or control of Karl Kolter, including but not limited to electronically-stored

information, letters, cables, wires, messages, telexes, telecopies, memoranda, inter-

office and intra-corporate communications, reports, notes, minutes, bulletins,

circulars, pamphlets, instructions, work assignments, notebooks, drafts, work sheets,

appraisals, advertisements, catalogs, brochures, flyers, invoices, purchase orders,

acknowledgements, price lists, proposals, quotations, solicitations, and bids;

drawings, diagrams, blueprints, plans, sketches, charts, graphs, tracings, photographs,

audio tapes, videotapes, and motion pictures; printouts, recordings, tapes, disks,

ROMs, PROMs, EPROMs, data compilations, electronically stored information, and

other information from computers or other data storage and retrieval systems;

trademark registrations, copyright registrations, and registration applications; patents

and patent applications; assignments, deeds, contracts, agreements, licenses, and other

official documents and legal instruments; newspapers, magazines, books, periodicals,

and other published material of any kind; annual reports, reports to shareholders or

owners, and minutes or reports of meetings of owners or directors or executive boards

or committees; summaries of negotiations or meetings; quality control, operating,

service, repair, or maintenance manuals; technical specifications or requirements;

advertising and promotional material as well as sales literature; labels and packaging;

REDACTED VERSION – PUBLICLY FILED

press releases and new product releases; engineering notebooks and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files; address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits, declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions will be considered to be separate original documents.

14.    The term "thing" means any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

15.    The term "concerning" means, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

16.    The term "communication" refers to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

17.    The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control by any one or a combination of the following persons or organizations:

      (a)    Karl Kolter;

      (b)    Any principal, officer, employee, agent, representative, or

4

REDACTED VERSION – PUBLICLY FILED

consultant of or for Karl Kolter; and

    (c)    Counsel for Karl Kolter.

18.    The term "person" means any natural person.

19.    The term "organization" means any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

20.    The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

21.    The terms "and" or "or" will both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words will be interpreted to limit the scope of a discovery request. The use of a verb in any tense will be construed as the use of the verb in all other tenses, and the singular form will be deemed to include the plural and vice-versa.

22.    The term "date" means the exact date, month, and year if ascertainable; if not, then the closest approximation that can be made thereto in terms of months and years, seasons, or relation to other events and matter.

23.    The term "describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which the interrogatory refers, including, but not limited to, an identification of all persons, communications, acts, transactions, events, agreements, recommendations, and documents used, necessary or desirable to make such statement or description complete.

24.    The term "state" means to express the particulars in writing or set down and set forth

5

REDACTED VERSION – PUBLICLY FILED

in detail.

25.    The term "identify" in the case of a document means to state:

    (a)    The document's title and date, if any, as well as a brief description of its subject matter;

    (b)    The type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.) and the number of pages in it;

    (c)    The identity of any person who prepared the document (and, if different, the identity of any person who signed the document);

    (d)    The date the document was drafted;

    (e)    The identity of any person who received a copy of the document (whether an addressee or otherwise);

    (f)    The present whereabouts of the document and the identity of its custodian; and

    (g)    All other means of identifying the document with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

26.    The term "identify" in the case of a thing means to state:

    (a)    A brief description of the thing, including any product numbers, part numbers, model numbers, catalog numbers, style numbers, code numbers, brand names, trade names, trademarks, commercial or governmental designations, and any other identifying markings, features, or characteristics;

    (b)    The present whereabouts of the thing;

    (c)    The identity of the person having possession, custody, or control of the thing; and

    (d)    All other means of identifying the thing with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

27.    The term "identify" in the case of a person or individual means to state:

    (a)    Home and business addresses (present or last known);

    (b)    The full name; and

REDACTED VERSION – PUBLICLY FILED

    (c)     The time period and nature of each of his or her present and prior employment positions or affiliations with Karl Kolter, if any.

28.    The term "identify" in the case of an organization means to state:

    (a)     The organization's full name;

    (b)     The organization's type (e.g., public or private corporation, partnership, etc.);

    (c)     The last known street and post office addresses of its principal place of business;

    (d)     The date(s) and state(s) or country(ies) of incorporation;

    (e)     The identity of each of its principals, officers, directors, partners, or members; and

    (f)     The date of dissolution, if applicable.

29.    The term "identify" in the case of a chemical compound (e.g., propafenone HCl extended-release capsules) or a method of using a chemical compound, means to state:

    (a)     The description and composition of the drug product (e.g., propafenone HCl extended-release capsules);

    (b)     The purpose of the use (e.g., method of, or use for, antiarrhythmia);

    (c)     The patient population that the use is directed to (e.g., patients suffering with arrhythmia); and

    (d)     The amount of the chemical compound (e.g., propafenone HCl extended-release capsules) taken by the patient and the frequency taken.

30.    If Karl Kolter objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-product immunity or otherwise, Par Pharmaceutical, Inc. ("Par") requests that Karl Kolter provide within thirty (30) days of service of these requests for documents and things a privilege log identifying the specific grounds upon which the objection is

REDACTED VERSION – PUBLICLY FILED

based and the particular request(s) objected to, and identifying any withheld

documents, things, or portions thereof as follows:

 (a) Its date of creation;

 (b) The identity of all persons who prepared and/or signed the document or thing;

 (c) The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

 (d) A summary of its contents, or the general subject matter of the document or thing;

 (e) Its present location and the identity of its current custodian;

 (f) A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

 (g) The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Karl Kolter's assertion thereof.

31. If any documents or things requested to be produced herein have been lost, discarded, destroyed, or are otherwise unavailable for any reason, they should be identified as completely as possible, by stating without limitation: the pertinent information requested in the preceding paragraph, the date of disposal, the manner of disposal, the reason for disposal, any person, firm or corporation who has possession, custody, or control of a partial or complete copy of such document, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the data and circumstances surrounding the destruction or discarding of the document or thing.

32. Par requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

33. In responding to Par's requests for documents and things, if Karl Kolter claims any

8

REDACTED VERSION – PUBLICLY FILED

ambiguity in interpreting either a request, a definition, or an instruction, Karl Kolter

shall not use that ambiguity claim as a basis for refusing to respond, but shall instead

set forth as part of his response to the request the language deemed to be ambiguous

and the interpretation that he has chosen to use in responding to the request.

REDACTED VERSION – PUBLICLY FILED

## REQUESTS FOR PRODUCTION

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Karl Kolter shall produce and permit inspection and copying of the following documents and things:

1.    All documents and things concerning the '588 patent, including but not limited to all documents and things concerning: (i) all prosecution leading to the '588 patent; (ii) conception; (iii) initial disclosure of any alleged invention; (iv) reduction to practice; (v) scope of any claim; (vi) meaning of any term, phrase, limitation, or element in any claim; (vii) level of ordinary skill in the art; (viii) relevant art; (ix) relevant technical field; (x) first use, sale, or offer for sale; (xi) motivation, or lack thereof, to combine any prior-art teachings; and (xii) best mode.

2.    All documents and things concerning the research, development, formulation, or testing of an invention claimed in the '588 patent (*e.g.*, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies).

3.    All documents and things concerning the prosecution of the '588 patent, including but not limited to: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents submitted to the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749; (iv) patents, publications, or other prior art that was cited, referred to, or relied upon during the prosecution of U.S. Patent Application Serial No. 08/525,749; (v) the preparation or prosecution of any foreign counterpart of the '588 patent or U.S. Patent Application Serial No. 08/525,749; (vi)

10

REDACTED VERSION – PUBLICLY FILED

communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749; and (vii) billing and time records of professionals involved in the preparation or prosecution of U.S. Patent Application Serial No. 08/525,749 or any foreign counterpart of the '588 patent.

4.    All documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

5.    All documents and things concerning a license, release, covenant not to sue, or immunity from suit under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

6.    All documents and things concerning any investigation, report, opinion, state-of-the-art-search, study, or analysis, whether formal or informal, including but not limited to any patent, publication, or other document identified by any third party, that relates or refers to the: (i) '588 patent or U.S. Patent Application Serial No. 08/525,749, or any foreign counterpart; (ii) novelty of the '588 patent or U.S. Patent Application Serial No. 08/525,749, or any foreign counterpart; (iii) infringement or noninfringement of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart; (iv) validity or invalidity of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart; and (v)

11

REDACTED VERSION – PUBLICLY FILED

enforceability or unenforceability of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart.

7.    Documents and things concerning the '287 patent, including but not limited to: (i) documents comparing or contrasting any claim in the '588 patent with the '287 patent; (ii) any communication to or from an expert, consultant, or third-party concerning the '287 patent; and (iii) contracts, agreements, understandings, notes, memoranda, analyses, studies, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments concerning the '287 patent, currently, or at one time in the possession of the (1) inventors of the '588 patent, (2) Knoll, (3) BASF, (4) Abbott, and (5) any other persons associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749.

8.    All documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest or right under the '287 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

9.    All documents and things concerning whether the claims of the '588 patent cover Rythmol® SR.

10.    Each opinion of counsel concerning the '588 patent.

11.    Each communication to or from an expert, consultant, or third-party concerning the '588 patent, the '287 patent, the relevant prior art, Par, Rythmol® SR, or this action.

12.    All documents and things concerning the relationship between Karl Kolter and Knoll or BASF, including all parent divisions, subsidiaries or affiliates.

12

REDACTED VERSION – PUBLICLY FILED

13.    Each document concerning Karl Kolter's practice, policy, or procedure for the retention of documents and/or classes or categories of documents, including but not limited to e-mail communications, spreadsheets, presentation materials, and word-processing materials.

14.    All documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including but not limited to documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott; (ii) Knoll; (iii) BASF; (iv) Reliant; and (v) any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

15.    Any English translation of any foreign-language document requested by this subpoena.

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 11

REDACTED VERSION – PUBLICLY FILED

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

Facsimile:
(212) 446-4900

August 10, 2007

**VIA EMAIL**

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

       *Re:*    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

      I write in response to your August 8, 2007 letter to Gerald Flattmann.

      Thank you for providing courtesy copies of the subpoenas you intend to serve. Kirkland & Ellis represents Drs. Kolter, Frike, Bueller, Mueller-Peltzer, Moest and Pich. We are not, however, authorized to accept subpoenas on their behalf.

      None of Drs. Kolter, Frike, Bueller, Mueller-Peltzer, Moest and Pich are currently, or ever have been, employees of Reliant. Reliant has no control over them. However, in an effort to facilitate discovery, Kirkland & Ellis will ask them if they would be willing to voluntarily produce documents or appear for deposition in this action in the United States.

      Kirkland & Ellis does not represent Abbott Laboratories, Inc., Knoll AG, or BASF AG in this action.

      Pursuant to the Court's July 25, 2007 Order, either party may extend, without leave of Court, the time to comply with paragraph 3 of the March 28, 2007 Scheduling Order by 30 days. Reliant advised you during our August 1, 2007 teleconference that it was extending that date, and thus has until September 24, 2007 to comply with paragraph 3 of the Scheduling Order. Reliant will begin its document production shortly and supplement its interrogatory responses in order to timely meet its discovery obligations. Reliant's document production will include the agreements you request, subject to the objections made in its June 11, 2007 Objections and Responses.

Chicago       Hong Kong       London       Los Angeles       Munich       San Francisco       Washington, D.C.

REDACTED VERSION – PUBLICLY FILED

## KIRKLAND & ELLIS LLP

John Taylor, Esq.
August 10, 2007
Page 2


      Moreover, although Par produced its ANDA and samples, it did so pursuant to the Offer of Confidential Access, which does not permit disclosure to experts for purposes of litigation preparation. Reliant will be in a better position to provide more complete substantive answers to Par's interrogatories once it is able to consult with its experts. Now that the Protective Order has been filed, we should be able to do that shortly.

Sincerely,

Christine Willgoos

CW/lesr

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 12

REDACTED VERSION – PUBLICLY FILED

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                www.flhlaw.com
745 Fifth Avenue
New York, NY 10151      Washington, DC
Telephone: (212) 588-0800    Tokyo
Fax: (212) 588-0500

August 13, 2007

**John G. Taylor**
JTaylor@flhlaw.com

<u>VIA E-MAIL AND FIRST CLASS MAIL</u>

Christine Willgoos, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF

Dear Christine:

We write in response to your August 10, 2007 letter.

Please advise us on or before Monday, August 20, 2007, whether Messrs. Kolter, Fricke, Bueller, Mueller-Peltzer, Moest, and Pich (collectively "the inventors") will produce voluntarily all documents responsive to the subpoenas we delivered to Kirkland & Ellis on August 8, 2007 and whether the inventors will appear voluntarily for depositions in the United States or elsewhere. If any of the inventors will produce documents responsive to some, but not all, of the requests in the August 8 subpoenas, please identify the requests to which they will not respond and the bases for their refusal to produce the requested documents. Please also provide us with the inventors' current addresses on or before August 20.

Lastly, you state in your August 10 letter that "Reliant will begin its document production shortly" and that its document production will include the agreements Par has requested concerning any right of Reliant to seek the assistance of the inventors, Abbott, BASF or Knoll (or any related person or entity) on patent, regulatory or litigation matters concerning Rythmol® or the '588 patent, and/or the obligation of the inventors, Abbott, BASF or Knoll (or any related person or entity) to cooperate or provide assistance to Reliant on such matters. These documents are responsive to at least Interrogatory Nos. 10 and 13 of Par's first set of document requests,

00473022.DOC

REDACTED VERSION – PUBLICLY FILED

Christine Willgoos, Esq.
August 13, 2007
Page 2

which were served on March 23, 2007.  We request that these documents be produced on or
before August 20.

Very truly yours,

John G. Taylor

cc:    Gerald J. Flattmann, Jr., Esq. (via e-mail only)
       Jack B. Blumenfeld, Esq. (via e-mail only)
       Josy W. Ingersoll, Esq. (via e-mail only)
       Karen L. Pascale, Esq. (via e-mail only)

00473022.DOC

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 13

REDACTED VERSION – PUBLICLY FILED

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

(212) 446-4800

www.kirkland.com

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

Facsimile:
(212) 446-4900

August 21, 2007

**VIA EMAIL**

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

     *Re:*    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

     I write in response to your August 13, 2007 letter to me and your August 20, 2007 letter to Gerald Flattmann.

     Pursuant to the Court's July 25, 2007 Order, Reliant has an additional 30 days - until September 24, 2007 -- to comply with its discovery obligations set forth in paragraph 3 of the Rule 16 Scheduling Order. Reliant has repeatedly informed you that it intends to meet its discovery obligations prior to that date. *See, e.g.*, August 10, 2007 letter from Christine WIllgoos to John Taylor.

     Accordingly, any motion to compel filed by Par prior to the September 24, 2007 deadline is premature. In particular, should Par file any motions to compel on August 23, 2007, as indicated in your letter to Gerald Flattmann, such motions would be frivolous, and Reliant will move for its costs incurred in defending them.

     Regarding the inquiries made in your August 13, 2007 letter, Drs. Kolter, Frike, Bueller, Mueller-Peltzer, Moest and Pich have indicated that they will not appear voluntarily in this action.

     Sincerely,

Christine Willgoos

CW/lesr

Chicago     Hong Kong     London     Los Angeles     Munich     San Francisco     Washington, D.C.

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 14

REDACTED VERSION – PUBLICLY FILED

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                           www.flhlaw.com
745 Fifth Avenue
New York, NY 10151                 Washington, DC
Telephone: (212) 588-0800          Tokyo
Fax: (212) 588-0500

September 12, 2007

**James K. Stronski**
JStronski@flhlaw.com

**BY FACSIMILE AND E-MAIL**

William T. Vuk, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF

Dear Bill:

Now that we have begun our review, however preliminary, of the documents produced by
Reliant on September 4, I write to follow up on my September 4, 2007 letter concerning your
request that Par withdraw its motion to compel as moot.

Concerning documents, we preliminarily note that important paper documents appear to
be missing from Reliant's production, including the following:

- Asset Purchase Agreement Documents: Final, executed copies of the agreements
  listed in the List of Exhibits to the Asset Purchase Agreement between Abbott
  Laboratories, Inc. ("Abbott") and Reliant, referenced in REL013091, and the
  schedules/documents listed in the Index of Schedules to the same Asset Purchase
  Agreement, referenced in REL013177;

- Third-Party Agreement Documents: Agreements and documents concerning Abbott's
  acquisition of rights in the product at issue (NDA 21-416) and the patent in suit from
  Knoll Aktiengesellschaft ("Knoll") and/or BASF Aktiengesellschaft ("BASF"),
  including specific agreements to which the third parties in question—the inventors of
  the '588 and '287 patents, Abbott, Knoll, and BASF—are a party (See, e.g., Par Doct.
  Req. Nos. 10, 83-85), and any such agreements pertaining to any right that Reliant
  may have to request—or any obligation that the third parties in question may have to
  provide—cooperation in the discovery or litigation of this case (See, e.g., Par Doct.
  Req. Nos. 10, 38, 83-85);

- Development Documents: Documents concerning the '588 patent, including
  conception (no. 2); initial disclosure (no. 3); reduction of practice (no. 4); the
  research, development, formulation, or testing of any invention claimed in the '588
  patent (no. 5); data or test results (no. 6); first use, sale, or offer for sale (no. 7); and
  novelty or patentability studies (no. 8);

00481092.DOC

REDACTED VERSION – PUBLICLY FILED

William T. Vuk, Esq.
September 12, 2007
Page 2

- <u>Patent Prosecution Documents</u>: Documents concerning the prosecution of the patent in suit (nos. 25-28);

- <u>Organization Charts</u>: Charts concerning the organizational responsibilities of individuals at Reliant involved in any propafenone product according to NDA 21-416 (no. 76); and

- <u>Production Bates Range Gap</u>: Reliant bates numbers REL000853-REL000885 are missing from the production. Do documents corresponding to this range exist?

We would be willing to withdraw the document portion of the pending motion—without prejudice and subject to further analysis of Reliant's recently-produced documents—if Reliant, for each category above, (i) commits to promptly produce the above paper documents that are in its possession, custody or control, or (ii) represents that it has no such additional documents in its possession, custody or control that are not entitled to privilege or work product protection. To the extent the document portion of the motion is withdrawn without prejudice based on this understanding, it would be on the further understanding that Reliant not oppose on timeliness grounds any renewed motion to compel by Par directed to the documents. We understand separately that e-discovery—on which we have other issues that will be the subject of tomorrow's 10 a.m. conference call—may also involve the later production of additional documents that may fall into the above categories.

Finally, Par cannot withdraw the motion in its entirety because Reliant has not corrected the deficiencies in its interrogatory answers that are the subject of this motion. It has been, and continues to be, within Reliant's power to moot that portion of the motion by appropriately supplementing its interrogatory answers.

Very truly yours,

James K. Stronski

cc:   Gerald J. Flattmann, Jr., Esq. (by e-mail only)
      Christine Willgoos, Esq. (by e-mail only)
      Jack B. Blumenfeld, Esq. (by e-mail only)
      Josy W. Ingersoll, Esq. (by e-mail only)
      Karen L. Pascale, Esq. (by e-mail only)

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 15

REDACTED VERSION – PUBLICLY FILED

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

September 13, 2007

**VIA ELECTRONIC MAIL**

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

     *Re:*    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

    I write in response to your September 12, 2007 letter to Bill Vuk.

    Reliant has already produced, or will produce, subject to its objections made in response to your document requests, all executed documents related to the Asset Purchase Agreement (APA), including executed copies of the exhibits to the APA. Regarding your request for "third-party agreement documents," it is our understanding that, to the extent that any such documents exist, they are part of the APA, and have been or will be produced accordingly.

    Regarding your request for patent development and prosecution documents, as you know, Reliant acquired this product from Abbott after the patent was issued and the NDA completed. Accordingly, Reliant may not be in possession of many of these documents. Subject to our objections made in response to your document requests, we have or will produce documents regarding patent development or prosecution to the extent that they exist in Reliant's files.

    Subject to our objections made in response to your document requests, Reliant will also produce Organizational charts regarding individuals involved in Rythmol® SR to the extent that those documents exist.

    I am in the process of investigating the missing Bates range you identified and will either produce it or inform you if it was skipped.

    Regarding Reliant's interrogatories, we have repeatedly represented to you that we will supplement them on or before September 24, 2007, as required by the Court's orders. The continuance of your premature motion to compel as a "placeholder" is inappropriate.

Chicago      Hong Kong      London      Los Angeles      Munich      San Francisco      Washington, D.C.

REDACTED VERSION – PUBLICLY FILED

**KIRKLAND & ELLIS LLP**

John Taylor, Esq.
September 13, 2007
Page 2


We believe that our representations in this letter moot your motion to compel in its entirety. We once again ask you to withdraw it.

Sincerely,

*Christine Willgoos*

Christine Willgoos


CW/lesr

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 16

REDACTED VERSION – PUBLICLY FILED

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

RELIANT PHARMACEUTICALS, INC.

V.

PAR PHARMACEUTICAL, INC.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 06-774-JJF
Case pending in the District of Delaware

TO:  Abbott Laboratories, Inc.
     100 Abbott Park Road
     Abbott Park, Illinois 60064-3500

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
| | DATE AND TIME: |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151 | 9:30 a.m., September 7, 2007 |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant) ( ATTORNEY FOR DEFENDANT ) | Date: August 16, 2007 |
|---|---|

Issuing Officer's Name, Address, and Phone Number

John G. Taylor, Esq., Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

00474265.DOC

REDACTED VERSION – PUBLICLY FILED

EXHIBIT A

DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the following meanings:

1.   The phrases "the '588 patent" or "patent in suit" means United States Patent No. 5,681,588 entitled "Delayed Release Microtablets of β-Phenylpropiophenone Derivatives," which issued on October 28, 1997 to Karl Kolter et al.

2.   The phrase "the '287 patent" means United States Patent No. 4,797,287 entitled "Cylindrical Microtablets," which issued on January 10, 1989 to Claus Pich et al.

3.   The term "Reliant" or "plaintiff" includes Reliant Pharmaceuticals, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Reliant, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Reliant or any affiliated corporation or business entity and any other persons under the control of Reliant.

4.   The term "Abbott" includes Abbott Laboratories, Inc., any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Abbott, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Abbott or any affiliated corporation or business entity and any other persons under the control of Abbott.

1

REDACTED VERSION – PUBLICLY FILED

5.   The term "Knoll" includes Knoll Aktiengesellschaft, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with Knoll, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of Knoll or any affiliated corporation or business entity and any other persons under the control of Knoll.

6.   The term "BASF" includes BASF Aktiengesellschaft, any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, or affiliated with BASF, as well as all present and former principals, partners, directors, owners, officers, members, employees, agents, representatives, consultants, and attorneys of BASF or any affiliated corporation or business entity and any other persons under the control of BASF.

7.   The term "FDA" means the United States Food and Drug Administration.

8.   The term "PTO" means the United States Patent and Trademark Office.

9.   The term "ANDA 78-540" means the Abbreviated New Drug Application No. 78-540 and any amendments thereto.

10.  The term "NDA 21-416" means the New Drug Application No. 21-416 and any amendments thereto.

11.  The term "Orange Book" means the publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations."

12.  The term "Rythmol® SR" means the propafenone HCl extended-release capsules sold by Reliant under the federally registered trademark Rythmol® SR.

REDACTED VERSION – PUBLICLY FILED

13.    The term "document" will have the comprehensive meaning, in the broadest sense
available pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, and will
include each handwritten, typed, printed or otherwise recorded material, whether an
original or a copy of an original bearing any notation or marking not appearing on the
original (including but not limited to notes and underscoring), in the possession,
custody, or control of Abbott, including but not limited to electronically-stored
information, letters, cables, wires, messages, telexes, telecopies, memoranda, inter-
office and intra-corporate communications, reports, notes, minutes, bulletins,
circulars, pamphlets, instructions, work assignments, notebooks, drafts, work sheets,
appraisals, advertisements, catalogs, brochures, flyers, invoices, purchase orders,
acknowledgements, price lists, proposals, quotations, solicitations, and bids;
drawings, diagrams, blueprints, plans, sketches, charts, graphs, tracings, photographs,
audio tapes, videotapes, and motion pictures; printouts, recordings, tapes, disks,
ROMs, PROMs, EPROMs, data compilations, electronically stored information, and
other information from computers or other data storage and retrieval systems;
trademark registrations, copyright registrations, and registration applications; patents
and patent applications; assignments, deeds, contracts, agreements, licenses, and other
official documents and legal instruments; newspapers, magazines, books, periodicals,
and other published material of any kind; annual reports, reports to shareholders or
owners, and minutes or reports of meetings of owners or directors or executive boards
or committees; summaries of negotiations or meetings; quality control, operating,
service, repair, or maintenance manuals; technical specifications or requirements;
advertising and promotional material as well as sales literature; labels and packaging;

REDACTED VERSION – PUBLICLY FILED

press releases and new product releases; engineering notebooks and data; ledgers, journals, bills, checks, receipts, vouchers, statements, orders, records and files; address books, appointment books, telephone logs, calendars, diaries, and desk pads; affidavits, declarations, and transcripts of testimony; and other writings and recordings (as defined in Fed. R. Evid. 1001) of whatever nature; including copies and mechanical or photocopy reproductions of any or all of the foregoing items. Where such copies or reproductions contain any marking not appearing on the original or are altered from the original, then such copies or reproductions will be considered to be separate original documents.

14.   The term "thing" means any physical specimen or tangible item including, but not limited to, samples, prototypes, mock-ups, test equipment, production equipment, tools, dies, molds, models, three-dimensional illustrations of physical or chemical phenomena and montages of physical items.

15.   The term "concerning" means, where appropriate, comprising, containing, constituting, consisting of, embodying, evidencing, pertaining to, describing, discussing, reflecting, relating to, referring to, supporting, contradicting, tending to prove or disprove, or identifying.

16.   The term "communication" refers to any exchange or transfer of information between two or more persons or entities, whether written, oral, or in any other form.

17.   The terms "possession," "custody," and "control" are used in a comprehensive sense and refer to possession, custody, or control by any one or a combination of the following persons or organizations:

    (a)   Abbott;

    (b)   Any corporation or other entity controlled by or affiliated with

4

REDACTED VERSION – PUBLICLY FILED

        Abbott or controlling Abbott as its wholly-owned subsidiary;

    (c)    Any principal, officer, employee, agent, representative, or consultant of or for Abbott or any such controlled or affiliated corporation or entity; and

    (d)    Counsel for Abbott or any such controlled or affiliated corporation or entity.

18.    The term "person" means any natural person.

19.    The term "organization" means any legal or business entity including, but not limited to, public and/or private corporations, partnerships, and proprietorships, as well as other legal business entities, e.g., agencies, associations, forms, and trusts, whether domestic or foreign.

20.    The term "prior art" encompasses by way of example and without limitation the subject matter described in each and every subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103.

21.    The terms "and" or "or" will both be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words will be interpreted to limit the scope of a discovery request. The use of a verb in any tense will be construed as the use of the verb in all other tenses, and the singular form will be deemed to include the plural and vice-versa.

22.    The term "date" means the exact date, month, and year if ascertainable; if not, then the closest approximation that can be made thereto in terms of months and years, seasons, or relation to other events and matter.

23.    The term "describe" means to provide a narrative statement or description, phrased in specifics, of the facts or matters to which the interrogatory refers, including, but not limited to, an identification of all persons, communications, acts, transactions, events,

REDACTED VERSION – PUBLICLY FILED

agreements, recommendations, and documents used, necessary or desirable to make such statement or description complete.

24.    The term "state" means to express the particulars in writing or set down and set forth in detail.

25.    The term "identify" in the case of a document means to state:

    (a)    The document's title and date, if any, as well as a brief description of its subject matter;

    (b)    The type or nature of the document (e.g., letter, memorandum, telegram, chart, laboratory report, etc.) and the number of pages in it;

    (c)    The identity of any person who prepared the document (and, if different, the identity of any person who signed the document);

    (d)    The date the document was drafted;

    (e)    The identity of any person who received a copy of the document (whether an addressee or otherwise);

    (f)    The present whereabouts of the document and the identity of its custodian; and

    (g)    All other means of identifying the document with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

26.    The term "identify" in the case of a thing means to state:

    (a)    A brief description of the thing, including any product numbers, part numbers, model numbers, catalog numbers, style numbers, code numbers, brand names, trade names, trademarks, commercial or governmental designations, and any other identifying markings, features, or characteristics;

    (b)    The present whereabouts of the thing;

    (c)    The identity of the person having possession, custody, or control of the thing; and

    (d)    All other means of identifying the thing with sufficient particularity to support a request for production under Rule 34 of the Federal Rules of Civil Procedure.

REDACTED VERSION – PUBLICLY FILED

27.   The term "identify" in the case of a person or individual means to state:

    (a)    Home and business addresses (present or last known);

    (b)    The full name; and

    (c)    The time period and nature of each of his or her present and prior employment positions or affiliations with Abbott, if any.

28.   The term "identify" in the case of an organization means to state:

    (a)    The organization's full name;

    (b)    The organization's type (e.g., public or private corporation, partnership, etc.);

    (c)    The last known street and post office addresses of its principal place of business;

    (d)    The date(s) and state(s) or country(ies) of incorporation;

    (e)    The identity of each of its principals, officers, directors, partners, or members; and

    (f)    The date of dissolution, if applicable.

29.   The term "identify" in the case of a chemical compound (e.g., propafenone HCl extended-release capsules) or a method of using a chemical compound, means to state:

    (a)    The description and composition of the drug product (e.g., propafenone HCl extended-release capsules);

    (b)    The purpose of the use (e.g., method of, or use for, antiarrhythmia);

    (c)    The patient population that the use is directed to (e.g., patients suffering with arrhythmia); and

    (d)    The amount of the chemical compound (e.g., propafenone HCl extended-release capsules) taken by the patient and the frequency taken.

30.   If Abbott objects to producing and withholds from production any information, documents, or things requested herein on grounds of attorney-client privilege, work-

REDACTED VERSION – PUBLICLY FILED

product immunity or otherwise, Par Pharmaceutical, Inc. ("Par") requests that Abbott

provide within thirty (30) days of service of these requests for documents and things a

privilege log identifying the specific grounds upon which the objection is based and

the particular request(s) objected to, and identifying any withheld documents, things,

or portions thereof as follows:

    (a)    Its date of creation;

    (b)    The identity of all persons who prepared and/or signed the document or thing;

    (c)    The general nature of the document or thing (i.e., whether it is a letter, chart, pamphlet, memorandum, etc.);

    (d)    A summary of its contents, or the general subject matter of the document or thing;

    (e)    Its present location and the identity of its current custodian;

    (f)    A listing of all persons, including but not limited to the addressee, to whom copies of the document or thing have been disclosed, including the date and means of disclosure; and

    (g)    The nature of the privilege or other rule of law relied upon to withhold the document or thing and the facts supporting Abbott's assertion thereof.

31.    If any documents or things requested to be produced herein have been lost, discarded,

destroyed, or are otherwise unavailable for any reason, they should be identified as

completely as possible, by stating without limitation: the pertinent information

requested in the preceding paragraph, the date of disposal, the manner of disposal, the

reason for disposal, any person, firm or corporation who has possession, custody, or

control of a partial or complete copy of such document, and the identity of all persons

who participated in the destruction or discarding or who have knowledge of the data

and circumstances surrounding the destruction or discarding of the document or thing.

REDACTED VERSION – PUBLICLY FILED

32.  Par requests that any purportedly privileged document containing nonprivileged matter be produced with the purportedly privileged portion excised.

33.  In responding to Par's requests for documents and things, if Abbott claims any ambiguity in interpreting either a request, a definition, or an instruction, Abbott shall not use that ambiguity claim as a basis for refusing to respond, but shall instead set forth as part of its response to the request the language deemed to be ambiguous and the interpretation that it has chosen to use in responding to the request.

REDACTED VERSION – PUBLICLY FILED

## REQUESTS FOR PRODUCTION

In accordance with Rule 45 of the Federal Rules of Civil Procedure, Abbott Laboratories, Inc. shall produce and permit inspection and copying of the following documents and things:

1.  All documents and things concerning the '588 patent, including but not limited to all documents and things concerning: (i) all prosecution leading to the '588 patent; (ii) conception; (iii) initial disclosure of any alleged invention; (iv) reduction to practice; (v) scope of any claim; (vi) meaning of any term, phrase, limitation, or element in any claim; (vii) level of ordinary skill in the art; (viii) relevant art; (ix) relevant technical field; (x) first use, sale, or offer for sale; (xi) motivation, or lack thereof, to combine any prior-art teachings; and (xii) best mode.

2.  All documents and things concerning the research, development, formulation, or testing of an invention claimed in the '588 patent (*e.g.*, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies).

3.  All documents and things concerning the prosecution of the '588 patent, including but not limited to: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii) official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents submitted to the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749; (iv) patents, publications, or other prior art that was cited, referred to, or relied upon during the prosecution of U.S. Patent Application Serial No. 08/525,749; (v) the preparation or prosecution of any foreign counterpart of the '588 patent or U.S. Patent Application Serial No. 08/525,749; (vi)

REDACTED VERSION – PUBLICLY FILED

communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749; and (vii) billing and time records of professionals involved in the preparation or prosecution of U.S. Patent Application Serial No. 08/525,749 or any foreign counterpart of the '588 patent.

4.  All documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

5.  All documents and things concerning a license, release, covenant not to sue, or immunity from suit under the '588 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

6.  All documents and things concerning any investigation, report, opinion, state-of-the-art-search, study, or analysis, whether formal or informal, including but not limited to any patent, publication, or other document identified by any third party, that relates or refers to the: (i) '588 patent or U.S. Patent Application Serial No. 08/525,749, or any foreign counterpart; (ii) novelty of the '588 patent or U.S. Patent Application Serial No. 08/525,749, or any foreign counterpart; (iii) infringement or noninfringement of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart; (iv) validity or invalidity of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart; and (v)

enforceability or unenforceability of any claim in the '588 patent, U.S. Patent Application Serial No. 08/525,74, or any foreign counterpart.

7. Documents and things concerning the '287 patent, including but not limited to: (i) documents comparing or contrasting any claim in the '588 patent with the '287 patent; (ii) any communication to or from an expert, consultant, or third-party concerning the '287 patent; and (iii) contracts, agreements, understandings, notes, memoranda, analyses, studies, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments concerning the '287 patent, currently, or at one time in the possession of the (1) inventors of the '588 patent, (2) Knoll, (3) BASF, (4) Abbott, and (5) any other persons associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749.

8. All documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest or right under the '287 patent, including but not limited to any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

9. All documents or things concerning the '287 patent related to the case *McNeilab, Inc. v. Scandipharm, Inc.*, Civil Action No. 92-7403 (E.D. Pa.).

10. All documents and things concerning any press release concerning the '588 patent.

11. All documents and things concerning NDA 21-416, including but not limited to documents and things concerning: (i) communication or contact with FDA; and (ii) testing procedure, protocol, or method for testing any product according to NDA 21-416.

12

REDACTED VERSION – PUBLICLY FILED

12.     All documents and things concerning whether the claims of the '588 patent cover Rythmol® SR.

13.     All documents and things that may establish that any of the following secondary indicia of nonobviousness apply to the '588 patent:

- commercial success;
- commercial acquiescence;
- copying;
- long-felt need;
- failure of others;
- professional approval.

14.     Each opinion of counsel concerning the '588 patent.

15.     Each communication to or from an expert, consultant, or third-party concerning the '588 patent, the '287 patent, the relevant prior art, Par, Rythmol® SR, or this action.

16.     All documents and things concerning any valuation of the '588 patent.

17.     All documents and things concerning the organizational relationship of Abbott, including all parent divisions, subsidiaries or affiliates.

18.     Documents sufficient to establish the organizational responsibilities of each person at Abbott who has or had at any time any involvement in the research, formulation, development, testing, manufacture, production, marketing, sale, distribution, or regulatory approval of any product according to NDA 21-416.

19.     Documents sufficient to establish Abbott's organizational structure for research, formulation, development, testing, manufacture, production, marketing, sale, distribution, and regulatory approval of pharmaceutical products.

REDACTED VERSION – PUBLICLY FILED

20. All documents and things concerning Abbott's practice, policy, or procedure for the retention of documents and/or classes or categories of documents, including but not limited to e-mail communications, spreadsheets, presentation materials, and word-processing materials; and if applicable, each document or thing concerning these subjects for each division/unit/subgroup within Abbott for which there is a different practice, policy, or procedure.

21. All documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including but not limited to documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott; (ii) Knoll; (iii) BASF; (iv) Reliant; and (v) any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

22. All documents or agreements whereby Abbott, Reliant, Knoll, and/or BASF can request the assistance or cooperation of a party and/or has agreed to assist or cooperate in the event of a litigation involving the '588 patent or Rythmol® SR, including but not limited to documents or agreements between, or among (1) Reliant; (2) Knoll; (3) BASF; (4) Abbott; (5) the '588 patent inventors; or (6) any other persons or parties associated with the'588 patent or Rythmol® SR, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

14

REDACTED VERSION – PUBLICLY FILED

23.  Any English translation of any foreign-language document requested by this subpoena.

15

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 17

REDACTED VERSION – PUBLICLY FILED

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-774-JJF |
| | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | |
| Defendant. | : | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERICAL MATTERS (KARL KOLTER)

In conformity with Article 3 of Hague Convention, the undersigned applicant has the honor to submit this request on behalf of the defendant in the above-entitled action, Par Pharmaceutical, Inc. ("Par"), located at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677, U.S.A.

The United States District Court for the District of Delaware presents its compliments to the judicial authorities of Germany and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the appropriate judicial authority of Germany compel the appearance of the below-named individual to give evidence pertinent to the defendant's defenses in this matter.

1.     Sender:

The United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, Delaware 19801.

066039.1001

REDACTED VERSION – PUBLICLY FILED

2.   **Central Authority of the Receiving State:**

      Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

3.   **Person to Whom the Executed Request is to be Returned, and Deadline for Return:**

      The executed request should be returned to the Sender as expeditiously as possible.

4.   **Requesting Judicial Authority of the Requesting State, The United States of America (Article 3(a)):**

      The requesting judicial authority is the United States District Court for the District of

Delaware, by the Honorable Joseph J. Farnan, Jr. of that Court.

5.   **Competent Authority of the Requested State, the Federal Republic of Germany (Article 3(a)):**

      Ministerium der Justiz, Ernst-Ludwig-Strasse 3, 55116 Mainz, Rhineland-Palatinate,

Federal Republic of Germany.

6.   **Names and Addresses of the Parties and their Representatives (Article 3(b)):**

| Party | Representative |
|---|---|
| Par Pharmaceutical, Inc.<br>300 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677 | Edgar H. Haug<br>James K. Stronski<br>John G. Taylor<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York 10151<br><br>Josy W. Ingersoll<br>Karen L. Pascale<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West St., 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899-0391 |

REDACTED VERSION – PUBLICLY FILED

| | |
|---|---|
| Reliant Pharmaceuticals, Inc.<br>110 Allen Road<br>Liberty Corner, New Jersey 07938 | Jack B. Blumenfeld<br>Maryellen Noreika<br>MORRIS, NICHOLS, ARSHT & TUNNELL<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware 19899<br><br>John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>KIRKLAND & ELLIS LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

7.    **Nature and Purpose of the Proceedings and Summary of the Facts (Article 3(c)):**

This is a patent infringement action brought by plaintiff Reliant Pharmaceuticals, Inc.

("Reliant") against defendant Par.  The patent-in-suit, U.S. Patent No. 5,681,588 ("the '588

patent"), issued to Knoll Aktiengesellschaft ("Knoll") on assignment from Karl Kolter, Helmut

Fricke, Volker Bueller, and Herbert Mueller-Peltzer, the named inventors.  Knoll subsequently

assigned the patent-in-suit to Abbott Laboratories, Inc. ("Abbott"), which later assigned the

patent-in-suit to Reliant.

This action is based on Par's filing of Abbreviated New Drug Application ("ANDA") No.

78-540 with the U.S. Food and Drug Administration ("FDA").  Par's ANDA seeks FDA

approval to market a generic version of Reliant's propafenone HCl extended-release products,

which Reliant markets under the brand name Rythmol® for the treatment of arrhythmia.  Reliant

has brought this action contending that the commercial sale of Par's proposed product as

described in Par's ANDA No. 78-540 would infringe one or more claims of the patent-in-suit.

Par contends that the commercial manufacture and/or sale of its proposed product will

not infringe any valid claims of the patent-in-suit and that the claims of the patent are invalid and

REDACTED VERSION – PUBLICLY FILED

unenforceable under one or more of the provisions of the United States Code, 35 U.S.C. § 101 *et seq.*

8.  **Judicial Action to be Taken and Documents and Other Property to be Inspected (Article 3(g)):**

To assist this Court in resolving this dispute in a prompt, fair and efficient manner, this Court respectfully requests that the Responding Authority issue an order compelling the following individual to produce for inspection the documents identified and described in paragraph 12 and to appear for a deposition in this case. The party affiliation and counsel for the designated individual is also given:

| Witness | Affiliation | Represented by Counsel |
|---|---|---|
| Karl Kolter<br>BASF AG<br>G-MEP/ML – H 201<br>67056 Ludwigshafen<br>Germany | Named inventor of the patent-in-suit | John Desmarais<br>Gerald J. Flattmann, Jr.<br>Christine Willgoos<br>William T. Vuk<br>Kirkland & Ellis LLP<br>Citigroup Center<br>153 East 53rd Street<br>New York, New York 10022-4611 |

The above individual appears to have information relevant to this case. This Court requests that the deposition of the above individual be scheduled to take place at the American Consulate General Munich, Koeniginstrasse 5, 80539 Muenchen, Federal Republic of Germany, or at such other place as the German Court may direct. This Court also requests that the abovementioned individual produce the documents identified and described in paragraph 12 for inspection thirty (30) days prior to the date scheduled for his deposition at the address of Par's counsel, Frommer Lawrence & Haug LLP, at the address listed in paragraph 6 above, or the American Consulate General Munich, at the address listed above, or at such other place as the German Court may direct.

REDACTED VERSION – PUBLICLY FILED

This Court requests that the German Court set a date and time for the above deposition as soon as practicable.

9.    **Subject Matter and Relevance of This Request:**

Par has learned, through its own investigation and discovery obtained from Reliant to date, that Dr. Kolter has information relevant to this litigation. Karl Kolter, Helmut Fricke, Volker Bueller, and Herbert Mueller-Peltzer are the named inventors of the patent-in-suit. Dr. Kolter is likely to have relevant information concerning the patent-in-suit, including the conception, development, and testing of any alleged invention claimed in the patent-in-suit, the scope of the claims of the patent-in-suit, the meaning of claim terms, and the filing and prosecution of the patent-in-suit. This information is important to Par's defenses of non-infringement, patent invalidity, and patent unenforceability, and as evidence for submission at trial.

In view of the foregoing, we therefore request, in the interests of justice, that you issue an order, in accordance with the laws and procedures of the courts of Germany for the acquisition of evidence for trial, and compel Dr. Kolter to appear for a deposition in this case and produce for inspection the documents identified and described in paragraph 12.

10.    **Methods and Procedures to be Followed for Deposition of Dr. Kolter:**

This Court requests, pursuant to Article 3 of the Hague Convention, that the testimony given pursuant to this letter of request be given under oath.

The conduct of the deposition will be under the supervision of the German judge and subject to the control of the German prosecutor, and should be conducted with due regard to German practice and procedure, the authority of the German Court, and the witness' language preference. This Court understands that the procedures to be followed will be determined in the exercise of discretion of the German Court. Within those limitations, however, this Court makes

REDACTED VERSION – PUBLICLY FILED

the following requests pursuant to Article 9 of the Hague convention for additional procedures to be followed:

a.    Counsel for defendant Par has informed this Court that Germany's Code of Civil Procedure ("ZPO") permits a German Judge to authorize that questioning of the witness at a deposition taken under the Hague Convention may be conducted by the parties, counsel for whom may ask questions in the nature of direct, cross and redirect examination. It is this Court's understanding that such procedures may be requested by the Requesting Authority in the Letter of Request.[1]

This Court believes that the most effective way to obtain the witness' testimony in a form that will be useful to the Court would be to follow that procedure. Counsel for the defendant is familiar with the documents and the issues and it would be very advantageous to allow them to conduct the questioning rather than to have the questioning done by the German judge or other official of the German government. This Court requests that such a procedure be followed.

b.    Defendant Par's attorneys, Frommer Lawrence & Haug LLP, request, under authorization of this Court, permission to attend and participate in the oral deposition of the abovementioned individual. Defendant Par's attorneys, Frommer Lawrence & Haug LLP, further request, under authorization of this Court, that the attorneys for the abovementioned witness, Kirkland & Ellis LLP, be permitted to attend and participate in the oral deposition of the witness. If permission to attend and participate is granted, it is requested that Frommer Lawrence & Haug LLP be provided with the date, time and place of the deposition as soon as convenient, which information they will promptly provide to Kirkland & Ellis LLP.

---

[1]    In particular, counsel for defendant Par has brought to the Court's attention ZPO § 357, supporting the view that cross examination by the parties' counsel is permitted.

REDACTED VERSION – PUBLICLY FILED

c.    Sometimes during depositions counsel raise objections to the admissibility in court of certain testimony or the manner in which questions are asked or answers are given. The usual practice in depositions in this country is that such objections are "reserved," which means that they are noted for the record but not resolved at the deposition. They are resolved by the trial court when the testimony is presented to the court. This Court requests that this procedure be followed in connection with this deposition to the extent objections are raised based on issues of United States law.

d.    This Court requests that a full stenographic record (verbatim transcript) be taken of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the deposition. This Court further requests that a full videographic record be taken of the proceedings, which also will be arranged by and paid for by defendant Par as the party taking the deposition.

e.    It is fully acceptable to this Court that all questions be asked in German, or asked in English by counsel and translated into German, and that the witness hear and respond to all questions in German, unless the witness is comfortable responding in English. There should be continuous translation of the responses into English, so that United States counsel may follow the proceedings and so that a full record of the deposition in English will exist which may be understood by this Court. This Court requests that the German Court allow defendant Par to arrange for such simultaneous translation of the proceedings, which will be arranged by and paid for by defendant Par as the party taking the deposition.

f.    After the written transcript of each deposition is prepared the witness shall have the opportunity to review it and make any corrections required, stating the reasons therefore in an errata sheet to be affixed to the original transcript of the deposition. The witness should be

REDACTED VERSION – PUBLICLY FILED

required to sign an acknowledgement of the accuracy of the transcript (as corrected) before a notary or comparable official, and the transcript so executed should be returned to the judicial officer appointed to conduct the proceedings, who should then forward it to the Sender.

g.    If the Responding Authority denies the procedure requested in paragraphs (a)-(f) above, and instead orders that the questioning of the witness be done by the German judge or other official of the German government, then this Court respectfully requests that the Responding Authority notify this Court and defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above, as soon as possible of the denial and to allow Par to submit specific written questions to be asked by the German judge or other official of the German government.

11.    **Request for Notification of Examination:**

This Court respectfully requests, pursuant to Article 7 of the Hague Convention, that it be informed in writing of the time when, and the place where, the proceeding will take place, and that such information should also be sent to the parties' representatives at the addresses listed in paragraph 6 above.

12.    **Identification and Description of Documents Sought From Dr. Kolter:**

a.    Documents and things concerning the research, development, formulation, or testing of an invention claimed in U.S. Patent No. 5,681,588 ("the '588 patent"), including, for example, research notebooks, laboratory notebooks, correspondence, invention disclosures, analyses, studies, patents and scientific literature reviewed, experiments, data, reports, sketches, interview reports or summaries, clinical data, descriptions of tests or studies, and results or conclusions reached from such tests or studies.

b.    Documents and things concerning the prosecution of the '588 patent, including: (i) U.S. Patent Application Serial No. 08/525,749, including any initial or preliminary drafts; (ii)

REDACTED VERSION – PUBLICLY FILED

official actions, responses, and references cited during prosecution of U.S. Patent Application Serial No. 08/525,749; (iii) drafts of any declarations or other documents reviewed and/or submitted to the United States Patent and Trademark Office ("PTO") in connection with the prosecution of U.S. Patent Application Serial No. 08/525,749; and (iv) communications or correspondence with the PTO during the prosecution of U.S. Patent Application Serial No. 08/525,749.

c.    Documents and things concerning a transfer, grant, conveyance, assignment, or license of any interest in or right under the '588 patent, including, for example, any contracts, agreements, understandings, notes, memoranda, letters, e-mails, messages, facsimiles, telecopies, and other correspondence as well as any enclosures or attachments.

d.    Documents and things concerning U.S. Patent No. 4,797,287 ("the '287 patent"), including, for example, notes, memoranda, analyses, studies, and correspondence concerning the '287 patent and any documents comparing or contrasting any claim in the '588 patent with the '287 patent.

e.    Documents or agreements in which the inventors of the '588 patent agreed to provide assistance or cooperation concerning the '588 patent or its enforcement, including documents or agreements whereby the inventors to the '588 patent agreed to assist or cooperate with: (i) Abbott Laboratories, Inc.; (ii) Knoll Aktiengesellschaft; (iii) BASF Aktiengesellschaft; (iv) Reliant Pharmaceuticals, Inc.; and (v) any other persons or parties associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749, or any successors or assigns of such persons in any litigation or regulatory matter concerning such patent or a product covered by it.

REDACTED VERSION – PUBLICLY FILED

  f.  English translations of any foreign-language document requested above, if they exist.

  This Court requests that the German Court order Dr. Kolter to produce all documents identified above thirty (30) days prior to the date scheduled for his deposition.

13. **Reciprocity:**

  The courts of the United States are authorized by statute (see section 1782 of title 28 of the United States Code) to extend similar assistance to the courts of Germany and will gladly reciprocate the courtesies shown by the courts of Germany.

14. **Responsibility for Reimbursable Fees and Costs:**

  The fees and costs incurred that are reimbursable under the second paragraph of Article 14 of the Convention will be borne by defendant Par in the first instance. Statements for the amounts due should be sent to defendant Par, in care of Frommer Lawrence & Haug LLP at the address listed in paragraph 6 above. Further, the United States Court for the District of Delaware is prepared to reimburse the Responding Authority for all costs incurred in executing this letter of request. The United States Court for the District of Delaware extends to the judicial authorities of Germany the assurance of its highest consideration.

  WITNESS, the Honorable Joseph J. Farnan, Jr., Judge of the United States District Court for the District of Delaware, this _19_ day of _September_, 2007.

Joseph J. Farnan, Jr.
United States District Judge

[seal of court]

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 18

REDACTED VERSION – PUBLICLY FILED

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                    www.flhlaw.com
745 Fifth Avenue
New York, NY 10151          Washington, DC
Telephone: (212) 588-0800   Tokyo
Fax: (212) 588-0500

December 14, 2007

**James K. Stronski**
JStronski@flhlaw.com

**BY E-MAIL**

William T. Vuk, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:  Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
     Civil Action No. 06-774-JJF (D. Del)

Dear Bill:

        We have been advised by the German authorities that the Hague Convention Letters of
Request that were authorized by the Court will need to be revised to, among other things, set
forth more specifically the questions to be asked and the documents sought.  It is not clear when
or if we will be able to take discovery through this process in Germany, but we are working now
to make revisions so that amended requests can be provided to the Court promptly. We will
provide to you a set of draft amended requests next week.

        Given these difficulties, however, we renew our request that Reliant, as the successor and
assign to Knoll Aktiengesellschaft, as owner of the '588 patent, secure the appearance of the
inventors—Drs. Kolter, Fricke, Bueller, and Mueller-Peltzer—and collect and produce their
responsive documents.  I attach the patent assignment by which the inventors are bound to Knoll
or its successors and assigns to "…generally do everything possible to aid … [Reliant] to obtain
and enforce proper protection for said invention in the United States." Under this assignment
agreement, Reliant can secure the attendance of the inventors at depositions in the United States
and the collection and production of their documents here.

        In *Amgen, Inc. v. Ariad Pharms, Inc.*, C.A. No. 06-259, 2007 U.S. Dist. LEXIS 35076
(D. Del. May 14, 2007), Judge Farnan held that a patent assignment agreement signed by the
inventors obligated the patent holder to produce the foreign-based inventors in the United States
for deposition.  *Id.* at *11.  Notably, the pertinent section of the assignment agreement at issue in
*Amgen* mirrors the assignment agreement at issue here, with both agreements requiring the
inventors to testify in any legal proceedings related to the patent:

00505775.DOC

REDACTED VERSION – PUBLICLY FILED

William T. Vuk, Esq.
Kirkland & Ellis LLP
December 14, 2007
Page 2

| Language from *Amgen* Assignment Agreement | Language from Assignment Agreement Signed by Inventors of the '808 Patent |
|---|---|
| AND, we hereby further agree . . . to perform any other lawful acts which may be deemed necessary *to secure fully the aforesaid invention to said ASSIGNEE*, . . . including the execution of applications for patents in foreign countries, and the execution of substitution, reissue, divisional or continuation applications and preliminary or other statements and *the giving of testimony* in any interference *or other proceeding* in which *said invention* or any application or patent directed thereto *may be involved.* (emphasis added). | FURTHER, we agree that we will communicate to said Knoll Aktiengesellchaft, or its representatives, any facts known to us respecting said invention, *and testify in any legal proceeding*, sign all lawful papers, execute all divisional, continuation, substitution, renewal and reissue applications, make all rightful oaths and *generally do everything possible to aid* said Knoll Aktiengesellschaft, its successors *and assigns to obtain and enforce proper protection for said invention* <u>*in the United States*</u>. (emphasis added). |

In fact, the assignment agreement at issue here is arguably more forceful than the one at issue in *Amgen* as it explicitly requires the inventors to "testify in *any* legal proceeding . . . in the *United States*." It is of no consequence that the assignment agreement at issue is not between the inventors and Reliant because the agreement clearly states that the inventors must aid Knoll's *assigns*. As Judge Farnan observed, such language "means that all inventors have agreed to testify in *any legal proceeding involving the invention or patent* directed thereto, and not just in those proceedings in which [the patent holder] would like them to testify." *Id.* at *11 (emphasis added).

We again ask that Reliant secure the inventors' attendance at deposition and collect and produce their requested documents before the close of discovery. Please respond no later than December 18, 2007. If we cannot reach an agreement, we intend to file a motion for the January calendar directed to this relief.

Very truly yours,

James K. Stronski

Enclosure

00505775.DOC

REDACTED VERSION – PUBLICLY FILED

William T. Vuk, Esq.
Kirkland & Ellis LLP
December 14, 2007
Page 3

cc:    Gerald J. Flattmann, Jr., Esq.
       Christine Willgoos, Esq.
       Jack B. Blumenfeld, Esq.

00505775.DOC

REDACTED VERSION – PUBLICLY FILED

# EXHIBIT 19

# REDACTED IN ITS ENTIRETY

REDACTED VERSION – PUBLICLY FILED

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on December 19, 2007, I caused to be

electronically filed a true and correct copy of the foregoing sealed document with the Clerk of

the Court using CM/ECF, which will send notification that such filing is available for viewing

and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on December 19, 2007, I caused a copy of the foregoing sealed

document to be served on the above-listed counsel and on the following non-registered

participants in the manner indicated:

> ### By E-Mail and Hand Delivery
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> ### By E-Mail
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY 10022
> (212) 446-4800

REDACTED VERSION – PUBLICLY FILED

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

2