IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |

**NOTICE OF SUBPOENA**
**(DIRECTED TO ABBOTT LABORATORIES, INC.)**

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Defendant Par Pharmaceutical, Inc. ("Par") is serving a subpoena ad testificandum upon Abbott Laboratories, Inc. ("Abbott"), in the form appended hereto, for an oral deposition on the topics described in Exhibit A to the subpoena. The deposition will take place at Abbott Laboratories, Inc., 100 Abbott Park Road, Abbott Park, IL 60064 beginning at 9:00 a.m. on February 8, 2008, or at such other time and location as is mutually agreeable.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Abbott will be advised that it is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth in Exhibit A to the subpoena. No less than five business days before the scheduled deposition date, Abbott should designate in writing to Par the names of the person(s) who will testify on its behalf, specifying by category the matters on which each person will testify.

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized to administer oaths under the laws of the United States, and shall

continue from day to day until completed. This deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including audio, audio-visual, and/or stenographic means.

    Plaintiff's counsel is invited to attend and cross-examine.

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

December 27, 2007

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
Fax: 302-571-1253

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on December 27, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld [jbbefiling@mnat.com]
>Maryellen Noreika [menefiling@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

I further certify that on December 27, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

### *By E-Mail*

>Jack B. Blumenfeld [jblumenfeld@mnat.com]
>Maryellen Noreika [mnoreika@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

>John Desmarais [jdesmarais@kirkland.com]
>Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
>Christine Willgoos [cwillgoos@kirkland.com]
>William T. Vuk [wvuk@kirkland.com]
>KIRKLAND & ELLIS LLP
>Citigroup Center
>153 E. 53rd Street
>New York, NY 10022
>(212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

---

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

# TAB 1

AO 88 (Rev. 01/07) Subpoena in a Civil Case

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

RELIANT PHARMACEUTICALS, INC.

v.

PAR PHARMACEUTICAL, INC.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 06-774-JJF
Case pending in the District of Delaware

TO:  Abbott Laboratories, Inc.
     100 Abbott Park Road
     Abbott Park, Illinois 60064-3500

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF PRODUCTION | COURTROOM |
|---|---|
|  | DATE AND TIME: |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

See Exhibit A hereto.

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
| Abbott Laboratories, Inc., 100 Abbott Park Road, Abbott Park, IL 60064 | February 8, 2008 |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE OF PRODUCTION | DATE AND TIME: |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME: |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)
( ATTORNEY FOR DEFENDANT )

Date: December 27, 2007

Issuing Officer's Name, Address, and Phone Number

John G. Taylor, Esq., Frommer Lawrence & Haug LLP, 745 Fifth Avenue, NY, NY 10151, (212) 588-0800

(See Rule 45, Federal Rules of Civil Procedure Parts (c), (d), and (e) on Reverse)

00505419.DOC

AO 88 (Rev. 01/07) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d), and (e), as Amended on December 1, 2007:

(c) Protection of Persons Subject to Subpoenas.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or an attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises-or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

00505419.DOC

## EXHIBIT A

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, Defendant Par Pharmaceutical, Inc. ("Par") will take the oral deposition of Abbott Laboratories, Inc. ("Abbott") at Abbott Laboratories, Inc., 100 Abbott Park Road, Abbott Park, IL 60064 beginning at 9:00 a.m. on February 8, 2008, or at such other time and location as is mutually agreeable. The topics for the deposition are set forth below.

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including audio, audio-visual, and/or stenographic means. Counsel for Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") is being invited to attend and cross-examine.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Abbott is advised that is required to designate one or more officers, directors, managing agents, or other person(s) who consent to testify on its behalf with respect to the matters set forth below. No less than five business days before the scheduled deposition date, Abbott is requested to designate in writing to Par the names of the persons who will testify on its behalf, specifying by topic the matters on which each person will testify.

### TOPICS FOR DEPOSITION

1. The planning, preparation, filing, and approval process for New Drug Application ("NDA") No. 21-416 for propafenone HCl extended release capsules (Rythmol® SR), including the decision to file NDA 21-416, the design and conduct of clinical trials, amendments, supplements, annual reports, and communications with the U.S. Food and Drug Administration.

2. Abbott's acquisition of U.S. Patent No. 5,681,588 ("the '588 patent") from Knoll Aktiengesellschaft ("Knoll") or any related entity, including but not limited to the decision to seek to acquire the '588 patent, the considerations that went into the decision

1

to acquire the '588 patent, communications with Knoll concerning the acquisition of the '588 patent, the negotiations of the acquisition of the '588 patent, and any due diligence conducted in connection with the acquisition of the '588 patent (including but not limited to due diligence relating to U.S. Patent No. 4,797,287).

3. Any comparisons between Rythmol® SR and Rythmol® IR, including data from any testing or clinical evaluations.

4. Abbott's sale of Rythmol® SR and the '588 patent to Reliant, including but not limited to the decision to seek to sell Rythmol® SR and the '588 patent, the considerations that went into the decision to sell Rythmol® SR and the '588 patent, communications with Reliant concerning the sale of Rythmol® SR and the '588 patent, the negotiations of the sale of Rythmol® SR and the '588 patent, and any due diligence conducted in connection with the sale of Rythmol® SR and the '588 patent (including but not limited to due diligence relating to U.S. Patent No. 4,797,287).

5. Any valuations of the '588 patent and sales projections for Rythmol® SR prepared by or on behalf of Abbott.

6. Any marketing or advertising plans, budgets, or evaluations, including doctor detailing expenses, created, considered, proposed, or adopted in connection with a potential or actual launch of Rythmol® SR.

7. The factual bases for Abbott's contention or belief, if any, that claims in the '588 patent cover or read on Rythmol® SR.

8. The research and development resulting in and testing of each invention claimed in the '588 patent.

9. The conception and reduction to practice of each invention claimed in the '588 patent.

10. The first sale, offer for sale, description in a printed publication, or disclosure to a person other than the inventors of each invention claimed in the '588 patent.

11. The preparation and prosecution of U.S. Patent Application Serial No. 08/525,749, the patent application that issued as the '588 patent.

12. The nature and substance of all searches made by, or on behalf of, Abbott to locate documents and things responsive to Par's subpoena duces tecum to Abbott dated August 16, 2007.

13. Abbott's document retention policies concerning any documents responsive to Par's subpoena duces tecum to Abbott dated August 16, 2007.