# Exhibit A

Case 1:06-cv-00774-JJF   Document 164-2   Filed 02/01/2008   Page 1 of 4

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC

Tokyo

January 25, 2008

John G. Taylor
JTaylor@flhlaw.com

**BY E-MAIL**

Alexander L. Greenberg, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:   Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
      Civil Action No. 06-774-JJF (D. Del.)

Dear Alexander:

    I write in response to your January 21, 2008 letter regarding Par's objections and responses to Reliant's Rule 30(b)(6) Notice. Par's objections to Deposition Topics 1, 9, 12, and 13 are appropriate because, in the case of Topics 12 and 13 (directed to privileged communications concerning the '375 patent application)[1], each and every question asked will likely seek information subject to the attorney-client privilege and/or work product doctrine, and, in the case of Topics 1 and 9, substantially all the questions asked will likely seek the same.

    Nonetheless, with respect to Topic 1, Par will produce a witness concerning the commercial considerations underlying the decision to develop Par's propafenone HCl products and to file its ANDA. Regarding Topic 9, Par will produce a witness concerning the contributions made by Par, or its employees, to (a) any tests, analyses, or evaluations to generate data for inclusion in Par's ANDA; and (b) any information relating to regulatory procedures and strategies in the FDA relating to Par's ANDA. Par will not produce a witness to answer questions directed to subtopics (c) and (d) of Topic 9 because these subtopics concern only privileged communications directed to the preparation and filing, including the legal basis underlying, Par's Paragraph IV Notice of Certification.

    Par's refusal to produce a witness to testify to privileged communications is amply supported by the case law. *See The State of New York v. Solvent Chemical Co.*, 214 F.R.D. 106, 111 (W.D.N.Y. 2003) (barring Rule 30(b)(6) deposition notice where it "serves only to ascertain

---

[1] Indeed, it makes very little sense for Par to produce a witness for Topics 12 and 13 because the most appropriate witness is a patent attorney at the law firm prosecuting the '375 application, Foley & Lardner, who will inevitably refuse to answer questions directed to privileged communications concerning the '375 application.

00516626.DOC

Alexander L. Greenberg, Esq.
Kirkland & Ellis LLP
January 25, 2008
Page 2

the substance of confidential communications and the mental impression of [defendant's] corporate and litigation counsel"); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 2004 U.S. Dist. LEXIS 8990, at *7 (E.D. Pa., Mar. 23, 2004) (noting that "in certain circumstances, a party may properly resist Rule 30(b)(6) deposition on the grounds that the information is more appropriately discoverable through contention interrogatories").

And, as you are aware, Reliant has itself refused to produce witnesses in response to Par's Rule 30(b)(6) Deposition Topics 2 and 3 based on grounds of privilege and/or work product doctrine. Reliant also improperly refuses to produce a witness in response to Deposition Topic 1 (seeking the factual bases for Reliant's belief that Par's products infringe the claims of the '588 patent), Topic 4 (seeking the factual bases for Reliant's contention that this is an exceptional case), and Topic 9 (seeking the factual bases for Reliant's contention that claims in the '588 patent cover Rythmol® SR). Regarding Topic 8 concerning Reliant's acquisition of Rythmol® SR and the '588 patent, Reliant objects on the ground that it seeks privileged advice provided to Reliant by Frommer Lawrence & Haug ("FLH"). Although Par obviously does not agree that FLH gave Reliant any advice relevant to the issues in this case, Reliant has never alleged that FLH was involved in direct communications or negotiations between Reliant and Abbott (which cannot be privileged), nor has it ever alleged that FLH gave any advice concerning commercial considerations underlying the acquisition. Accordingly, Reliant is obligated to produce a witness to testify about these topics. Regarding Topic 10, to the extent Reliant relies on secondary indicia of nonobviousness, discovery of any secondary indicia is entirely appropriate regardless of who bears the burden of proof on any claim. Please confirm that you will produce a witness or that Reliant will not rely on any such indicia in this case. Regarding Topics 11, 12, and 14, Reliant is obligated to produce a witness to testify about the information it has concerning these topics so that we may explore the extent of its knowledge. Please immediately state whether Reliant will produce a Rule 30(b)(6) witness in response to Deposition Topics 1, 2, 3, 4, 8, 9, 10, 11, 12, and 14. And please advise the date your 30(b)(6) witness(es) will be available.

Regarding Reliant's Third Set of Requests for the Production of Documents and Things and Second Set of Interrogatories, Par intends to respond on February 4, 2008, the date such responses are due.

Finally, concerning the Par witnesses that Reliant has noticed for depositions, Par confirms that Michelle Bonomi is available on February 29, Damodar Patel is available on February 19, and Eric Mittleberg is available on February 22. We expect to advise you of Janis Picurro's availability next week. Ping He, a former Par employee, has advised us that he will

Alexander L. Greenberg, Esq.
Kirkland & Ellis LLP
January 25, 2008
Page 3

appear voluntarily for deposition in this action and he will be represented by FLH. We are in the process of confirming the date(s) that he is available to testify and will advise you of his status shortly. He is not available on the noticed date.


Sincerely,

John G. Taylor

cc: Gerald J. Flattmann, Jr., Esq.
William T. Vuk, Esq.
Christine Willgoos, Esq.
Jack B. Blumenfeld, Esq.
Josy E. Ingersoll, Esq.
Karen L. Pascale, Esq.

00516626.DOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-774-JJF |
| | ) | |
| PAR PHARMACEUTICAL, INC., | ) | **PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### LETTER TO THE HONORABLE JOSEPH J. FARNAN, JR.
### FROM MARYELLEN NOREIKA REGARDING REQUEST FOR
### COURT TO GRANT RELIANT'S RENEWED MOTION TO DISQUALIFY

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

John Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

Original Filing Date: February 1, 2008
Redacted Filing Date: February 1, 2008

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

MARYELLEN NOREIKA
302 351 9278
302 425 3011 Fax
mnoreika@mnat.com

February 1, 2008

**Confidential And Privileged**
**Subject To Non-Waiver Agreement**

The Honorable Joseph J. Farnan, Jr.                              *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

        Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
              C.A. No. 06-774-JJF

Dear Judge Farnan:

        I write on behalf of plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") to follow up on representations in Par Pharmaceutical, Inc.'s ("Par") January 7, 2008 letter to the Court concerning Reliant's pending Renewed Motion to Disqualify Frommer, Lawrence and Haug ("FLH") from representing Par in this case. *See* D.I. 86, 140.

        As discussed in Reliant's January 3, 2008 letter to the Court (D.I. 138), on December 27, 2007, Par served a deposition notice pursuant to Rule 30(b)(6) which included a topic directed to:

> Reliant's acquisition of Rythmol® SR and the '588 patent from Abbott Laboratories, Inc. ("Abbott"), including but not limited to the decision to seek to acquire Rythmol® SR and the '588 patent, the consideration that went into the decision to acquire Rythmol® SR and the '588 patent, communications with Abbott concerning the acquisition of Rythmol® SR and the '588 patent, the negotiations of the acquisition of Rythmol® SR and the '588 patent, *and any due diligence conducted in connection with the acquisition of Rythmol® SR and the '588 patent.*

D.I. 136 at ¶ 8, emphasis added.

        In an effort to avoid disqualification, in its January 7 letter to the Court, Par represented that the "intent" and "purpose" of the deposition topic was to "cover commercial

The Honorable Joseph J. Farnan, Jr.
February 1, 2008
Page 2

issues" and "explore and test ...commercial expectations." D.I. 140 at 1. Now, however, in recent correspondence with Reliant, Par has taken the position that the topic also covered commercial considerations *and direct communications or negotiations between Abbott and Reliant since "Reliant has never alleged that FLH was involved in direct communications or negotiations between Reliant and Abbott."* See Ex. A at 2 (emphasis added). Thus, by Par's own admission, the deposition topic covers more than "commercial considerations."

Even more troubling, however, is Par's attempt to narrow its pursuit of discovery in this matter based on what "FLH was involved in." The disqualification inquiry does not look to the discovery that a party actually intends to pursue based on concerns over disqualification. Rather, it examines whether the subject matter involved in the present and former attorney-client relationship are substantially related. *See Stratagene v. Invitrogen Corp.*, 225 F. Supp. 2d 608, 610 (D. Md. 2002). And here, the test is clearly met: FLH advised Reliant on the acquisition of the sole product and patent that are at issue here.[1]

Indeed, this close relationship, and evidentiary proof of that relationship, renders the unpublished decision cited in Par's January 7 letter distinguishable. For example, unlike *Warner Chilcott*, where "[t]he bulk of Kenyon's work focused upon the other Pfizer products, with very little work focusing upon the '394 patent", FLH focused on a single product -- the product at issue here -- and advised Reliant on numerous patent-related aspects of that single product.[2] *See Warner Chilcott Co., Inc. v. Watson Pharms., Inc.*, No. 06-3491 (HAA) (D.N.J. Jan. 2, 2008) at p.11. Moreover, in *Warner Chilcott*, there was no contemporaneous evidence that Kenyon gave its former client oral advice on the patent at issue. *Id.* at 10 ("Not one of [the documents attached to plaintiff's brief] mentions reviewing or analyzing the enforceability and/or validity of the '394 patent *nor is there a mention of any sort of oral report*"). Here, however, Reliant's brief attached a contemporaneous email from FLH to Reliant's Michael Lerner to corroborate its former chief in-house counsel's sworn testimony. *See* D.I. 91 at ¶ 5; D.I. 90 at Ex. 11 ("*On the coverage of the patent, I believe that [current FLH partner] Dan Brown and I gave you a verbal brief, but that we agreed at that time not to put into writing any view on the potential ability of the patent to*     REDACTED     "(emphasis added). Finally, in *Warner Chilcott*, there was no evidence that the party was foregoing discovery to avoid disqualification.

---

[1]  FLH's pursuit of discovery also raises questions about FLH's ethical obligations with respect to Par. *See* N.Y. Code of Processional Responsibility E.C. 7-1 ("The duty of a lawyer, both to the client and to the legal system, is to represent the client *zealously* within the bounds of the law") (emphasis added). *See also* Model Rule 1.1.

[2]  As previously mentioned, former FLH partner Andrew Berdon, current FLH partners Daniel Brown and Arthur Hoag, and current FLH patent agent Ali Berkin FLH advised Reliant on the validity, enforceability, and potential infringement of the '588 patent, the potential for a generic competitor to design a product bioequivalent to Rythmol® around the '588 patent, the regulatory listing of the patent and its impact on potential litigation, and the terms of the patent assignment and asset purchase agreement. *See* D.I. 95 at 2.

The Honorable Joseph J. Farnan, Jr.
February 1, 2008
Page 3

        For the foregoing reasons Reliant requests that the Court grant Reliant's renewed motion to disqualify.

        Respectfully,

        */s/ Maryellen Noreika*

        Maryellen Noreika (#3208)

MN/dlb
Enclosure
cc:    Clerk of Court (Via Hand Delivery)
       John B. Harris, Esquire (Via Electronic Mail)
       Gerald J. Flattmann, Esquire (Via Electronic Mail)