IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RELIANT PHARMACEUTICALS, INC.,   )
   )
          Plaintiff,   )    C.A. No. 06-774 (JJF)
   )
          v.   )    **PUBLIC VERSION**
   )
PAR PHARMACEUTICAL, INC.,   )
   )
          Defendant.   )

**RELIANT PHARMACEUTICALS, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO COMPEL
A RESPONSE TO INTERROGATORY NO. 21**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

Originally Filed:  February 7, 2008
Public Version Filed:  February 14, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................... 1

STATEMENT OF FACTS ............................................................................................ 2

ARGUMENT ................................................................................................................. 3

      A.    Legal Standard ........................................................................... 3

      B.    Par Should Be Ordered to Respond Substantively and In
           Full to Reliant's Interrogatory No. 21 ........................................ 3

CONCLUSION .............................................................................................................. 6

ii.

TABLE OF AUTHORITIES

Page(s)

Cases

*Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.,*
 2005 WL 5949576 (D.Del. 2005) ...................................................................................... 3

*Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc.,*
 1988 WL 70013 (D. Del. June 21, 1988) ........................................................................... 4

Statutes

Fed. R. Civ. P. 26(b) ......................................................................................................... 3

Fed. R. Civ. P. 33(d) ......................................................................................................... 5

Fed. R. Civ. P. 37(a)(3)(B) ............................................................................................... 3

1.

## **NATURE AND STAGE OF THE PROCEEDINGS**

On December 19, 2006 Reliant Pharmaceuticals, Inc. ("Reliant") filed this action for infringement of U.S. Patent No. 5,681,588 ("the '588 patent") against Par Pharmaceutical, Inc. ("Par"), based on Par's filing of ANDA 78-540, which seeks to market generic versions of Reliant's drug Rythmol® SR. D.I. 1. Par answered Reliant's Complaint on February 9, 2007. D.I. 11.

This action is currently in discovery. The parties have scheduled multiple depositions to take place during the months of February and early March. Pursuant to the Court's Rule 16 Scheduling Order, fact discovery is to be completed by March 7, 2008. D.I. 27. The parties are currently in discussions regarding extending the discovery deadline.

At least as of November 2007, Reliant brought to Par's attention several deficiencies in Par's responses to Reliant's discovery requests. For example, Par did not substantively respond to Reliant's inquiry regarding Par's designations for its many formulations of propafenone (*i.e.* generic Rythmol®) used or contemplated during the development of Par's generic drug product. Accordingly, on January 3, 2008 Reliant served Par with a Second Set of Interrogatories (Nos. 19-21) and Third Set of Requests for the Production of Documents and Things (Nos. 114-116), requesting, *inter alia*, documents and information concerning Par's formulations of its propafenone products. On February 4, 2008 Par responded to these Interrogatories and Requests for Production, but did not provide a substantive answer to Reliant's Interrogatory No. 21.

This is Reliant's opening brief in support of its motion to compel Par's substantive and full response to Interrogatory No. 21.

2.

## STATEMENT OF FACTS

Reliant served Par with two sets of Interrogatories, on May 18, 2007 and January 3, 2008, respectively. Reliant also served Par with three sets of Requests for the Production of Documents and Things on May 18, 2007, August 22, 2007, and January 3, 2008, respectively.

Prior to the January 3, 2008 round of discovery requests, Reliant informed Par of several deficiencies in Par's document production and interrogatory responses. *See, e.g.*, Ex. 1; Ex. 2. Although the parties appear to have resolved many of these disputes, this motion addresses one of the unresolved issues.[1]

On December 17, 2007 Reliant first brought to Par's attention several questions concerning the seemingly incomplete information contained in Par's production regarding the designations of various propafenone formulations. *See* Ex. 2 at 4, 5. On January 3, 2008 Reliant restated this inquiry in its Interrogatory No. 21. This interrogatory specifically requested that Par "identify all … designations that Par assigned to any propafenone compositions or formulations…" Ex. 4. In its response, Par refused to substantively respond to Interrogatory No. 21. *See id.*; *see also,* Ex. 5.

## SUMMARY OF THE ARGUMENT

Reliant requested that Par provide discovery seeking information regarding "designations that Par assigned to any propafenone compositions or formulations." Par has not provided Reliant with such discovery, nor has Par provided a substantive response to Reliant's discovery inquiries regarding such formulations.

---

[1]     On February 6, 2008 Par represented that it will address many of Reliant's concerns regarding Par's discovery deficiencies. *See* Exs. 3, 5. Reliant reserves the right to move to compel such discovery at a later date if Par does not timely cure all deficiencies.

3.

Instead, Par attempts to shift its burden to Reliant, claiming that Reliant can discern this information from Par's documents produced to date. That is not so. Reliant has already attempted to ascertain the information requested in Interrogatory No. 21 from Par's voluminous document production, but is unable to do so. Par is the only party in possession of the knowledge necessary to provide a full and complete answer to this inquiry regarding its propafenone formulations. Accordingly, the only way Reliant can obtain this relevant and non-privileged information is if this Court orders Par to provide the requested information.

Therefore, Reliant respectfully requests that the Court order Par to provide a full substantive response to Reliant's Interrogatory No. 21.

## ARGUMENT

### A.　Legal Standard

"The Federal Rules of Civil Procedure allow for broad and liberal discovery." *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 2005 WL 5949576, *2 (D.Del. 2005) (internal citation omitted); *see also* Fed. R. Civ. P. 26(b) (discovery may include "any nonprivileged matter that is relevant to any party's claim or defense..."). If a party fails to answer an Interrogatory, "[the] party seeking discovery may move for an order compelling an answer..." Fed. R. Civ. P. 37(a)(3)(B).

### B.　Par Should Be Ordered to Respond Substantively and In Full to Reliant's Interrogatory No. 21

Reliant's Interrogatory No. 21 seeks discovery concerning Par's designations of batches or samples of each formulation of propafenone tested or contemplated during the development of Par's generic version of Rythmol® SR. In its entirety the request states:

> **INTERROGATORY NO. 21:** Please identify all batch or sample numbers or designations that Par assigned to any propafenone compositions or formulations that were prepared, contemplated, tested, or considered in the research and development of a

4.

> sustained, delayed, extended or controlled release propafenone
> formulation or composition.

*See* Ex. 4.

Par's objections to this request are without merit. The information sought is narrowly tailored, relating specifically to Par's designation or naming scheme for its many formulations of propafenone used or contemplated for the purposes of developing and testing its generic propafenone drug product. The documents produced by Par point to the existence of a unified and, likely, sequential naming scheme for Par's propafenone formulations. For instance, Par's documents refer to formulations designated as

**REDACTED**                              Through its own

efforts, Reliant has been able to compile a list of all such designations that appear in Par's production to date. *See* Ex. 2 at 3. It is apparent, however, that the list contains many gaps. *See id.* at 4. It is Par's obligation to provide information sufficient to apprise Reliant of Par's proposed formulations and explain any gaps in its production.

Par's claim that "Reliant can perform [the task of compiling a list of all designations] as easily as Par" by referring to its document production is improper. Ex. 4. Such an answer is insufficient on its own. *See, e.g., Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc.,* 1988 WL 70013, *1 (D. Del. June 21, 1988) (finding a party's reference to a 6,700 page document production, without specifying any records, clearly insufficient and a failure to respond) (citation omitted) (attached as Ex. 6).

Moreover, only two days after referring Reliant to its document production to search for the answer, Par writes that "there is no record from which [one] would be able to answer such a broad interrogatory." Ex. 5. Indeed, as stated above, Reliant has diligently attempted to compile a list of all formulations contained in Par's document production, yet this

5.

list appears to be incomplete.  Par is the only party with sufficient knowledge to list all designations used by Par for various propafenone formulations in the process of development of Par's generic propafenone drug product.

Furthermore, if Par did in fact use a unified scheme for such designations, as it would appear from the documents, listing all the elements of such scheme should impose no great burden on Par.  Therefore, Par could not have properly referred Reliant to the document production in search of the answer to Interrogatory No. 21.  *See* Fed. R. Civ. P. 33(d) (allowing substitution of documents for interrogatory answers only "if the burden of deriving or ascertaining the answer will be substantially the same for either party...").

The information requested in Interrogatory No. 21 is highly relevant to Reliant's arguments in this case.  At a minimum, information regarding all of the formulations of propafenone considered and/or tested by Par during the development of its generic propafenone drug product is relevant evidence concerning Par's selection of a particular formulation for manufacturing and of the properties of this final formulation compared to closely related formulations.  Such evidence could support Reliant's arguments for infringement of the asserted claims.  In addition, without knowing all of the designations of Par's proposed formulations, Reliant is unable to determine whether or not Par has produced documents related to the testing of all of these formulations.[2]  Therefore, Par has an obligation under Rule 26(b) to substantively respond to Reliant's Interrogatory No. 21.

---

[2]    Moreover, it appears that Par may not have retained samples of all of its proposed formulations.  *See* Reliant's Opening Brief In Support Of Its Motion To Compel Documents Relating To Consumption, Disposal, or Consumption Of Samples, filed February 7, 2008.  Unless it obtains identification of all of Par's formulations, Reliant will be unable to properly investigate Par's destruction or consumption of these formulations.

6.

## **CONCLUSION**

For the reasons stated above, Reliant respectfully requests that the Court grant

Reliant's Motion to Compel Par Pharmaceutical, Inc. to Provide a Substantive Response to

Interrogatory No. 21.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

February 7, 2008
1488600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2008 I electronically filed the foregoing with

the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Josy W. Ingersoll, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on

February 14, 2008 upon the following in the manner indicated:

Josy W. Ingersoll, Esquire                     *VIA ELECTRONIC MAIL*
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

John G. Taylor, Esquire                        *VIA ELECTRONIC MAIL*
James K. Stronski, Esquire
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151


*/s/ Maryellen Noreika*
_____
Maryellen Noreika (#3208)

# EXHIBIT 1

FULLY REDACTED

# EXHIBIT 2

FULLY REDACTED

# EXHIBIT 3

# FULLY REDACTED

# EXHIBIT 4

FULLY REDACTED

# EXHIBIT 5

FULLY REDACTED

# Exhibit 6



Not Reported in F.Supp.
Not Reported in F.Supp., 1988 WL 70013 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

◪

Scripps Clinic and Research Foundation v. Baxter Travenol Laboratories, Inc.
D.Del.,1988.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
SCRIPPS CLINIC AND RESEARCH FOUNDA-
TION, and Rorer Group, Inc., Plaintiffs,
v.
BAXTER TRAVENOL LABORATORIES, INC.,
and Travenol Laboratories, Inc., Defendants.
**CIV.A. No. 87-140-CMW.**

June 21, 1988.

Gregory A. Inskip, Potter, Anderson & Corroon Wilmington, Delaware. (Eugene Moroz, Esquire, Kurt E. Richter, Esquire and William S. Feiler, Morgan & Finnegan, New York City, of counsel), for plaintiffs.
Allen M. Terrell, Jr., Richards, Layton & Finger Wilmington, (Granger Cook, Jr., Esquire and Dean A. Monco, Cook, Wetzel & Egan, Ltd., Chicago, Ill., and Paul C. Flattery, and Robert E. Hartenberger, Baxter Travenol Laboratories, Inc., Deerfield, Ill., of counsel), for defendants.

*OPINION*

CALEB M. WRIGHT, Senior District Judge.

*\*1* This discovery dispute arises out of a patent infringement suit brought by Scripps Clinic and Research Foundation and Rorer Group, Inc. ("Scripps") against Baxter Travenol, Inc., and Travenol Laboratories, Inc. ("Baxter"). The dispute centers on alleged deficiencies in the discovery responses of both parties during an exchange of responses on February 6, 1988. Baxter filed a motion under Federal Rule of Civil Procedure 37 to compel supplemental responses to its interrogatories and requests for documents, and to compel the production of certain deposition transcripts and exhibits generated in other ongoing patent infringement suits filed by Scripps to enforce the patent at issue. Scripps then filed a motion to compel Baxter to index more than 45,000 documents which Baxter had produced in response to Scripps' document requests.

1. *Baxter's Motion to Compel Supplemental Responses to Its Interrogatories*

Baxter moves the Court to compel Scripps to supplement its responses to interrogatories numbers 1-2, 4-5, 11-12, 22-23, 27-29, 37-39, 46, 48-49, and 51-52. Scripps declined tooffer any specific answer to any of these interrogatories and instead stated in each case some form of the statement, "Without waiving any objection plaintiffs will produce documents pursuant to Fed.R.Civ.P. 33(c) in lieu of identification." *See, e.g.* Plaintiffs' Response to Interr. No. 2.

In support of its answers, Scripps relies on Federal Rule of Civil Procedure 33(c), which gives a responding party the option of producing business records in answer to an interrogatory. Specifically, Rule 33(c) states:

Where the answer to an interrogatory may be derived or ascertained from the business records of the party ... and the burden of ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to *specify the records from which the answer may be derived or ascertained.... A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records* from which the answer may be obtained.

(emphasis added). Scripps' responses are insufficient under this rule because they contain no specification of records at all.

Scripps produced approximately 6,700 documents in response to Baxter's requests. In the interrogatory answers at issue, Scripps offered no specific answers to the disputed questions; rather, it just referred to the boxes of documents. Referring

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                    Page 2
Not Reported in F.Supp., 1988 WL 70013 (D.Del.)
(Cite as: Not Reported in F.Supp.)

to 6,700 documents does not constitute "specify[ing] the records," and is insufficient to allow Baxter "to locate and to identify, as readily as can [Scripps[, the records from which the answer may be obtained." Fed.R.Civ.P. 33(c). Scripps clearly did not meet its "duty to specify" the records. Fed.R.Civ.P. 33(c) advisory committee's note. It did not even affirmatively state that the answers to the interrogatories could be found in the documents. As the Advisory Committee to the Federal Rules has noted: "respond[ing] by directing the interrogating party to a mass of business records ... [is an] abuse of the option." *Id.* As such, Scripps' answers are clearly insufficient and must be supplemented.

In addition, the Court notes that Scripps attempted to use its ability to answer the interrogatories as a bargaining chip in its attempts to convince Baxter to index the document production that is the subject of Scripps' Motion to Compel. In correspondence between counsel, Scripps stated, "Plaintiffs are in the process of completing a list indicating which production documents are responsive to Baxter's various document requests and stand ready to exchange our list with Baxter should Baxter reconsider its position." Letter to Baxter counsel, Feb. 18, 1988. Discovery is not a game in which one party's answers are balanced against the other party's answers. There are rules that govern discovery. Rule 33(c) allows parties to opt to produce business records to aid in answering the interrogatories, not to avoid answering them. Scripps must specify the documents that contain the answers to the interrogatories irrespective of Baxter's behavior. Finally, since it appears from this correspondence that some sort of index exists, it should be produced. L.R. 4.1C.

*2 Baxter also moves the Court to compel Scripps to answer interrogatories 51 and 52, in which Baxter seeks the names of everyone who was consulted in order to answer the interrogatories, as well as everyone who had control or custody of any documents produced in response to the interrogatories. Scripps objects to these interrogatories as being unduly broad and burdensome, and as seeking

irrelevant information. The Court will grant Baxter's motion to compel responses to these interrogatories. Rule 26(b) specifies as discoverable subject matter "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Baxter's requests fall squarely within the scope of this Rule and must be answered by Scripps.

Baxter also moves the Court to compel responses to interrogatories numbers 3(c), 3(d), 8-10, 16-18(b), 20, 25-26, and 42-44. Scripps objected to these interrogatories on various grounds, including their being unduly broad and burdensome and not calculated to lead to admissible evidence. Because the parties did not address these issues in their briefs, however, the Court is without sufficient knowledge to rule on the propriety of the interrogatories. Consequently, the Court will deny Baxter's motion without prejudice with respect to those interrogatories.

II. *Baxter's Motion to Compel Supplemental Responses to Its Document Requests*

Baxter seeks to compel Scripps to supplement its answers to document request numbers 1, 4, 7, 14, 17-18, 20-21, 23, 37-38, 45, 47-49, 51, 54-55, 58, 60, and 64-66. The only grounds addressed in the briefs was that Scripps "artificically" limited many of its responses to documents produced on or before December 14, 1981, the date of application of the original patent.

Rule 26(b) limits the scope of document discovery to documents that are relevant to a claim or defense or that appear "reasonably calculated to lead to the discovery of admissible evidence." Scripps limited its responses to document requests numbers 4, 7, 14, 38, 45, 48-49, 54, and 60 to documents generated before December 14, 1981, claiming that documents created after that date are irrelevant. Scripps also limited its response to request number 20 to documents created prior to October 22, 1985, the date of application for the reissue pat-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1988 WL 70013 (D.Del.)
(Cite as: Not Reported in F.Supp.)

ent. These limitations are improper because Baxter has asserted many defenses concerning the validity of the patent, including inequitable conduct, that may be influenced by events which occurred after the date of application. Therefore, Scripps' responses to these requests are insufficient and must be supplemented. Baxter also objected to Scripps' limiting its responses to requests numbers 21 and 23 to documents created before October 14, 1981. Baxter limited its requests to that time frame, however, and thus Scripps correctly limited its response.

Baxter also moves the Court to compel further responses to document requests numbers 1, 17-18, 37, 47, 51, 55, 58, and 64-66. Request number 1 covers the documents necessary to answer Baxter's interrogatories. Because the procedures for producing documents under Rule 33(c) and Rule 34 are the same under Local Rule 4.1C, all documents will be produced under the interrogatories in the same fashion as they would be under the document request, thus making this document request not necessary. Because the parties did not specifically address the remaining disputed requests in their briefs, the Court is without sufficient knowledge to rule on their propriety, and will consequently deny Baxter's motion without prejudice with respect to those requests.

III. *Baxter's Motion to Compel the Production of Deposition Transcripts and Exhibits From Other Suits*

**\*3** In 1983, Scripps filed several other patent infringement suits in the Northern District of California against Genentech, Inc., Chiron Corp., and Miles Laboratories, Inc. Baxter seeks to obtain the transcripts of and exhibits produced during the deposition of certain Scripps employees and other witnesses. Scripps objects to the production of these documents on several grounds, all of which are insufficient.

Scripps first alleges that because Baxter refused to cooperate in coordinating discovery with the other defendants it should not be permitted to now obtain the fruits of such discovery. Baxter correctly points out that the instant suit was filed more than three years after the California suits, and consequently has a much different procedural posture than the other suits. Furthermore, pretrial rulings in the other suits altered the scope of discovery in those actions. These different circumstances indicate that Baxter did not engage in bad faith by refusing to coordinate its discovery and that its action should not influence the requested production.

Scripps next argues that if Baxter is permitted to discover the transcripts and exhibits, it should not be permitted to redepose the same witnesses because Rule 26 prohibits cumulative, duplicative, and burdensome depositions. Baxter has a right to take the depositions itself in order to develop its case properly. Possessing prior transcripts may actually enable Baxter to shorten the depositions by addressing only more important areas. Thus, because the depositions will be taken by a new party, Rule 26 does not prevent their being taken.

Scripps further argues that many documents fall under protective orders entered in the other actions. This would be a serious problem had not Baxter agreed to limit its discovery to depositions of certain Scripps' witnesses, such as Dr. Zimmerman, the inventor of the patented process. Thus, Baxter will not be exposed to any confidential information concerning the defendants in the other suits.

Scripps' final point concerns the time and effort expended by counsel for Scripps and the other defendants in taking the depositions. The Court agrees that Baxter should not be a "free rider," benefiting from the past work done by the other parties. Therefore, the Court will grant Baxter's motion to compel but will order that Baxter shall pay for the transcripts and exhibits at a rate greater than that for the normal production of documents. The Court will be available for consultation if the parties cannot work out an agreement.

IV. *Scripps' Motion to Compel Baxter to Index its Responses*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                         Page 4
Not Reported in F.Supp., 1988 WL 70013 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Baxter produced more than 45,000 documents in response to Scripps' document requests. The documents originated in two facilities and were gathered from several departments. Affidavit of Michael J. Griffith. All responsive non-privileged documents were produced, with the exception of marketing and research documents pertaining to plasma-derived Factor VIII:C and recombinant DNA-produced Factor VIII:C. Baxter claims to have produced the documents " as they are kept in the usual course of business." Fed.R.Civ.P. 34(b).

**\*4** Scripps seeks to compel Baxter to index the documents. It claims that although the documents were arranged in bundles within each of the 15 boxes, most of the bundles contained no designation as to the origin of the file, the name of the file, or whether the bundle contained documents from multiple files. It also alleges that the subject matter of documents in any one bundle was often varied. As such, Scripps contends that the files were not presented in a way that would allow it to make a reasonable use of them, and that they were not produced as actually kept in the ordinary course of business. Scripps requests the Court to order Baxter to provide an index between the documents and individual files, the title of each file, and the custodial source of each file.

Rule 34(b) gives Baxter the option of either producing documents as they are ordinarily kept or of organizing and labeling them to correspond to the request. It is obvious that Baxter did not organize the documents to correspond to the individual requests. Baxter also failed, however, to produce the documents as they were kept in the ordinary course of business. The documents were gathered from many people and transferred to Scripps in an unintelligible manner. This is insufficient under Rule 34(b), which has the same requirements of organization in producing documents as does Rule 33(c). Fed.R.Civ.P. 34(b) advisory committee's note; L.R. 4.1C. Therefore, Scripps' motion is granted.

An Order will issue in accordance with this Opinion.

D.Del.,1988.
Scripps Clinic and Research Foundation v. Baxter Travenol Laboratories, Inc.
Not Reported in F.Supp., 1988 WL 70013 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT 7

FULLY REDACTED