IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-774 (JJF) |
| | ) | |
| v. | ) | **PUBLIC VERSION** |
| | ) | |
| PAR PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION
TO COMPEL DOCUMENTS RELATING TO CONSUMPTION,
DISPOSAL OR DESTRUCTION OF SAMPLES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

Originally Filed:  February 7, 2008
Public Version Filed:  February 14, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

SUMMARY OF ARGUMENT .......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 2

ARGUMENT ..................................................................................................................... 4

      A.    Legal Standard ................................................................................................ 4

      B.    Par Should Be Ordered To Produce All Documents, Correspondence And Communications Related To The Consumption, Disposal And Destruction Of Its Propafenone Hydrochloride Products ............................................................ 4

CONCLUSION ................................................................................................................... 6

ii.

TABLE OF AUTHORITIES

Page(s)

Cases

*Corning Inc. v. SRU Biosystems,*
    *LLC,* 223 F.R.D. 191 (D.Del. 2004) ...................................................................... 4

*MOSAID Techs., Inc. v. Samsung Elec. Ltd.,*
    348 F. Supp. 2d 332 (D.N.J. 2004) ........................................................................ 5

*Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.,*
    2005 WL 5949576 (D.Del. 2005) .......................................................................... 4

Statutes

Fed. R. Civ. P. 26(b) ..................................................................................................... 4

Fed. R. Civ. P. 37(a)(B) ................................................................................................ 4

1.

## NATURE AND STAGE OF THE PROCEEDINGS

On December 19, 2006 Reliant Pharmaceuticals, Inc. ("Reliant") filed this action for infringement of U.S. Patent No. 5,681,588 ("the '588 patent") against Par Pharmaceutical, Inc. ("Par"), based on Par's filing of ANDA 78-540, which seeks to market generic versions of Reliant's drug Rythmol® SR.  D.I.1.  Par answered Reliant's Complaint on February 9, 2007. D.I. 11.

This action is currently in discovery.  The parties have exchanged document requests and interrogatories, and have served their respective responses.  To date, Reliant has produced more than 92,000 pages of documents.  The parties have scheduled several fact depositions, but have not yet taken any depositions.  Pursuant to the Court's Rule 16 Scheduling Order, fact discovery is to be completed by March 7, 2008.[1]  D.I. 27.

## SUMMARY OF ARGUMENT

This litigation is based on Par's filing of an ANDA seeking to market a generic version of Reliant's proprietary Rythmol® drug.  Accordingly, even before initiating suit, Reliant entered into an agreement of confidential access with Par pursuant to Par's Notice of Paragraph IV Certification and requested that Par provide samples from different lots of its proposed generic products.

At best, Par has shown a lack of diligence in providing these samples and investigating their availability.  Indeed, after producing samples from only one lot of each dosage of its generic products, Par represented to Reliant for almost ten months that no samples from the other lots of its generic products were in its possession, custody and control.  Recently Par

---

[1]     The parties have agreed that it is unlikely that fact discovery will be completed by March 7, 2008, and are currently working towards an agreement to extend the fact discovery period.

2.

contradicted its representations, informing Reliant that some lots not provided to Reliant nonetheless existed, while others apparently do not.

More troubling, Reliant has learned that Par consumed or destroyed lots of its generic products *after Reliant had requested them*.

The documents that Par has produced to date do not tell the whole story of what happened to certain lots of Par's generic products. Par has ignored Reliant's repeated requests for discovery of this information. Thus, Reliant requests that the Court order Par to produce all documents, correspondence and communications related to the consumption, disposal and destruction of its propafenone hydrochloride products, regardless of when such documents, correspondence and communications were created or prepared.

## STATEMENT OF FACTS

Following receipt of Par's November 7, 2006 Paragraph IV notice letter, Reliant immediately requested "sixty (60) capsules (10 each from 6 lots) of each proposed dosage strength of Par's proposed capsules." *See* Ex. 1. Reliant repeated that request several times. *See, e.g.,* Ex. 2. On April 25, 2007, Par produced sixty capsules from one lot of each dosage strength and represented that these samples were from Par's only lots of generic products. *See* Exs. 3, 4. At least as early as September 12, 2007, however, Reliant pointed out that Par's ANDA showed that it had manufactured additional lots of its generic products. Reliant requested samples from those additional lots. *See* Ex. 2. In response, Par "confirm[ed] that Par no longer has samples from the lots listed in [Reliant's September 12] letter." *See* Ex. 4. On

3.

February 5, 2008, however, Par contradicted these representations, informing Reliant that Par had some of the additional lots, but that others were no longer in existence.[2]  *See* Ex. 5.

Moreover, internal Par documents reveal that the ANDA lots that are purportedly no longer in existence were still in Par's possession *after Par sent Reliant its notice letter and after Reliant requested the lots.*  *See* Ex. 6.  For example, a redacted Par email chain dated from November 20, 2006 to November 28, 2006 and its attachment lists several lots of Par samples in Par's inventory, including the lots Par claims no longer exist.  The email requests that Par employees                                  **REDACTED**                                  and further states that

**REDACTED**

*See* Ex. 6.  Additional documents indicate that experimental Par propafenone products may also have been destroyed.  *See* Ex. 7.

The documents produced by Par concerning the disposal, consumption and destruction of samples, however, are incomplete.  For example, another Par electronic document indicates that the missing propafenone lots are not                    **REDACTED**

*See* Ex. 8.  However, this document indicates that the list is                                and

**REDACTED**        would be forthcoming.  *Id.*

Although Par maintains that the samples "were consumed in the normal course of testing and manufacturing," it has produced no documents in support of this assertion.  *See* Ex. 5.  Indeed, Par has not produced any documents in response to Reliant's repeated requests for the production of all documentation, correspondence and communications related to Par's

---

[2]     Par also informed Reliant on February 5, 2008 that it had sent Reliant the incorrect manufacturing intermediates (known as "beadlets") and provided to Reliant the intermediates Reliant had requested since November of 2006.

4.

consumption, disposal and destruction of any and all samples or other materials related to its propafenone HCl products.  *See* Exs. 9, 10.

## ARGUMENT

A.    Legal Standard

"The Federal Rules of Civil Procedure allow for broad and liberal discovery." *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 2005 WL 5949576, *2 (D.Del. 2005) (internal citation omitted).  *See also* Fed. R. Civ. P. 26(b) (discovery permitted of "any nonprivileged matter that is relevant to any party's claim or defense…").  If a party fails to produce documents and things, the "party seeking discovery may move for an order compelling … production, or inspection."  Fed. R. Civ. P. 37(a)(B).  *See also Corning Inc. v. SRU Biosystems, LLC*, 223 F.R.D. 191 (D.Del. 2004) (granting motion to compel production of documents).

B.    Par Should Be Ordered To Produce All Documents, Correspondence And Communications Related To The Consumption, Disposal And Destruction Of Its Propafenone Hydrochloride Products

Par has not sufficiently responded to Reliant's requests for all documentation, correspondence and communications related to Par's consumption, disposal or destruction of any and all samples or other materials related to its propafenone HCl products.  After telling Reliant repeatedly that it did not have samples from certain lots, Par has now informed Reliant that it has discovered that some of the lots do exist and that others "were consumed in the normal course of testing and manufacturing."  *See* Ex. 5.

Par's internal documents suggest that Par destroyed or consumed the remaining samples.  Even if Par did not intentionally destroy the samples, at a minimum, the documents produced thus far show Par had the now-destroyed/consumed ANDA lots in its inventories when

5.

Reliant originally requested them in November of 2006. *See* Exs. 6-8. Reliant should be permitted to discover when, how and why those lots were consumed or destroyed.

Par's document production on this issue, however, appears to be incomplete and Par has not represented to Reliant that additional documents concerning this issue do not exist. Instead, Par has failed to respond to Reliant's request for this additional information. Thus, Reliant requests that the Court order Par to produce all documents, correspondence and communications related to the consumption, disposal or destruction of its propafenone hydrochloride products, regardless of when such documents, correspondence and communications were created or prepared. This information is reasonably calculated to lead to the discovery of admissible evidence.[3] In particular, this information may be relevant to a potential spoliation charge. *See, e.g., MOSAID Techs., Inc. v. Samsung Elec. Ltd.*, 348 F. Supp. 2d 332 (D.N.J. 2004).

Thus, the information sought is reasonably calculated to the discovery of admissible evidence and Par's potential spoliation of that evidence.

---

[3]    In addition to Par's submission batches, Reliant has requested samples of certain Par experimental formulations -- *i.e.*, non-submission batches -- that are identified in Par's ANDA. Par has agreed to produce samples of these formulations to the extent that sufficient quantities exist. To the extent that such samples do not exist, Reliant should be permitted discovery regarding the consumption, destruction or disposition of these samples. Thus, Reliant requests that the Court compel documents related to both submission and experimental batches.

6.

## **CONCLUSION**

For the foregoing reasons, Reliant respectfully requests that the Court grant its

motion to compel.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

February 7, 2008
1488594

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2008 I electronically filed the foregoing with

the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Josy W. Ingersoll, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on

February 14, 2008 upon the following in the manner indicated:

Josy W. Ingersoll, Esquire                           *VIA ELECTRONIC MAIL*
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

John G. Taylor, Esquire                              *VIA ELECTRONIC MAIL*
James K. Stronski, Esquire
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151


*/s/ Maryellen Noreika*
_____
Maryellen Noreika (#3208)

# Exhibit 1

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

212 446-4800

www.kirkland.com

Facsimile:
212 446-4900

Dir. Fax: 212 446-4900

November 22, 2006

**BY FACSIMILE**

Mr. Steven Engel
Vice President, Regulatory Affairs
Par Pharmaceutical, Inc.
300 Tice Boulevard, 3rd Floor
Woodcliffe Lake, NJ 07677

Re:     Par Pharmaceutical, Inc.
        Notice of Paragraph IV Certification
        U.S. Patent No. 5,681,588
        Propafenone HCl, 325 mg

Dear Mr. Engel:

        We represent Reliant Pharmaceuticals, Inc. ("Reliant").

        We are in receipt of Par Pharmaceutical, Inc.'s ("Par") November 7, 2006 "Detailed Statement of Factual And Legal Basis For Par's Opinion That The '588 Patent is Invalid, Unenforceable And Will Not Be Infringed" (hereinafter "Par's Notice"), and accompanying Offer Of Confidential Access.

        In order for Reliant to evaluate the claims made in Par's Notice, please provide a copy of Par's propafenone ANDA and associated Drug Master File(s). In addition, please promptly forward the following for evaluation and testing:

        1.      Sixty (60) capsules (10 each from 6 lots) of each proposed dosage strength of Par's proposed capsules;

        2.      Ten grams (10 g) from each of six (6) lots of the Active Pharmaceutical Ingredient (API) to be used in Par's proposed capsules; and

        3.      Par's propafenone "beadlets" sufficient to fill sixty capsules (10 each from 6 lots) to be used in Par's proposed capsules.

Chicago          London          Los Angeles          Munich          San Francisco          Washington, D.C.

# KIRKLAND & ELLIS LLP

Mr. Steven Engel
November 22, 2006
Page 2

Thank you for your assistance in this matter.  Please contact me if you have any questions.

Sincerely,

Christine Willgoos

CW/lesr

# Exhibit 2

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

William T. Vuk
To Call Writer Directly:
(212) 446-4757
wvuk@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

September 12, 2007

**BY FACSIMILE AND EMAIL**
John G. Taylor, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
JTaylor@flhlaw.com
212-588-0500

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
       Civil Action No. 06-774-JJF

Dear John:

I write to address Par's objections to Reliant's document requests and several deficiencies with Par's production to date.

**1.     Electronic Media or Equipment:**  Par objects to searching for or producing responsive documents located on certain electronic media (e.g. obsolete media or equipment). (General Objection 6).  To the extent not disclosed in Par's Default Standard, please identify what, if any, electronic media and equipment in Par's possession has not been searched based upon this objection.  For each type of media or equipment, please provide the manufacturer, model, model number and any other information necessary to determine the identity of the media or equipment.  Additionally, please provide a detailed explanation as to why Par considers the electronic media or equipment to be obsolete or otherwise unsearchable.  Also, please provide a description or summary of any documents or information responsive to Reliant's requests that likely is contained on this electronic media or equipment.

Par also objects to searching for or producing responsive documents stored in aspects of electronic media that Par has deemed to be "not reasonably accessible" (e.g. residing in back-up or legacy files).  (General Objection 6).  Please confirm whether Par has knowledge of documents that exist solely in such files.  Otherwise, please confirm that Par is not withholding any known responsive documents based on this objection.

**2.     Documents That Are Available Publicly or From Another Source:**  Par objects to producing documents that are publicly available (General Objection 9) or duplicative and available from other sources.  (Objections to Requests 39-41, 44-45 and 72-73).  Please confirm that Par is not withholding any responsive documents based upon these objections.

Chicago          Hong Kong          London          Los Angeles          Munich          San Francisco          Washington, D.C.

# KIRKLAND & ELLIS LLP

John G. Taylor, Esq.
September 12, 2007
Page 2

**3.**  **Requests Calling for "All" Documents:**  Par objects to requests to the extent they seek "all" documents. (General Objection 12).  Par further objects to numerous requests as "oppressive, overly broad, and unduly burdensome".  (Objections to Requests 6-21, 23-25, 27-70, 72-75 and 76-77).  Please confirm that Par is not withholding any responsive documents based upon these objections.

**4.**  **Undefined Terms/Phrases:**  Par objects to Reliant's use of non-specified undefined terms that Par considers to be subject to multiple interpretations.  (General Objection 13).  In its responses to Reliant's document requests, Par specifically objects to the use of the term "test" and the phrase "patent policy."  (Objections to Requests 11 and 67).  Please confirm that Par is not withholding any responsive documents based upon these objections.  Alternatively, please provide a list of all terms and/or phrases used in Reliant's requests that Par considers to be subject to multiple interpretations.  For such terms/phrases, including "test" and "patent policy," please provide how Par defined such terms and/or phrases.

**5.**  **Privileged Documents:**  Par objects to Reliant's requests that it interprets as "calling for a document that concerns the exploratory effort's of Par's counsel in investigating the issues in this case for trial."  (General Objection 14).  Par further objects to numerous requests as calling for the production of privileged documents.  (Objections to Requests 6-13, 18-21, 23-67, 70-77 and 79-80).  Please confirm that Par will list any documents withheld based upon these objections on its privilege log.

**6.**  **Documents Containing a NonParty's Confidential Information or In the Possession of a NonParty:**  Par objects to producing responsive documents within its possession, custody or control that contain a nonparty's proprietary or confidential information. (General Objection 15 and Objections to Requests 6-9, 11-14, 25, 30-31, 38, 46, and 76-77).  For responsive documents withheld by Par based upon this objection, please identify the nonparty whose proprietary or confidential information is contained therein.  Please also detail the steps Par undertook in an attempt to have such nonparty agree to a suitable protective order or to consent to having its information disclosed to Reliant.

Par further objects to producing documents responsive to several requests because the documents are not in "Par's possession, custody or control."  (Objections to Requests 6, 9-10, 13-14, 30-31 and 38).  Please identify all nonparties that Par is aware of that are in possession, custody or control of documents responsive to Reliant's requests.

**7.**  **Protective Order:**  Par objects to producing responsive documents containing confidential information due to the lack of a protective order.  (General Objection 16).  A protective order has now been entered in this action.  Therefore, please confirm that Par is no longer withholding any responsive documents based upon this objection.

# KIRKLAND & ELLIS LLP

John G. Taylor, Esq.
September 12, 2007
Page 3

**8.      Properly Discoverable Documents:** Par prefaces its agreement to produce documents responsive to Reliant's requests by stating it will produce "properly discoverable responsive documents." Please confirm that Par has not used this limitation to withhold from production any responsive documents.

**9.      Elizabeth Carbide Die Co., Inc.:** Please produce all documents related to Elizabeth Carbide Die Co., Inc., ("Elizabeth Carbide") including, but not limited to, all correspondence, communications, contracts, manuals, invoices, purchase orders, detailed price quotes or licenses between Par and Elizabeth Carbide. Please also produce all documents related to any of the dies or tools depicted on PAR008256-57 and PAR008283-008291, including but not limited to all testing or analysis of the tools or dies and information related to any aspects of Par's propafenone hydrochloride formulation prepared or manufactured on any of those dies or tools.

**10.      Documents related to NDA 021416:** Par has not produced any documents related to NDA 021416, including any requests pursuant to the Freedom of Information Act ("FOIA") and any results from those FOIA requests. Please promptly produce all documents related to a FOIA request pertaining to NDA 021416 and any results thereto or confirm that no such documents exist.

**11.      Incomplete Documents:** It is apparent from information contained on the faces of the following documents that the copies produced by Par are incomplete. Please produce copies of these documents in their entirety: PAR008134-35; PAR008136-37; PAR008138-39; PAR008140-41; PAR008142-43; PAR008173-74; PAR008175-76; PAR008177-78; PAR008179-80; PAR008181-82; and PAR008283-008291.

**12.      Categories of Documents Missing from Par's Production:** Few, if any, documents related to the following categories have been produced by Par. Documents related to the categories are clearly responsive to one or more of Reliant's document requests. Please promptly produce all documents related to each category enumerated below or state that no such documents exist. If Par contends that it has produced all responsive documents in satisfaction of its discovery obligations, then please provide the Bates numbers for such documents.

        **(a)      DMF and Propafenone HCl Related Documents:** Par has produced few, if any, documents related to DMFs for propafenone hydrochloride and holders of such DMFs, other than Procos. For example, Par has not produced any documents related to DMFs for propafenone hydrochloride or API providers/distributors, other than Procos, considered by Par with respect to the development of its generic propafenone hydrochloride products. Par also has not produced any documents, outside of its ANDA, related to communications with the FDA or any government agencies regarding propafenone hydrochloride or DMFs for propafenone

## KIRKLAND & ELLIS LLP

John G. Taylor, Esq.
September 12, 2007
Page 4

hydrochloride.  Lastly, Par has produced limited documents related to communications with Procos, Ren-Pharm or other DMF holders.

      **(b)**    <u>**Documents Related to Test Samples:**</u>  Par's laboratory notebooks reveal that Par formulated and tested numerous capsule formulations, granules, mini-tablets, bidlets or beadlets (collectively "Par's test samples").  Par has produced few, if any, documents regarding Par's test samples, such as memos, emails, reports, etc.  Furthermore, Par has produced few, if any, laboratory notebooks concerning the formulary research and design for its test samples.  Please promptly produce all documents related to Par's test samples, including those referenced above.  Furthermore, Par has not produced any documents related to its testing of any samples or examples that are described in the Pich '287 patent.

      **(c)**    <u>**Manufacturing Documents:**</u>  Par has produced few, if any, documents detailing the manufacturing procedures and processes it tested in arriving at the final manufacturing procedures and processes disclosed in its ANDA.  Additionally, Par has not produced documents concerning the procedures or processes tested in arriving at the final manufacturing procedures and processes disclosed with respect to its propafenone beadlets or bidlets.

      **(d)**    <u>**The '588 and '287 Patents:**</u>  Par has not produced documents related to either the '588 patent or the '287 patent.  For example, outside of its ANDA and Notice Letters, Par has produced few, if any, documents that even mention either patent.  Further, Par has not produced documents analyzing or evaluating the patents, including with respect to validity, infringement or enforceability.  Par also has not produced any communications between Par and any other entity regarding any aspect of the patents.  Par's production does not include any documents comparing or contrasting the two patents.  With respect to the '588 patent, Par has not produced any art or other materials which it asserts constitute prior art with respect to the patent.

      **(e)**    <u>**Decision to File ANDA 78-540:**</u>  Par has not produced any documents related to its decision to file an ANDA seeking approval to market generic propafenone hydrochloride products or its decision to provide a paragraph IV notice to Reliant, including documents concerning any analysis, study, evaluation or opinion conducted or rendered by or for Par.

      **(f)**    <u>**Documents Related to Rythmol®:**</u>  Par has produced few, if any, documents related to Rythmol® or Rythmol® SR.  For example, Par has not produced any documents that relate, discuss, prove or disprove the commercial success or sales of the products.  Par additionally has not produced documents which relate to any industry analysis or commentary regarding the products.

## KIRKLAND & ELLIS LLP

John G. Taylor, Esq.
September 12, 2007
Page 5

      **(g)**   **Documents Related to Par and Its Business Plans:**  Par has not produced documents which outline, set out or discuss its corporate structure.  Par also has not produced any documents related to projected or expected sales, its business plan, strategy, marketing or entry into the market with respect to its generic propafenone products.

      **(h)**   **Laboratory Notebooks:**  The following pages from documents produced by Par reference specific laboratory notebook numbers.  However, these notebooks and the pages referenced in the notebooks, while clearly responsive, were not located in Par's production:

      (i) PAR 008130: R06-103, R06-111, and R06-124;

      (ii) PAR008294: R06-045;

      (iii) PAR008296: R06-089;

      (iv) PAR008297: R06-063;

      (v) PAR008809: R06-006;

      (vi) PAR008664: R06-015;

      (vii) PAR001625: Q05-475, Q06-009, Q05-456, Q05-461, Q05-505, Q05-387, and Q05-502;

      (viii) PAR001626: M06-0033;

      (ix) PAR001629: M06-0232;

      (xi) PAR001648: R06-124, R06-092, and R06-087;

      (xii) PAR000153: R05-069, R05-064, R05-086, R05-081, and R05-091;

      (xiii) PAR000448: Q05-200, Q05-267 and Q05-313;

      (xiv) PAR000441: Q05-109, Q05-278, Q05-108, Q05-095, and Q05-062;

      (xv) PAR000437: Q06-077, Q06-054, Q06-080, and Q06-109;

      (xvi) PAR00434: Q06-016, Q05-494, Q06-033, and Q06-009;

      (xvii) PAR000429: R05-109, R05-086, and R05-108;

      (xviii) PAR001484: R06-038, R05-111, and R05-128; and

KIRKLAND & ELLIS LLP

John G. Taylor, Esq.
September 12, 2007
Page 6

(xix) PAR001489: R06-138, R06-124, and R06-135.

Please note that numerous notebooks listed above are referenced on more then one page in Par's production, however, I have attempted to limit duplicate requests.

(i) **Pharmaceutical Development Report:** The document produced bearing Bates numbers PAR008639-62 is an unsigned Pharmaceutical Development Report. Please produce a final signed version of this report as well as all draft versions of this report.

(j) **Thomas Engineering or Natoli:** The email produced bearing Bates Number PAR008451 references two companies — Thomas Engineering and Natoli — from which Par considered obtaining or actually obtained tooling or tools for use with respect to its propafenone project. Par has not produced any other communications with these companies or documents related to the companies. Par also has not produced any manuals, product specifications, invoices, purchase orders or detailed price quotes related to either company.

13. **Par's Propafenone HCl Capsules:** Par has produced samples of its generic propafenone hydrochloride products from one lot, stating for each strength that the samples are taken from Par's "only lot[s]" of such capsules. Please confirm that Par is no longer in possession of any samples from the following lots:

(i) 18235305 (PAR00649);

(ii) 8235301 (PAR000677);

(iii) 18235302 (PAR000682);

(iv) 18235303 (PAR000695);

(v) 18235304 (PAR000705);

(vi) 18235301 (PAR000677);

(vii) 18235302 (PAR000682);

(viii) 18235303 (PAR000695);

(ix) 18235304 (PAR000705);

(x) 18235305 (PAR00649);

(xi) 18287202 (PAR001844);

# KIRKLAND & ELLIS LLP

John G. Taylor, Esq.
September 12, 2007
Page 7

     (xii)  18287203 (PAR001855);

     (xiii)  18287204 (PAR001877);

     (xiv)  18287205 (PAR001866);

     (xv)  18209706 (PAR001883);

     (xvi)  18209701 (PAR000758);

     (xvii)  18209702 (PAR000769);

     (xviii)  18209703 (PAR000796);

     (xix)  18209704 (PAR000801);

     (xx)  18209705 (PAR00782);

     (xxi)  592632/181804 (PAR000213-214, 331-32); and

     (xxii)  600680/182599 (PAR001522).

Alternatively, please produce samples from any lots that are still in existence.

     **14.**   **Redactions:**  Numerous documents produced by Par contain redactions which appear to be improper.  Please explain the basis for each of Par's redactions or produce the documents in unredacted format.

Sincerely,

William T. Vuk

cc:   Jack B. Blumenfeld, Esq.
      (via email)

09/12/2007 16:48 FAX                                                      ☒001

```
                        ********************
                    ***    TX REPORT    ***
                        ********************


        TRANSMISSION OK

        TX/RX NO              0142
        RECIPIENT ADDRESS     912125880500
        DESTINATION ID
        ST. TIME             09/12 16:46
        TIME USE             01'56
        PAGES SENT              8
        RESULT               OK
```

# KIRKLAND & ELLIS LLP

### *Fax Transmittal*

Citigroup Center
153 East 53rd Street
New York, New York  10022-4611
Phone: (212) 446-4800
Fax: (212) 446-4900

---

Please notify us immediately if any pages are not received.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY
BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDE INFORMATION, AND
IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE,
DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL.

### IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY AT: (212) 446-4800.

| *To:* | *Company:* | | *Fax #:* | *Direct #:* |
|---|---|---|---|---|
| John G. Taylor | Frommer Lawrence & Haug LLP | | 212 588-0500 | |
| *From:* | *Date:* | *Pages w/cover:* | *Fax #:* | *Direct #:* |
| William T. Vuk | September 12, 2007 | 8 | (212) 446-4900 | (212) 446-4757 |
| *Message:* | | | | |

# Exhibit 3

**FLH FROMMER LAWRENCE & HAUG** LLP

New York                          www.flhlaw.com
745 Fifth Avenue
New York, NY 10151               Washington, DC
Telephone: (212) 588-0800        Tokyo
Fax: (212) 588-0500

April 25, 2007

**John G. Taylor**
JTaylor@flhlaw.com


<u>**VIA E-MAIL (w/o encls.) AND FEDERAL EXPRESS**</u>

Christine Willgoos, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No 06-774-JJF

Dear Christine:

        In response to your November 22, 2006 letter to Par's Steven Engel, and as part of Par's
initial disclosures pursuant to Fed. R. Civ. P 26(a)(1) and D. Del. LR 16.2, we enclose a copy of
Par's ANDA No. 78-540 for Propafenone Hydrochloride SR Capsules, 225 mg, 325 mg, and 425
mg (Bates Nos. PAR000001 - PAR002016), and the following samples:

        1.    60 Propafenone HCl SR capsules for each dosage strength of Par's proposed
              capsules: 225 mg (Lot#: 18235306; Bates No. PAR002017), 325 mg (Lot#:
              18287201; Bates No. PAR002018), and 425 mg (Lot#: 18209706; Bates No.
              PAR002019);

        2.    10 g from each of three lots of the Active Pharmaceutical Ingredient (API) to be
              used in Par's proposed capsules (Lots# 502949, 505340, and 504159; Bates Nos.
              PAR002020, PAR002021, and PAR002022, respectively); and

        3.    80 g Propafenone HCl SR granules (Batch # RB062 S 087; Bates No
              PAR002023).

00444847.DOC

Christine Willgoos, Esq.
April 25, 2007
Page 2

     The enclosed ANDA and samples are being produced subject to the terms of Par's Offer of Confidential Access and Confidentiality Agreement ("OCA") until a protective order governing the handling of discovery materials is entered in this case. The OCA, among other things, restricts access to the enclosed materials to: (i) outside counsel engaged by Reliant; (ii) no more than two in-house counsel or members of the Intellectual Property Department who have no patent prosecution responsibilities and who are identified to Par; and (iii) independent consultants and experts assisting in the evaluation of the ANDA and samples on behalf of Reliant. If you intend to provide Reliant in-house counsel with access to the enclosed materials, please notify us of their names and respective positions within Reliant before doing so.

Very truly yours,

John G. Taylor

Encls.

cc:    Gerald J. Flattmann, Jr., Esq. (via e-mail w/o encls.)
       Jack B. Blumenfeld, Esq. (via e-mail w/o encls.)
       Josy W. Ingersoll, Esq. (via e-mail w/o encls.)
       Karen L. Pascale, Esq. (via e-mail w/o encls.)

# Exhibit 4

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York                              www.flhlaw.com
745 Fifth Avenue
New York, NY 10151                    Washington, DC
Telephone: (212) 588-0800             Tokyo
Fax: (212) 588-0500

**CONFIDENTIAL**

October 16, 2007                      **John G. Taylor**
                                      JTaylor@flhlaw.com

**BY HAND DELIVERY AND E-MAIL (without enclosures)**

William T. Vuk, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF (D. Del)

Dear Bill:

        This letter responds to your September 12, 2007 letter concerning alleged deficiencies in
Par's document production.

        Regarding sections 1 through 8 of your letter concerning Par objections to Reliant's
document requests, we confirm that, other than privileged documents, Par has not withheld any
responsive documents based on the objections and/or limitations that you identified.  Documents
withheld based on privilege or attorney work product protection will be listed on a privilege log.

        Regarding section 9 of your letter concerning documents relating to Elizabeth Carbide
Die Co., Inc. ("Elizabeth Carbide"), in addition to paper documents that have already been
produced, Par has produced documents relating to Elizabeth Carbide as part of its electronic
document production.  All relevant, non-privileged documents concerning Elizabeth Carbide that
could be located with a reasonably diligent search have been produced.

        Regarding section 10 of your letter concerning documents relating to NDA 021416, in
addition to paper documents that have already been produced, Par has produced documents
relating to NDA 021416 as part of its electronic document production.  All relevant, non-
privileged documents relating to NDA 021416 that could be located with a reasonably diligent
search have been produced.

        Regarding section 11 of your letter concerning "incomplete" documents, the documents
you identified were produced as they are kept by their respective custodians in the ordinary
course of business (i.e., no pages were removed).  Moreover, each of these documents was
separately produced in its entirety as part of Par's earlier document production.

William T. Vuk, Esq.                                       **CONFIDENTIAL**
Kirkland & Ellis LLP
October 16, 2007
Page 2

Regarding section 12 of your letter concerning "missing" categories of documents, we note that many paper and electronic documents that fall into the categories you describe have been produced since we received your September 12 letter. We also provide the following comments addressing each of the subsections of section 12 of your letter:

Regarding subsection 12(a) concerning propafenone HCl DMFs, several paper and electronic documents relating to the Procos DMF have been produced since we received your September 12 letter. Par has been unable to locate propafenone HCl DMFs or related documents from any company other than Procos. All relevant, non-privileged documents relating to the Procos DMF that could be located with a reasonably diligent search have been produced.

Regarding subsections 12(b) through 12(g), all relevant, non-privileged documents relating to these categories of documents that could be located with a reasonably diligent search have been produced.

**REDACTED**

Regarding subsection 12(i) concerning the unsigned Pharmaceutical Development Report, Par has confirmed that the report has not been signed off on to date. As soon as it is, we will produce a signed copy.

Regarding subsection 12(j) concerning Thomas Engineering and Natoli, we enclose Par documents bearing production nos. PAR012660-PAR012672 relating to Natoli. Par has been unable to locate any relevant documents relating to Thomas Engineering.

Regarding section 13 of your letter concerning samples of Par's propafenone HCl products, we confirm that Par no longer has samples from the lots listed in your letter.

William T. Vuk, Esq.                                    **CONFIDENTIAL**
Kirkland & Ellis LLP
October 16, 2007
Page 3

    Regarding section 14 of your letter concerning redactions, all redacted material relates to drugs other than propafenone and has no relevance to any of the issues in this case.

    Finally, we enclose a sample of ethycellulose in response to Reliant's Document Request No. 90. The sample bottle bears production no. PAR012673.

Sincerely,

John G. Taylor

Enclosures

cc:   Gerald J. Flattmann, Jr., Esq. (by e-mail only w/o encls.)
     Christine Willgoos, Esq. (by e-mail only w/o encls.)
     Jack B. Blumenfeld, Esq. (by e-mail only w/o encls.)
     Josy E. Ingersoll, Esq. (by e-mail only w/o encls.)
     Karen L. Pascale, Esq. (by e-mail only w/o encls.)

# Exhibit 5

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

Ferbuary 5, 2008

**John G. Taylor**
JTaylor@flhlaw.com

<u>**BY HAND AND E-MAIL (w/o encls.)**</u>

William T. Vuk, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF (D. Del)

Dear Bill:

        This letter responds to your November 26, 2007 letter, which incorrectly alleges that Par may have destroyed samples related to its propafenone HCl products.

        None of the lots and sublots of propafenone HCl samples identified in the documents referenced in footnote 1 of your letter were destroyed and, therefore, there are no documents concerning such alleged sample destruction.  Par has samples from some of the lots and sublots identified in the documents cited in your letter, while the others were consumed in the normal course of testing and manufacturing.  More importantly, Par long ago produced to Reliant samples of each dosage strength of its proposed ANDA product.

        Regarding the lots and sublots of Par's proposed propafenone HCl ER capsules identified in your letter, we confirm that they are all from the same bulk ANDA submission lots as the samples that were produced to Reliant on April 25, 2007 and are, therefore, identical to those samples.  For example, the designation 182353 refers to the bulk submission lot of 225 mg propafenone HCl ER capsules that Par manufactured and maintains in connection with its ANDA.  This bulk lot was divided into sublots, which were each given a two-digit suffix as a packaging designation (e.g. 18235301, 18235302, etc.).  On April 25, 2007, we produced 60 capsules from sublot 18235306.  Accordingly, although Par does have samples from sublots of each dosage strength other than the sublots from which capsule samples were produced in April 2007, they all come from the same bulk lots and are identical.  Therefore, Par was accurate in its

00517609.DOC

William T. Vuk, Esq.
Kirkland & Ellis LLP
February 5, 2008
Page 2

June 18, 2007 responses to Reliant's document requests 1 – 3 when it stated that the previously produced samples of propafenone HCl ER capsules were from Par's only lots for each strength.[1]

      Regarding propafenone HCl ER granules, we have learned that the sample that was produced to Reliant on April 25, 2007 (i.e., Batch # RB062 S 087; Bates No. PAR002023) did not come from Par's ANDA submission lots. Par has located samples of propafenone HCl ER granules that were used in the ANDA submission lots. The following samples from those lots are enclosed in response to Reliant's Document Request No. 5:

1. 44.80 grams of propafenone HCl ER granules from Lot No. 182599 (production no. PAR012674); and
2. 37.25 grams of propafenone HCl ER granules from Lot No. 181804 (production no. PAR012675).

      Regarding your request for color copies of the documents identified in footnote 1 of your November 26 letter, enclosed are documents bearing production numbers PARESI0013932.1-82.1.

Sincerely,

John G. Taylor

Enclosures

cc:   Gerald J. Flattmann, Jr., Esq. (by e-mail w/o encls.)
       Christine Willgoos, Esq. (by e-mail w/o encls.)
       Jack B. Blumenfeld, Esq. (by e-mail w/o encls.)
       Josy E. Ingersoll, Esq. (by e-mail w/o encls.)
       Karen L. Pascale, Esq. (by e-mail w/o encls.)

---

[1] We note that in section 13 of your September 12, 2007 letter, you asked for samples from several sublots of Par's 225 mg, 325 mg, and 425 mg propafenone HCl ER capsules that are also identified in the documents referred to in your November 26, 2007 letter. As explained above, however, Par already produced identical samples of the requested capsules on April 25, 2007.

# EXHIBIT 6

# FULLY REDACTED

# EXHIBIT 7

# FULLY REDACTED

# EXHIBIT 8

# FULLY REDACTED

# Exhibit 9

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York  10022-4611

Shane Cortesi
To Call Writer Directly:
(212) 446-4859
scortesi@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

February 5, 2008

**BY EMAIL**
John G. Taylor, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
JTaylor@flhlaw.com

Re:     *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
Civil Action No. 06-774-JJF

Dear John:

I write in response to your letter to William T. Vuk from earlier today regarding the destruction of Par's samples.  The documents identified in our November 26, 2007 letter indicate that Par's samples were slated for destruction -- nothing in your response contradicts this or indicates otherwise. Please promptly provide all documents Par contends supports or demonstrates its claim that the samples were consumed in the "normal course of testing and manufacturing" and not destroyed.

Reliant's request was not limited to the destruction of only the samples referenced in the documents we cited.  Please promptly provide all documentation, correspondence and communications related to Par's destruction of *any and all samples or other materials* related to its propafenone HCl products, including but not limited to, documents identifying the destroyed samples, detailing when and how the samples were destroyed, certificates of destruction, and laboratory notebooks.  *See* William T. Vuk's letter of November 26, 2007.

We also request that Par immediately produce samples from all "lots" or "sublots" identified in our letter of September 12, 2007 as well as  samples from six representative "lots" or "sublots" as requested in Reliant's Document Request Nos. 1-3 served on May 18, 2007.  We note that Par's documents refer to "lots" and "bulk lots." *See, e.g.,* PAR000649, 677, 682.  Thus, Par's own documents contradict Par's self-serving statement that the missing lots were actually "sublots" and Par accurately responded to Reliant's Document Request Nos. 1-3.

Furthermore, it is unacceptable that Par delayed producing the correct granules from its ANDA batches for over fourteen months from Reliant's initial pre-suit request.  Par's untimely production is underscored by the fact that Reliant informed Par that these exact "granules" were

---

Chicago          Hong Kong          London          Los Angeles          Munich          San Francisco          Washington, D.C.

John G. Taylor, Esq.
February 5, 2008
Page 2

missing and requested their production nearly five months ago. *See* November 22, 2006 letter to
Steven Engel; September 12, 2007 letter to John Taylor; and Reliant's document Request No. 5.
Reliant reserves the right to bring this matter to the Court's attention and seek an appropriate
remedy for Par's delay.

Very truly yours,

Shane Cortesi

cc:    Jack B. Blumenfeld, Esq.
       (via email)

# Exhibit 10

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

William T. Vuk
To Call Writer Directly:
(212) 446-4757
wvuk@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

November 26, 2007

**BY EMAIL**

John G. Taylor, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
JTaylor@flhlaw.com

Re:     *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
          Civil Action No. 06-774-JJF

Dear John:

I write in response to your October 16, 2007 letter, in which you confirm that Par no longer has the samples requested in my September 12, 2007 letter. It has come to our attention that many of those requested samples as well as other samples related to Par's propafenone HCl products — including several types and grades of propafenone raw material, miscellaneous preliminary version of Par's propafenone capsules in several strengths, and various propafenone HCl granules/micro-tablets/beadlets tested by Par — may have been destroyed weeks after Par sent Reliant its ANDA Notice Letter and possibly after Reliant initiated suit against Par.[1]

Please promptly produce all documentation, correspondence and communications related to Par's destruction of any and all samples or other materials related to its propafenone HCl products, including but not limited to, documents identifying the samples that were destroyed, documents detailing when and how the samples were destroyed, certificates of destruction, and laboratory notebooks. Additionally, please produce color copies of the documents identified in Footnote 1.

---

[1]     *See, e.g.*, PARESI0004616-29, PARESI0004643-55, PARESI0004948-61, PARESI0006222-24, PARESI0013932-82, and PARESI0030311-13.

Chicago          Hong Kong          London          Los Angeles          Munich          San Francisco          Washington, D.C.

**KIRKLAND & ELLIS LLP**

John G. Taylor, Esq.
November 26, 2007
Page 2

Sincerely,

William T. Vuk

cc:    Jack B. Blumenfeld, Esq.
       (via email)