**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>PAR PHARMACEUTICAL, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. 06-774-JJF |

**PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S REPLY
BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER REGARDING
PAR'S NOTICE OF DEPOSITION TO RELIANT PURSUANT TO RULE 30(b)(6)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com
(302) 658-9200
*Attorneys for Plaintiff*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

February 29, 2008

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

SUMMARY OF THE ARGUMENT .......................................................................................1

ARGUMENT .............................................................................................................................1

    I.    This Court Does Not Permit Contention Depositions ................................................1

    II.   Contentions Are Properly Discovered Through Interrogatories ..............................3

    III.  Reliant Has Already Provided The Discovery Par Seeks Here ................................4

CONCLUSION..........................................................................................................................5

2

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Axiohm IPS, Inc. v. Epson Am., Inc.*,
    C.A. No. 00-420-SLR, (D. Del. Mar. 28, 2001) ..........................................................................1

*Bracco Diagnostics Inc. v. Amersham Health Inc.*,
    C.A. No. 03-6025, 2005 U.S. Dist. LEXIS 26854 (D.N.J. Nov. 4, 2005)................................2

*McKesson Info. Solutions LLC v. The TriZetto Group, Inc.*,
    C.A. No. 04-1258-SLR, (D. Del. Aug. 2, 2005).......................................................................3

*Pharmacia & Upjohn Co. v. Sicor, Inc.*,
    C.A. No. 04-833 (D. Del. Oct. 21, 2005)............................................................................ 2-3

*Tiegel Manu Co. v. Globe Union, Inc.*,
    C.A. No. 84-483, (D. Del. Oct. 5, 1984)............................................................................ 1-2

**RULES**

Federal Rule of Civil Procedure 11 .................................................................................................4

Federal Rule of Civil Procedure 30(b)(6) ................................................................................ Passim

## SUMMARY OF THE ARGUMENT

Par's Rule 30(b)(6) Notice of Deposition requests lay witness testimony regarding Reliant's legal contentions. The courts of this district have consistently rejected contention depositions in favor of contention interrogatories. Par attempts to circumvent this Court's policy by re-labeling its contention deposition request as "factual" discovery. Par, however, already has the facts it purports to seek here.

Par's improper deposition topics should be rejected for the same reasons courts in this district have rejected similar requests in the past: contention depositions are inefficient and burdensome and alternative and superior means of discovery exist. Accordingly, Reliant respectfully requests that this Court enter a protective order barring Par from seeking testimony regarding Topics 1, 4, 9, and 10 of Par's Rule 30(b)(6) Notice.[1]

## ARGUMENT

### I. This Court Does Not Permit Contention Depositions

In its opposition, Par criticizes Reliant for failing to cite a Local Rule explicitly forbidding contention depositions. (D.I. 184 at 3.) Par, however, ignores both the consistent practice of this Court and the reasoning underlying that practice. Simply put, courts in this district "don't do contention depositions[.]" *Axiohm IPS, Inc. v. Epson Am., Inc.*, C.A. No. 00-420-SLR, at 4 (D. Del. Mar. 28, 2001) (transcript of hearing before Chief Judge Robinson), Ex. 3 to D.I. 173. Further, courts in this district have consistently rejected similar attempts to characterize contention depositions as "factual basis" depositions. *See, e.g.*, *Tiegel Manu Co. v.*

---

[1]    Reliant initially requested a protective order as to Topics 1, 4, 9, 10, 15, and 16. Par subsequently withdrew Topics 15 and 16 of its 30(b)(6) Notice, eliminating the need for a protective order as to those two Topics. *See* D.I. 184 at 2 n.2.

*Globe Union, Inc.*, C.A. No. 84-483, at 14 (D. Del. Oct. 5, 1984) (transcript of hearing before Judge Stapleton), Ex. 4 to D.I. 173.

Par, moreover, is unable to cite a single case in support of its assertion that contention depositions are permissible. Instead, Par relies on *Bracco*, a case in another district court, for the proposition that a Rule 30(b)(6) request for contentions is distinguishable from a request for the facts underlying those contentions. (D.I. 184 at 3, 6.) Par's reliance on *Bracco* is unavailing. In *Bracco*, the defendants were accused of false advertising under the Lanham Act, but the plaintiff did not specify which of defendants' advertising statements were allegedly false or misleading. *Bracco Diagnostics Inc. v. Amersham Health Inc.*, C.A. No. 03-6025, 2005 U.S. Dist. LEXIS 26854, at *9-10 (D.N.J. Nov. 4, 2005). The *Bracco* defendants sought to learn *which* of their statements were allegedly unlawful. The court held that the facts sought by defendants' Rule 30(b)(6) notice in that case were separable from the plaintiff's contentions. *Id.* at *10.

*Bracco* is inapposite. Here, there is no question which of Par's products is accused of infringement or which patent claims its proposed product infringes. Further distinguishing Par from the *Bracco* defendants, Reliant provided Par with an eight-page claim chart – well in advance of *Markman* proceedings – that explains *how* the accused product infringes the named patent claims. (Ex. 7 to D.I. 173.)

Courts in *this* district – in *patent* cases – have rejected Rule 30(b)(6) discovery requests like Par's. *See, e.g.*, *Pharmacia & Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833 (D. Del. Oct. 21, 2005) (transcript of hearing before Judge Jordan), Ex. 6 to D.I. 173. In the *Pharmacia* case, defendants' Rule 30(b)(6) notice requested a witness to testify about facts underlying certain of the plaintiff's contentions regarding secondary considerations of non-obviousness of

2

the plaintiff's patented invention. The *Phamacia* Court rejected the defendant's request, noting that "inserting of the word 'facts' doesn't make [a deposition topic] less of an effort to get at what is essentially the legal position of the party[.]" *Id.* at 36. Par's Rule 30(b)(6) requests for the "factual bases" underlying several contentions employ exactly the same tactic that was rejected in *Pharmacia*.

## II.     Contentions Are Properly Discovered Through Interrogatories

Discovery regarding the factual and legal bases of a contention should be – and has been – dealt with through contention interrogatories. *See McKesson Info. Solutions LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR, at 21 (D. Del. Aug. 2, 2005) (transcript of hearing before Chief Judge Robinson), Ex. 5 to D.I. 173. Par's Rule 30(b)(6) requests for depositions as to the "factual bases for Reliant's contention[s]" require unnecessary, burdensome witness preparation and will lead to lay testimony regarding Reliant's legal contentions in this case. Par's mere characterization of its Rule 30(b)(6) requests as requests for "factual basis" is insufficient to avoid the stated policy of this district against contention depositions.

Moreover, Par's complaints that Reliant's interrogatory responses are somehow deficient – made for the first time in Par's opposition brief – are both inaccurate and irrelevant. Reliant provided detailed responses to each of Par's propounded interrogatories. (*See* Ex. 7 to D.I. 173.) Moreover, Par's proper mechanism to cure any perceived deficiencies in Reliant's responses rests in its ability to bring a motion to compel interrogatory responses. Par cannot simply *choose* to discover Reliant's contentions through improper contention depositions. (*See* D.I. 184 at 5.) Indeed, Par's failure to bring these newly alleged deficiencies to Reliant's attention – despite that fact that Reliant served its supplemental interrogatory responses ***over five months ago*** – demonstrates that Par's allegations are without merit.

3

**III.     Reliant Has Already Provided The Discovery Par Seeks Here**

Reliant has already provided Par with the majority of the discovery sought in its Rule 30(b)(6) Notice, both through interrogatories and through deposition testimony. For example, Par complains that it is entitled to discover Reliant's basis under Rule 11 for bringing this suit. Reliant, however, has already provided a Rule 30(b)(6) witness regarding its "decision to sue Par for infringement of the '588 patent" and "any pre-suit investigation by or behalf of Reliant to determine if Par's accused products infringe any claim of the '588 patent." (Ex. 1 to D.I. 173 at ¶¶ 2, 3.) In addition, Reliant served Par with detailed interrogatory responses setting forth an element-by-element infringement analysis of its infringement contentions and, thus, its basis for bringing suit. (Ex. 7 to D.I. 173.)

Similarly, Par alleges that it is entitled to Reliant's "detailed factual analysis of Par's product." (D.I. 184 at 6.) Reliant provided this detailed analysis through its interrogatory responses setting forth its infringement contentions.

Accordingly, to the extent that Par has sought discovery through proper channels, Reliant has already provided that discovery.[2]

---

[2]     To the extent that Par seeks Reliant's contentions regarding exceptional case and/or why the '588 patent covers the Reliant's Rythmol® SR drug, these contentions may be properly sought through interrogatories. Par, however, has not propounded interrogatories directed to these topics.

4

## **CONCLUSION**

For the foregoing reasons, Reliant requests the Court grant its motion for a protective order precluding Par from seeking Reliant's testimony concerning Topics 1, 4, 9, and 10 of Par's Rule 30(b)(6) Notice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
jblumenfeld@mnat.com
mnoreika@mnat.com
jparrett@mnat.com
(302) 658-9200
*Attorneys for Plaintiff*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

February 29, 2008
1704978

5

**CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Josy W. Ingersoll, Esquire
>YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on February 29, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| John G. Taylor, Esquire<br>James K. Stronski, Esquire<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, NY 10151 | *VIA ELECTRONIC MAIL* |

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)