IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-774-JJF |
| v. | : | |
| | : | **REDACTED -** |
| PAR PHARMACEUTICAL, INC., | : | **PUBLIC VERSION** |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RELATING TO CONSUMPTION, DISPOSAL OR DESTRUCTION OF SAMPLES

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

- and -

**FROMMER LAWRENCE & HAUG LLP**
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

*Attorneys for Defendant Par Pharmaceutical, Inc.*

DATED: February 25, 2008

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

I.     NATURE AND STAGE OF THE PROCEEDING ............................................................ 1

II.    SUMMARY OF ARGUMENT ......................................................................................... 1

III.   STATEMENT OF FACTS ................................................................................................ 3

IV.    ARGUMENT .................................................................................................................... 7

V.     CONCLUSION ................................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Micro Motion, Inc. v. Kane Steel Co.*,
   894 F.2d 1318 (Fed. Cir. 1990)..........................................................................................7


**Rules**

Fed. R. Civ. P. 26(b)(1).............................................................................................................7

## I.    NATURE AND STAGE OF THE PROCEEDING

Reliant Pharmaceuticals, Inc. ("Reliant") filed this action for infringement of U.S. Patent No. 5,681,588 ("the '588 patent") against Par Pharmaceutical, Inc. ("Par) on December 19, 2006. (D.I. 1.) The action is based on Par's submission to the U.S. Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 78-540, which seeks approval to market a generic version of Reliant's propafenone HCl extended-release product, an arrhythmia medication sold under the brand name Rythmol® SR. At issue in this case is whether the product described in Par's ANDA would, if marketed, infringe the '588 patent and whether the '588 patent is valid and enforceable.

This case is currently in the late stages of fact discovery, which is scheduled to close on March 7, 2008. (D.I. 27.) The parties have exchanged document requests, interrogatories and requests for admissions, and have served their respective responses. In April 2007, Par produced to Reliant samples of each dosage strength of the propafenone HCl product for which Par seeks marketing approval in its ANDA and a copy of its ANDA. The parties are in the midst of taking fact depositions. A Markman hearing is scheduled for April 2, 2008 (D.I. 64) and all dispositive motions must be filed by June 27, 2008. (D.I. 27.)

## II.    SUMMARY OF ARGUMENT

By its motion, Reliant seeks the production of documents that are not even arguably relevant to any issue in this case or calculated to lead to the discovery of admissible evidence. Ten months ago, Par produced samples from each of the three bulk lots of its proposed propafenone HCl product that were prepared in connection with Par's ANDA submission. Reliant now demands documents to explain the fate of each and every other capsule in Par's three submission lots. Reliant does not and can not explain how this information is relevant and

requiring Par to search for and produce this documentation would be unduly burdensome.

Accordingly, Reliant's motion should be denied.

In letters preceding this motion, Reliant made serious accusations concerning Par's

alleged destruction of samples, which – even if true – would have no relevance to any issue in

this case. Reliant's accusations were based on its own incorrect assumptions and

misinterpretation of Par's production documents. Despite Par's representations and documentary

evidence refuting Reliant's mistaken allegations, Reliant has recklessly repeated these false

accusations in its opening brief in support of this motion.

Before Reliant even served requests for the production of document and things in this

action, Par produced to Reliant samples from each bulk lot of its proposed propafenone HCl

product prepared in connection with its ANDA submission and documentation detailing how the

product was prepared. Based on its interpretation of certain Par production documents, Reliant

accused Par of having destroyed samples of its proposed product and further assumed that the

allegedly destroyed samples were from lots other than those from which samples had previously

been produced.

Par assured Reliant that no samples had been destroyed and confirmed that it still has

samples from all three of its bulk ANDA submission lots available. Par further explained that

the samples Reliant had identified as potentially destroyed were from the same bulk lots of

proposed propafenone HCl product – and were identical to – the samples that had previously

been produced to Reliant. Accordingly, even if Par had destroyed some samples from its bulk

lots of proposed propafenone HCl products – which it did not – it would not have mattered since

it has already produced identical samples of these products and still has additional samples

available, if needed.

2

Despite Par's representations and explanations – all of which are fully supported by documents it has produced – Reliant went ahead and filed the instant motion. It is quite apparent that the motivation for this motion, and the letter writing that preceded it, has been to harass Par and to delay the completion of discovery and the Court's consideration of the merits of this case. Reliant's motion is without merit and should be denied.

## III.    STATEMENT OF FACTS

On April 25, 2007, Par produced to Reliant 60 capsules of each of the three dosage strengths (i.e., 225 mg, 325 mg, and 425 mg) of its proposed propafenone HCl extended-release product. (Taylor Decl.[1] Ex. 1.) Par also produced a copy of its ANDA, which details how the proposed product was made. *Id.* The samples came from each of the three bulk lots of capsules that Par had prepared in connection with its ANDA submission. *Id.*

On May 18, 2007, Reliant served Par with its first set of requests for the production of documents and things, which, among other things, requested 60 representative capsules of Par's proposed 225 mg, 325 mg and 425 mg propafenone HCl product taken from six different "manufacturing" lots. (Taylor Decl. Ex. 2 at 4-5.) Par responded on June 18, 2007, informing Reliant that Par had already produced the requested samples from Par's only lots of proposed 225 mg, 325 mg, and 425 mg propafenone HCl product. *Id.*

In a letter dated November 26, 2007, Reliant wrote that it had discovered that many samples of Par's proposed propafenone HCl product may have been destroyed. (Taylor Decl. Ex. 3.) The basis for this accusation was a series of internal Par e-mails from 2006 in which inquiries were made about whether lots or portions of lots of various pharmaceutical products in

---

[1] "Taylor Decl." refers to the February 25, 2008 Declaration of John G. Taylor in Opposition to Plaintiff's Motion to Compel Documents Relating to Consumption, Destruction or Disposal of Samples submitted herewith.

Par's inventory *could* be destroyed. (Taylor Decl. Ex. 3 and Reliant Ex.[2] 6 at PARESI0004618,
Reliant Ex. 7 at PARESI0006222, and Reliant Ex. 8 at PARESI00013933.) Reliant demanded
that Par produce all documentation relating to the destruction of samples of Par's proposed
propafenone HCl product. (Taylor Decl. Ex. 3.)

After a thorough investigation, Par informed Reliant in a letter dated February 5, 2008
that, in fact, no lots of Par's proposed propafenone HCl product had been destroyed and that Par
still had samples from each of the lots identified in Reliant's November 26 letter, with the
possible exception of a few lots that may have been consumed in the normal course of testing.
(Taylor Decl. Ex. 4.) Accordingly, there is no documentation concerning the destruction of any
such lots. *Id.* Most importantly, Par explained that lots identified in Reliant's November 26
letter all came from the same three bulk lots of Par's proposed 225 mg, 325 mg, and 425 mg
propafenone HCl capsules as the samples that had been produced to Reliant in April 2007 and
were, therefore, identical to those samples. *Id.*

More specifically, Par explained that it had produced three bulk lots of its proposed
propafenone HCL product – one each of its 225 mg, 325 mg, and 425 mg strength capsules – in
connection with its ANDA submission. (Taylor Decl. Ex. 4.) ████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

[2] "Reliant Ex." refers to the exhibits attached to Plaintiff's Opening Brief in Support of its
Motion to Compel Documents Relating to Consumption, Disposal or Destruction of Samples
dated February 7, 2008.

DB02:6606648.1                                                                    066039.1001

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████ The capsules in these lots are, therefore, identical to the capsules in all other lots prepared from those two bulk lots. Accordingly, Par was accurate when it stated in its June 18, 2007 responses to Reliant's document requests 1 – 3 that the previously produced samples of propafenone HCl capsules had come from its only lots (i.e., bulk lots) of each dosage strength. (Taylor Decl. Ex. 4.)

Within hours of receiving Par's February 5 letter, Reliant sent Par a letter demanding the production of all documents concerning the consumption of samples of Par's proposed propafenone HCl product in the normal course of testing and all documents concerning destruction of any samples related to Par's proposed propafenone HCl product. (Taylor Decl. Ex. 5.) Reliant also demanded the immediate production of samples from all lots identified in its September 12, 2007 letter (Reliant Ex. 2 at 6-7) and samples from six representative lots as requested in its Document Request Nos. 1 – 3. (Taylor Decl. Ex. 5.) In support of its request for these samples, Reliant cited three documents produced by Par and alleged that these documents contradicted the explanation in Par's February 5 letter that the lots identified in Reliant's November 26 letter were all prepared from the same bulk lots from which samples had already been produced. *Id.*

Two things are clear from Reliant's February 5 letter. One, Reliant completely ignored Par's explanation concerning its preparation of its ANDA submission bulk lots and sublots. And

5

two, Reliant did not closely review the documents cited in its letter, which far from contradicting Par's explanation, are completely consistent with and fully support that explanation.

First, it is clear from the lot numbers of the propafenone HCl capsules identified in Reliant's September 12 letter that they all come from the same three bulk lots of propafenone HCl capsules from which samples had already been produced, as explained in Par's February 5 letter ███████████████████████████████████████████████████.[3]  (Reliant Ex. 2 at 6-7.)  Accordingly, Reliant does not need samples of capsules from these sublots since it has had 60 capsules identical to the capsules in each of these sublots since April 2007.  Reliant has not even attempted to explain why it needs additional samples beyond those already produced.

Second, the documents cited in Reliant's February 5 letter are completely consistent with the statements made in Par's February 5 letter. ████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████

On February 7, 2008 – two days after sending its hastily prepared February 5 letter – Reliant filed the instant motion.  It is clear from Reliant's behavior that it had no interest in trying to resolve this alleged discovery dispute over Par's propafenone HCl samples, but instead was intent on bringing a motion to delay the completion of discovery and to waste Par's time as it tries to complete fact discovery and prepare its Markman papers.

---

[3]  The last two lots identified in Reliant's September 12 letter are actually lots of propafenone HCl granules rather than capsules.  (Reliant Ex. 2 at 7.)  Par produced samples from these two lots on February 5, 2008.  (Taylor Decl. Ex. 4.)

## IV.    ARGUMENT

Rule 26(b) of the Federal Rules of Civil Procedure permits discovery of non-privileged matter "that is relevant to any party's claim or defense [or] . . . reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Although the Federal Rules permit broad discovery, the right to discovery has limits. *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322 (Fed. Cir. 1990). A party is not entitled to discovery concerning a matter that is not relevant to any issues in the case, particularly where, as here, compliance with the discovery request would be unduly burdensome. *Id.* at 1323.

The argument against Reliant's motion to compel is very simple. Par has produced samples requested by Reliant from all three bulk lots of Par's proposed propafenone HCl product. Par has produced documents describing in detail how those bulk lots were manufactured. Par has advised Reliant that it has more samples from the three bulk lots of its propafenone HCl product that are identical to the samples it has already produced. If Reliant believes it needs additional samples of Par's proposed propafenone HCl product, it can explain to Par why it needs them and Par will consider Reliant's request. Reliant has made no attempt to do so.

Although it is not relevant to any issue in this case, Par has also represented to Reliant that Par has not destroyed any samples from the three bulk lots of its propafenone HCl product and that some of the capsules from those lots were consumed in the normal course of testing. Even if Par had destroyed the majority of the capsules in its bulk lots – which it did not – it would not matter as long as Par saved enough to produce samples in this litigation (and, not incidentally, enough to satisfy FDA requirements). Nor is it relevant to any issue in this action the circumstances under which some of the capsules in Par's bulk lots were consumed in the course of testing to support Par's ANDA. Accordingly, there is no justification for requiring Par

7

to spend countless hours searching for and producing documents that show how each capsule

from each of Par's three bulk ANDA submission lots was consumed.[4]

## V.    CONCLUSION

For the foregoing reasons, Reliant's motion to compel the production of documents

relating to the consumption, disposal or destruction of samples should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

DATED: February 25, 2008

/s/ *Karen E. Keller*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

- and –

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

*Attorneys for Defendant Par Pharmaceutical, Inc.*

---

[4] In a footnote to its motion, Reliant asks the Court to also order Par to produce documents relating to Par's experimental batches of propafenone HCl products. In a letter to Reliant after the filing of this motion, Par explained that the experimental—i.e., non-submission—batches it prepares during research and development are produced in small quantities for testing purposes and not otherwise retained in the normal course of business. (Taylor Decl. Ex. 7.) Accordingly, Par has no documents relating to the disposal of these experimental batches. *Id.* Par has produced documents detailing the preparation of its experimental batches and documents concerning the testing of those batches. Reliant has not responded to Par's letter. Because the documents Reliant seeks relating to the disposal of experimental batches do not exist, this portion of Reliant's motion should be denied as moot.

8

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld [jbbefiling@mnat.com]
>Maryellen Noreika [menefiling@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

I further certify that on March 3, 2008, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

>### By E-Mail
>
>Jack B. Blumenfeld [jblumenfeld@mnat.com]
>Maryellen Noreika [mnoreika@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>
>### By E-Mail
>
>John Desmarais [jdesmarais@kirkland.com]
>Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
>Christine Willgoos [cwillgoos@kirkland.com]
>William T. Vuk [wvuk@kirkland.com]
>KIRKLAND & ELLIS LLP
>Citigroup Center
>153 E. 53rd Street
>New York, NY 10022
>(212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*