# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | : |
| Plaintiff, | : |
| | :      C.A. No. 06-774-JJF |
| v. | : |
| | :      **REDACTED – PUBLIC VERSION** |
| PAR PHARMACEUTICAL, INC., | : |
| Defendant. | : |

## DECLARATION OF JOHN G. TAYLOR IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RELATING TO CONSUMPTION, DISPOSAL OR DESTRUCTION OF SAMPLES

YOUNG CONAWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.: (302) 571-6600
Fax: (302) 571-1253

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

February 25, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : **REDACTED – PUBLIC VERSION** |
| Defendant. | : |

## DECLARATION OF JOHN G. TAYLOR IN OPPOSITION TO
## PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RELATING TO
## CONSUMPTION, DISPOSAL OR DESTRUCTION OF SAMPLES

I, John G. Taylor, declare:

1.      I am a partner in the law firm of Frommer Lawrence & Haug LLP ("FLH"),

counsel for defendant Par Pharmaceutical, Inc. ("Par").  I submit this declaration in support of

Defendant's Answering Brief in Opposition to Plaintiff's Motion to Compel Documents Relating

to Consumption, Disposal or Destruction of Samples.  I have personal knowledge of the facts set

forth in this declaration, or I believe them to be true based upon my investigation and

information provided to me by other knowledgeable persons.

2.      Attached hereto as Exhibit 1 is a true and correct copy of an April 25, 2007 letter

from John G. Taylor to Christine Willgoos.

3.      Attached hereto as Exhibit 2 is a true and correct copy of an excerpt from

Defendant's Objections and Responses to Plaintiff's First Set of Requests for the Production of

Documents and Things dated June 18, 2007.

4.      Attached hereto as Exhibit 3 is a true and correct copy of a November 26, 2007

letter from William T. Vuk to John G. Taylor.

5.      Attached hereto as Exhibit 4 is a true and correct copy of a February 5, 2008 letter from John G. Taylor to William T. Vuk.

6.      Attached hereto as Exhibit 5 is a true and correct copy of a February 5, 2008 letter from Shane Cortesi to John G. Taylor.

7.      Attached hereto as Exhibit 6 are true and correct copies of Par production documents bearing production numbers PAR000649, PAR000677, and PAR000682.

8.      Attached hereto as Exhibit 7 is a true and correct copy of a February 14, 2008 letter from John G. Taylor to Shane Cortesi.


I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 25th day of February, 2008, at New York, New York.

John G. Taylor

2

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 3, 2008, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on March 3, 2008, I caused a copy of the foregoing document to be

served on the above-listed counsel and on the following non-registered participants in the

manner indicated:

> ### By E-Mail
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> ### By E-Mail
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> William T. Vuk [wvuk@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY  10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

# EXHIBIT 1
## REDACTED IN ITS ENTIRETY

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 06-774-JJF |
| | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Par Pharmaceutical, Inc. ("Par") responds as follows to the production requests in plaintiff Reliant Pharmacueticals, Inc.'s ("Reliant") First Set of Requests for the Production of Documents and Things (Nos. 1-83).

### COMMENTS AND GENERAL OBJECTIONS

1.      By offering to produce a document, Par does not waive its right to withhold any portion of the document that is privileged or immune from discovery.

2.      By offering to produce a document, Par does not admit that the document is relevant or admissible at a hearing or trial of this action, e.g., as coming within an exception to the hearsay rule, Fed. R. Evid. 802.

3.      Where Par states in a specific response that it will produce documents or things, that response should be construed to mean that Par will produce properly discoverable responsive documents or things if they are found to exist after a reasonable search in logical repositories.  Par's statement that it will produce documents or things should not be construed as

a representation that any such documents or things exist or are within Par's possession, custody, or control.

4.     Par objects to the definitions and instructions set forth by Reliant to the extent they purport to impose discovery obligations that are inconsistent with, not found in, or exceed the requirements of (a) the Federal Rules of Civil Procedure, (b) the Local Civil Rules of the United States District Court for the District of Delaware, or (c) any court order or directive.

5.     Par objects to any production request to the extent it seeks documents or things that are outside the scope of discovery established by Rules 26(a)(2), 26(b)(3), and 26(b)(4).

6.     Par objects to any request to the extent it seeks electronically stored information that is not reasonably accessible because of undue burden or cost, e.g., as residing in backup, legacy, or obsolete media or equipment.

7.     Par objects to any request to the extent it seeks a document that is protected from discovery by the attorney-client privilege, or by work-product immunity, or which is otherwise privileged or immune from discovery. Any inadvertent disclosure of privileged information will not constitute a waiver of privilege.

8.     Par objects to any request to the extent it seeks a document or thing that is not in Par's possession, custody, or control. Par's responses are limited to documents and things in its possession, custody, or control.

9.     Par objects to any request to the extent it seeks a document that is available in the public domain and, therefore, equally accessible to Reliant on the grounds that any such interrogatory subjects Par to unreasonable burden and undue expense.

10.    Par objects to the definition of "Par" as improperly including "attorneys" and as wrongly encompassing information and documents protected by the attorney-client privilege or the work-product doctrine (or both).

11.    Par objects to the definition of "relating to" and "concerning" because it seeks to require Par to characterize responsive information as "supporting," "refuting," or "rebutting." Such a characterization improperly inquires into protected attorney mental impressions, conclusions, opinions, or legal theories.

12.    Par objects to any request calling for "[a]ll documents" as overly broad, unduly burdensome, oppressive, and not reasonably tailored to lead to the discovery of admissible evidence.

13.    Par objects to Reliant's use of undefined terms that are subject to multiple interpretations, thus rendering a request vague and ambiguous. Par's responses are based on its interpretation of undefined terms, which may be inconsistent with Reliant's interpretation. Par reserves the right to supplement, amend, or modify its responses and objections in the event a dispute arises over the meaning of an undefined term.

14.    Par objects to any request calling for a document that concerns the exploratory efforts of Par's counsel in investigating the issues in this case and preparing this case for trial. *See Mass. v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 153 (D. Mass. 1986); *Besly-Welles Corp. v. Balax, Inc.*, 43 F.R.D. 368, 370-71 (E.D. Wis. 1968). Such materials would tend to reveal counsel's mental impressions, conclusions, opinions, or legal theories. Consequently, such materials are beyond the ambit of discovery. *See* Fed. R. Civ. P. 26(b)(3).

15.    Par objects to any request calling for a document or thing that contains a nonparty's proprietary or confidential information, e.g., a document supplied by a nonparty to

Par under a nondisclosure or confidentiality agreement, unless the nonparty agrees to a suitable protective order or consents to disclosure to Reliant.

16.      Par objects to any request calling for a document or thing that contains Par's confidential information because no protective order has been entered.

17.      Par objects to any request to the extent it seeks a document or thing that contains both discoverable and nondiscoverable or objectionable material, and Par reserves the right to redact any nonresponsive matter or any matter that Par has objected to disclosing.

18.      Par reserves the right to supplement, amend, or modify its responses as it obtains information and becomes aware of additional documents or things.

19.      Par has responded to Reliant's requests insofar as it now understands them. If Reliant later asserts an interpretation that differs from Par's understanding, Par reserves the right to supplement, amend, or modify its responses, including the right to interpose additional objections.

20.      The general objections above and the objections in the specific responses below are made as to matters that are clearly objectionable on the face of the requests. Par makes these objections without prejudice to and without waiver of its right to object on any other grounds.

## RESPONSES TO PRODUCTION REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Sixty representative capsules of the 225 mg Generic Product, taken from six different manufacturing lots.

**Response to Request No. 1:**

Par has already produced the requested samples from Par's only lot of 225 mg Propafenone HCl SR capsules. *See* Letter dated April 25, 2007 from John G. Taylor to Christine Willgoos Re: Par's ANDA and Propafenone HCl SR capsules.

### REQUEST FOR PRODUCTION NO. 2:

Sixty representative capsules of the 325 mg Generic Product, taken from six different manufacturing lots.

### Response to Request No. 2:

Par has already produced the requested samples from Par's only lot of 325 mg

Propafenone HCl SR capsules. *See* Letter dated April 25, 2007 from John G. Taylor to Christine

Willgoos Re: Par's ANDA and Propafenone HCl SR capsules.

### REQUEST FOR PRODUCTION NO. 3:

Sixty representative capsules of the 425 mg Generic Product, taken from six different manufacturing lots.

### Response to Request No. 3:

Par has already produced the requested samples from Par's only lot of 425 mg

Propafenone HCl SR capsules. *See* Letter dated April 25, 2007 from John G. Taylor to Christine

Willgoos Re: Par's ANDA and Propafenone HCl SR capsules.

### REQUEST FOR PRODUCTION NO. 4:

Twelve representative ten-gram samples of the propafenone HCl to be used in any of the Generic Products, taken from six different manufacturing lots.

### Response to Request No. 4:

See the general objections. Par objects to this production request as being oppressive,

overly broad, and unduly burdensome.

Subject to and without having any objection, Par has already produced 10 g from each of

three lots of the Active Pharmaceutical Ingredient (API) to be used in Par's proposed capsules.

*See* Letter dated April 25, 2007 from John G. Taylor to Christine Willgoos Re: Par's ANDA and

Propafenone HCl SR capsules.

June 18, 2007

_Karen L. Pascale_

*An Attorney for Defendant, Par Pharmaceutical, Inc.*

YOUNG CONAWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (# 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Phone: 302-571-6600

- and -

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 18, 2007, I caused true and correct copies of the foregoing, *Defendant's Objections and Responses to Plaintiff's First Set of Requests for the Production of Documents and Things*, to be served upon the following counsel of record in the manner indicated:

### By E-Mail and Hand Delivery

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Maryellen Noreika [mnoreika@mnat.com]
MORRIS NICHOLS ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

### By E-Mail and FedEx

John Desmarais [jdesmarais@kirkland.com]
Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
Christine Willgoos [cwillgoos@kirkland.com]
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (#1088) [jingersoll@ycst.com]
Karen L. Pascale (#2903) [kpascale@ycst.com]
Karen E. Keller (#4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
*Attorneys for Defendant, Par Pharmeceutical, Inc.*

# EXHIBIT 3

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

William T. Vuk
To Call Writer Directly:
(212) 446-4757
wvuk@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

November 26, 2007

**BY EMAIL**
John G. Taylor, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
JTaylor@flhlaw.com

         Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
                Civil Action No. 06-774-JJF

Dear John:

I write in response to your October 16, 2007 letter, in which you confirm that Par no longer has the samples requested in my September 12, 2007 letter. It has come to our attention that many of those requested samples as well as other samples related to Par's propafenone HCl products — including several types and grades of propafenone raw material, miscellaneous preliminary version of Par's propafenone capsules in several strengths, and various propafenone HCl granules/micro-tablets/beadlets tested by Par — may have been destroyed weeks after Par sent Reliant its ANDA Notice Letter and possibly after Reliant initiated suit against Par.[1]

Please promptly produce all documentation, correspondence and communications related to Par's destruction of any and all samples or other materials related to its propafenone HCl products, including but not limited to, documents identifying the samples that were destroyed, documents detailing when and how the samples were destroyed, certificates of destruction, and laboratory notebooks. Additionally, please produce color copies of the documents identified in Footnote 1.

---

[1]   *See, e.g.*, PARESI0004616-29, PARESI0004643-55, PARESI0004948-61, PARESI0006222-24, PARESI0013932-82, and PARESI0030311-13.

**KIRKLAND & ELLIS LLP**

John G. Taylor, Esq.
November 26, 2007
Page 2


Sincerely,

William T. Vuk

cc:    Jack B. Blumenfeld, Esq.
       (via email)

# EXHIBIT 4
## REDACTED IN ITS ENTIRETY

# EXHIBIT 5

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Shane Cortesi
To Call Writer Directly:
(212) 446-4859
scortesi@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

February 5, 2008

**BY EMAIL**
John G. Taylor, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
JTaylor@flhlaw.com

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
Civil Action No. 06-774-JJF

Dear John:

I write in response to your letter to William T. Vuk from earlier today regarding the destruction of Par's samples. The documents identified in our November 26, 2007 letter indicate that Par's samples were slated for destruction -- nothing in your response contradicts this or indicates otherwise. Please promptly provide all documents Par contends supports or demonstrates its claim that the samples were consumed in the "normal course of testing and manufacturing" and not destroyed.

Reliant's request was not limited to the destruction of only the samples referenced in the documents we cited. Please promptly provide all documentation, correspondence and communications related to Par's destruction of *any and all samples or other materials* related to its propafenone HCl products, including but not limited to, documents identifying the destroyed samples, detailing when and how the samples were destroyed, certificates of destruction, and laboratory notebooks. *See* William T. Vuk's letter of November 26, 2007.

We also request that Par immediately produce samples from all "lots" or "sublots" identified in our letter of September 12, 2007 as well as samples from six representative "lots" or "sublots" as requested in Reliant's Document Request Nos. 1-3 served on May 18, 2007. We note that Par's documents refer to "lots" and "bulk lots." *See, e.g.*, PAR000649, 677, 682. Thus, Par's own documents contradict Par's self-serving statement that the missing lots were actually "sublots" and Par accurately responded to Reliant's Document Request Nos. 1-3.

Furthermore, it is unacceptable that Par delayed producing the correct granules from its ANDA batches for over fourteen months from Reliant's initial pre-suit request. Par's untimely production is underscored by the fact that Reliant informed Par that these exact "granules" were

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

# EXHIBIT 6
# REDACTED IN ITS ENTIRETY

# EXHIBIT 7

**FLH** **FROMMER LAWRENCE & HAUG** LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

February 14, 2008

**John G. Taylor**
JTaylor@flhlaw.com

**BY E-MAIL**

Shane Cortesi, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF (D. Del)

Dear Shane:

    We write in further response to your February 5, 2008 letter concerning Par's responses to Reliant's third set of document requests and second set of interrogatories and to our responsive letter dated February 6, 2008.

    Enclosed are Defendant's Supplemental Objections and Responses to Plaintiff's Third Set of Requests for the Production of Documents and Things and Defendant's Supplemental Objections and Responses to Plaintiff's Second Set of Interrogatories.

    Also enclosed are documents bearing production numbers PAR014000-06, which are responsive to Reliant's Production Request No. 114.

    Regarding Reliant's Production Request No. 115, a sample of the requested tooling is available in our offices for Reliant's inspection. Please advise us when you would like to inspect it.

    Regarding Reliant's Production Request No. 116, Par has confirmed that the requested samples do not exist. The batches identified in Reliant's Request No. 116 were experimental batches that are not representative of the proposed propafenone HCl ER products for which Par is seeking approval in its ANDA—samples of which were produced to Reliant in April 2007. The experimental batches were produced in small quantities for testing purposes and not otherwise retained in the normal course of business. Accordingly, Par has no records relating to the disposal of any such material that was not consumed during testing.

00520782.DOC

Shane Cortesi, Esq.
Kirkland & Ellis LLP
February 14, 2008
Page 2

Please review the enclosed supplemental responses to Reliant's second set of interrogatories and confirm by no later than Monday, February 18, 2008 that Reliant is withdrawing its motion to compel concerning Interrogatory No. 21.

Very truly yours,

John G. Taylor

Enclosures

cc:    Gerald J. Flattmann, Jr., Esq.
       Christine Willgoos, Esq.
       William T. Vuk, Esq.
       Jack B. Blumenfeld, Esq.
       Josy E. Ingersoll, Esq.
       Karen L. Pascale, Esq.

00520782.DOC