IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : : | |
| | : | C.A. No. 06-774-JJF |
| v. | : : | **REDACTED –** |
| PAR PHARMACEUTICAL, INC., | : : | **PUBLIC VERSION** |
| Defendant. | : : | |

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER
REGARDING DEFENDANT'S NOTICE OF DEPOSITION TO
RELIANT PURSUANT TO RULE 30(b)(6)**

<div style="margin-left: 40%">

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

- and -

**FROMMER LAWRENCE & HAUG LLP**
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

*Attorneys for Defendant Par Pharmaceutical, Inc.*

</div>

DATED: February 25, 2008

6606896_1

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDING ........................................................ 1

II.   SUMMARY OF ARGUMENT .................................................................................... 1

III.  STATEMENT OF FACTS ........................................................................................... 2

IV.   ARGUMENT ................................................................................................................ 2

    A.   This Court Should Order Reliant to Provide the Factual Bases for its Claim that Par's ANDA Products Would Infringe the '588 Patent ........................................................................................................... 4

    B.   Par is Entitled to Explore the Factual Bases for Reliant's Claim that Par's Conduct Rises to the Level of Exceptional Case ................................... 6

    C.   Par Is Entitled to Know Why Reliant Believes the '588 Patent Covers Rythmol® SR ................................................................................... 6

    D.   Par is Entitled to Explore the Factual Bases for Reliant's Reliance on Secondary Indicia of Nonobviousness ............................................................. 7

V.    CONCLUSION ............................................................................................................. 8

## TABLE OF AUTHORITIES

**Cases**

*Bracco Diagnostics Inc. v. Amersham Health Inc.*,
    C.A. No. 03-6025, 2005 U.S. Dist. LEXIS 26854 (D.N.J. Nov. 4, 2005) ......................... 3

*Glaxo Group Ltd. v. Apotex, Inc.*,
    376 F.3d 1339 (Fed. Cir. 2004) ..................................................................................... 6

*Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*,
    62 F.3d 1512 (Fed. Cir. 1995),
    *rev'd and remanded on other grounds*, 517 U.S. 1218 (1996) ......................................... 4

*Kanaji v. Philadelphia Child Guidance Center of Children's Hosp.*,
    No. 00-937, 2001 U.S. Dist. LEXIS 8670 (E.D. Pa. June 20, 2001) ................................ 3

*Q-Pharma, Inc. v. Andrew Jergens Co.*,
    360 F.3d 1295 (Fed. Cir. 2004) ..................................................................................... 4

**Statutes**

35 U.S.C. § 285 ................................................................................................................. 2, 6

**Rules**

Fed. R. Civ. P. 30(b)(6) ...................................................................................................... 2, 3

## I. NATURE AND STAGE OF THE PROCEEDING

Reliant Pharmaceuticals, Inc. ("Reliant") filed this action for infringement of U.S. Patent No. 5,681,588 ("the '588 patent") against Par Pharmaceutical, Inc. ("Par") on December 19, 2006. (D.I. 1.) The action is based on Par's submission to the U.S. Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 78-540, which seeks approval to market a generic version of Reliant's propafenone HCl extended-release product, an arrhythmia medication sold under the brand name Rythmol® SR. At issue in this case is whether the product described in Par's ANDA would, if marketed, infringe the '588 patent and whether the '588 patent is valid and enforceable.

This case is currently in the late stages of fact discovery. (D.I. 27.) The parties have exchanged document requests, interrogatories and requests for admissions, and have served their respective responses and produced documents and things. The parties are in the midst of taking fact depositions.

## II. SUMMARY OF ARGUMENT

Par respectfully requests that this Court deny Reliant's motion for a Protective Order and order Reliant to produce a Rule 30(b)(6) witness on the topics now in dispute.

Reliant cites no controlling case or Local Rule that supports its extreme position that Rule 30(b)(6) testimony is not the proper method for discovering the *factual bases* underlying Reliant's claims. Par is only interested in facts, not legal conclusions or privileged communications, and allowing these depositions to proceed on the narrow basis of the underlying facts known to Reliant would be the most efficient means to complete this discovery.

### III. STATEMENT OF FACTS

On December 21, 2007, Par served a Rule 30(b)(6) deposition notice on Reliant. (Stronski Decl.,[1] Ex. 1.) In its Notice, Par sought Reliant's production of witnesses to testify regarding the following topics now in dispute[2]:

(1) The factual bases behind Reliant's contention that Par's proposed propafenone HCl SR capsules that are the subject of Par's ANDA would infringe any claim of the '588 patent, including at the time it filed its Complaint.

(4) The factual bases behind Reliant's contention that Par's conduct warrants that this be declared an exceptional case pursuant to 35 U.S.C. § 285.

(9) The factual bases behind Reliant's belief that the claims in the '588 patent cover or read on Rythmol® SR.

(10) The factual bases behind Reliant's contention that secondary indicia of non-obviousness (including commercial success, failure of others, long-felt need, acquiescence, and copying) "buttress the statutory presumption of validity of the '588 patent," including the nexus between these secondary indicia of nonobviousness and the claimed subject matter of the '588 patent.

Reliant served its Objections and Responses to Par's Rule (30)(b)(6) notice on January 15, 2008. (Stronski Decl., Ex. 2.) In its objections, Reliant refused to produce a witness to testify regarding the above-noted topics. On February 7, 2008, Reliant filed the instant motion seeking a protective order regarding these topics.

### IV. ARGUMENT

Under Rule 30(b)(6), a corporation has a duty to designate and prepare a witness to testify as to matters known or reasonably available to the corporation regarding the categories

---

[1] "Stronski Decl." refers to the February 25, 2008 Declaration of James K. Stronski in Opposition to Plaintiff's Motion for a Protective Order Regarding Defendant's Notice of Deposition to Reliant Pursuant to Rule 30(b)(6).

[2] Par hereby withdraws topics 15 and 16, which were also the subject of this motion, thereby mooting the issue with respect to them.

noticed.  Fed. R. Civ. P. 30(b)(6); *Kanaji v. Philadelphia Child Guidance Center of Children's Hosp.*, No. 00-937, 2001 U.S. Dist. LEXIS 8670, at *5 (E.D. Pa. June 20, 2001).

Here, Reliant undeniably has the factual knowledge sought in topics 1, 4, 9, and 10.  Yet Reliant refuses to produce a witness to testify to its knowledge of these topics, citing a "principle"—not supported by a single citation to a published opinion of this Court—that Delaware courts do not permit a party to explore by Rule 30(b)(6) deposition the factual bases behind certain assertions.  There is no such blanket rule, as Reliant's inability to find authority demonstrates.[3]  Indeed, at least one other court in this Circuit has held that exploring the *facts* supporting a party's claims is an appropriate use of Rule 30(b)(6).  *See Bracco Diagnostics Inc. v. Amersham Health Inc.*, C.A. No. 03-6025, 2005 U.S. Dist. LEXIS 26854, at *9-10 (D.N.J. Nov. 4, 2005) (noting that the disputed topic "seeks the facts that underlie Plaintiff's allegations in its suit . . . it is unclear how seeking the factual basis for contentions is not relevant under Fed. R. Civ. P. 30(b)(6).  It is ***further unclear how the factual bases are equal to the contentions themselves***") (emphasis added).

Reliant's 30(b)(6) witness should be prepared to testify to the factual bases for four specific assertions that Reliant makes in this case: (i) its allegation of infringement; (ii) its claim that this is an exceptional case; (iii) its assertion that market factors (i.e., secondary indicia of nonobviousness) support nonobviousness; and (iv) its claim that the '588 patent covers Reliant's product, Rythmol® SR.

Par should be permitted to explore by Rule 30(b)(6) deposition the factual bases underlying these assertions.

---

[3] Reliant's argument consists entirely of quotes from hearing transcripts of cases with distinguishable facts.  Reliant cannot substitute detailed legal analysis for a page and a half of out-of-context transcript excerpts of questionable relevance.

### A. This Court Should Order Reliant to Provide the Factual Bases for its Claim that Par's ANDA Products Would Infringe the '588 Patent

Topic 1 seeks "the factual bases for Reliant's contention or belief that [Par's] propafenone HCl SR capsules . . . [would] infringe any claim of the ['588 patent]." (Stronski Decl., Ex. 1.) Par does not seek Reliant's legal reasoning for why Par's products would infringe the '588 patent. Par simply seeks to learn what Reliant knew about Par's product between the period when it received Par's detailed Paragraph IV notice letter (setting out Par's belief that its proposed ANDA products would not infringe the '588 patent and that the '588 patent is invalid and/or unenforceable), and when it filed suit.

This is a case where Par designed around Reliant's narrow formulation patent—a practice that U.S. patent law encourages.[4] Not all formulations of a propafenone sustained release product would infringe this patent, and Reliant must have had a factual basis for its infringement suit under Rule 11. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-1 (Fed. Cir. 2004) (interpreting Rule 11 to require, "at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement"). In this case, Reliant had Par's detailed Paragraph IV Notice Letter for over one month before it filed suit—and must, per Rule 11, have made a decision about whether Par's product would infringe the '588 patent. Par thus seeks the *factual bases* for Reliant's knowledge about Par's product. This would include, for example, conversations and communications among Reliant's executives and scientists about Par's product.

---

[4] *See Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1520 (Fed. Cir. 1995), *rev'd and remanded on other grounds*, 517 U.S. 1218 (1996) (explaining that "the ability of the public successfully to design around—to use the patent disclosure to design a product or process that does not infringe, but like the claimed invention, is an improvement over the prior art—is one of the important public benefits that justify awarding the patent owner exclusive rights to his invention).

Reliant argues that contention interrogatories are the sole means by which Par can inquire about this topic. *See* Reliant's Opening Brf. at 4. Yet Reliant has wholly failed to provide substantive interrogatory answers about its knowledge of Par's product and how Par's product would infringe the claims of the '588 patent.

On March 23, 2007, Par served Interrogatory No. 3, which requested that Reliant provide, by way of a claim chart, the bases for Reliant's infringement assertions, including what claims it was asserting, at the time it filed the Complaint. (Stronski Decl., Ex. 3 at 6.) In response, Reliant dismissively asserted that "Par's proposed products according to ANDA 78-540 infringe claims 1-5 of the '588 patent."[5] (Stronski Decl., Ex. 3 at 6.)

Following numerous requests by Par that Reliant supplement its response, Par filed a motion to compel discovery on August 23, 2008 directed to, *inter alia*, Interrogatory No. 3. Par eventually withdrew its motion on September 14, 2007, based upon the representation that Reliant would shortly "provide substantive responses to Par Interrogatory Nos. 3, 4, 5, and 7 (including an infringement claim chart and Reliant's full and current basis to assert claim constructions that support any of its infringement contentions)." (Stronski Decl., Ex. 5.)

Reliant supplemented its interrogatory responses two weeks later, on September 24, 2008. (Stronski Decl., Ex. 6.) This supplementation, including Reliant's claim chart, still fell far short of the mark. (Stronski Decl., Ex. 6 at Appendix A.) Instead of filing another motion to compel for further supplementation, Par chose to address these issues as part of its Rule 30(b)(6) deposition of Reliant.

---

[5] In stark contrast, Par provided detailed answers to Reliant's contention interrogatories concerning non-infringement, invalidity, and unenforceability, which extended over seven, five and three pages, respectively. (Taylor Decl., Ex. 4 at 5-12, 13-17, and 19-21.)

Reliant cannot escape its obligation to substantively explain the factual bases—including a detailed factual analysis of Par's product—for why Par's product would infringe the claims of the '588 patent. Like the court in *Bracco*, the Court should rule that Par is not prohibited from exploring the factual bases of Reliant's infringement assertions by Rule 30(b)(6) deposition.

### B. Par is Entitled to Explore the Factual Bases for Reliant's Claim that Par's Conduct Rises to the Level of Exceptional Case

In its Amended Complaint, Reliant conclusorily alleges that Par's conduct warrants this case to be declared an "exceptional case" pursuant to 35 U.S.C. § 285. (Stronski Decl., Ex 7.) But under governing law, Par cannot be found to willfully infringe the '588 patent—a primary underlying basis for exceptional case—by simply filing its ANDA. *See Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1351 (Fed. Cir. 2004) ("we now hold that the mere fact that a company has filed an ANDA application or certification cannot support a finding of willful infringement for purposes of awarding attorney's fees pursuant to 35 U.S.C. § 271(e)(4)"). This leaves Par with no way of knowing how Par's conduct supposedly rises to the level of an exceptional case, or to defend against this serious accusation.

Par should be permitted to explore by Rule 30(b)(6) deposition the factual bases underlying Reliant's willful infringement assertion.

### C. Par Is Entitled to Know Why Reliant Believes the '588 Patent Covers Rythmol® SR

Reliant freely asserts that it believes that the claims of the '588 patent "cover Reliant's commercially successful Rythmol® SR products." (Stronski Decl., Ex. 6 at 12.) But Reliant has not articulated the factual bases for *why* Rythmol® SR is covered by the '588 patent, and even which claims cover Rythmol® SR. An understanding of the claim by claim basis for this assertion is relevant to several issues, including whether Reliant can establish a nexus between

the '588 patent claims and the alleged commercial success of its product—a factor necessary for Reliant to demonstrate the secondary indicia of nonobviousness on which it purports to rely.

Par should be permitted to explore by Rule 30(b)(6) deposition the factual bases supporting Reliant's assertion that its product, Rythmol® SR, is covered by one or more of the patent claims, and which claims cover it.

### D. Par is Entitled to Explore the Factual Bases for Reliant's Reliance on Secondary Indicia of Nonobviousness

Reliant has put "secondary indicia" in play by relying on them. In response to Par's Interrogatory No. 7, Reliant asserted that secondary indicia of nonobviousness "buttress the statutory presumption of validity of the '588 patent." (Stronski Decl. Ex. 6 at 13.) In particular, Reliant asserted that (1) Rythmol SR has enjoyed commercial success, (2) that others failed to develop a non-infringing sustained release propafenone drug, (3) that there was a long-felt need, and (4) there is a direct nexus between the secondary indicia and the '588 patent. *Id.*

Reliant, however, has not articulated a *factual* basis for any of this—showing neither the facts supporting these conclusory claims nor that a nexus can be found between its Rythmol® SR product and the claims of the '588 patent. Par is entitled to inquire into the factual bases for Reliant's claim that market-related factors (i.e., these secondary considerations of nonobviousness) support Reliant's assertion that the '588 patent is nonobvious. And, as in the case of its response to Par's interrogatory regarding infringement, Reliant's response to Par's "secondary indicia" interrogatory was bereft of facts and long on conclusory assertions.[6] Reliant

---

[6] Reliant's supplemental interrogatory response was served only after Par filed and withdrew its motion to compel discovery described above, and Reliant's supplemental response fails to provide any factual bases regarding, for example, Reliant's assertions that: (1) other unidentified parties failed to develop a non-infringing sustained release propafenone formulation; (2) there was a long-felt need in the medical community; and (3) a nexus exists between the alleged commercial success and the claims of the '588 patent. (Stronski Decl., Ex. 6 at 12-14.)

should be ordered to prepare a witness to testify on the factual bases for its secondary indicia assertions, instead of forcing the parties to engage in further motion practice concerning the interrogatories.

## V. CONCLUSION

For the foregoing reasons, Reliant's motion to for a protective order regarding Par's notice of deposition to Reliant pursuant to Rule 30(b)(6) should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

DATED: February 25, 2008

/s/ *Karen E. Keller*
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

- and –

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

*Attorneys for Defendant Par Pharmaceutical, Inc.*

**CERTIFICATE OF SERVICE**

I, Karen L. Pascale, Esquire, hereby certify that on March 3, 2008, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld [jbbefiling@mnat.com]
>Maryellen Noreika [menefiling@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

I further certify that on March 3, 2008, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

>***By E-Mail***
>
>Jack B. Blumenfeld [jblumenfeld@mnat.com]
>Maryellen Noreika [mnoreika@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>
>***By E-Mail***
>
>John Desmarais [jdesmarais@kirkland.com]
>Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
>Christine Willgoos [cwillgoos@kirkland.com]
>William T. Vuk [wvuk@kirkland.com]
>KIRKLAND & ELLIS LLP
>Citigroup Center
>153 E. 53rd Street
>New York, NY 10022
>(212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

                **YOUNG CONAWAY STARGATT & TAYLOR LLP**

/s/ Karen L. Pascale
_____
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*