# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | : |
| Plaintiff, | : |
| | :      C.A. No. 06-774-JJF |
| v. | : |
| PAR PHARMACEUTICAL, INC., | :      **REDACTED - PUBLIC VERSION** |
| Defendant. | : |

---

## DECLARATION OF JAMES K. STRONSKI IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANT'S NOTICE OF DEPOSITION TO RELIANT PURSUANT TO RULE 30(b)(6)

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.: (302) 571-6600
Fax: (302) 571-1253

- and -

**FROMMER LAWRENCE & HAUG LLP**
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

February 25, 2008

00525156.DOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RELIANT PHARMACEUTICALS, INC.,     :

      Plaintiff,     :

      v.     :    C.A. No. 06-774-JJF

PAR PHARMACEUTICAL, INC.,     :    **REDACTED - PUBLIC VERSION**

      Defendant.     :

## DECLARATION OF JAMES K. STRONSKI IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANT'S NOTICE OF DEPOSITION TO RELIANT PURSUANT TO RULE 30(b)(6)

I, James K. Stronski, declare:

1.     I am a partner in the law firm of Frommer Lawrence & Haug LLP ("FLH"),

counsel for defendant Par Pharmaceutical, Inc. ("Par"). I submit this declaration in support of

Defendant's Opposition to Plaintiff's Motion for a Protective Order Regarding Defendant's

Notice of Deposition to Reliant Pursuant to Rule 30(b)(6). I have personal knowledge of the

facts set forth in this declaration, or I believe them to be true based upon my investigation and

information provided to me by other knowledgeable persons.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Par's Notice of

Deposition of Reliant Pharmaceuticals, Inc. ("Reliant") Pursuant to Fed. R. Civ. P. 30(b)(6)

served December 21, 2007.

3.     Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff Reliant's

Objections and Responses to Par's Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6)

served January 15, 2008.

00525156.DOC

4.     Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff Reliant's Response to Par's First Set of Interrogatories served June 11, 2007.

5.     Attached hereto as Exhibit 4 is a true and correct copy of Par's Objections and Responses to Plaintiff's First Set of Interrogatories served June 18, 2007.

6.     Attached hereto as Exhibit 5 is a true and correct copy of a Notice of Withdrawal of Motion filed September 14, 2007.

7.     Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff Reliant's Supplemental Responses to Par's First Set of Interrogatories served September 24, 2007.

8.     Attached hereto as Exhibit 7 is a true and correct copy of Reliant's Amended Complaint filed January 26, 2007 (without attachment).

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 25th day of February, 2008, at New York, New York.

James K. Stronski

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on March 3, 2008, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

>   Jack B. Blumenfeld [jbbefiling@mnat.com]
>   Maryellen Noreika [menefiling@mnat.com]
>   MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>   1201 North Market Street
>   P.O. Box 1347
>   Wilmington, DE 19899
>   (302) 658-9200

I further certify that on March 3, 2008, I caused a copy of the foregoing document to be

served on the above-listed counsel and on the following non-registered participants in the

manner indicated:

>   ### By E-Mail
>
>   Jack B. Blumenfeld [jblumenfeld@mnat.com]
>   Maryellen Noreika [mnoreika@mnat.com]
>   MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>   1201 North Market Street
>   P.O. Box 1347
>   Wilmington, DE 19899
>   (302) 658-9200
>
>   ### By E-Mail
>
>   John Desmarais [jdesmarais@kirkland.com]
>   Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
>   Christine Willgoos [cwillgoos@kirkland.com]
>   William T. Vuk [wvuk@kirkland.com]
>   KIRKLAND & ELLIS LLP
>   Citigroup Center
>   153 E. 53rd Street
>   New York, NY 10022
>   (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., | : |
| Plaintiff, | : |
| v. | :    C.A. No. 06-774-JJF |
| PAR PHARMACEUTICAL, INC., | : |
| Defendant. | : |

## NOTICE OF DEPOSITION OF RELIANT PHARMACEUTICALS, INC.
### PURSUANT TO FED. R. CIV. P. 30(b)(6)

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Par Pharmaceutical, Inc. ("Par") will take the oral deposition of Reliant Pharmaceuticals, Inc. ("Reliant") at the offices of Frommer Lawrence & Haug LLP, 745 Fifth Avenue, New York, NY 10151 beginning at 9:00 a.m. on February 6, 2008, or at such other time and location as is mutually agreeable. The topics for the deposition are set forth in Exhibit A attached hereto.

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Reliant is advised that is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth in attached Exhibit A. No less than five business days before the scheduled deposition date, Reliant is requested to designate in writing to Par the names of the persons who will testify on its behalf, specifying the matters on which each person will testify.

00502884.DOC

The deposition will be taken in accordance with the Federal Rules of Civil Procedure before an official authorized to administer oaths under the laws of the United States, and shall continue from day to day until completed. This deposition may be recorded by any means permitted under the Federal Rules of Civil Procedure, including audio, audio-visual, and/or stenographic means.

Plaintiff's counsel is invited to attend and cross-examine.

FROMMER LAWRENCE & HAUG LLP

December 21, 2007

Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

- and -

YOUNG CONAWAY STARGATT & TAYLOR LLP
Josy W. Ingersoll (No. 1088)
Karen L. Pascale (No. 2903)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.: (302) 571-6600
Fax: (302) 571-1253

*Attorneys for Defendant, Par Pharmaceutical, Inc.*

2

**EXHIBIT A**

In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, the deponent, Reliant Pharmaceuticals, Inc. ("Reliant"), has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf with respect to the matters set forth below. No less than five business days before the scheduled deposition date, Reliant is requested to designate in writing to Par Pharmaceutical, Inc. ("Par") the names of the person(s) who will testify on Reliant's behalf with respect to each of the following categories:

1.    The factual bases for Reliant's contention or belief that the proposed propafenone HCl SR capsules that are the subject of Par's Abbreviated New Drug Application ("ANDA") No. 78-540 ("Par's accused products") infringe any claim of U.S. Patent No. 5,681,588 ("the '588 patent").

2.    Any pre-suit investigation by or on behalf of Reliant to determine if Par's accused products infringe any claim of the '588 patent.

3.    The decision to sue Par for infringement of the '588 patent.

4.    The factual bases for Reliant's contention or belief that Par's conduct warrants that this be declared an exceptional case pursuant to 35 U.S.C. § 285.

5.    Any investigations, threats to sue, or actual lawsuits by Reliant or any other party concerning infringement of the '588 patent by any product other than Par's accused products.

6.    Reliant's plans or strategies for delaying generic competition for Rythmol® SR.

7.    The planning, preparation, filing, and approval process for New Drug Application ("NDA") No. 21-416, including clinical trials, amendments, supplements, and annual reports.

8.    Reliant's acquisition of Rythmol® SR and the '588 patent from Abbott Laboratories, Inc. ("Abbott"), including but not limited to the decision to seek to acquire Rythmol® SR and the '588 patent, the considerations that went into the decision to acquire Rythmol® SR and the '588 patent, communications with Abbott concerning the acquisition of Rythmol® SR and the '588 patent, the negotiations of the acquisition of Rythmol® SR and the '588 patent, and any due diligence conducted in connection with the acquisition of Rythmol® SR and the '588 patent.

9.    The factual bases for Reliant's contention or belief that claims in the '588 patent cover or read on Rythmol® SR.

10. The factual bases for Reliant's contention or belief that secondary indicia of non-obviousness (including commercial success, failure of others, long-felt need, acquiescence, and copying) "buttress the statutory presumption of validity of the '588 patent," including the nexus between these secondary indicia of non-obviousness and the claimed subject matter of the '588 patent.

11. The research and development resulting in and testing of each invention claimed in the '588 patent.

12. The conception and reduction to practice of each invention claimed in the '588 patent.

13. The first sale, offer for sale, description in a printed publication, and/or disclosure to a person other than the inventors of each invention claimed in the '588 patent.

14. The preparation and prosecution of the patent application that issued as the '588 patent.

15. The technical field of art to which the '588 patent pertains.

16. The level of ordinary skill in the art to which the '588 patent pertains at the time the inventions claimed in the '588 patent were made.

17. The total amount of revenue from sales of Rythmol® SR as well as the revenue each year from sales of that product.

18. The total gross profit and total net profit from sales of Rythmol® SR as well as the gross profit and net profit each year from sales of that product.

19. The marketing, advertising, and sales promotion activities for Rythmol® SR.

20. The total amount spent on marketing, advertising, and sales promotion for Rythmol® SR as well as the amount spent each year on marketing, advertising, and sales promotion for that product.

21. The nature and substance of all searches made by or on behalf of Reliant to locate documents and things responsive to Par's first and second sets of document requests.

## CERTIFICATE OF SERVICE

I, John G. Taylor, Esq., hereby certify that on December 21, 2007, I caused a true and correct copy of the foregoing *Notice of Deposition of Reliant Pharmaceuticals, Inc. Pursuant to Fed. R. Civ. P. 30(b)(6)* to be served upon the following counsel of record in the manner indicated:

### By E-Mail and First Class Mail

John Desmarais [jdesmarais@kirkland.com]
Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
Christine Willgoos [cwillgoos@kirkland.com]
William T. Vuk [wvuk@kirkland.com]
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

### By E-Mail

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Maryellen Noreika [mnoreika@mnat.com]
MORRIS NICHOLS ARSHT & TUNNELL
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

FROMMER LAWRENCE & HAUG LLP

Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
*Attorneys for Defendant, Par Pharmeceutical, Inc.*

3

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC.,    ) | |
|        Plaintiff,       ) | |
|                  ) | |
|        v.            ) | C.A. No. 06-774 (JJF) |
|                  ) | |
| PAR PHARMACEUTICAL, INC.,    ) | |
|        Defendant.    ) | |

## PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO PAR PHARMACEUTICAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Federal Rules of Civil Procedure 26 and 30, plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") makes the following objections and responses to defendant Par Pharmaceutical, Inc.'s ("Par's") Notice Of Deposition Of Reliant Pharmaceuticals, Inc. Pursuant To Fed. R. Civ. P. 30(b)(6) ("Par's Rule 30(b)(6) Notice").

## PLAINTIFF'S GENERAL OBJECTIONS TO PAR'S RULE 30(b)(6) NOTICE

Reliant makes the following general objections to Par's Rule 30(b)(6) Notice ("General Objections"), which General Objections are hereby incorporated by reference and made part of its response to each topic set forth in Par's Rule 30(b)(6) Notice:

1.       Reliant objects to Par's Rule 30(b)(6) Notice to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Any production made by Reliant in response to Par's Rule 30(b)(6) Notice is made without waiver of, and with preservation of, the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. The production of any witness(es) is made without waiver of, and with preservation of, the right to

withhold any information subject to any such privilege or immunity and/or any information

discovered to be subject to any such privilege or immunity during the course of the deposition.

      2.      Reliant objects to Par's Rule 30(b)(6) Notice to the extent Par's Rule

30(b)(6) Notice and noticed topics are inconsistent with the Federal Rules, the Court's

Scheduling Order, the Court's Local Rules, or agreements of counsel.

      3.      Reliant objects to every deposition topic to the extent each topic seeks

Reliant's contentions. In the District of Delaware, a Rule 30(b)(6) deposition requesting a party

to present its contentions is improper. *Axiohm IPS, Inc. v. Epson Am., Inc.*, C.A. No. 00-420-

SLR, at 4 (D. Del. Mar. 28, 2001). As Judge Stapleton noted:

> It has been the consistent position of this Court that a lay person shouldn't be
> required to formulate a party's contention in response to deposition questions and
> that not even a lawyer should be required to formulate a trial strategy and
> contentions in immediate response to questions on deposition. And it has
> accordingly been the consistent practice to require that the contention discovery,
> which is clearly permissible and very constructive in narrowing the issues, but to
> confine it to interrogatories to a party, period.

*Tiegel Manu Co. v. Globe Union, Inc.*, C.A. No. 84-483, at 14 (D. Del. Oct. 5, 1984). *Accord*

*McKesson Info. Solutions LLC v. The TriZetto Group, Inc.*, C.A. No. 04-1258-SLR, at 21 (D.

Del. Aug. 2, 2005); *Elf Atochem North America, Inc. v. Libbey-Owens Ford, Co. Inc.*, C.A. No.

94-670-RRM, at 34-35 (D. Del. Feb. 24, 1995).

      A Rule 30(b)(6) deposition notice that seeks all of the "facts" supporting a party's

claim targets contentions. "[I]nserting of the word 'facts' doesn't make [a deposition topic] less

of an effort to get at what is essentially the legal position of the party . . . ." *Pharmacia &*

*Upjohn Co. v. Sicor, Inc.*, C.A. No. 04-833-KAJ, at 36 (D. Del. Oct. 11, 2005); *ArthoCare Corp.*

*v. Smith & Nephew, Inc.*, C.A. No. 01-504-SLR, at 13-14 (D. Del. Oct. 15, 2002).

4.    Reliant objects to every deposition topic to the extent each topic seeks information, documents or things that are not in Reliant's possession, custody or control.

5.    Reliant objects to every deposition topic to the extent each topic seeks information, documents and things that are confidential information of third parties.

6.    Reliant objects to every deposition topic to the extent each topic seeks information, documents or things that are not described with reasonable particularity.

7.    Reliant objects to every deposition topic to the extent each topic seeks information, documents and things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

8.    Reliant objects to every deposition topic to the extent each topic seeks information, documents and things already produced by Reliant through other depositions, responses to interrogatories and documents produced in this matter.

9.    Reliant objects to every deposition topic to the extent each topic seeks information, documents and things that are otherwise cumulative or duplicative, already in the possession, control, or custody of Par, or obtainable by Par from a more convenient, less burdensome or less expensive source.

10.    Reliant objects to every deposition topic to the extent each topic is overboard and unduly burdensome and purports to impose requirements beyond those set forth in the Federal Rules or the Court's Local Rules.

11.    Reliant objects to every deposition topic to the extent each topic assumes facts or obligations contrary to evidence or otherwise unsupported by facts or application of law.

3

## PLAINTIFF'S SPECIFIC OBJECTIONS AND RESPONSES TO PAR'S RULE 30(B)(6) NOTICE

### REQUEST FOR DEPOSITION TOPIC NO. 1:

The factual bases for Reliant's contention or belief that the proposed propafenone HCl SR capsules that are the subject of Par's Abbreviated New Drug Application ("ANDA") No. 78-540 ("Par's accused products") infringe any claim of U.S. Patent No. 5,681,588 ("the '588 patent").

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 1:

Reliant objects to this topic because it seeks Reliant's contentions. *See* General

Objection No. 3.

For these reasons and those set forth in its General Objections, Reliant will not

produce a witness to answer questions regarding Topic 1.

### REQUEST FOR DEPOSITION TOPIC NO. 2:

Any pre-suit investigation by or on behalf of Reliant to determine if Par's accused products infringe any claim of the '588 patent.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 2:

In addition to each of the foregoing General Objections, Reliant objects to this

topic to the extent it seeks information protected by the attorney-client privilege, attorney work

product doctrine, or any other applicable privilege or immunity.

Because each and every question asked pursuant to this topic will likely seek

information subject to the attorney-client privilege or attorney work product doctrine, Reliant

does not believe it is necessary to produce a witness to answer questions regarding Topic 2.

### REQUEST FOR DEPOSITION TOPIC NO. 3:

The decision to sue Par for infringement of the '588 patent.

4

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 3:**

In addition to each of the foregoing General Objections, Reliant objects to this topic to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.

Because each and every question asked pursuant to this topic will likely seek information subject to the attorney-client privilege or attorney work product doctrine, Reliant does not believe it is necessary to produce a witness to answer questions regarding Topic 3.

**REQUEST FOR DEPOSITION TOPIC NO. 4:**

The factual bases for Reliant's contention or belief that Par's conduct warrants that this be declared an exceptional case pursuant to 35 U.S.C. § 285.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 4:**

Reliant objects to this topic because it seeks Reliant's contentions. *See* General Objection No. 3.

For these reasons and those set forth in its General Objections, Reliant will not produce a witness to answer questions regarding Topic 4.

**REQUEST FOR DEPOSITION TOPIC NO. 5:**

Any investigations, threats to sue, or actual lawsuits by Reliant or any other party concerning infringement of the '588 patent by any product other than Par's accused products.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 5:**

Reliant incorporates its responses and objections set forth in its General Objections.

**REQUEST FOR DEPOSITION TOPIC NO. 6:**

      Reliant's plans or strategies for delaying generic competition for Rythmol® SR.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 6:**

      In addition to each of the foregoing General Objections, Reliant objects to this topic as vague, ambiguous and uncertain to the extent that the phrase "delaying generic competition" is undefined.

**REQUEST FOR DEPOSITION TOPIC NO. 7:**

      The planning, preparation, filing, and approval process for New Drug Application ("NDA") No. 21-416, including clinical trials, amendments, supplements, and annual reports.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 7:**

      In addition to each of the foregoing General Objections, Reliant objects to this topic to the extent that it seeks information not within Reliant's possession, custody and control.

**REQUEST FOR DEPOSITION TOPIC NO. 8:**

      Reliant's acquisition of Rythmol® SR and the '588 patent from Abbott Laboratories, Inc. ("Abbott"), including but not limited to the decision to seek to acquire Rythmol® SR and the '588 patent, the considerations that went into the decision to acquire Rythmol® SR and the '588 patent, communications with Abbott concerning the acquisition of Rythmol® SR and the '588 patent, the negotiations of the acquisition of Rythmol® SR and the '588 patent, and any due diligence conducted in connection with the acquisition of Rythmol® SR and the '588 patent.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 8:**

      In addition to each of the foregoing General Objections, Reliant objects to this topic on the grounds that it seeks privileged advice provided by Par's counsel in its representation of Reliant in a substantially related matter. *See, e.g.*, D.I. 95, 138.

For these reasons and those set forth its General Objections, Reliant will not

produce a witness to answer questions regarding Topic 8.

**REQUEST FOR DEPOSITION TOPIC NO. 9:**

The factual bases for Reliant's contention or belief that claims in the '588 patent
cover or read on Rythmol® SR.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 9:**

Reliant objects to this topic because it seeks Reliant's contentions. *See* General

Objection No. 3. Reliant also objects to this topic on the grounds that it seeks privileged advice

provided by Par's counsel in its representation of Reliant in a substantially related matter. *See*

D.I. 95. Reliant further objects to this topic on the grounds that Par has represented to the Court

that "[w]hether Rythmol is covered by the claims of the '588 patent (or any other patent) is not

relevant to the issue of whether Par's proposed products infringe the '588 patent" and that

"whether Rythmol is covered by the claims of the '588 patent, or any other prior art reference, is

irrelevant to determining if the '588 patent is valid." *See* D.I. 118 at 28-29.

For these reasons and those set forth its General Objections, Reliant will not

produce a witness to answer questions regarding Topic 9.

**REQUEST FOR DEPOSITION TOPIC NO. 10:**

The factual bases for Reliant's contention or belief that secondary indicia of non-
obviousness (including commercial success, failure of others, long-felt need, acquiescence, and
copying) "buttress the statutory presumption of validity of the '588 patent," including the nexus
between these secondary indicia of non-obviousness and the claimed subject matter of the '588
patent.

7

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 10:**

        Reliant objects to this topic as improperly requesting Reliant to disprove

invalidity when Par bears the burden of proving invalidity by clear and convincing evidence. *See*

*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004).

Reliant further objects to this topic because it seeks Reliant's contentions. *See* General

Objection No. 3.

        For these reasons and those set forth its General Objections, Reliant will not

produce a witness to answer questions regarding Topic 10.

**REQUEST FOR DEPOSITION TOPIC NO. 11:**

        The research and development resulting in and testing of each invention claimed
in the '588 patent.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 11:**

        In addition to each of the foregoing General Objections, Reliant objects to this

topic to the extent that it seeks information not within its possession, custody and control. As

Par is well aware, Reliant acquired the '588 patent, Rythmol® SR and NDA 21-416 from Abbott

Laboratories, Inc. after issuance of the patent and approval of the NDA.

**REQUEST FOR DEPOSITION TOPIC NO. 12:**

        The conception and reduction to practice of each invention claimed in the '588
patent.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 12:**

        Reliant objects to this topic as improperly requesting Reliant to disprove

invalidity when Par bears the burden of proving invalidity by clear and convincing evidence. *See*

*Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004); *see also Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576-77 (Fed. Cir. 1996) (explaining that patentee bears burden to prove dates of conception and reduction to practice only after opponent offers evidence alleging prior art under 35 U.S.C. § 102(a)). Reliant further objects to this topic on the grounds that it seeks information not within its possession, custody and control. As Par is well aware, Reliant acquired the '588 patent from Abbott Laboratories, Inc. after issuance of the patent.

For these reasons and those set forth in its General Objections, Reliant will not produce a witness to answer questions regarding Topic 12.

## REQUEST FOR DEPOSITION TOPIC NO. 13:

The first sale, offer for sale, description in a printed publication, and/or disclosure to a person other than the inventors of each invention claimed in the '588 patent.

## RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 13:

In addition to each of the foregoing General Objections, Reliant objects to this topic as improperly requesting Reliant to disprove invalidity when Par bears the burden of proving invalidity by clear and convincing evidence. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004).

## REQUEST FOR DEPOSITION TOPIC NO. 14:

The preparation and prosecution of the patent application that issued as the '588 patent.

9

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 14:**

Reliant objects to this topic on the grounds that it seeks information not within its possession, custody and control. As Par is well aware, Reliant acquired the '588 patent from Abbott Laboratories, Inc. after the issuance of the patent.

For these reasons and those set forth in its General Objections, Reliant will not produce a witness to answer questions regarding Topic 14.

**REQUEST FOR DEPOSITION TOPIC NO. 15:**

The technical field of art to which the '588 patent pertains.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 15:**

Reliant objects to this topic because it seeks Reliant's contentions. *See* General Objection No. 3. Reliant further objects to this topic because it prematurely seeks expert opinions prior to the time scheduled for expert discovery as set forth in the Court's March 28, 2007 Scheduling Order. *See* D.I. 27.

For these reasons and those set forth in its General Objections, Reliant will not produce a witness to answer questions regarding Topic 15.

**REQUEST FOR DEPOSITION TOPIC NO. 16:**

The level of ordinary skill in the art to which the '588 patent pertains at the time the inventions claimed in the '588 patent were made.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 16:**

Reliant objects to this topic because it seeks Reliant's contentions. *See* General Objection No. 3. Reliant further objects to this topic because it prematurely seeks expert

opinions prior to the time scheduled for expert discovery as set forth in the Court's March 28, 2007 Scheduling Order. *See* D.I. 27.

For these reasons and those set forth in its General Objections, Reliant will not produce a witness to answer questions regarding Topic 16.

### REQUEST FOR DEPOSITION TOPIC NO. 17:

The total amount of revenue from sales of Rythmol® SR as well as the revenue each year from sales of that product.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 17:

In addition to each of the foregoing General Objections, Reliant objects to this topic as overly broad, unduly burdensome and calling for information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information related to sales outside of the United States.

### REQUEST FOR DEPOSITION TOPIC NO. 18:

The total gross profit and total net profit from sales of Rythmol® SR as well as the gross profit and net profit each year from sales of that product.

### RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 18:

In addition to each of the foregoing General Objections, Reliant objects to this topic as overly broad, unduly burdensome and calling for information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information related to sales outside of the United States.

11

**REQUEST FOR DEPOSITION TOPIC NO. 19:**

The marketing, advertising, and sales promotion activities for Rythmol® SR.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 19:**

Reliant incorporates its responses and objections set forth in its General

Objections.


**REQUEST FOR DEPOSITION TOPIC NO. 20:**

The total amount spent on marketing, advertising, and sales promotion for
Rythmol® SR as well as the amount spent each year on marketing, advertising, and sales
promotion for that product.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 20:**

In addition to each of the foregoing General Objections, Reliant objects to this

topic as overly broad, unduly burdensome and calling for information that is neither relevant to

any claim or defense in this action nor reasonably calculated to lead to the discovery of

admissible evidence to the extent it seeks information related to sales outside of the United

States.


**REQUEST FOR DEPOSITION TOPIC NO. 21:**

The nature and substance of all searches made by or on behalf of Reliant to locate
documents and things responsive to Par's first and second sets of document requests.

**RESPONSE TO REQUEST FOR DEPOSITION TOPIC NO. 21:**

Reliant incorporates its responses and objections set forth in its General

Objections.

January 15, 2008

Jack B. Blumenfeld (No. 1014)
Maryellen Noreika (No. 3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
Shane Cortesi
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800
*Attorneys for Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2008, a copy of PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO PAR PHARMACEUTICAL, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) was served on counsel for Par Pharmaceutical, Inc. as follows:

### BY FEDEX and ELECTRONIC MAIL

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

### BY ELECTRONIC MAIL

Karen Keller, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

Shane Cortesi
scortesi@kirkland.com

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RELIANT PHARMACEUTICALS, INC.,        )
                                      )
                Plaintiff,            )
                                      )
        v.                            )        C.A. No. 06-774 (JJF)
                                      )
PAR PHARMACEUTICAL, INC.,             )
                                      )
                Defendant.            )

### PLAINTIFF RELIANT PHARMACEUTICALS, INC.'S RESPONSE TO PAR PHARMACEUTICAL, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1, Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") makes the following objections and responses to Defendant Par Pharmaceutical, Inc.'s ("Par") First Set Of Interrogatories.

Pursuant to Federal Rule of Civil Procedure 26(e), Reliant reserves the right to supplement its responses if it learns additional information.

### OBJECTIONS

Reliant makes the following general objections to Par's First Set Of Interrogatories ("General Objections"), which General Objections are hereby incorporated by reference and made part of its response to each and every interrogatory:

1.      Reliant objects to Par's "Definitions and Instructions" to the extent that they purport to impose obligations or requirements in addition to or different from those imposed by the Federal Rules of Civil Procedure or Local Rules.

2.      Reliant objects to Par's "Definitions and Instructions" to the extent that they purport to alter the plain meaning or scope of any interrogatory, on the ground that such alteration renders the interrogatory vague, ambiguous, and uncertain.

3.     Reliant objects to Par's definition of "Reliant" and "Plaintiff" as overly broad to the extent that it purports to include individuals, corporations or entities over which Reliant has no control.

4.     Reliant objects to Par's definition of "document" to the extent that it purports to impose obligations or requirements in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

5.     Reliant objects to Par's definition of "thing" to the extent that it purports to impose obligations or requirements in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules.

6.     Reliant objects to Par's definition of "possession," "custody" and "control" as overly broad to the extent that it purports to include individuals, corporations or entities over which Reliant has no control.

7.     Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.  Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege or immunity.

8.     Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that are not in Reliant's possession, custody or control.

9.     Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that contain trade secret or other confidential, research, development or commercial information prior to the issuance of a Protective Order in this action.

2

10.  Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents and things that are confidential information of third parties.

11.  Reliant objects to Par's First Set of Interrogatories as vague, ambiguous and uncertain to the extent that they seek information, documents or things that are not described with reasonable particularity.

12.  Reliant objects to Par's First Set of Interrogatories to the extent that they seek information, documents or things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

13.  Reliant objects to Par's First Set of Interrogatories to the extent that they seek "each," "every," "all," or "any" document or thing requested, and thus purport to impose obligations in addition to, or different from, those imposed by the Federal Rules of Civil Procedure or the Local Rules.

14.  Reliant objects to Par's First Set of Interrogatories to the extent that they purport to seek information generated after November 7, 2006. Except for information related to secondary indicia of non-obviousness, Reliant will not provide any information generated after November 7, 2006 unless and until Par demonstrates the purported relevance of such information and/or how it is reasonably calculated to lead to the discovery of admissible evidence.

15.  Reliant objects to Par's First Set of Interrogatories to the extent that they contain discrete subparts which should be counted as separate interrogatories pursuant to Federal Rule of Civil Procedure 33. Plaintiffs reserve the right to object to further interrogatories from Par as in excess of the number allowed by the Court's Rule 16 Scheduling Order.

16.  Reliant objects to Par's First Set of Interrogatories to the extent that they purport to require Reliant to produce information to Frommer Lawrence & Haug LLP, Reliant's

former counsel and counsel to Par in this substantially related matter, prior to the Court's decision on Reliant's Motion for Disqualification.

17.     Reliant incorporates herein by reference the objections made in response to Par's First Set Of Requests For The Production Of Documents And Things.

### RESPONSE TO INTERROGATORIES

#### Interrogatory No. 1

Identify each person who has knowledge or information concerning the conception, testing, analysis, investigation, examination, research, formulation, development, measurement, analysis, inspection, manufacture, production, marketing, sale, distribution, or regulatory history of any invention in the '588 patent or any product according to NDA 21-416, including but not limited to each person who has knowledge or information about any amendments, supplements, additions, or annual reports for NDA 21-416.

#### Response to Interrogatory No. 1

Reliant objects to this interrogatory as overly broad and unduly burdensome in that it seeks information, documents or things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this interrogatory to the extent that it seeks information, documents and things that are not in Reliant's possession, custody or control. Reliant objects to this interrogatory as vague and ambiguous as to the terms "measurement" and "inspection." Reliant also objects to this interrogatory to the extent that it purports to impose burdens on Reliant that are greater than, or different from, those set forth in the Federal Rules of Civil Procedure or the Local Rules. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

Reliant acquired the '588 patent from Abbott Laboratories in or about December 2003.  On information and belief, persons with knowledge of the conception, formulation, development and testing of the inventions of the '588 patent include Karl Kolter, Helmut Frike,

Volker Bueller and/or Herbert Mueller-Peltzer. Drs. Kolter, Frike, Bueller and Mueller-Peltzer should be contacted solely through counsel for Reliant.

Reliant acquired NDA 21-416 from Abbott Laboratories in or about December 2003. Persons with knowledge concerning the regulatory aspects of NDA 21-416 include Reliant's Senior Vice President of Medical Affairs, Steven Ketchum. Persons with knowledge concerning the marketing and sale of Rythmol® SR, the trade name of the products described in NDA 21-416, include Reliant's Senior Vice President of Sales & Marketing, Vince Angotti. Persons with knowledge concerning the manufacturing and production of Rythmol® SR include Reliant's Senior Director of QA/QC, Godfrey Baker.

**Interrogatory No. 2**

Identify each person who has knowledge or information concerning any testing, analysis, investigation, inspection, examination, or measurement of (i) any product according to ANDA 78-540, (ii) any method of using a product according to ANDA 78-540, or (iii) any other product, or method of using any other product, accused of infringing the '588 patent.

**Response to Interrogatory No. 2**

Reliant objects to this interrogatory as overly broad, vague and ambiguous to the extent that it purports to seek information that is not within Reliant's possession, custody or control. Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Reliant further objects to this interrogatory as premature in that it seeks expert opinions prior to the time set by the Scheduling Order for expert discovery. Reliant will submit its expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

**Interrogatory No. 3**

Describe (by way of a claim chart) the bases for Reliant's infringement assertions at the time it filed the Complaint and, if different, at the present time, as follows: Identify each claim of the '588 patent that Reliant contends any product according to ANDA 78-540 has infringed or is infringing either directly or indirectly, state whether such alleged infringement is literal or under the doctrine of equivalents, and describe the complete factual basis and evidentiary support for the presence of each element of each asserted claim either literally or by way of a substantial equivalent and identify the three individuals most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 3**

Reliant objects to this interrogatory to the extent that it purports to seek a response

in a form not required by the Federal Rules of Civil Procedure or the Local Rules. Reliant

objects to this interrogatory to the extent that it seeks information, documents or things that are

protected by the attorney-client privilege, attorney work product doctrine, or any other applicable

privilege or immunity. Reliant also objects to this interrogatory as premature in that it seeks

Reliant's proposed claim constructions prior to the time set by the Scheduling Order for claim

construction. Reliant further objects to this interrogatory as premature in that it seeks expert

opinions prior to the time set by the Scheduling Order for expert discovery. Reliant will submit

its claim construction statements and expert reports at the appropriate time pursuant to the Rule

16 Scheduling Order or other orders of the Court.

Subject to the foregoing objections and the General Objections set forth above,

Reliant responds as follows. Reliant preliminarily asserts that Par's proposed products according

to ANDA 78-540 infringe claims 1-5 of the '588 patent. Reliant reserves the right to amend its

answer to this interrogatory as fact and expert discovery proceed in this action.

**Interrogatory No. 4**

Describe (by way of a claim chart) Reliant's construction of the claims of the '588 patent, as follows: For each claim of the '588 patent that Reliant contends any product according to ANDA 78-540 has infringed or is infringing either literally or under the doctrine of

equivalents, state Reliant's interpretation of each claim limitation, identify all evidence intrinsic to the '588 patent that supports Reliant's interpretation, and identify all evidence extrinsic to the '588 patent that either supports or refutes Reliant's interpretation. For each claim term, phrase, and element that Reliant asserts should be assigned its ordinary meaning, state that meaning, specify all bases for Reliant's assertion, identify all supporting evidence, and identify the three individuals most knowledgeable about the information requested in this interrogatory.

### Response to Interrogatory No. 4

Reliant objects to this interrogatory to the extent that it purports to seek a response in a form not required by the Federal Rules of Civil Procedure or the Local Rules. Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Reliant also objects to this interrogatory as premature in that it seeks Reliant's proposed claim constructions prior to the time set by the Scheduling Order for claim construction. Reliant further objects to this interrogatory as premature in that it seeks expert opinions prior to the time set by the Scheduling Order for expert discovery. Reliant will submit its claim construction statements and expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows. Reliant preliminarily asserts that Par's proposed products according to ANDA 78-540 infringe claims 1-5 of the '588 patent. Reliant reserves the right to amend its answer to this interrogatory as fact and expert discovery proceed in this action.

### Interrogatory No. 5

For each claim in the '588 patent, specify the dates on which the claimed subject matter was (i) conceived, (ii) reduced to practice, (iii) first described in a document, and (iv) first disclosed to a person other than the inventors; (v) first sold; (vi) first offered for sale; (vii) first described in a printed publication anywhere in the world; and (viii) first publicly used in the United States. Identify all supporting documents, samples, investigations, tests, measurements, analyses, opinions, and testimony supporting each date, and identify the three individuals most knowledgeable about the information requested in this interrogatory.

7

**Response to Interrogatory No. 5**

      Reliant objects to this interrogatory as overly broad and unduly burdensome in that it seeks information, documents or things that are not relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Reliant objects to this interrogatory to the extent that it seeks information, documents and things that are not in Reliant's possession, custody or control. Reliant also objects to this interrogatory to the extent that it purports to impose burdens on Reliant that are greater than, or different from, those set forth in the Federal Rules.

      Reliant objects to this interrogatory as improperly requesting Reliant to disprove invalidity when Par bears the burden of proving invalidity by clear and convincing evidence. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004); *see also Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576-77 (Fed. Cir. 1996) (explaining that patentee bears burden to prove dates of conception and reduction to practice only after opponent offers evidence alleging prior art under 35 U.S.C. § 102(a)). Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

      The inventions of the '588 patent were conceived and reduced to practice at least as of April 3, 1993. On information and belief, persons with knowledge of the conception, reduction to practice and first disclosures of the inventions of the '588 patent include Karl Kolter, Helmut Frike, Volker Bueller and/or Herbert Mueller-Peltzer.

      Rythmol® SR, the commercial embodiment of the inventions of the '588 patent, was first offered for sale and sold in the United States in or about February 2004. Persons with knowledge of the first sale and offer for sale of Rythmol® SR in the U.S. include Reliant's Senior Vice President of Sales & Marketing, Vince Angotti.

**Interrogatory No. 6**

Describe the technical area(s) to which the '588 patent pertains including, but not limited to, a description of the level of schooling, experience, expertise, and relevant technical skill that a person having ordinary skill in the art would have had at the time the claimed invention was made. Identify the three individuals most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 6**

Reliant objects to this interrogatory as improperly requesting Reliant to disprove invalidity when Par bears the burden of proving invalidity by clear and convincing evidence. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004); *see also TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1266 (6th Cir. 1983) ("As with all the elements of the *John Deere* test, [defendant] has the burden of proof on the issue of ordinary skill."); *Water Techs. Corp. v. Calco, Ltd.*, 658 F. Supp. 961, 972 (N.D. Ill. 1986) ("The defendants have the burden of proving what is a person of ordinary skill in the art...it has been recognized to be the burden of the alleged infringer who asserts the affirmative defense to demonstrate to the court this level of skill."), *aff'd in pertinent part*, 850 F.2d 660 (Fed. Cir. 1988). Reliant also objects to this interrogatory as premature to the extent that it seeks expert testimony prior to the beginning of expert discovery in this action. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

The '588 patent is presumed by statute to be valid and Par cannot meet its burden of proof on invalidity. Reliant will submit its expert reports at the appropriate time pursuant to the Rule 16 Scheduling Order or other orders of the Court.

**Interrogatory No. 7**

Describe fully and with particularity all objective evidence of non obviousness (secondary indicia of non obviousness) concerning the claimed inventions of the '588 patent; specify all facts and all evidence supporting Reliant's contention that a nexus exists between the objective evidence of nonobviousness and the claimed subject matter; identify all supporting

documents, samples, investigations, tests, measurements, analyses, opinions, and testimony; and identify the three people most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 7**

Reliant objects to this interrogatory as improperly requesting Reliant to disprove invalidity when Par bear the burden of proving invalidity by clear and convincing evidence. *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1145 (Fed. Cir. 2004). Reliant further objects to this interrogatory as premature. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

The '588 patent is presumed by statute to be valid and Par cannot meet its burden of proof on invalidity. The claims of the '588 patent cover Reliant's commercially successful Rythmol® SR products. Reliant preliminarily identifies secondary indicia of non-obviousness concerning the claimed inventions of the '588 patent as commercial success, failure of others, long-felt need, acquiescence and copying.

**Interrogatory No. 8**

Identify all validity, infringement, or prior art searches or investigations that have ever been conducted by or on behalf of Reliant relating to the '588 patent including, but not limited to, who conducted the search or investigation, when it occurred, an identification of what was discovered in such search(es) or investigation(s), who received that information, when the search(es) were done, and any documents memorializing the search or investigation, conclusion, findings or documents relating thereto. Identify the three individuals most knowledgeable about the information requested in this interrogatory.

**Response to Interrogatory No. 8**

Reliant objects to this interrogatory to the extent that it seeks information, documents or things that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

10

Reliant's counsel at the time, Frommer, Lawrence & Haug, conducted prior art searches on Reliant's behalf in or about June through October 2003. The results of those searches are protected by the attorney-client privilege.

**Interrogatory No. 9**

Identify each person who had knowledge or information concerning the '287 patent prior to October 28, 1997, including, but not limited to, (i) the named inventors of the '588 patent; (ii) the attorneys and individuals associated with or representing Knoll Aktiengesellshaft during the prosecution of the '588 patent; (iii) the attorneys and individuals associated with or representing BASF Aktiengesellschaft during the prosecution of the '287 patent; (iv) individuals now employed, or at one time employed, by Reliant; (v) and any other persons associated with the filing and the prosecution of U.S. Patent Application Serial No. 08/525,749.

**Response to Interrogatory No. 9**

Reliant objects to this interrogatory as overly broad to the extent that it seeks information, documents and things of third parties over which Reliant has no possession, custody or control. Reliant further objects to this interrogatory to the extent that it purports to seek information or knowledge of every person ever employed by Reliant. Subject to the foregoing objections and the General Objections set forth above, Reliant responds as follows.

Reliant acquired the '588 patent in or about December 2003, after the patent was issued, and was not involved in the filing or prosecution of U.S. Patent Application Serial No. 08/525,749.

Reliant did not exist prior to October 28, 1997, and therefore, had no knowledge of the '287 patent prior to that date.

11

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_Maryellen Noreika_

Jack B. Blumenfeld (# 1014)
Maryellen Noreika (# 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

*Attorneys for Plaintiff*

June 11, 2007

12

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that copies of the foregoing were caused to

be served on June 11, 2007 upon the following in the manner indicated:

**VIA ELECTRONIC MAIL**
**and HAND DELIVERY**

Josy W. Ingersoll, Esquire
Karen L. Pascale, Esquire
Young, Conaway, Stargatt & Taylor
The Brandywine Building
1000 West Street
17th Floor
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
**and FEDERAL EXPRESS**

Edgar H. Haug, Esquire
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151

John B. Harris, Esquire
Stillman, Friedman & Shectman, P.C.
425 Park Avenue
New York, NY 10022

_____
Maryellen Noreika (# 3208)
mnoreika@mnat.com

# EXHIBIT 4

## REDACTED IN ITS ENTIRETY

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| | : | C.A. No. 06-774-JJF |
| v. | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |

## NOTICE OF WITHDRAWAL OF MOTION

Based upon the representations of counsel for plaintiff Reliant Pharmaceuticals, Inc. ("Reliant"), that Reliant will substantially complete document production on or before September 24, 2007, including specifically all Asset Purchase Agreement Documents, Third-Party Agreement Documents, Development Documents, Patent Prosecution Documents, and Organization Charts, and counsel's further representation that Reliant shall provide substantive responses to Par Interrogatory Nos. 3, 4, 5 and 7 (including an infringement claim chart and Reliant's full and current basis to assert claim constructions that support any of its infringement contentions), defendant Par Pharmaceutical, Inc. ("Par") hereby withdraws its Motion to Compel (D.I. 75) without prejudice to its renewal after September 24, 2007 and Par's right to follow up on any discovery deficiencies.

Accordingly, Par respectfully requests its Motion to Compel be removed from the Court's September 21, 2007 motion calendar.

September 14, 2007

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Tel.: (302) 571-6600
Fax: (302) 571-1253
*Attorneys for Defendant, Par Pharmaceutical, Inc.*

OF COUNSEL:

FROMMER LAWRENCE & HAUG LLP
Edgar H. Haug
James K. Stronski
John G. Taylor
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 14, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld [jbbefiling@mnat.com]
> Maryellen Noreika [menefiling@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on September 14, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ### *By E-Mail and Hand Delivery*
>
> Jack B. Blumenfeld [jblumenfeld@mnat.com]
> Maryellen Noreika [mnoreika@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> ### *By E-Mail*
>
> John Desmarais [jdesmarais@kirkland.com]
> Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
> Christine Willgoos [cwillgoos@kirkland.com]
> KIRKLAND & ELLIS LLP
> Citigroup Center
> 153 E. 53rd Street
> New York, NY 10022
> (212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

*/s/ Karen L. Pascale*

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391

*Attorneys for Defendant-Counterclaimant,*
*Par Pharmaceutical, Inc.*

# EXHIBIT 6

## REDACTED IN ITS ENTIRETY

# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-774-JJF |
| | ) | |
| PAR PHARMACEUTICAL, INC. | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff Reliant Pharmaceuticals, Inc., for its Amended Complaint against Defendant Par Pharmaceutical, Inc., hereby alleges as follows:

### PARTIES

1.    Plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") is a Delaware corporation having a principal place of business at 110 Allen Road, Liberty Corner, New Jersey 07938.

2.    Upon information and belief, Defendant Par Pharmaceutical, Inc. ("Par") is a Delaware Corporation having a principal place of business at 300 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

### NATURE OF ACTION

3.    This is a civil action for infringement of United States Patent No. 5,681,588 ("the '588 patent"). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Par because Par is a Delaware corporation, and because Par has had consistent and continuous contacts within this judicial district.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b), as Par resides in this judicial district.

## THE PATENT

7.    On October 28, 1997, the '588 patent, entitled "Delayed Release Microtablet of β-phenylpropiophenone Derivatives" was duly and legally issued to Knoll Aktiengesellschaft as assignee.    Plaintiff Reliant is the current assignee of the '588 patent. Reliant holds New Drug Application ("NDA") No. 21-416 on Rythmol® SR brand propafenone HCl extended release capsules, and is the exclusive distributor of Rythmol® SR in the United States.    Reliant has the right to sue and recover for any infringement of the '588 patent.    A copy of the '588 patent is attached hereto as Exhibit A.

## ACTS GIVING RISE TO THIS ACTION

8.    Upon information and belief, before November 7, 2006, Par submitted Abbreviated New Drug Application ("ANDA") No. 78-540 ("ANDA 78-540") to the United States Food and Drug Administration ("FDA") under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).    Upon information and belief, ANDA 78-540 seeks the FDA approval necessary for Par to engage in the commercial manufacture, use and sale of generic Propafenone HCl SR capsules, including generic 225 mg, 325 mg, and 425 mg Propafenone HCl SR capsules ("the Generic Products").    Upon information and belief, Par's ANDA 78-540

2

specifically seeks FDA approval to market the Generic Products prior to the expiration of the '588 patent.

9.    Upon information and belief, Par alleged, under § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, that the claims of the '588 patent are invalid, unenforceable and/or not infringed by the manufacture, use or sale of the Generic Products. Reliant received written notification of Par's ANDA, its § 505(j)(2)(A)(vii)(IV) allegations, and its intent to engage in the commercial manufacture, use and sale of generic Propafenone HCl SR 325 mg capsules on November 8, 2006.  On January 11, 2007, Reliant received written notification of Par's ANDA 78-540, its § 505(j)(2)(A)(vii)(IV) allegations, and its intent to engage in the commercial manufacture, use and sale of generic Propafenone HCl SR 225 mg, 325 mg, and 425 mg capsules.

10.    The submission of Par's ANDA to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegation, constitutes infringement of the '588 patent under 35 U.S.C. § 271(e)(2)(A).  Moreover, any commercial manufacture, use, offer to sell, sale or import of the Generic Products would further infringe the '588 patent under 35 U.S.C. § 271(a); (b) and/or (c).

11.    Reliant will be irreparably harmed by Par's infringing activities unless those activities are enjoined by this Court.  Reliant does not have an adequate remedy at law.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Reliant prays for judgment as follows:

A.    That Par has infringed the '588 patent;

B.    That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA 78-540 under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C.§ 355(j)) shall not be earlier than the expiration date of the '588 patent, including any extensions;

        C.      That Par, its officers, agents, servants and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling or importing any Generic Products, and any other product that infringes or induces or contributes to the infringement of the '588 patent, prior to the expiration of the '588 patent, including any extensions;

        D.      That Reliant be awarded monetary relief if Par commercially manufactures, uses, offers to sell, sells or imports any Generic Products, or any other product that infringes or induces or contributes to the infringement of the '588 patent, within the United States prior to the expiration of the '588 patent;

        E.      That, based on Par's conduct, this be declared an exceptional case pursuant to 35 U.S.C. § 285;

        F.      That Reliant be awarded the attorney fees, costs and expenses that it incurs prosecuting this action; and

        G      That Reliant be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (No. 1014)
Maryellen Noreika (No. 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff*

*Of Counsel:*

John Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

January 26, 2007
704600.1

4