IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RELIANT PHARMACEUTICALS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> PAR PHARMACEUTICAL, INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-774-JJF <br><br> REDACTED – <br> PUBLIC VERSION |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION
TO COMPEL DOCUMENTS RELATING TO CONSUMPTION,
DISPOSAL OR DESTRUCTION OF SAMPLES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jparrett@mnat.com
*Attorneys for Plaintiff*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

Original Filing Date: February 29, 2008
Redacted Filing Date: March 7, 2008

## SUMMARY OF ARGUMENT

At minimum, Par's internal documents and its recent representations suggest that Par consumed, disposed, or destroyed certain lots of its generic products *after Reliant requested samples from six different lots in November of 2006.* Reliant's requests for documents concerning such destruction, consumption or disposal have been met with Par's refusal to produce such documents, accompanied by a moving target of continually changing explanations as to how and why such lots may or may not exist. Accordingly, Reliant requests that the Court order Par to produce all documents relating to the consumption, disposal and destruction of its generic propafenone products, both for its submission batches and for its experimental batches.

The documents that Reliant requests are properly discoverable in this action. Par's lots of generic propafenone products are the best means by which Reliant can prove infringement of the '588 patent. Thus, Reliant is entitled to discover information concerning these lots of generic products, and is also entitled to samples of representative lots of Par's proposed generic products. Moreover, Par's internal documents produced to date suggest that some of these lots were consumed, disposed or destroyed, even *after* Reliant requested samples from these lots. Accordingly, documents concerning the potential intentional or inadvertent spoliation of this important evidence are reasonably calculated to lead to the discovery of admissible evidence.

Rather than provide Reliant with the documents it requested or provide a cohesive and unchanging explanation of whether the generic product lots exist or not, Par instead uses its opposition brief to accuse Reliant of discovery misconduct. Par's accusations are simply a red herring meant to distract from its own failure to produce documents. Reliant has not made any improper accusations or assumptions, it simply seeks a consistent and reliable means to resolve

the apparent inconsistencies between Par's representations and its contradictory internal documents.

Accordingly, Reliant requests that the Court grant its motion to compel.

## ARGUMENT

Par alleges that the documents that Reliant seeks are not relevant to any claim or defense of this action. Par is wrong. Par's ANDA seeks FDA approval of generic drug products that infringe Reliant's '588 patent. Accordingly, Reliant requested samples of Par's generic products that were submitted for FDA approval ("submission batches") as well as other proposed generic products that were referenced in the ANDA ("experimental batches"). Each of these submission and experimental samples are relevant to Par's infringement of the '588 patent, and indeed, are likely the best evidence Reliant may have to establish infringement. Thus, they are unquestionably relevant and proper subjects for discovery.

The documents Reliant seeks through this motion relate to the apparent destruction, consumption or disposal of these submission and experimental batches of Par's generic drugs. In particular, Par's internal document suggest that batches of drug product were destroyed, consumed or disposed of even *after* Reliant requested them for purposes of this litigation. This potential spoliation of important evidence – be it intentional, inadvertent or negligent – is a proper subject for discovery.

Par has refused to produce these relevant documents, and instead has presented Reliant, and now this Court, with continually changing representations regarding whether these submission and experimental batches even exist.

For example, in response to Reliant's inquiries regarding certain lots of submission samples, on October 16, 2007, Par "confirm[ed] that Par no longer has the samples mentioned in [Reliant's September 12, 2007] letter." D.I. 169 at Ex. 4. On February 5, 2008,

2

however, Par informed Reliant that Par had "samples from *some* of the lots and sublots identified in the documents cited in [Reliant's November 26 letter], while the others were consumed in normal course of testing and manufacturing." *Id.* at Ex. 5 (emphasis added).[1] In its responsive brief, Par now asserts that its February 5, 2008 letter informed Reliant that Par still has samples from each of the lots identified in Reliant's November 26 letter "with the *possible exception* of a few samples." D.I. 182 at 4 (emphasis added). Par makes no effort to explain the inconsistency regarding whether these samples exist or not.

Moreover, Par's opposition brief alleges that the submission lots that Par produced are identical to those which it did not produce (but apparently still has in its possession). *Id.* This assertion, however, is contradicted by Par's own documents, which show that individual lots are not identical and that Par did not treat lots identically for the purposes of attempting to obtain FDA approval. For example, **REDACTED**

Significantly, any variation, even a minor variation, between lots (even purported sublots from the same bulk lot) may be important in this case because Par claims that its products fall narrowly outside the range of active ingredient percentage claimed in the '588 patent.[2]

Par's other representations in its opposition brief are similarly contradicted by its previous representations or its internal documents. For example, Par represents to the Court that

---

[1] Par's documents refer to **REDACTED** Par offers no explanation why it now refers to individual lots as "sublots."

[2] Par alleges that its proposed generic products do not infringe because the active pharmaceutical ingredient content is 79% and the claims recite 81%. Thus, due to the small difference and the range of acceptance criteria for its generic products reflected in Par's ANDA, variation between "sublots" could impact Par's non-infringement defenses and Reliant's infringement proofs.

3

Par's experimental batches "are produced in small quantities for testing purposes and not otherwise retained in the normal course of business." D.I. 182 at 8, n.1. Par's representation is belied by the fact – not mentioned in its opposition brief – that Par inadvertently produced samples of one of its experimental batches and represented to Reliant that it was a submission batch. D.I. 169 at 3, n.2, Ex. 5. Moreoever, to the extent that experimental batches still exist at Par, Reliant is entitled to discover them because they are used as a comparator in Par's ANDA and may provide important information regarding one of Par's primary infringement defenses, *i.e.*, that its products contain a release delaying ancillary substance and thus do not infringe the patent.

Similarly, Par attempts to explain the inconsistencies between its internal documents and its representations by asserting that the internal e-mails indicate that samples *could be destroyed*, not that they were destroyed. Par makes an equivocal representation as to whether samples were destroyed; it hedges its bets by stating, at one point in its responsive brief, that "a few lots ... *may have been consumed* in the normal course of testing", and, at another point in the same brief, that "some of the capsules from [the bulk] lots *were consumed* in the normal course of testing." D.I. 182 at 4, 7 (emphasis added). Moreover, as alleged documentary support for its assertions, Par cites documents that pre-date by five months the internal documents suggesting destruction. *Compare* D.I. 183 at Ex. 6 *with* D.I. 169 at Exs. 6-8. Par's equivocal and inconsistent representations provide no assurances to Reliant, particularly because they change with each new inquiry Reliant makes.

In an effort to deflect from its own discovery deficiencies, Par accuses Reliant of dilatory tactics and making unfounded accusations. That is not so. Reliant promptly brought this motion to compel when it became apparent that Par would not produce the requested

4

documents by which Reliant could determine what happened to Par's submission and experimental drug batches. Moreover, Par's allegations that Reliant made unfounded accusations against Par are untrue. Reliant simply seeks to determine whether Par destroyed, consumed, or disposed of its generic propafenone samples, and if so, under what circumstances. Reliant should be permitted that discovery.

## CONCLUSION

For the foregoing reasons, Reliant respectfully requests that the Court grant its motion to compel.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ James W. Parrett, Jr.

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jparrett@mnat.com
*Attorneys for Plaintiff*

*Of Counsel:*

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

February 29, 2008

5

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Josy W. Ingersoll, Esquire
>YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on March 7, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Josy W. Ingersoll, Esquire<br>YOUNG, CONAWAY, STARGATT & TAYLOR<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL<br>and HAND DELIVERY* |
| John G. Taylor, Esquire<br>James K. Stronski, Esquire<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, NY 10151 | *VIA ELECTRONIC MAIL* |

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)