IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-774 (JJF) |
| v. | ) | |
| | ) | **PUBLIC VERSION** |
| PAR PHARMACEUTICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RELIANT PHARMACEUTICALS, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO COMPEL
PAR PHARMACEUTICAL, INC. TO PRODUCE
DOCUMENTS OF JULIE SZOZDA AND KAREN ROCCO**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

John M. Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

April 4, 2008

Original Filing Date:  April 4, 2008
Redacted Filing Date: April 10, 2008

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................

NATURE AND STAGE OF THE PROCEEDINGS ......................................................1

SUMMARY OF THE ARGUMENT ...............................................................................1

STATEMENT OF FACTS ...............................................................................................2

ARGUMENT.....................................................................................................................5

      A.     Legal Standard .................................................................................5

      B.     Par Should Be Ordered To Search And Produce The
             Documents Of Ms. Szozda And Ms. Rocco .................................6

CONCLUSION..............................................................................................................10

ii.

<u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**CASES**

*National Hockey League v. Metropolitan Hockey Club, Inc.*,
    427 U.S. 639 (1976)..............................................................................................................8

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978)..............................................................................................................9

*Peskoff v. Faber*,
    240 F.R.D. 26 (D.D.C. 2007)................................................................................................9

*Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*,
    2005 WL 5949576 (D.Del. 2005) ........................................................................................5

**STATUTES AND RULES**

21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") ......................................................................1

Fed. R. Civ. P. 26.................................................................................................... *passim*

Fed. R. Civ. P. 34(a)(1).........................................................................................................5

1.

NATURE AND STAGE OF THE PROCEEDINGS

On December 19, 2006, Reliant Pharmaceuticals, Inc. ("Reliant") filed this action for infringement of U.S. Patent No. 5,681,588 ("the '588 patent") against Par Pharmaceutical, Inc. ("Par"), based on Par's filing of ANDA 78-540 and associated certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV"), by which it seeks to market generic versions of Reliant's drug Rythmol® SR.  D.I. 1.  Par answered Reliant's Complaint on February 9, 2007. D.I. 11.

This action is nearing the end of fact discovery.  To date, both parties have produced hard-copy and electronic documents.  On March 14, 2008, the parties exchanged logs of privileged documents.  The parties have taken multiple depositions during the months of February and March, and have several remaining depositions scheduled for the month of April. The fact discovery period is set to end on April 7, 2008.  D.I. 200.

Reliant has moved to compel Par to produce the documents of Julie Szozda and Karen Rocco.  This is Reliant's opening brief in support of that motion.

SUMMARY OF THE ARGUMENT

In its Rule 26(a)(1) Initial Disclosures, Par named two individuals who purportedly had knowledge regarding the preparation, filing, and approval of Par's ANDA No. 78-540.  Both testified at their depositions that **REDACTED**

Instead, they both pointed to ˉ ˋ                                ˒ as the Par employees who directly participated in the drafting, review, filing, and approval process of ANDA No. 78-540.  Because Par knew, or should have known, which of its employees had relevant knowledge when it drafted its Initial Disclosures, responded to Reliant's interrogatories, and compiled the final list of custodians of electronically stored information, Par violated its discovery obligations

2.

by not disclosing Ms. Szozda and Ms. Rocco at the outset of this litigation and by not searching their files.

Therefore, Reliant requests that the Court order Par to produce all relevant documents of Julie Szozda and Karen Rocco.

STATEMENT OF FACTS

On May 11, 2007, Par served its Rule 26(a)(1) Initial Disclosures, listing Michelle Bonomi and Janis Picurro as the individuals likely to have discoverable information regarding "[t]he preparation, filing and approval process for Par's ANDA No. 78-540." Ex. 1.

On June 18, 2007, Par served its responses to Reliant's First Set of Interrogatories. Ex. 2. Reliant's Interrogatory No. 10 requested that Par "describe in detail the preparation and submission of ANDA 78-540, including the [Paragraph IV] certification with respect to the '588 patent" and Interrogatory No. 11 requested that Par "describe in detail the motivation for and circumstances leading to the filing of ANDA 78-540 and the [Paragraph IV] certification with respect to the '588 patent." *Id.* at 24-25. Par responded to both of these interrogatories by stating that **REDACTED** and                were the "persons who may have knowledge or information concerning the inquired-about topics." *Id.* at 25-26.

In a September 6, 2007 letter to Reliant, Par disclosed a "list of the most likely custodians of relevant electronic materials." Ex. 3. Par's list included 20 people, four of whom had responsibilities dealing with Par's ANDA:

| Name | Title | Responsibilities |
|------|-------|------------------|
| Michelle Bonomi | Executive Director, Generic Regulatory Affairs | ANDA preparation, filing and approval process |
| Janis Picurro | Director, Regulatory Affairs | ANDA preparation, filing |

3.

| | | and approval process |
|---|---|---|
| Karen Rocco | Associate Director CMC, Regulatory Affairs | ANDA preparation |
| Julie Szozda | Submissions Manager | ANDA preparation |

*Id.* Notably, the custodian list did not contain key persons with information concerning Par's generic propafenone formulation, including, for example, Par scientists and the primary formulators of Par's generic products Damodar Patel and Shailesh Shah.

On September 13, 2007, Reliant responded to Par's custodian list, stating that "given the documents Par has produced to date, Reliant is unable to determine whether these are the custodians with the most relevant documents." Ex. 4.  Reliant further requested that Par search the documents of Mr. Patel, Mr. Shah, and Mr. Mani, because the documents produced by Par at that point indicated that those individuals were substantively involved in Par's development of generic propafenone drug product. *Id.* Also, because the parties agreed to limit their respective custodian lists to 20 individuals, Reliant stated that to the extent that any documents of greater relevance may be found elsewhere, it "would be willing to forgo a search of Karen Rocco and/or Julie Szozda." *Id.* Given the limited information it had at the time, Reliant stressed that it left to Par's "good faith a determination of the final custodian list." *Id.*

Without further elaboration, Par responded that it had "removed Karen Rocco [and] Julie Szozda … from the list of custodians." Ex. 5.  Par did not provide a final list of custodians whose files it intended to search.[1]

---

[1]    Although the parties agreed to search only 20 custodians, neither party so limited its production.  Reliant provided Par with a list of 23 custodians whose documents it searched. Ex. 4. Par represented to Reliant that it searched 29 custodians (Ex. 9), but has

(Continued . . .)

4.

On February 29, 2008, Reliant took the deposition of Michelle Bonomi, Par's Executive Director of Generic Regulatory Affairs, whom Par named as an individual with knowledge concerning Par's ANDA. Ex. 6; *see also* Exs. 1, 2. Ms. Bonomi testified that

. Ms. Bonomi also testified that

that

**REDACTED**                              Further,

Ms. Bonomi pointed out that ,

After Ms. Bonomi's deposition, on March 10, 2008, Reliant informed Par that, contrary to Par's earlier representations in its Rule 26(a)(1) Initial Disclosures and responses to interrogatories, "it is apparent that Julie Szozda and Karen Rocco were the principal individuals involved in the preparation, review and submission of Par's ANDA No. 78-540." Ex. 7. Reliant then requested "that Par search Ms. Szozda's and Ms. Rocco's electronic files and promptly produce all responsive documents" and that Par "confirm that documents responsive to Reliant's document requests contained within Ms. Szozda's and Ms. Rocco's hard copy files have already been produced." *Id.* Reliant also noticed Ms. Szozda for deposition. Ex. 8.

Par responded on March 14, 2008 by refusing to search Ms. Szozda's and Ms. Rocco's files. Ex. 9.

---

(. . . continued)
    failed to respond to Reliant's repeated requests that Par identify those individuals. Exs. 11, 12.

5.

On the same day, Reliant took the deposition of Janis Picurro, Par's Director of Regulatory Affairs and the second person Par named in its Rule 26(a)(1) Initial Disclosures as having knowledge concerning the preparation of Par's ANDA No. 78-540. Ex. 10; *see also* Exs. 1, 2. Ms. Picurro, like Ms. Bonomi, testified that .

Ms. Picurro also testified that          **REDACTED**

On March 19, 2008, following the deposition of Ms. Picurro, Reliant again requested that Par (1) search Ms. Szozda's and Ms. Rocco's electronic files and produce all responsive documents and (2) confirm that all responsive documents contained within Ms. Szozda's and Ms. Rocco's hard copy files have already been produced. Ex. 11. Reliant renewed its requests in its March 31, 2008 letter. Ex. 12. Par has not responded.

Therefore, Reliant now moves to compel Par to produce the documents of Julie Szozda and Karen Rocco.[2]

ARGUMENT

A.      Legal Standard

"The Federal Rules of Civil Procedure allow for broad and liberal discovery." *Power Integrations, Inc. v. Fairchild Semiconductor Intern., Inc.*, 2005 WL 5949576, *2 (D.Del. 2005) (internal citation omitted); *see also* Fed. R. Civ. P. 26(b)(1) (discovery may include "any nonprivileged matter that is relevant to any party's claim or defense..."). With respect to the

---

[2]      In a separate motion, Reliant also moves the Court to compel Par to provide substantive responses to several of Reliant's interrogatories, including Interrogatories Nos. 10 and 11, concerning the preparation, submission, and filing of Par's ANDA No. 78-540.

6.

production of documents, the producing party's obligation includes duties to preserve and to search for responsive documents – including electronically stored information – that are within that party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

B.    Par Should Be Ordered To Search And Produce The Documents Of Ms. Szozda And Ms. Rocco

This case arises from Par's submission of its ANDA No. 78-540 to the FDA, seeking approval of Par's generic propafenone drug products, and Paragraph IV certification with respect to Reliant's 5,681,588 patent ("the '588 patent"). Plainly, any documents concerning the preparation, filing, and approval of Par's ANDA No. 78-540 are discoverable and should be produced in this case.

Within Par, the compilation and preparation of the abbreviated new drug applications (ANDAs) as well as subsequent amendments and supplements thereto is carried out **REDACTED**                                    In its Rule 26(a)(1) Initial Disclosures, Par identified two senior members of the Regulatory Affairs department – Michelle Bonomi and Janis Picurro – as the individuals most knowledgeable regarding the "preparation, filing and approval process for Par's ANDA No. 78-540." Ex. 1. Pursuant to Rule 26, Par had an obligation to provide "the name ... of each individual *likely to have* discoverable information ... that the disclosing party may use to support its claims ...." Fed. R. Civ. P. 26(a)(1)(A)(i). Par confirmed its representations that

**REDACTED**
                            Par's statements were incorrect and misleading.

Par failed to fulfill its obligation by providing the names of two individuals who lack even a basic familiarity with the content of Par's ANDA No. 78-540. Ex. 1. At her deposition on February 29, 2008, Ms. Bonomi testified that    **REDACTED**

7.

**REDACTED**                     Further, Ms. Bonomi stated that

Similarly, Ms. Picurro testified during her deposition on March 14, 2008 that

**REDACTED**                     She confirmed that

Therefore, both of these individuals identified by Par in its Rule 26(a)(1) Initial Disclosures and interrogatory responses as being knowledgeable regarding its ANDA No. 78-540 were *unlikely* to – and, indeed, did not – have much "discoverable information" as required by Rule 26.                     **REDACTED** Instead, both Ms. Bonomi and Ms. Picurro pointed to as possessing relevant knowledge related to ANDA No. 78-540.  For instance, Ms. Bonomi testified as follows:

**REDACTED**

Ms. Picurro concurred:

**REDACTED**

According to both of Par's Regulatory Affairs witnesses, were the employees with relevant knowledge regarding the preparation, filing, and approval of Par's ANDA No. 78-540.

8.

At the time when the parties were exchanging their respective lists of custodians of electronic documents, in September 2007, Reliant could not have known that Par's representations in its Initial Disclosures and responses Interrogatories Nos. 10 and 11 were incorrect. *See* Exs. 1, 2. Accordingly, relying on Par's Initial Disclosures, Par's responses to Interrogatories Nos. 10 and 11, as well as the descriptions in Par's preliminary list of custodians of electronically stored information[3], Reliant agreed that Par could exchange Ms. Szozda and/or Ms. Rocco for what appeared to be more relevant custodians in the finalized custodian list, if Par in good faith deemed it appropriate. Ex. 4. Although Par knew, or should have known, that Ms. Szozda and Ms. Rocco are the only persons with knowledge concerning the preparation of Par's ANDA No. 78-540, it immediately removed both individuals from the list of custodians whose documents it searched for production. Ex. 5. It has no good faith justification for having done so.

When Reliant discovered that Par's original representations regarding the persons most knowledgeable about its ANDA No. 78-540 were incorrect, it promptly and repeatedly requested that Par search and produce all relevant documents contained in Ms. Szozda's and Ms. Rocco's files. *See* Exs. 7, 11, 12. Par refused, stating that Reliant authorized the removal of Ms. Szozda and Ms. Rocco from the custodian list; that Par's production already contained some documents containing Ms. Szozda's and Ms. Rocco's name; and that the cost and delay of searching these individuals' files would not be reasonable. Ex. 9. None of Par's alleged excuses is sufficient to relieve its discovery obligations.

---

[3] As set out above, Par listed the responsibilities of Ms. Bomoni and Ms. Picurro as "ANDA preparation, filing and approval process" and the responsibilities of Ms. Szozda and Ms. Rocco and "ANDA preparation." Ex. 3.

9.

First, as set forth in detail above, Par did not fulfill its obligations when it removed Ms. Szoda and Ms. Rocco from its custodian list. All discovery procedures impose an obligation on the responding party to make a good faith effort to diligently, timely, and completely respond. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming default judgment as sanction for "callous disregard" of discovery obligations and "bad faith" failure to timely respond to discovery). Thus, Par had an obligation to act accordingly while selecting the custodians whose documents it searched for production – an obligation it failed to fulfill.

Second, the fact that Par's production already contains some documents listing Ms. Szoda and Ms. Rocco only proves the necessity that their files be thoroughly searched and all relevant documents produced. Given the extent of Ms. Szoda's and Ms. Rocco's involvement in preparation, filing, and approval of Par's ANDA No. 78-540,

**REDACTED**                  ), it is a virtual certainty that their files contain information that Par has not yet produced. Because there is high probability that Ms. Szoda's and Ms. Rocco's files contain further information that is likely to "lead to the discovery of admissible evidence," Par must search these files and produce any relevant nonprivileged documents. Fed. R. Civ. P. 26(b)(1).

Finally, neither the delay nor any additional cost can excuse Par from fulfilling its discovery obligations. "[I]t cannot be argued that a party should ever be relieved of its obligation to produce accessible data merely because it may take time and effort to find what is necessary." *Peskoff v. Faber*, 240 F.R.D. 26, 31 (D.D.C. 2007) (quoting *Zubulake v. UBS Warburg LLC*, 216 F.R.D. 280, 283-84 (S.D.N.Y. 2003)). *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978) ("presumption is that responding party must bear the expense

10.

of complying with discovery requests").    Thus, in view of the fact that Par should have searched Ms. Szozda's and Ms. Rocco's documents at the beginning of discovery, Par cannot now use the additional time or resources it would take to conduct such a search as a reason to free itself from its discovery obligations.

Par has failed to fulfill its obligation to adequately search and produce discoverable documents.  Par's actions have prejudiced Reliant's ability to conduct discovery and prepare for trial.  Thus, the Court should order Par to search the files of Ms. Szozda and Ms. Rocco promptly and to supplement its production with any relevant documents located.

<u>CONCLUSION</u>

For the foregoing reasons, Reliant requests that the Court grant Reliant's Motion to Compel Par Pharmaceutical, Inc. to Produce Documents of Julie Szozda and Karen Rocco.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

John Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

April 4, 2008
2283687

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 4, 2008 I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, which will send notification of such filing to:

Josy W. Ingersoll, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on

April 4, 2008 upon the following in the manner indicated:

Josy W. Ingersoll, Esquire                              *VIA ELECTRONIC MAIL*
YOUNG, CONAWAY, STARGATT & TAYLOR              *and HAND DELIVERY*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

John G. Taylor, Esquire                                  *VIA ELECTRONIC MAIL*
James K. Stronski, Esquire
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2008 I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Josy W. Ingersoll, Esquire
> YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on

April 10, 2008 upon the following in the manner indicated:

Josy W. Ingersoll, Esquire                              *VIA ELECTRONIC MAIL*
YOUNG, CONAWAY, STARGATT & TAYLOR              *and HAND DELIVERY*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

John G. Taylor, Esquire                                 *VIA ELECTRONIC MAIL*
James K. Stronski, Esquire
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151

> */s/ Jack B. Blumenfeld (#1014)*
> 
> Jack B. Blumenfeld (#1014)

# Exhibit 1

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-774-JJF |
| v. | : | |
| PAR PHARMACEUTICAL, INC., | : | |
| Defendant. | : | |
| | : | |
| | : | |

## DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant Par Pharmaceutical, Inc. ("Par") provides the following disclosures to plaintiff Reliant Pharmaceuticals, Inc. ("Reliant") based on information now reasonably available to Par.  Par reserves the right to supplement, amend, or modify these disclosures as it obtains information through discovery or otherwise and becomes aware of additional documents, data compilations, or things.  Par also reserves the right to object to the use of these disclosures, in whole or in part, at any time (including at trial of this or any other action) and for any purpose on the grounds of relevancy, competency, materiality, admissibility, hearsay, privilege, work-product immunity, or for any other reason.  Further, Par provides these disclosures without waiving in any way any claim of privilege or work-product immunity.

By making these disclosures, Par does not represent that it is identifying every witness, document, data compilation, or thing that it may use to support its defenses or counterclaims.  Rather, these disclosures represent a good-faith effort to furnish information falling within the

scope of Rule 26(a)(1).  Accordingly, these disclosures do not include, for example, information that may be used for impeachment.

All of the disclosures set forth below are made subject to the above objections and qualifications.

### A.    Identification of Individuals Likely to Have Discoverable Information

Based upon information reasonably available at this time, Par identifies the following individuals who are likely to have discoverable information that Par may use to support its defenses or counterclaims.  Since discovery has not yet begun, Par is not in a position to identify all individuals—including Reliant and third party employees, agents, or attorneys—likely to have discoverable information that Par may use to support its defenses or counterclaims.  Par reserves the right to identify additional persons if it learns that others have knowledge or information that it may use to support its defenses or counterclaims.  Par also reserves the right to rely on any individuals identified by Reliant or any third party witnesses.  Moreover, Par reserves the right to seek discovery from other persons once their identities become known through discovery or otherwise.

By identifying the following individuals, however, Par does not authorize Reliant or anyone acting on Reliant's behalf to (a) contact or otherwise communicate with Par's current or former officers or employees—who may have confidential or privileged information—or (b) take any action prohibited by any rules of professional conduct.  Any individual identified in this or any supplemental disclosure as a current or former employee or representative of Par shall be contacted only through Par's undersigned attorneys.

1.    Eric Mittleberg, Ph.D.
      Executive Vice President, Pharmaceutical Research and Development
      Par Pharmaceutical, Inc.
      300 Tice Boulevard
      Woodcliff Lake, NJ 07677

      Ping He - former Par employee

      The research development and formulation of the propafenone HCl extended-release capsules that are the subject of Par's Abbreviated New Drug Application ("ANDA") No. 78-540.

2.    Michelle Bonomi, Executive Director, Generic Regulatory
      Janis Picurro, Director, Regulatory Affairs
      Par Pharmaceutical, Inc.
      100 A Rusten Corporate Park
      Spring Valley, NY 10977

      The preparation, filing and approval process for Par's ANDA No. 78-540.

3.    The inventors of U.S. Patent No. 5,681,588 ("the '588 patent") and other individuals, including but not limited to Reliant's employees, consultants, and agents, with knowledge of the conception, reduction to practice, research, development, and testing of inventions claimed in the '588 patent.

4.    Individuals, including but not limited to Reliant's employees, consultants, and agents, who participated in the research, development, formulation, manufacturing, or testing of the products and methods disclosed in the '588 patent.

5.    Individuals, including but not limited to Reliant's employees, consultants, and agents, who participated in the preparation, filing, or prosecution of the '588 patent, and the prosecution of any related U.S. application and foreign counterparts.

6.    Individuals, including but not limited to Reliant's employees, consultants, and agents, who participated in the research, development, formulation, manufacturing, testing, or regulatory approval of products according to Reliant's New Drug Application ("NDA") No. 21-416.

7.    Individuals, including but not limited to Reliant's employees, consultants, and agents, with knowledge of the preparation of, and regulatory approval process for, Reliant's NDA No. 21-416.

8.   Individuals, including but not limited to Reliant's employees, consultants, and agents, who participated in the planning, marketing, sales, and advertising of Rythmol SR®.

9.   Individuals with knowledge of the bases for Reliant's infringement claims and decision to commence this action.

The above disclosure does not identify or otherwise include information concerning attorneys whose knowledge or information is based on or derived from their work on this lawsuit. Also, the above disclosure does not identify or otherwise include information concerning experts because Rule 26(a)(1) does not cover the disclosure of expert testimony.

**B.    Description by Category of Documents, Data Compilations, and Tangible Things**

Based upon information reasonably available at this time, Par identifies the following documents, data compilations, and things in its possession, custody, or control that it may use to support its defenses or counterclaims. This list excludes documents that may be used solely for impeachment. Moreover, although Rule 26(a)(1)(B) concerns documents and other tangible things that are in the possession, custody, or control of the disclosing party, Par describes below several documents, data compilations, and things that it reasonably believes are in the possession, custody, or control of Reliant or any third party that Par may use to support its defenses or counterclaims. Par reserves the right to identify additional documents, data compilations, and things in the possession, custody or control of Par, Reliant, or any third party that it may use to support its defenses or counterclaims. Par does not waive its right to object at any time, including at trial or this or any other action, to the production of any document or tangible thing disclosed on the basis of privilege, work-product immunity, relevancy, undue burden, or any other valid objection.

– 4 –

1.  The '588 patent, and any related U.S. patents and applications and foreign counterparts, their respective prosecution histories, and prior art cited by or provided to the United States Patent and Trademark Office ("PTO") and the relevant foreign patent offices.

    These documents are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; (b) the inventors of the patents; or (c) the PTO or the relevant foreign patent offices.

2.  Invention records, notes, research, studies, data, abstracts, samples, prototypes, etc., relating to the conception, reduction to practice, first description in a document, research, development, testing, and first disclosure of the alleged inventions claimed in the '588 patent.

    These documents are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; or (b) the inventors of the patents.

3.  NDA 21-416 for propafenone HCl extended-release capsules, including all amendments, supplements, correspondence, or annual reports to the U.S. Food and Drug Administration ("FDA").

    These documents are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; or (b) the FDA.

4.  Samples of Rythmol SR®.

    These materials are believed to be in the possession, custody, or control of: (a) Reliant or their counsel; or (b) the FDA.

5.  Documents concerning the commercial success of Rythmol SR® and other issues concerning the secondary considerations of nonobviousness, including materials relating to the marketing, sales, and profits of Rythmol SR®, as well as documents relating to prescriptions for Rythmol SR® and other products for treating arrhythmia in patients with arrhythmia.

    These documents are believed to be in the possession, custody, or control of Reliant or their counsel.

6.  Licenses and agreements concerning Rythmol SR® and the '588 patent.

    These documents are believed to be in the possession, custody, or control of Reliant or their counsel.

7.    Research, development and formulation documentation relating to the propafenone HCl extended-release capsules that are the subject of Par's ANDA No. 78-540.

These documents are in the possession, custody, or control of Par or their counsel.

8.    Par's ANDA No. 78-540 for propafenone HCl extended-release capsules.

These documents are in the possession, custody, or control of: (a) Par or their counsel; and (b) the FDA.  These documents have also been produced to Reliant in this litigation.

9.    Samples of the propafenone HCl extended-release capsules that are the subject of Par's ANDA No. 78-540.

These materials are in the possession, custody, or control of Par or their counsel and have been produced to Reliant in this litigation.

10.    Par's November 7, 2006 and January 10, 2007 notice of paragraph IV certification letters to Reliant regarding Par's noninfringing propafenone HCl extended-release capsules.

These documents are in the possession, custody, or control of: (a) Par or their counsel; and (b) Reliant or their counsel.

**C.    Statement as to Damages**

Under 35 U.S.C. § 271(e)(4)(C), damages or other monetary relief may be awarded in this action only if Par commercially manufactures, uses, offers for sale, or sells within the United States or imports into the United States a product that infringes the patents in suit.  Par has not engaged in any such commercial activity.

At this time, the only damages claimed by Par are attorneys' fees under 35 U.S.C. § 285, costs and expenses, and such other and further relief as the Court deems just and proper.  The amounts of these damages cannot be determined at this time.

– 6 –

**D.    Insurance Agreements**

Par is not aware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  However, Par reserves the right to supplement these disclosures if any pertinent insurance agreements are identified.

Dated: May 11, 2007

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> *Karen E. Keller*
>
> Josy W. Ingersoll (No. 1088)
> Karen L. Pascale (No. 2903)
> Karen E. Keller (No. 4489)
> The Brandywine Building
> 1000 West St., 17th Floor
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> Tel: (302) 571-6600
> Fax: (302) 571-1253
> kkeller@ycst.com

OF COUNSEL:

Edgar H. Haug
James K. Stronski
John G. Taylor
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on May 11, 2007, I caused to be served a

true and correct copy of Defendant's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) on

the following counsel of record:

### *By E-Mail and Hand Delivery*

Jack B. Blumenfeld [jblumenfeld@mnat.com]
Maryellen Noreika [mnoreika@mnat.com]
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

### *By E-Mail and FedEx*

John Desmarais [jdesmarais@kirkland.com]
Gerald J. Flattmann, Jr. [gflattmann@kirkland.com]
Christine Willgoos [cwillgoos@kirkland.com]
KIRKLAND & ELLIS LLP
Citigroup Center
153 E. 53rd Street
New York, NY  10022
(212) 446-4800

Steven C. Cherny [steven.cherny@lw.com]
LATHAM & WATKINS LLP
885 Third Avenue, Suite 1000
New York, NY 10022-4834
(212) 906-1200

YOUNG CONAWAY STARGATT & TAYLOR LLP

_Karen E Keller_

Josy W. Ingersoll (No. 1088) [jingersoll@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
Karen E. Keller (No. 4489) [kkeller@ycst.com]
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899-0391

_Attorneys for Defendant-Counterclaimant,_
_Par Pharmaceutical, Inc._

2

**EXHIBIT 2**

**FULLY REDACTED**

# Exhibit 3

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC

Tokyo

September 6, 2007

**John G. Taylor**
JTaylor@flhlaw.com

<u>BY E-MAIL</u>

Gerald J. Flattmann, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
        <u>Civil Action No. 06-774-JJF (D. Del.)</u>

Dear Gerald:

        We write regarding production of electronic documents.

        The District of Delaware has default rules concerning electronic discovery that apply
where, as here, the parties have not conferred and reached agreement on how to conduct
e-discovery. *See* District of Delaware's Default Standard for Discovery of Electronic
Documents (the "Default Rules"). Par has been proceeding in accordance with these Default
Rules, including preserving e-mails of relevant individuals and other electronic documents.
Among other things, the Default Rules require the parties to mutually exchange the following
information on an agreed upon date:

1.    A list of the most likely custodians of relevant electronic materials (including
      each person's title and a brief description of his or her responsibilities);

2.    A list of relevant electronic systems in place at all relevant times, including a
      general description of each system and any limits on the accessibility of these
      systems;

3.    The name of the individual responsible for retention of electronically stored
      information ("the retention coordinator"), as well as a general description of the
      retention policies for the systems identified;

4.    The name of the individual who shall serve as the party's "e-discovery liaison";
      and

00479523.DOC

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
September 6, 2007
Page 2

5.    Notice of any problems reasonably anticipated to arise in connection with
e-discovery.

Par is prepared to provide this information to Reliant and we propose that the parties
agree to mutually exchange the required information on Tuesday, September 11, 2007. We can
then schedule a meet and confer for later in the week, if necessary, to discuss any issues raised in
this letter or the parties' September 11 exchange of information. Please let us know as soon as
possible if this is acceptable to Reliant.

To get the process moving, we enclose as Attachment A a list of the twenty (20) current
or former employees at Par most likely to have relevant electronic materials. As part of the
exchange of information required by the Default Rules, we ask that Reliant similarly identify the
twenty (20) people at Reliant most likely to have relevant electronic materials.

The Default Rules also address search methodology and specifically require the parties to
agree to search terms if they intend to employ an electronic search to locate relevant electronic
documents. The Default Rules also suggest that the parties consider limiting the scope of the
electronic search by, among other things, agreeing on time frames. Par intends to employ an
electronic search and we propose that the parties apply the search terms listed on the enclosed
Attachment B. We also propose that the parties limit the electronic search to relevant time
periods. We suggest that Par search all electronic documents created between the time it first
considered pursuing its generic propafenone capsule product and the filing of the complaint in
December 2006. We suggest that Reliant search all electronic documents created between the
time Reliant and Abbott first communicated regarding Rythmol® and the '588 patent and the
filing of the complaint in December 2006. Please let us know if these search terms and time
limits are acceptable to Reliant.

Our experience has shown that it is often necessary to modify search terms after
conducting the initial document search because the terms capture an unreasonably large volume
of irrelevant documents. If this should occur, we propose that the parties agree that they will
confer in good faith to try to narrow the scope of the search terms.

Finally, the Default Rules address the format for document production. We propose that
the parties agree to produce electronic documents in TIFF format, with the underlying metadata.
The only exception to this general rule would be Microsoft Excel files which are not easily
reviewable in TIFF format. For these files, we propose production of native files. Regarding the
"tokens" or metadata to be exchanged, we propose that the parties include the following for e-
mails and other electronic documents: (1) To (recipient) or @TO; (2) From (author) or
@FROM; (3) CC or @CC; (4) BCC or @BCC; (5) Subject (subject line of an e-mail) or
@SUBJECT; (6) Text (the body of an e-mail or document) or @TEXT; (7) Date Sent or
@DATESENT; (8) File Format/Document Type (e.g., Word, PowerPoint, Excel, etc.) or

00479523.DOC

Gerald J. Flattmann, Jr., Esq.
Kirkland & Ellis LLP
September 6, 2007
Page 3

@APPLICATION; (9) information allowing one to associate an e-mail with its corresponding attachments or @ATTACHCOUNT; (10) Bates number or @DOCID; and (11) Folder name or @FOLDERNAME.  For redacted documents, if any of the information listed above is redacted from the image file, the corresponding "token" or metadata may be redacted as well.  Please let us know if this is acceptable to Reliant.

We look forward to your prompt reply so that we can proceed with the collection and timely production of electronic materials.

Sincerely,

John G. Taylor

Enclosures

cc:    Christine Willgoos, Esq.
       William T. Vuk, Esq.
       Jack B. Blumenfeld, Esq.
       Josy E. Ingersoll, Esq.
       Karen L. Pascale, Esq.

00479523.DOC

**ATTACHMENT A**

**PAR CUSTODIANS OF ELECTRONICALLY
STORED INFORMATION (ESI)**

| Name | Title | Responsibilities |
|------|-------|------------------|
| Michelle Bonomi | Executive Director, Generic Regulatory Affairs | ANDA preparation, filing and approval process |
| Paul Campanelli | President, Generic Division | Business development |
| Robert Campanelli | Director, Project Management | Project management |
| Angus Chen | Patent Counsel | Legal |
| Karen Close | Director, Process Development, Technical Services | Commercial manufacturing |
| Alfred Elvin | Director, Biopharm & Pharmacokinetics | Biostudies |
| Robert Femia | Executive VP, Scientific & Regulatory Affairs | Product development |
| Tatiana Forman | Project Manager | Project management |
| Serge Gaspard | Senior Director, AR&D | Analytical |
| Shankar Hariharan | Chief Scientific Officer | Product development |
| Ping He | Principal Scientist, Formulations (former employee) | Research, development and formulation |
| Eric Mittleberg | Executive VP, Pharmaceutical R&D | Research, development and formulation |
| Satish Patel | Senior Scientist | Research, development and formulation |
| Nicole Pace | Associate Manager, Product Portfolio | Business development |
| Janis Picurro | Director, Regulatory Affairs | ANDA preparation, filing and approval process |
| Robert Polke | Director, Technical Operations | Commercial manufacturing |
| Mark Roach | Senior. Director, AR&D | Analytical; stability testing |
| Karen Rocco | Associate Director CMC, Regulatory Affairs | ANDA preparation |
| Suketu Sanghvi | Associate Director, Formulations | Product development |
| Julie Szozda | Submissions Manager | ANDA preparation |

**ATTACHMENT B**

**SEARCH TERMS FOR FILTERING
ELECTRONICALLY STORED INFORMATION (ESI)**

propafenone **OR** "propafenone hydrochloride" **OR** "propafenone HCl" **OR**
phenylpropiophenone

Rythmol **OR** "Rythmol SR"

5,681,588 **OR** 5681588 **OR** '588 **OR** '588 **OR** 588

08/525,749 **OR** 525,749 **OR** 525749

4,797,287 **OR** 4797287 **OR** '287 **OR** '287 **OR** 287

07/045,194 **OR** 45,194 **OR** 45194

"NDA 21-416" **OR** 21-416

"ANDA 78-540" **OR** 78-540

microtablet*

cylindrical **w/10** (flat **OR** convex)

"release-delaying" **OR** (release **w/5** delay*)

Kolter **OR** Fricke **OR** Buehler **OR** Mueller-Peltzer

Pich **OR** Moest

Abbott

Knoll

BASF

McNeilab

Oblon **OR** McClelland

Par (for Reliant's ESI)

Reliant (for Par's ESI)

\* - denotes wildcard

# Exhibit 4

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Christine Willgoos
To Call Writer Directly:
212 446-4964
cwillgoos@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

September 13, 2007

<u>VIA ELECTRONIC MAIL</u>

John Taylor, Esq.
Frommer, Lawrence & Haug
745 Fifth Avenue
New York, New York 10151

Re:   *Reliant Pharmaceuticals, Inc. v. Par Pharmaceuticals*

Dear John:

I write to follow up regarding our conference call of this morning and your letter of earlier today.

Par's proposed search terms for Reliant's documents are acceptable. As we agreed this morning, should a large number of false hits surface in response to the requested searches, we will confer in good faith in an effort to resolve the issue.

I have made a few minor changes to Reliant's proposed search terms for Par's electronic documents. Specifically, I have modified the terms regarding cylindrical, square and tablet! /5 machine.

I believe that these modifications should be acceptable as they are tailored to locate relevant documents. In addition, upon closer examination of Par's documents that we have received to date, it appears that Par uses the terms "ethyl cellulose" or "Ethyocel" in addition to ethylcellulose. As such, we request that you search these terms as well, with the modifiers to which we have already agreed. With respect to Elizabeth Carbide, we do not believe that the terms we discussed this morning would be sufficient to isolate responsive documents. We have proposed a new string for this term, including drawing or press numbers directly from Par's ANDA.

In addition, as I am sure you are aware, every program searches terms, abbreviations and booleans a bit differently. We assume that Par will search its documents, not necessarily with the exact strings set forth, but in a way that comports with the commonly accepted understanding of those strings. Reliant, of course, will do the same.

# KIRKLAND & ELLIS LLP

John Taylor, Esq.
September 13, 2007
Page 2

With respect to Par's custodian list, given the documents Par has produced to date, Reliant is unable to determine whether these are the custodians with the most relevant documents. We do, however, note that Par's production indicates that D. Patel, Narasimhan Mani, Shailesh Shah have authored documents that appear relevant to this action, *see, e.g.,* Pharmaceutical Development Report, PAR008639. We request that you include related documents in your production, and if appropriate, include other relevant documents or information from those individuals. To the extent that Messrs. Patel, Mani and Shah may have relevant electronic documents, we would be willing to forgo a search of Karen Rocco and/or Julie Szozda. We leave to your good faith a determination of the final custodian list. Please advise of the custodians that you search.

I have enclosed a list of Reliant's 20 (actually 23) individuals most likely to have relevant electronic documents. I have included a few additional custodians because either the documents have already been reviewed or because the individual may have had documents concerning the Abbott deal but little other information of relevance. Notably, given that we have agreed to search only 20 custodians, Reliant does not intend to search electronic documents that relate to sales. Instead, we will separately produce sales summaries that set forth relevant information that concern sales, cost, etc. We believe that this will benefit both parties. Please let me know as soon as possible if you have any changes or modifications to the list, or any other concerns regarding Reliant's intended electronic searches.

Sincerely,

Christine Willgoos

CW/lesr

Enclosure

## Reliant Electronic Production Custodian List

1.  Stefan Aigner, former Sr. Vice President, Business Development

2.  Christopher Ameres, Associate Product Manager, Rythmol® SR

3.  Vince Angotti, Sr. Vice President, Sales & Marketing

4.  George Bobotas, Vice President, Scientific Affairs

5.  Godfrey Baker, Senior Director, QA/QC

6.  Barney Kijek, former National Director Cardiovascular Specialty Sales

7.  Jim Butler, former Sr. Vice President, Sales & Marketing

8.  Toni De Mola, Senior Director, Market Research

9.  Dan DeRocco, Manager, Planning, Budgets & Analysis

10.  Ralph Doyle, Senior Director, Clinical Development

11.  Manny Gerolamo, Executive Director, Cardiovascular Specialty Sales

12.  Paul Huff, Vice President, Business Development

13.  Steve Ketchum, Senior Vice President R7D and Medical Affairs

14.  Michael Lerner, former General Counsel

15.  Rich Limbacher, Director, Training & Development

16.  Jim Misner, Executive Director, Business Development

17.  Jim Potenziano, Director, Medical Science Liaison Group

18.  Andrew Watson, Director, Rythmol® SR

19.  Kim Yost, Executive Director, Medical Affairs

20.  Share Drive

21.  Abdel Fawzy, Executive Director, Pharmaceutical Development

22.  Rolef Rongen, Executive Director Lifecycle Management

23.  Paul Howe, Vice President of Sales

**Reliant's Requested Key Word Search of Par's Electronic Discovery**

- Reliant

- Procos and (propafenone or Rythmol or Reliant)

- Caccia

- Zodio

- PRACS and (propafenone or Rythmol or Reliant)

- Particle Technology Labs and (propafenone or Rythmol or Reliant)

- PTL and (propafenone or Rythmol or Reliant)

- Robertson Microlit Laboratories and (propafenone or Rythmol or Reliant)

- RML and (propafenone or Rythmol or Reliant)

- Ren-Pharm and (propafenone or Rythmol or Reliant)

- Alusick

- BA Research and (propafenone or Rythmol or Reliant)

- Martinez

- Meyers BUTNOT (mmeyers or michael.Meyers)

- Turner

- Rythmol

- propafenone

- microtablet or micro tablet

- micro-tab!

- beadlet!

- bidlet!

- 79% /10 (API or propafenone or active)

- 78-540

- 21-416

- 11426

- 5,681,588 (or 588)

- 4,797,287 (or 287)

- (ethylcellulose or "ethyl cellulose" or ethycel) /10 (release or delay or binder)

- (tablet! /5 machine) and (release or delay or propafenone or Rythmol or 588 or 287)

- Kolter

- Fricke

- Bueller

- Mueller-Peltzer

- Moest

- Pich

- arrhythmi!

- cylindrical and (release or delay or propafenone or Rythmol or 588 or 287)

- uniform /3 (shape or size)

- square and (release or delay or propafenone or Rythmol or 588 or 287)

- density /2 1

- BASF and (propafenone or Rythmol or Reliant or 287 or 588)

- Abbott and (propafenone or Rythmol or Reliant or 287 or 588)

- Knoll and (propafenone or Rythmol or Reliant or 287 or 588)

- "Elizabeth Carbide" and (microtab! or slug! or beadlet! or bidlet! or propafenone or "P-20780-A" or "1575-KIKVIRMAN-LGUPA-P20780AR1" or "575-KIKVIRMAN-LGLP-P20780AR1" or "1575-KIKVIRMAN-DIE-P20780AR1" or "P-20788-A or P-20789-A" or "1575-KIKVIRMAN-LGUPA-P20788A" or "1575-KIKVIRMAN-LGLP-P20789A" or "1575-KIKVIRMAN-DIE-P20789A" or "BB2 KIKUSI VIRGO 12 STA" or "BB2 KIKUSI VIRGO 12 ST" or "BB2 KIKUST VIRGO 12 STA" or "BB2 KIKUST VIRGO 12 ST" or "BB2 MANESTY BETAPRESS 16 STA")

# Exhibit 5

**FLH** FROMMER LAWRENCE & HAUG LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC

Tokyo

September 13, 2007

**John G. Taylor**
JTaylor@flhlaw.com

**VIA E-MAIL**

Christine Willgoos, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:     Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
        Civil Action No. 06-774-JJF

Dear Christine:

I refer to your letter of this evening regarding electronic discovery.

Your proposed changes to the search terms to be applied to Par's electronic documents are acceptable to Par. With respect to Par's custodians, we have added Damodarbhai Patel, Narasimhan Mani, and Shailesh Shah to the list of custodians to be searched. We have removed Karen Rocco, Julie Szozda, and Satish Patel from the list of custodians. Satish Patel was inadvertently included on Par's initial list of custodians. We intended to include Damodarbhai Patel.

Finally, in your letter you state that Reliant does not intend to search electronic documents that "relate to sales." Yet, a number of the individuals on Reliant's list of custodians appear to work in the sales area. Please provide us with a further explanation of your statement so we can determine whether Reliant's intended search is appropriate.

Very truly yours,

John G. Taylor

cc:     Gerald J. Flattmann, Jr., Esq.
        William T. Vuk, Esq.
        Jack B. Blumenfeld, Esq.
        Josy W. Ingersoll, Esq.
        Karen L. Pascale, Esq.

00481753.DOC

# EXHIBIT 6

# FULLY REDACTED

# Exhibit 7

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Shane Cortesi
To Call Writer Directly:
(212) 446-4859
scortesi@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

March 10, 2008

**BY EMAIL**
John Taylor, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
jtaylor@flhlaw.com

Re:     *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
Civil Action No. 06-774-JJF

Dear John:

Based on Ms. Bonomi's testimony, it is apparent that Julie Szozda and Karen Rocco were the principal individuals involved in the preparation, review and submission of Par's ANDA No. 78-540, the infringing act which led to this suit. Given that this fact just came to light on February 29, 2008, we request that Par search Ms. Szozda's and Ms. Rocco's electronic files and promptly produce all responsive documents. Additionally, please confirm that documents responsive to Reliant's document requests contained within Ms. Szozda's and Ms. Rocco's hard copy files have already been produced.

Very truly yours,

Shane Cortesi

cc:     Jack B. Blumenfeld, Esq. (via email)
Jim Stronski, Esq. (via email)

Chicago     Hong Kong     London     Los Angeles     Munich     San Francisco     Washington, D.C.

# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RELIANT PHARMACEUTICALS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-774 (JJF) |
| PAR PHARMACEUTICAL, INC., | ) ) ) | |
| Defendant. | ) ) | |

### RELIANT PHARMACEUTICALS, INC.'S NOTICE
### OF DEPOSITION OF JULIE SZOZDA

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff Reliant Pharmaceuticals, Inc., by its counsel, will take the deposition upon oral examination of Julie Szozda. The deposition will begin at 9:30 a.m. on April 8, 2008 at the offices of KIRKLAND & ELLIS, LLP, CitiGroup Center, 153 East 53rd St., New York City, New York 10022-4611, or at such other time and place as may be agreed upon by counsel. The examination will be taken before a Notary Public or other person authorized to administer oaths pursuant to Rule 28 of the Federal Rules of Civil Procedure, and will continue from day to day until completed. The testimony at the deposition will be recorded by videographic, stenographic, audio, audiovisual, and/or real-time computer means.

You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (No. 1014)
Maryellen Noreika (No. 3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Reliant Pharmaceuticals, Inc.*

*Of Counsel:*

John Desmarais
Gerald J. Flattmann, Jr.
Christine Willgoos
Alexander L. Greenberg
KIRKLAND & ELLIS, LLP
Citigroup Center
153 E. 53rd Street
New York, NY 10022
(212) 446-4800

Dated: February 29, 2008
1723654

2

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008 I electronically filed the foregoing with

the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Josy W. Ingersoll, Esquire
YOUNG, CONAWAY, STARGATT & TAYLOR

I further certify that I caused to be served copies of the foregoing document on

February 29, 2008 upon the following in the manner indicated:

Josy W. Ingersoll, Esquire                    *VIA ELECTRONIC MAIL*
YOUNG, CONAWAY, STARGATT & TAYLOR
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

John G. Taylor, Esquire                       *VIA ELECTRONIC MAIL*
James K. Stronski, Esquire
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151


Jack B. Blumenfeld (#1014)

# Exhibit 9

**FLH** FROMMER LAWRENCE & HAUG LLP

New York                          www.flhlaw.com
745 Fifth Avenue
New York, NY 10151                Washington, DC
Telephone: (212) 588-0800        Tokyo
Fax: (212) 588-0500

March 14, 2008                                    **James K. Stronski**
                                                  JStronski@flhlaw.com

<u>BY E-MAIL</u>

Shane Cortesi, Esq.
Kirkland & Ellis LLP
Citigroup Center
153 East 53rd Street
New York, NY 10022-4611

Re:    Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.
       Civil Action No. 06-774-JJF (D. Del)

Dear Shane:

       I write in response to your March 10, 2008 letter requesting that we search Ms. Szozda's and Ms. Rocco's electronic files and delay scheduling their depositions indefinitely. Par cannot agree to this.

       First, as part of its September 6, 2007 disclosures in connection with the District of Delaware's default rules concerning electronic discovery, Par identified Ms. Szozda and Ms. Rocco as custodians of electronically stored information. *See* September 6, 2007 letter from John G. Taylor to Gerald J. Flattmann, Attachment A. Indeed, Attachment A identifies both Ms. Szozda and Ms. Rocco as having involvement in the preparation of Par's ANDA. Yet, despite Par's disclosure, Reliant specifically requested on September 13, 2007 that Par "forgo a search of Karen Rocco and/or Julie Szozda," to be replaced by three other Par custodians. *See* September 13, 2007 letter from Christine Willgoos to John Taylor. Based on this specific Reliant request and the fact that we searched the electronic documents of their supervisors and many others involved in the project (including specifically those Reliant asked be searched), Par did not search Ms. Szozda's and Ms. Rocco's electronically stored documents. *See* September 13, 2007 letter from John G. Taylor to Christine Willgoos.

       Second, Ms. Szozda's and Ms. Rocco's propafenone-related documents are likely to have been produced by virtue of the fact that Par searched the files of Michelle Bonomi and Janis Picurro—Ms. Szozda's and Ms. Rocco's superiors on this project—as well as the four inventors of the '375 Ping patent application and chief formulators of Par's propafenone HCl formulation. Par's production bears this out. Par produced at least 339 separate electronic documents listing Ms. Szozda, and at least 714 separate electronic documents listing Ms. Rocco. Thus, Reliant has had, for over five months, more than sufficient information identifying Ms. Szozda and Ms.

Shane Cortesi, Esq.
Kirkland & Ellis LLP
March 14, 2008
Page 2

Rocco as persons involved in Par's ANDA filing—a fact already made explicit in Par's
September 6, 2007 disclosures to Reliant.

     Whereas the local rules require the identification of at least 20 electronic document
custodians for searching, Par searched far more: searching the files of 29 individuals as
compared to the 23 searched by Reliant. Now, the cost in money and delay to Par from having to
repeat the search process for these two individuals is not reasonable. This is particularly true
where, as here, Reliant told Par to forgo searching the electronic files of those persons.

     Please confirm whether Reliant still intends to depose Ms. Szozda and Ms. Rocco.

Very truly yours,

James K. Stronski

Enclosures

cc:    Gerald J. Flattmann, Jr., Esq.
        Christine Willgoos, Esq.
        William T. Vuk, Esq.
        Jack B. Blumenfeld, Esq.
        Josy E. Ingersoll, Esq.
        Karen L. Pascale, Esq.

# EXHIBIT 10

# FULLY REDACTED

# Exhibit 11

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Shane Cortesi
To Call Writer Directly:
(212) 446-4859
scortesi@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900
Dir. Fax: (212) 446-4900

March 19, 2008

**BY EMAIL**
James K. Stronski, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York 10151
jstronski@flhlaw.com

Re:    *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
Civil Action No. 06-774-JJF

Dear Jim:

I write in response to your letter of March 14, 2008. As an initial matter, Reliant does not request that Par "delay scheduling [Ms. Szozda and Ms. Rocco's] depositions indefinitely." Rather, we request that Par search the files of the two regulatory employees who were involved with the preparation and submission of Par's ANDA 78-540, the infringing act which led to this suit, prior to their depositions.

During the depositions of Par Regulatory Affairs employees Michelle Bonomi and Janis Picurro, it became apparent that Julie Szozda and Karen Rocco were the individuals involved in the preparation and submission of Par's ANDA. *See, e.g.*, Janis Picurro Transcript at 17:13-21; Michelle Bonomi Transcript at 21:13-21.

Thus, we find it troubling that 1) Par searched neither Ms. Szozda nor Ms. Rocco's electronic files in attempting to meet its discovery obligations under the Federal and Local Rules; and 2) Par named neither individual in its Initial Disclosures nor Interrogatory Responses as persons having knowledge of the preparation, filing and approval of Par's ANDA 78-540. *See* Defendant's Initial Disclosures Pursuant To Fed. R. Civ. P. 26(a)(1) at A.2 ("Identification of Individuals Likely to Have Discoverable Information"); Defendant's Objections And Responses To Plaintiff's First Set Of Interrogatories, Nos. 10 and 11.[1]

---

[1]    Instead, Par named Ms. Bonomi and Ms. Picurro as having knowledge of the preparation, filing and approval of Par's ANDA. At her deposition Ms. Bonomi testified that she had a relatively limited involvement with propafenone and Ms. Picurro only conducted a high level review of the application. *See id.* at 23:3-17.

Chicago        Hong Kong        London        Los Angeles        Munich        San Francisco        Washington, D.C.

James K. Stronski, Esq.
March 19, 2008
Page 2


We are also troubled by the fact that Par *did not produce any electronic documents* from Shailesh Shah, one of the individuals that Par replaced Ms. Szozda and Ms. Rocco with.  Please explain why.

Par's attempts to place blame on Reliant are a misdirection and not well taken.  Reliant specifically informed Par that it left the determination of the final custodian list to Par's good faith.  *See* letter of September 13, 2007 from C. Willgoos to J. Taylor ("We leave to your good faith a determination of the final custodian list").  Additionally, Par -- not Reliant -- was in a position to know Ms. Szozda's and Ms. Rocco's involvement when the custodian list was developed, especially in light of Par's omissions in its Initial Disclosures and Interrogatory Responses.  Finally, the fact that Par produced electronic documents bearing Ms. Szozda and Ms. Rocco's names does not mean Par is not obligated to search their files.

Please promptly confirm that Par will search Ms. Szozda's and Ms. Rocco's electronic files and produce all responsive documents at least one week prior to the earlier of Ms. Szozda's or Ms. Rocco's deposition so that we may bring this issue to the Court's immediate attention if necessary.

Additionally, we again ask you to confirm that all documents responsive to Reliant's document requests contained within Ms. Szozda's and Ms. Rocco's hard copy files have already been produced.

Finally, your letter of March 14, 2008 indicates that Par searched files of 29 individuals. Please promptly identify these individuals.

Very truly yours,

Shane Cortesi

cc:    Jack B. Blumenfeld, Esq. (via email)
       John Taylor, Esq. (via email)

# Exhibit 12

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

Citigroup Center
153 East 53rd Street
New York, New York 10022-4611

Alexander L. Greenberg
To Call Writer Directly:
212 446-6453
agreenberg@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

March 31, 2008

**VIA EMAIL**

James K. Stronski, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
jstronski@flhlaw.com

Re:     *Reliant Pharmaceuticals, Inc. v. Par Pharmaceutical, Inc.*
D. Del Case No. 06-cv-774-JJF

Dear Jim:

I write to follow-up on several outstanding discovery issues.

1.     **Szozda and Rocco files:** You have not responded to our March 19, 2008 letter regarding the search of Julie Szozda's and Karen Rocco's electronic files. Please promptly inform us if Par has or will conduct such a search and will produce all responsive documents. Also, please confirm that Par has already produced all documents responsive to Reliant's document requests contained within Ms. Szozda's and Ms. Rocco's hard copy files.

2.     **Electronic Discovery Custodians:** Please identify the 29 custodians whose files Par purports to have searched as part of its electronic document production. *See, e.g.*, March 14, 2008 J. Stronski letter to S. Cortesi.

3.     **Missing Documents:** In our March 10, 2008 letter to Mr. Taylor, we listed the following documents that are apparently missing from Par's production: (1) data underlying the Excel chart numbered PARESI0018760; (2) missing pages from the range of documents numbered PAR003236-3332; and (3) missing dissolution data referenced in Par's notebook R05-022. Par has not addressed these deficiencies. Please let us know whether Par will produce the missing materials.

4.     **Word Perfect Documents:** In a letter dated February 22, 2008 Par indicated that it will "attempt to locate" the Word Perfect documents referenced in Par's production (see, e.g., PARESI0019457, PAR012618). Please immediately advise us of the status of your search.

Chicago     Hong Kong     London     Los Angeles     Munich     San Francisco     Washington, D.C.

## KIRKLAND & ELLIS LLP

James K. Stronski, Esq.
March 31, 2008
Page 2

    **5.**    <u>**Over-Redacted Documents:**</u>  To date, Par has not cured the over-redactions to its produced documents despite Reliant's repeated objections, raised most recently in our March 6, 2008 letter.  Please immediately confirm that Par will supplement its production to include unredacted or properly redacted copies of the over-redacted documents.

    If necessary, Reliant intends to raise the above issues with the Court.

Sincerely,

Alexander L. Greenberg

cc:    Josy W. Ingersoll, Esq.
        Jack B. Blumenfeld, Esq.